```
NNH-FA19-5046828-S              :  SUPERIOR COURT

THEODORA F. ANTAR               :  JUDICIAL DISTRICT
                                   OF NEW HAVEN

v.                              :  AT NEW HAVEN, CONNECTICUT

MATTHEW J. LODICE               :  DECEMBER 1, 2022
```

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE JANE K. GROSSMAN, JUDGE

A P P E A R A N C E S :

Representing the Plaintiff:

    ATTORNEY DONALD CRETELLA
    Zingaro, Cretella & Rasile
    681 State Street
    New Haven, CT 06511

Representing the Defendant:

    Not Present

Recorded & Transcribed By:

Clare Kiley
Court Recording Monitor
235 Church Street
New Haven, CT 06510

1    THE COURT:  Antar and --

2    ATTY. CRETELLA:  Lodice.

3    THE COURT:  Who's on the other side?

4    ATTY. CRETELLA:  Good morning, your Honor, Don

5    Cretella for Miss Antar.

6    Your Honor, this was the -- I think he's the --

7    defendant's motion --

8    THE COURT:  Oh, it's Antar and Lodice.

9    ATTY. CRETELLA:  Correct.  And I -- we've been

10   here since 9:15; we were supposed to have an RPD at

11   9:15 and motions.  I tried to call Mr. Lodice several

12   times earlier; he didn't pick up; finally, he did

13   call back and said he didn't realize it was down

14   today.  So I told him we would, you know, mark the --

15   mark his motion off by agreement.

16   Here -- here's the thing, your Honor, I -- I

17   think each side has probably, you know, I'm being

18   facetious, but, you know, 11,000 or 12,00 motions for

19   contempt each.

20   THE COURT:  Feels like it.

21   ATTY. CRETELLA:  So what I would suggest is

22   maybe -- I think we have a date in February for a

23   motion for modification, is that right?

24   THE COURT:  Hold on.  There's a hearing February

25   1st.

26   ATTY. CRETELLA:  Is that for motion for

27   modification?

1          THE COURT:  I -- it's for a number of motions.

2          ATTY. CRETELLA:  Okay.

3          THE COURT:  And it was my intention to have all

4     these motions consolidated; there's no sense in --

5          ATTY. PLNTF:  Agreed.

6          THE COURT:  -- having all of these resolution

7     plan dates on post-judgment motions when these

8     parties I think are in the -- they're supposed to be

9     in the middle of something with Family Relations;

10    what's the status of that?

11         ATTY. CRETELLA:  Can I have one second?

12         Talk to me.

13         (Whereupon there was a pause in the

14    proceedings.)

15         ATTY. CRETELLA:  I guess there was two -- two

16    different mediation dates he didn't show up for, the

17    -- Mr. Lodice didn't show up for, so it was returned

18    to Court; they -- I think they closed their file.

19         THE COURT:  The last notice I have is from

20    October from Family; it says counsel was seeking a

21    continuance to propose an agreement.

22         ATTY. CRETELLA:  Which we did.

23         THE COURT:  Okay.  So that's a little different

24    than --

25         ATTY. CRETELLA:  This was --

26         (Whereupon there was a pause in the

27    proceedings.)

1          MS. ANTAR:  Your Honor, if I may?  On our last

2     court date where we were in front of you it was June

3     28th and at that point you ordered us to go with

4     Family Relations.  It was ordered to do a custody

5     evaluation and they gave us two separate appointments

6     with Family Relations in which I was present for

7     both, the defendant was not present for either.  And

8     so Family Relations referred it back to the Court.

9          THE COURT:  Well, my file doesn't reflect that,

10    but it might just be slow in getting here.  Who is it

11    that you were meeting with in Family?

12         MS. ANTAR:  It was --

13         THE COURT:  Was it Dennis?

14         MS. ANTAR:  -- Dennis, yes.

15         THE COURT:  Would you get Dennis up here please.

16         THE CLERK:  Yep.

17         THE COURT:  This file has a lot of twists and

18    turns, I'd like --

19         ATTY. CRETELLA:  I agree.

20         THE COURT:  -- to hear from Family directly.

21         ATTY. CRETELLA:  Okay.

22         THE COURT:  There's something else that we're

23    gonna need to address regarding -- with -- with you

24    here which is that this week, this Court conducted I

25    think the fourth restraining order hearing filed by

26    Miss Antar against Mr. Lodice.  In all of those

27    restraining order hearings in which Miss Antar

1    represented herself, one of which I conducted and the

2    most recent of which Judge Griffin conducted, the --

3    the Court was not able to grant any relief after a

4    lengthy -- I think your last hearing was a three hour

5    hearing, as was mine, in which I and a prior Court

6    and Judge Griffin found that the evidence presented

7    by Miss Antar simply did not say what she thought it

8    said.  That situation has been troubling because we

9    have brought Mr. Lodice here a number of times for

10   lengthy hearings on serious matters; it's not like he

11   can sit home and see what the Court does about a

12   restraining order.  And the Court has not only been

13   unable to grant any relief, but made a specific

14   finding that what Miss Antar says is not true.  So I

15   am on the verge of issuing orders limiting Miss

16   Antar's ability to file further restraining order

17   applications, which troubles me because that kind of

18   relief is very important.

19       So it would be helpful if you would have a

20   conversation with your client about those hearings

21   and those proceedings.  You are welcome as her

22   counsel to take a look at the documents on the record

23   and satisfy yourself that the difference between what

24   Miss Antar says the documents say, and what is

25   happening and what the Court finds is actually

26   happening are mutually exclusive, it's remarkable.  I

27   don't know what's going on with Miss Antar.  We have

1     been really trying very patiently to satisfy her

2     concerns in this Court and Magistrate Court and let's

3     just say that hasn't happened yet.

4          So I am on the verge of issuing orders that she

5     can't file any more restraining orders against Mr.

6     Lodice; I believe there's conflict between those

7     people so I'm not excited about issuing an order like

8     that, but I can't have this guy coming in here every

9     two months for a three-hour hearing where the

10    evidence doesn't reveal what she suggests it does,

11    so.

12         ATTY. CRETELLA:  You could issue, your Honor, an

13    order, your Honor, that I would have to review them.

14         THE COURT:  If you're willing to do that I'd be

15    happy to.

16         ATTY. CRETELLA:  I would do that.

17         THE COURT:  Okay.  Careful what you wish for.

18         ATTY. CRETELLA:  I just -- I gotta look --

19         No, you can't.  Nope.  Nope.  No worries.

20         THE COURT:  All right.  Let me get Family

21    Relations up here; I'd like to hear from them about

22    what the status of their evaluation is because these

23    contested custody issues need some objective

24    information.  So as soon as I get Dennis, I'll recall

25    the case --

26         ATTY. CRETELLA:  Your --

27         THE COURT:  -- so I just ask for your patience a

1    little longer.

2        ATTY. CRETELLA:  No problem.  And there was --

3    actually, that was one of our motions was down today,

4    your Honor, to appoint a guardian ad litem too.

5        THE COURT:  Well --

6        ATTY. CRETELLA:  I know we can't.  I mean --

7        THE COURT:  I was trying to do the less

8    expensive route because everybody on this case before

9    you got here told me that that was the preference,

10   but let me see what Dennis has to say.

11       ATTY. CRETELLA:  You got it.  Thank you.

12       THE COURT:  All right. Thank you.

13       ATTY. CRETELLA:  All right.  Grab a seat.

14       THE COURT:  So we're passing that matter for the

15   moment.

16       (Whereupon there was a pause in the

17   proceedings.)

18       THE COURT:  Recalling Antar and Lodice.

19       I have the benefit of Mr. Riley from Family

20   Relations who reported to the Court that the referral

21   for an evaluation was closed out because his --

22       (Whereupon an interruption from a cell phone can

23   be heard.)

24       THE COURT:  All right.  You gotta -- you gotta

25   put that away, ma'am; off and away please.

26       -- because Miss Antar did not cooperate and Mr.

27   Lodice did not appear, which is a completely

1    unacceptable arrangement.

2        So this matter is set for trial on February 1st.

3    In advance of trial, I'm issuing the following

4    orders; notwithstanding the fact that Mr. Lodice is

5    not here, he'll be subject to them:

6        The case is rereferred to Family Relations for

7    general case management; the parties are ordered to

8    sign releases for Family Relations to gather

9    information from the Department of Children and

10   Families and all current and past mental health

11   providers for the plaintiff, the defendant, and the

12   child; and I want Family Relations on the trial date

13   to be able to provide the Court with information from

14   all of those sources.

15       So any questions about those orders on the

16   plaintiff's part?

17       ATTY. CRETELLA:  Not from me, your Honor.

18       THE COURT:  All right.  So, Miss Antar, you must

19   provide Mr. Reilly, who is sitting right here, a list

20   of all of your present and past mental health

21   providers; individuals, hospitals, agencies,

22   everything; and you have to do that for the child if

23   the child received any mental health treatment or

24   evaluation as well; Mr. Lodice is ordered to do the

25   same.  This information is important.  We're having a

26   hearing on custody of this child, and I need to know

27   from some third parties, DCF, everybody, what is

1     going on.  If you or Mr. Lodice don't sign these

2     order -- these releases, the Judge who does the

3     hearing, which right now I think is scheduled to be

4     me, is allowed to make a -- a default, or an

5     assumption that if you didn't sign the releases or

6     didn't provide the information, the information

7     would've been harmful to your case.  So if you do

8     sign it, we'll get what happened; if you don't sign

9     it, the Judge gets to assume that you didn't sign it

10    'cause there was information you didn't want the

11    Judge to know, so please don't put the Judge in that

12    position.  You need to provide a list and sign these

13    releases so that we can find out what's going on;

14    same for Mr. Lodice, he's gonna get the same order.

15    I just wanna make sure you understand that.

16         ATTY. CRETELLA:  She had -- one -- what was the

17    question?

18         THE COURT:  Go ahead.

19         (Whereupon there was a pause in the

20    proceedings.)

21         ATTY. CRETELLA:  I do have a couple requests,

22    your Honor.

23         THE COURT:  Sure.

24         ATTY. CRETELLA:  There are, as I alluded to

25    earlier, many motions for contempt.  I think it would

26    be -- I have two requests; one, that until the study

27    is done by Family Relations, that they all be marked

1    off, and even maybe after the hearing I think it

2    maybe -- I -- I don't think there's any issues right

3    now; I think they're all punitive the -- the contempt

4    issues.  I don't think there's issues of

5    noncompliance, so I don't think it would be harmful

6    to either side to mark them all off; and then also, I

7    would ask the Court for an order, and I know there's

8    a -- a -- a more seasoned practitioner would know the

9    name of the -- of the case, but there's -- think

10   there's a -- something where if the parties file

11   motions, they have to get approval from the Court to

12   do so.

13        THE COURT:  There --

14        ATTY. CRETELLA:  I would ask that that be

15   ordered on both sides before they file anymore

16   contempts.

17        THE COURT:  So that's commonly referred to as a

18   Strobel order --

19        ATTY. CRETELLA:  Yes.

20        THE COURT:  -- though it's actually been

21   codified in the Practice Book since.

22        ATTY. CRETELLA:  Okay.

23        THE COURT:  That's a request I'd like to

24   consider at trial.

25        ATTY. CRETELLA:  Okay.

26        THE COURT:  But the first request I think is

27   appropriate and I am going to order that between now

1  and the trial date; no more resolution plan dates or

2  case dates will be conducted unless the Court needs

3  information or Family Relations reports they're not

4  getting what they need --

5      ATTY. CRETELLA:  Correct.

6      THE COURT:  -- or somebody files a caseflow

7  request that the Court can act on.  So there will be

8  no more court dates between now and February on these

9  custody and access orders; there's no reason for

10  everybody to keep coming back to court.  And all

11  pending motions will be heard on February 1st.

12      ATTY. CRETELLA:  January -- February 1st.

13  February 1st is the trial date.

14      MS. ANTAR:  And it's a full day?

15      THE COURT:  Well --

16      ATTY. CRETELLA:  I would ask for a full day

17  maybe.

18      THE COURT:  It's scheduled for half a day right

19  now.  I know that your client often feels like she

20  doesn't get enough airtime in court; she's made that

21  clear to me --

22      ATTY. CRETELLA:  Yes.

23      THE COURT:  -- multiple times.  I'll see if we

24  can expand it to a full day, otherwise we might have

25  to pick some additional time if we need it.

26      ATTY. CRETELLA:  Okay.

27      THE COURT:  But I think that with a very

1      experienced lawyer, Miss Antar, helping you sift

2      through the evidence that the Court is allowed to

3      consider that the case might go a little faster, and

4      I think that that will benefit you.  When you were

5      representing yourself in front of me, I had to sift

6      through all the evidence for you and that takes a lot

7      of time; your lawyer's perfectly capable of doing

8      that for you.  So if I -- the rest of my day frees

9      up, you'll receive notice, otherwise it's possible

10     that --

11         ATTY. CRETELLA:  We have to --

12         THE COURT:  -- we might have to do it --

13         ATTY. CRETELLA:  That's fine.

14         THE COURT:  -- on a separate date.  All right.

15     So just to be clear --

16         ATTY. CRETELLA:  Get -- get her on --

17         THE COURT:  -- Miss Antar's meeting with Mr.

18     Reilly right now --

19         ATTY. CRETELLA:  Right now to sign; that was --

20         THE COURT:  -- to --

21         ATTY. CRETELLA:  -- that was my request.

22         THE COURT:  -- make a list of all the places

23     that he needs referrals for, so that would be all the

24     places the child and the mother have received mental

25     health treatment and sign releases for that; Mr.

26     Lodice is going to do the same.  And no further court

27     dates will be scheduled between now and February 1st.

1    All pending motions will be heard on February 1ˢᵗ.

2        ATTY. CRETELLA:  Correct.

3        THE COURT:  All right.  I think that's

4    everything.

5        ATTY. CRETELLA:  All right.

6        MS. ANTAR:  Can you -- the one that was marked

7    as case date?

8        ATTY. CRETELLA:  Yeah.  There's no more cases --

9    the -- the only court date we have right scheduled --

10        THE COURT:  Well --

11        ATTY. CRETELLA:  -- would be --

12        THE COURT:  -- Miss Antar's right; there's a

13    case date scheduled February 2ⁿᵈ.

14        ATTY. CRETELLA:  Yep.

15        THE COURT:  But that's gonna be collapsed into

16    the February 1ˢᵗ date, so you can forget about coming

17    to court on February 2ⁿᵈ.

18        ATTY. CRETELLA:  One -- one other request Miss

19    Antar has is that that the communication between her

20    and Mr. Lodice be limited to exclusively the app.

21        THE COURT:  He's not here; I can't order

22    anything.

23        ATTY. CRETELLA:  Okay.

24        THE COURT:  I -- I -- I -- I -- it -- it may be

25    realistic or reasonable request, but I don't --

26        ATTY. CRETELLA:  Okay.

27        THE COURT:  -- he's not here.

1          ATTY. CRETELLA:  I see if -- I'll -- I'll speak

2     to him and -- and see if he would just agree to that.

3          THE COURT:  All right.  Certainly, you can make

4     that request as part of your claims for relief at

5     trial.

6          ATTY. CRETELLA:  Okay.  All right.

7          THE COURT:  All right.

8          ATTY. CRETELLA:  Thank you very much, your

9     Honor.

10          You're gonna stay --

11          THE COURT:  Thank you.  Mr. Riley's right here

12     for you.

13          ATTY. CRETELLA:  -- meet with Mr. Riley.

14          MR. REILLY:  You can step in the hallway.

15

16

17

18

19

20

21

22

23

24

25

26

27

```
NNH-FA19-5046828-S              :   SUPERIOR COURT

THEODORA F. ANTAR               :   JUDICIAL DISTRICT
                                    OF NEW HAVEN

v.                              :   AT NEW HAVEN, CONNECTICUT

MATTHEW J. LODICE               :   DECEMBER 1, 2022
```

C E R T I F I C A T I O N


    I hereby certify the electronic version is a true and correct transcription of the audio recording of the above-referenced case, heard in Superior Court, Judicial District of New Haven, New Haven, Connecticut, before the Honorable Jane K. Grossman, Judge, on the 1st day of December, 2022.


    Dated this 29th day of May, 2023 in New Haven, Connecticut.


_____ 6/26/23
Clare Kiley
Court Recording Monitor

| NNH-FA19-5046828-S | : | SUPERIOR COURT |
| THEODORA F. ANTAR | : | JUDICIAL DISTRICT<br>OF NEW HAVEN |
| v. | : | AT NEW HAVEN, CONNECTICUT |
| MATTHEW J. LODICE | : | DECEMBER 1, 2022 |

C E R T I F I C A T I O N

    I hereby certify the foregoing pages are a true and correct transcription of the audio recording of the above-referenced case, heard in Superior Court, Judicial District of New Haven, New Haven, Connecticut, before the Honorable Jane K. Grossman, Judge, on the 1st day of December, 2022.

    Dated this 30th day of May, 2023 in New Haven, Connecticut.

_____ 6/26/23
Clare Kiley
Court Recording Monitor