```
NO: NNH-FA19-5046828-S            :  SUPERIOR COURT

ANTAR, THEODORA, F.               :  JUDICIAL DISTRICT OF
                                     NEW HAVEN

v.                                :  AT NEW HAVEN, CONNECTICUT

LODICE, MATTHEW, J.               :  SEPTEMBER 12, 2022
```

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE JENNIFER S. AGUILAR, MAGISTRATE

A P P E A R A N C E S:

Representing the Plaintiff:
Attorney Donald Cretella
Zingaro, Cretella, Rasile
681 State Steet,
New Haven, Connecticut

Representing the Defendant:
Pro se appearance

Support Enforcement:
Dawn Morrow &
Attorney Amy Guido
New Haven, Connecticut 06510

Recorded By:
Meghan Gleason
Transcribed By:
Jacquelyn Pennacchini
Court Recording Monitor

1    THE COURT: Good morning -- good afternoon,
2    counsel.
3    ATTY. CRETELLA: Good afternoon, your Honor.
4    Don Cretella for Ms. Antar.
5    MR. LODICE: Good morning.
6    MS. MORROW: This is number 2, the matter of
7    Theodora Antar and Matthew Lodice.
8    THE CLERK: Parties, please raise your right
9    hands.
10   After being duly sworn; was examined and
11   testified as follows:
12   **THEODORA ANTAR, 856 Shardbark Drive, Orange,**
13   **Connecticut 06477.**
14   THE CLERK: Thank you. Sir, your name and
15   address please?
16   **MATTHEW LODICE, 23 Lyman Street, New Britain,**
17   **Connecticut Apartment 2.**
18   THE CLERK: Thank you. Support Enforcement?
19   **DAWN MORROW, Support Enforcement Officer, New**
20   **Haven, Connecticut.**
21   MS. MORROW: Your Honor, we are here, I believe
22   there's a motion to modify.
23   THE COURT: Actually, let me do this. Before we
24   get to the procedural, let me deal with a little
25   housekeeping and I'm gonna -- if when I'm done, if
26   I'm incorrect, someone can correct me. It's printing
27   for 148, which is a motion to modify, which was

```
 1    withdrawn, so the Court is not dealing with that.
 2           ATTY. CRETELLA:  Correct.
 3           THE COURT:  It's also printing for 187, which is
 4    a magistrate contempt, which the Court is dealing
 5    with.
 6           ATTY. CRETELLA:  Yup.
 7           THE COURT:  I believe 206 might be printing, but
 8    that's family contempt, and I'm not hearing that
 9    today.
10           ATTY. CRETELLA:  Correct.  Correct.
11           THE COURT:  All right.  Let's go forward on the
12    contempt only.
13           THE CLERK:  Your Honor, when you say withdrawn,
14    is it like withdrawn completely or just postponed?
15           ATTY. CRETELLA:  Marked off.
16           THE COURT:  148 is completely withdrawn, that's
17    the motion to modify.  So --
18           THE CLERK:  So, we have no more modifications on
19    our docket anymore?
20           THE COURT:  I don't know that.  There might be
21    motions to modify your visitation and custody, but in
22    terms of child support, child support modifying is
23    withdrawn at this time.
24           MR. LODICE:  Okay.
25           THE COURT:  So, the only thing before this Court
26    today is whether or not you are willfully not paying
27    your child support.
```

```
1              MR. LODICE:  Okay.
2              THE COURT:  Can I -- do we have -- is there
3       something I need to know, counsel, before she --
4              ATTY. CRETELLA:  Yes.
5              THE COURT:  Okay.
6              ATTY. CRETELLA:  So, I had -- I came up with
7       hopefully is a good solution to maybe streamline
8       things and obviate the need for more hearings.
9              I have just given Mr. Lodice a request for
10      mandatory disclosure and production and a notice of
11      deposition.
12             THE COURT:  Okay.
13             ATTY. CRETELLA:  So, what I think might be best
14      is we wouldn't push the contempt today --
15             THE COURT:  Yup.
16             ATTY. CRETELLA:  -- as long as Mr. Lodice -- he
17      hasn't paid anything since the last court date.  If
18      he would start resuming paying the 144 -- 120 plus 24
19      a week, we would hold this -- hold our motion in
20      abeyance, let him get a compliance, take his
21      deposition, get everything, and then if we wanted to
22      file a motion for modification, we can hear that and
23      the contempt at the same time.
24             THE COURT:  So, why don't we do this, and that's
25      absolutely fine, and I'm gonna talk to you, let you
26      talk to me to, but what I think I have to do so it
27      doesn't get lost is I need to give this a date, so
```

| | |
|---|---|
| 1 | I'll put it out 12 weeks or whatever and if you want |
| 2 | it sooner, you guys could -- |
| 3 | ATTY. CRETELLA:  You got it.  Definitely sooner. |
| 4 | THE COURT:  Okay. |
| 5 | THE CLERK:  And just to clarify for |
| 6 | housekeeping, if you're trying to have the |
| 7 | modification addressed at a later date, your case |
| 8 | flow request asks to withdraw it, not mark it off. |
| 9 | THE COURT:  Right.  So you have to file a new |
| 10 | motion to -- |
| 11 | THE CLERK:  Oh, I'm sorry, it does say we would |
| 12 | like to mark off -- |
| 13 | ATTY. CRETELLA:  Mark off, meaning withdraw -- |
| 14 | just marked it off for today. |
| 15 | THE COURT:  So, it's not being heard so it is |
| 16 | sitting out there theoretically -- |
| 17 | THE CLERK:  That's why I was asking. |
| 18 | THE COURT:  Yeah, file is wrong.  So, does that |
| 19 | make sense, sir? |
| 20 | MR. LODICE:  Yes, I understand. |
| 21 | THE COURT:  Okay.  You have to pay your child |
| 22 | support. |
| 23 | MR. LODICE:  Honestly, your Honor, I have been |
| 24 | trying.  I have made payments; I don't know why they |
| 25 | are saying I haven't made payments. |
| 26 | THE COURT:  So, listen to me, it happens in |
| 27 | life, right, that we might not be having 144, but you |

| | |
|---|---|
| 1 | got something every single week. |
| 2 | MR. LODICE: Yup. |
| 3 | THE COURT: Pay it. I'm not excusing you from |
| 4 | the 144 -- |
| 5 | MR. LODICE: Of course. |
| 6 | THE COURT: But your electric company will take |
| 7 | something if you can't pay the whole bill, child |
| 8 | support is the exact same way. |
| 9 | I will put you in jail for not paying your child |
| 10 | support, okay? |
| 11 | MR. LODICE: I understand. |
| 12 | THE COURT: Don't hesitate and it's a low order. |
| 13 | 122 is what I order someone that's working at Target |
| 14 | to pay; okay, so it's not this insurmountable number. |
| 15 | MR. LODICE: Okay. |
| 16 | THE COURT: Okay. Pay your child support. |
| 17 | MR. LODICE: Of course. |
| 18 | THE COURT: Okay. So, let's give it a date, |
| 19 | I'll just pick a sort of arbitrary 12 weeks -- |
| 20 | ATTY. CRETELLA: So, here's -- I would like to |
| 21 | make it an order of the Court that he comply with our |
| 22 | request for discovery. |
| 23 | THE COURT: Okay. |
| 24 | ATTY. CRETELLA: And that he appear at the |
| 25 | deposition as per the notice. |
| 26 | THE COURT: Do I have authority to do that? |
| 27 | THE CLERK: You'd have to check the statute. |

```
1    THE COURT:  Yeah, I'm not sure if I have
2    authority to do that, counsel, because I'm a
3    statutory court, but I will say this -- well, no,
4    because I guess I have -- I mean I handle discovery
5    issues, right.  You're gonna make me read --
6         ATTY. CRETELLA:  Oh, man, I'm sorry.  I should
7    have looked it up.
8         THE COURT:  Counsel, and Mr. Lodice?
9         MR. LODICE:  Yes.
10        THE COURT:  Go to the deposition, comply with
11   the discovery.
12        MR. LODICE:  Okay.  Is the discovery act like --
13   is the discovery -- like is he applying for discovery
14   or discovery been granted, that's what I'm asking?
15        THE COURT:  It's been granted already.
16        MR. LODICE:  It's been granted.  Okay --
17        THE COURT:  Because the lawyer --
18        MR. LODICE:  This the same one I was denied last
19   time we were in Court, now it's granted?
20        THE COURT:  Yes, because --
21        MR. LODICE:  Okay.
22        THE COURT:  -- a lawyer can hand -- is able to
23   file things differently when it comes to discovery
24   and depositions than a pro se can.
25        MR. LODICE:  Okay.
26        THE COURT:  So, if you have issue with what he's
27   asked you --
```

1           MR. LODICE:  Okay.

2           THE COURT:  -- asked for you, you could file

3     appropriate paperwork --

4           MR. LODICE:  Okay.

5           THE COURT:  But if you don't do that, you have

6     to comply with --

7           MR. LODICE:  Okay.

8           THE COURT:  If you don't do that and your issues

9     aren't granted, you have to comply with what he's

10    given you.

11          MR. LODICE:  Understand.  Now, does the

12    recipricant (sic) of that happen simultaneously?

13          THE COURT:  Nope.

14          MR. LODICE:  So, she doesn't have to give any of

15    her financial information, but I have to give all

16    mine.

17          THE COURT:  Not until something is served upon

18    her.  She does need to come to Court with a financial

19    affidavit every time.

20          MR. LODICE:  But that's just not fair, she

21    doesn't need any proof or documents or anything.

22          THE COURT:  Not unless something is served on

23    her.

24          MR. LODICE:  So, unless I file for discovery

25    against her, but even though you said a lawyer has to

26    file it for it to be granted.

27          THE COURT:  So, I can't give you a lot of legal

1       advice, but --
2           MR. LODICE:  I understand that.
3           THE COURT:  -- if counsel will give me just two
4       seconds leeway.
5           ATTY. CRETELLA:  That's fine.
6           THE COURT:  When you're representing yourself,
7       you have to ask for permission to do certain
8       discoveries --
9           MR. LODICE:  Okay.
10          THE COURT:  The idea being that is that you're
11      not a trained lawyer and they want kind of eyes to be
12      put on it.
13          MR. LODICE:  Okay.
14          THE COURT:  When lawyers do it, judges don't put
15      their eyes on it, because they are trained, they are
16      barred, they can do that thing.
17          MR. LODICE:  Okay.
18          THE COURT:  They can do that stuff.  You're in a
19      contempt right now.  That's all that's pending before
20      me.  So, in terms of a contempt, her finances don't
21      matter.  I don't care -- she could be a
22      gazillionaire.  I don't care --
23          MR. LODICE:  I know, but we been trying to
24      modify this since February, that's the issue.
25          THE COURT:  If you're gonna deal with a
26      modification, I would be interested in her finances,
27      but you would have to take the appropriate and

```
 1            necessary steps to show me that the information she's
 2            giving me is not accurate.
 3                 MR. LODICE:  Okay.  I will.
 4                 THE COURT:  Okay.  In terms of whether or not
 5            you're in compliance with your court order, I don't
 6            care about her finances, okay?
 7                 MR. LODICE:  Okay.  Yup.
 8                 THE COURT:  All right.  So, you have to comply
 9            with the discovery and the deposition --
10                 MR. LODICE:  Of course.
11                 THE COURT:  Until the Court tells you you don't
12            have to.
13                 MR. LODICE:  Okay.
14                 THE COURT:  And Court will only do that if
15            appropriate paperwork is filed.
16                 MR. LODICE:  And that's the list of this
17            documents right here, the fourteen --
18                 THE COURT:  Yes, they don't give a copy to the
19            Court, they just tell us that they filed it.  So, I
20            don't know what it says, but yes.
21                 MR. LODICE:  Oh, okay.
22                 ATTY. CRETELLA:  Is November 15th available any
23            time of day.
24                 THE CLERK:  November 15th is a Tuesday.
25                 THE COURT:  Counsel, Attorney Guido, is it okay
26            with you if I put it down at 2 o'clock on the 15th?
27                 MR. LODICE:  Your Honor, that's only a month
```

```
 1          away, can I have a little bit longer to get my
 2          finances in order, I just picked up --
 3               ATTY. CRETELLA:  Two months away.
 4               THE COURT:  Two months away.
 5               THE COURT:  It's 2 months.  It's 8 weeks.
 6               MR. LODICE:  Oh, it's 2 months.  8 weeks, okay.
 7           I forgot about October.  That should be good then.
 8               THE COURT:  Do you want to go --
 9               MR. LODICE:  No, November will work.  Two months
10          should be good.
11               THE COURT:  Okay.  Attorney Guido, is it okay
12          with you if I put it down at 2 p.m.?
13               ATTY. GUIDO:  Absolutely.
14               THE COURT:  Okay.  So, November 15th, at 2 p.m.
15          here.  I should be the magistrate, I'm -- usually I'm
16          here on Tuesdays, so I should still be the
17          magistrate.  And then if for some reason he's in
18          compliance on the contempt and you haven't -- let me
19          know and you don't have to have it.
20               ATTY. CRETELLA:  That would be great.
21               THE COURT:  So, if you're in compliance between
22          now and then and counsel doesn't want to go forward
23          on the contempt, you don't need to come to Court.
24               MR. LODICE:  Yeah, I understand.
25               ATTY. CRETELLA:  Unless you reclaim the
26          modification.
27               THE COURT:  Right, but talk to counsel, see if
```

1     you can't work together, because I don't want you
2     missing time and work and shlepping down here from
3     New Britain if you don't have to.
4         MR. LODICE:  Is there any way to pay her child
5     support directly?  Because I have child support --
6         THE COURT:  Not to her, no.
7         MR. LODICE:  So, every time I pay it, they are
8     gonna split it.
9         THE COURT:  Oh, you have another order?
10        MR. LODICE:  Yeah, that's the problem.  This is
11    what keeps happening.  So, I put five hundred down,
12    she's only getting 250 of it.
13        THE COURT:  Right.
14        MR. LODICE:  My other ex doesn't really care
15    about the money, she's not really chasing me for it,
16    it's just it's on the file.
17        THE COURT:  Right.  Yeah, no.  No way.
18        MR. LODICE:  No way to do that.
19        THE COURT:  Until she closes her 4D services
20    there's no way.
21        MR. LODICE:  Okay.
22        THE COURT:  So, her and counsel could discuss
23    that and that would be one way you could pay her
24    directly, but as long as she's a 4D client you cannot
25    pay her directly.
26        MR. LODICE:  Okay.
27        ATTY. CRETELLA:  So, just for clarification, he

```
1        is -- the order of 144 a week remains --
2             THE COURT:  Yup.
3             ATTY. CRETELLA:  And we should expect a payment
4        Friday.
5             THE COURT:  Yup.
6             ATTY. CRETELLA:  And then in terms of what's
7        outstanding, we'll address that unless, you know, Mr.
8        Lodice comes up with a nice lump sum we'll address
9        that at the contempt.
10            THE COURT:  Yes, in magistrate court, just to be
11       clear, if they find themselves in compliance, I'm not
12       inclined to order lump sums at that point, but it is
13       a possibility and yes, the Court will hear any
14       arguments about that at the time.
15            ATTY. CRETELLA:  Of course.  All right.
16            THE COURT:  Thank you.  See you both in
17       November.
18            MR. LODICE:  Thank you, your Honor.  Have a good
19       day.
20            THE COURT:  We are adjourned for the day.
21            (Court stands adjourned.)
22
23
24
25
26
27
```

| | | |
|---|---|---|
| NO: NNH-FA19-5046828-S | : | SUPERIOR COURT |
| ANTAR, THEODORA, F. | : | JUDICIAL DISTRICT OF NEW HAVEN |
| v. | : | AT NEW HAVEN, CONNECTICUT |
| LODICE, MATTHEW, J. | : | SEPTEMBER 12, 2022 |

C E R T I F I C A T I O N

    I hereby certify the foregoing pages are a true and correct transcription of the audio recording of the above-referenced case, heard in Superior Court, Judicial District of New Haven, New Haven, Connecticut, before the Honorable Jennifer S. Aguilar, Magistrate, on the 12th day of September, 2022.

    Dated this 29th day of May 2023 in New Haven, Connecticut.


Jacquelyn Pennacchini
Court Recording Monitor