ORDER    089998

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

8/9/2022

## ORDER

ORDER REGARDING:
08/08/2022 219.00 CASEFLOW REQUEST - FAMILY MATTERS (FORM JD-FM-292)

The foregoing, having been considered by the clerk, is hereby:

ORDER: GRANTED

Judicial Notice (JDNO) was sent regarding this order.

089998
_____

BY THE CLERK
Processed by: Nancy Bauer

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

**NOTICE TO COURT**
**FAMILY SERVICES UNIT**
JD-FM-223 New 8-14

STATE OF CONNECTICUT
**SUPERIOR COURT- FAMILY DIVISION**
Family Services Notice to Court

| Court Use Only |
| --- |
| FSNOTIC |

| Judicial District | Docket Number | CMIS number |
| --- | --- | --- |
| New Haven | NNH FA195046828S | RF20222020199 |

| Plaintiff's Name *(Last, first, middle initial)* | Defendant's Name *(Last, first, middle initial)* |
| --- | --- |
| Antar, Theodora, F | Lodice, Matthew, J |

| Attorney for Plaintiff | Attorney for Defendant |
| --- | --- |
| Self-Represented | Self-Represented |

Intervenor's Name *(Last, first, middle initial)*, if applicable

| Attorney for Intervenor, if applicable | Attorney for Minor Child/GAL, if applicable |
| --- | --- |
| | |

This matter was referred to Family Services by Judge   HON. JANE GROSSMAN

for   Comprehensive Evaluation   on   7/21/2022

At this time Family Services is informing the court that:

☐ The service has been completed and the parties intend to submit an agreement to the court.

☐ The service has been completed and a report has been submitted to the court.

☒ The matter is being returned to court for further direction.

☐ An extension is being requested to complete the court ordered service. Please extend the date to _____ .

Note to Clerk:

☐ This matter should be placed on a court calendar.

| Submitted By | Date |
| --- | --- |
| Dennis Reilly | 8/18/2022 |

On July 21,2022, this matter was referred to Family Relations for a comprehensive evaluation relative to custody and access of the minor child.  An initial joint meeting was scheduled with both parties for August 16, 2022.  Ms. Antar was present for the meeting while Mr. Lodice was not present for the meeting.  Family Relations offered to reschedule the initial meeting, but Ms. Antar requested that her motion for a comprehensive evaluation be withdrawn as she does not wish to move forward with the process.  At this time, Family Relations is closing the comprehensive evaluation, due to Ms. Antar's request to withdraw.

Respectfully submitted,

Dennis Reilly
Family Relations Counselor

**FINANCIAL AFFIDAVIT**
JD-FM-6-SHORT   Rev. 2-16
P.B. §§ 25-30, 25a-15

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

| Court Use Only |
| --- |
| **FINAFFS** |

**ADA NOTICE**
The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA.*

Docket number
**NNH - FA - 19 - 5046828 - S**

## Instructions

*Use this short version if your gross annual income is less than $75,000 (see Section I. Income) and your total net assets are less than $75,000 (see Section IV. Assets). Otherwise, use the long version, form JD-FM-6-LONG.*

| For the Judicial District of | At *(Address of Court)* |
| --- | --- |
| New Haven | 235 Church Street, New Haven, CT 06511 |

Name of case
**Theodora Antar v. Matthew Lodice**

Name of affiant *(Person submitting this form)*
**Theodora Antar**     [X] Plaintiff   [ ] Defendant

## Certification

I understand that the information stated on this Financial Statement and the attached Schedules, if any, is complete, true, and accurate. **I understand that willful misrepresentation of any of the information provided will subject me to sanctions and may result in criminal charges being filed against me.**

## I. Income

**1) Gross Weekly Income/Monies and Benefits From All Sources**

Computed based on year-to-date, but no less than the last 13 weeks.  If computation is based on less than 13 weeks or if your computations are not reflective of current wages, explain:

Paid:  [ ] Weekly   [ ] Bi-weekly   [ ] Monthly   [ ] Semi-monthly   [ ] Annually

If income is not paid weekly, adjust the rate of pay to weekly as follows:

| Bi-weekly → divide by 2 | Semi-monthly → multiply by 2, multiply by 12, divide by 52 |
| --- | --- |
| Monthly → multiply by 12, divide by 52 | Annually → divide by 52 |

(a)

| Employer | Address | Base Pay: | | |
| --- | --- | --- | --- | --- |
| Job 1 Small Town Publishing, Inc. | P.O.Box 3554, Milford, CT 06460 | [X] Salary [ ] Wages | $ | 350.00 |
| Job 2 Seamless Signings, LLC | 856 Shagbark Drive, Orange, CT 06477 | [ ] Salary [X] Wages | $ | 115.00 |
| Job 3 | | [ ] Salary [ ] Wages | $ | |

Total of base pay from salary and wages of all jobs.............................  $   465.00

| | | | | |
| --- | --- | --- | --- | --- |
| (b) Overtime .............................................. $_____ | (j) Child Support *(Actually received)*............ | $ | 115.00 |
| (c) Self-employment ................................. $_____ | (k) Alimony *(Actually received)* ................... | $ | |
| (d) Tips..................................................... $_____ | (*l*) Rental and income producing property.... | $ | |
| (e) Social Security .................................... $_____ | (m) Contributions from household member(s) | $ | |
| (f) Disability.............................................. $_____ | (n) Cash income..................................... | $ | |
| (g) Unemployment ..................................... $_____ | (o) Veterans Benefits................................ | $ | |
| (h) Worker's compensation ........................ $_____ | (p) Other: _____ | $ | |
| (i) Public Assistance *(Welfare, TFA payments)* ............................................ $_____ | | | |

**(q) Total Gross Weekly Income/Monies and Benefits From All Sources** *(Add items a through p)*     $   580.00

Hours worked per week **20**

Gross yearly income from prior tax year. Provide amount of income, not copies of forms ...............  $   24,861.00

List here and explain any other income including but not limited to: non-reported income; and support provided by relatives, friends, and others:

**2) Mandatory Deductions** *(If consistent deductions don't occur every pay check **provide average amounts.**)*

| | Job 1 | Job 2 | Job 3 | Totals |
|---|---|---|---|---|
| (1) Federal income tax deductions *(claiming ____ exemptions)* | $ | $ | $ | $ |
| (2) Social Security or Mandatory Retirement | $ | $ | $ | $ |
| (3) State income tax deductions *(claiming ____ exemptions)* | $ | $ | $ | $ |
| (4) Medicare | $ | $ | $ | $ |
| (5) Health insurance | $ | $ | $ | $ |
| (6) Union dues | $ | $ | $ | $ |
| (7) Prior court order — child support or alimony | $ | $ | $ | $ |
| **(8) Total Mandatory Deductions** *(add items 1 through 7)* | $ | $ | $ | $ |

**3) Net Weekly Income**...................................................................................... $ __580.00__
   Subtract the Total Mandatory Deductions [see item I., 2), (8)] from the Total Gross Weekly Income/Monies and Benefits
   From All Sources [see item I., 1), q) ]

## II. Weekly Expenses Not Deducted From Pay

If expenses are not paid weekly, adjust the rate of payment to weekly as follows:

| Bi-weekly → divide by 2 | Semi-monthly → multiply by 2, multiply by 12, divide by 52 |
|---|---|
| Monthly → multiply by 12, divide by 52 | Annually → divide by 52 |

Insert an ("x") in the box if you are **not** currently paying the expense, or if someone else is paying the expense.

Home:

| Rent or Mortgage *(Principal, Interest — Real Estate Taxes and Insurance if escrowed)* | ☐ $ __461.00__ | Property taxes and assessments ........... | ☐ $ _____ |
|---|---|---|---|

Utilities:

| Oil .................................................... | ☐ $ __380.00__ | Telephone/Cell/Internet....................... | ☐ $ __23.00__ |
| Electricity .......................................... | ☐ $ __115.00__ | Trash Collection................................. | ☐ $ __7.00__ |
| Gas ................................................... | ☐ $ _____ | T.V./Internet..................................... | ☐ $ __12.00__ |
| Water and Sewer................................ | ☐ $ __69.00__ | | |

Groceries *(after food stamps)*: Including household supplies, formula, diapers ......................... ☐ $ __200.00__

Transportation:

| Gas/Oil ............................................. | ☐ $ __200.00__ | Auto Loan or Lease .......................... | ☐ $ _____ |
| Repairs/Maintenance........................... | ☐ $ _____ | Public Transportation ....................... | ☐ $ _____ |
| Automobile Insurance/Tax/Registration ... | ☐ $ _____ | | |

Insurance Premiums:

| Medical/Dental *(Out-of-pocket expense after Health Savings Account/Plan)*....... | ☐ $ _____ | Life ................................................ | ☐ $ _____ |
|---|---|---|---|

Uninsured Medical/Dental not paid by insurance ........................................................... ☐ $ _____
Clothing ................................................................................................................ ☐ $ __17.00__

Child(ren):

| Child Support of this case ..................... | ☐ $ _____ | Child Care Expense *(after deductions, credits and subsidies)*.......................... | ☐ $ __50.00__ |
| Child Support of other children other than this case *(attach a copy of the order)* ... | ☐ $ _____ | Child(ren)'s activities *(e.g., lessons, sports, etc.)* ......................................... | ☐ $ _____ |
| Alimony: Payable to this spouse .............. | ☐ $ _____ | Alimony: Payable to another spouse ....... | ☐ $ _____ |

Extraordinary travel expenses for visitation with child(ren) ............................................. ☐ $ _____
Other *(Specify)*: _____ ☐ $ _____

**Total Weekly Expenses Not Deducted From Pay** ........................................... $ __1,534.00__

## III. Liabilities *(Debts)*

Do not include expenses listed above. Do not include mortgage current principal balance or loan balances that are listed
under "Assets."

| Creditor Name /Type of Debt | | Balance Due | Date Debt Incurred/ Revolving | Weekly Payment |
|---|---|---|---|---|
| Credit Card, Consumer, Tax, Health Care, Other Debt | | | | |
| Chase - 6494 | ☒ Sole ☐ Joint | $ 5,643.67 | | $ 23.00 |
| Chase - 7597 | ☒ Sole ☐ Joint | $ 2,803.18 | | $ 23.00 |

JD-FM-6-SHORT   Rev. 2-16                         (Page 2 of 4)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Chase - 3382 | [x] Sole | [ ] Joint | $ | 2,529.42 | | $ | 23.00 |
| American Express - 1002 | [x] Sole | [ ] Joint | $ | 14,795.90 | | $ | 46.00 |
| Chase - 1917 | [x] Sole | [ ] Joint | $ | 200.00 | | $ | 11.00 |

**(A). Total Liabilities** *(Total Balance Due on Debts)*..................................... $ 25,972.17

**(B). Total Weekly Liabilities Expense** ..................................................................... $ 126.00

## IV. Assets

*Note: Under "Ownership" indicate S for sole, JTS for joint with spouse, and JTO for joint with other.*
*You must complete the last column to the right "Value of Your Interest" in each applicable section.*

### A. Real Estate *(including time share)*

| Address | Ownership S / JTS / JTO | a. Fair Market Value *(Estimate)* | b. Mortgage Current Principal Balance | c. Equity Line of Credit and Other Liens | d. Equity (d = a minus (b + c)) | e. Value of Your Interest |
|---|---|---|---|---|---|---|
| Home | [ ] [ ] [ ] | $ | $ | $ | $ | $ |
| Other | | | | | | |
| | [ ] [ ] [ ] | $ | $ | $ | $ | $ |
| | [ ] [ ] [ ] | $ | $ | $ | $ | $ |

**Total Net Value of Real Estate:** $

### B. Motor Vehicles

| Year | Make | Model | Ownership S / JTS / JTO | a. Value | b. Loan Balance | c. Equity (c = a minus b) | d. Value of Your Interest |
|---|---|---|---|---|---|---|---|
| 1: 2016 | Acura | MDX | [x] [ ] [ ] | $ 10,000.00 | $ 2,500.00 | $ 7,500.00 | $ 7,500.00 |
| 2: | | | [ ] [ ] [ ] | $ | $ | $ | $ |

**Total Net Value of Motor Vehicles:** $ 7,500.00

### C. Bank Accounts

Do not include custodial accounts or child(ren)'s assets — complete Section V. below.

| Institution | Account Number *(last 4 numbers only)* | Ownership S / JTS / JTO | Current Balance/ Value | Value of Your Interest |
|---|---|---|---|---|
| Checking | | | | |
| Wells Fargo | 3895 | [x] [ ] [ ] | $ 308.58 | $ 308.95 |
| Savings | | | | |
| | | [ ] [ ] [ ] | $ | $ |
| Other | | | | |
| Chase - Checking Account | 2755 | [x] [ ] [ ] | $ 767.13 | $ 767.13 |

**Total Net Value of Bank Accounts:** $ 1,076.08

### D. Stocks, Bonds, Mutual Funds

| Company | Account Number *(last 4 numbers only)* | Listed Beneficiary | Current Balance/ Value |
|---|---|---|---|
| | | | $ |
| | | | $ |

**Total Net Value of Stocks, Bonds, Mutual Funds:** $

### E. Insurance *(exclude children) D = Disability    L = Life*

| Name of Insured | D | L | Company | Account Number *(last 4 numbers only)* | Listed Beneficiary | Current Balance/ Value |
|---|---|---|---|---|---|---|
| | | | | | | $ |
| | | | | | | $ |

**Total Net Value of Insurance:** $

### F. Retirement Plans *(Pensions on Interest, Individual IRA, 401K, Keogh, etc.)*

| Type of Plan | Name of Plan/Bank/Company | Account Number *(last 4 numbers only)* | Listed Beneficiary | Receiving Payments | Current Balance/ Value |
|---|---|---|---|---|---|
| IRA | Fidelity | | Angelia Lodice & Juliann | [ ] Yes [x] No | $ 3,500.00 |
| | | | | [ ] Yes [ ] No | |

**Total Net Value of Retirement Plans:** $ 3,500.00

### G. Business Interest/Self-Employment

If you own an interest in a business, or are self-employed, complete this section.

| Name of Business | Percent Owned | Value |
|---|---|---|
| Small Town Publishing | 100 % | $ 30,000.00 |

**Total Net Value of Business Interest/Self-Employment:** $ 30,000.00

## H. Other Assets

| Name of Asset | Current Balance/Value | Name of Asset | Current Balance/Value |
|---|---|---|---|
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| | | Total Net Value of Other Assets: | $ |

**I. Total Net Value All Assets** *(add items A through H)* .................................................................. $ 42,076.08

## V. Child(ren)'s Assets
*Include Uniform Gift to Minor Account, Uniform Trust to Minor Account, College Accounts/529 Account, Custodial Account, etc.*

| Institution | Account Number *(last 4 numbers only)* | Listed Beneficiary | Person Who Controls the Account *(Fiduciary)* | Current Balance/Value |
|---|---|---|---|---|
| TD Bank | 1616 | Angelina Lodice | Theodora Antar | $ 3,488.91 |
| TD Bank | 0865 | Julianna Viglione | Theodora Antar | $ 6,305.00 |
| | | | Total Net Value of Child(ren)'s Assets: | $ 9,793.91 |

## VI. Health *(Medical and/or Dental Insurance)*

| Company | Name of Insured Person(s) Covered by the Policy |
|---|---|
| | |

Do you or any member of your family have HUSKY Health Insurance Coverage?  [X] Yes  [ ] No  [ ] I Don't Know

If Yes, whom?
Theodora Antar, Angelina Lodice, Julianna Viglione

**Important:**
**If you have other financial information that has not yet been disclosed, you have an affirmative duty to disclose that information. List additional information below:**

## Summary *(Use the amounts shown in Sections I. through IV.)*

Total Net Weekly Income *(See Section I. 3)* ............................................................. $ 580.00

Total Weekly Expenses and Liabilities *(Total From Section II. + III.(B))* ....................... $ 1,660.00

Total Cash Value of Assets *(See Section IV. I.)* ....................................................... $ 42,076.08

Total Liabilities *(Total Balance Due on Debts) (See Section III. (A))* ........................... $ 25,972.17

## Certification

I certify under the penalties of perjury that the information stated on this Financial Statement and the attached Schedules, if any, is complete, true, and accurate. **I understand that willful misrepresentation of any of the information provided will subject me to sanctions and may result in criminal charges being filed against me.**
I,  Theodora Antar                                        the [X] Plaintiff  [ ] Defendant  herein, residing at
856 Shagbark Drive, Orange, CT 06477                        , telephone number 203-273-8419        , being duly
sworn, depose and say that the following is an accurate statement of my income from all sources, my liabilities, my assets and my net worth, from whatever sources, and whatever kind and nature, and wherever situated.

| Signed (Affiant) | | Date signed 09/09/2022 |
|---|---|---|
| Signed (Notary, Commissioner of Superior Court, Assistant Clerk, Other Proper Officer under Section 1-24 of the Connecticut General Statutes) | Print name and title of person signing at left DONALD J. CRETELLA, ESQ. | Date signed 09/09/2022 |

**CASEFLOW REQUEST**
JD-FM-292  Rev. 7-22

For information on ADA accommodations,
contact a court clerk or go to: *www.jud.ct.gov/ADA.*

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions**
*Select the appropriate type of request being made, provide the additional information requested, and the reason for your request.
If you need to request a continuance of a scheduled court date, do not use this form. Please use form JD-CV-21, Motion for
Continuance, for all continuance requests.*

*Note:*
*If the request is granted, the court will schedule the event for the requested date, if that date is available.
If that date is not available, the court will schedule the event for the next available date.*



| COURT USE ONLY |
|---|
| FACFREQ |

Name of case *(Plaintiff v. Defendant)*
**Theodora Antar v. Matthew Lodice**

| Judicial District of | Date of scheduled event *(if applicable)* | Name of Judge who scheduled the event *(if applicable)* | Docket number |
|---|---|---|---|
| **New Haven** | **09/12/2022** | | **NNH FA 19-5046828**   - S |

**I am requesting:** *(Select box(es) that apply and give reason(s) for request below)*

☐ A Status Conference on or about: *(date)* _____

☐ Pretrial on or about: *(date)* _____

☐ That the following pendente lite motion(s), in which I am the moving party or the attorney for the moving party, be
scheduled on the earliest available Motion Docket:

1. Motion # _____ entitled _____
2. Motion # _____ entitled _____
3. Motion # _____ entitled _____
4. Motion # _____ entitled _____
5. Motion # _____ entitled _____

☒ Other:  **Hearing of 09/12/2022**

This case is already scheduled for the following court event(s) on the date(s) shown:

| Case Date(s): | Trial or specially assigned hearing date(s): | Other: *(specify event and date)* |
|---|---|---|
| | | **Hearing - 09/12/2022 - 2:00pm** |

**Reason(s) for request** *(must be completed for all requests of any type):*

**In regards to the above referenced matter, there is a hearing scheduled for 09/12/2022 at 2:00pm in regards to entry number 148,
187 and 206. At this time we would like to mark off entry number 148 - Motion to Modify. As such, the hearing will proceed only
in regards to entry number 187 and 206 regarding motion for contempt.**

I agree to notify my client and all counsel of record and self-represented parties whether the requested action is granted or
denied, and if granted, the specific ruling of the court. I have told all counsel and self-represented parties of record that I
would be asking for the requested action.  **All Counsel and Self-represented Parties:**

☐ Consent        ☐ Do not consent to the action requested above

| Signed *(Person making request)* | Name of attorney and juris number or self-represented party *(Print or type)* |
|---|---|
| | **Donald J. Cretela, Esq.** |

The person requesting the action is the:

☐ Plaintiff        ☐ Defendant        ☒ Attorney for Plaintiff        ☐ Attorney for Defendant

| Firm name *(if applicable)* | Address | Telephone number *(with area code)* |
|---|---|---|
| **Zingaro & Cretella, LLC** | **681 State Street, New Haven, CT 06511** | **203-777-7755** |

I certify that a copy of the above was mailed or delivered on the date shown below to all counsel and self-represented parties of record. A
sheet is attached listing the name and address of each party the copy was mailed or delivered to.

| Signed *(Individual attorney or self-represented party)* | Date |
|---|---|
| | **09/09/2022** |

| Name of case *(Plaintiff v. Defendant)* | Docket number |
|---|---|
| Theodora Antar v. Matthew Lodice | NNH FA 19-5046828      - S |

## Order

Request is

☐ Granted          ☐ Denied

The court further orders:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

| Signed *(Judge)* | Date |
|---|---|
|  |  |

JD-FM-292   Rev. 7-22

COURT ORDER -
FAMILY SUPPORT MAGISTRATE
JD-FM-170 Rev. 1-22

STATE OF CONNECTICUT
SUPERIOR COURT
*www.jud.ct.gov*

| Court Use Only |
| --- |
| **JDFM170** |



| **ADA NOTICE** |
| --- |
| The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA* |

*Instruction to Clerk*
Keep the original and forward the copies to the State Case Registry. If this order includes a IV-D adjudication of parentage, also forward a certified copy of this form to the State Case Registry.

| Judicial District | Court location *(Number, street and town)* | | Docket number |
| --- | --- | --- | --- |
| **New Haven** | **235 Church Street New Haven, CT** | | **NNHFA195046828S** |

| Defendant in Military? | AAG Present? | SES Present? | File companionized with docket number: |
| --- | --- | --- | --- |
| | **No** | **Yes** | |

| Plaintiff's name | Present? | Assisted by Interpreter | Plaintiff's attorney *(Name if applicable)* | Present? |
| --- | --- | --- | --- | --- |
| **THEODORA F ANTAR** | **Yes** | | **ZINGARO CRETELLA LLC** | **Yes** |

| Defendant's name | Present? | Assisted by Interpreter | Defendant's attorney *(Name if applicable)* | Present? |
| --- | --- | --- | --- | --- |
| **MATTHEW J LODICE** | **Yes** | | | |

| **Case Description** | Case type | | Type of Motion | Entry Number(s) |
| --- | --- | --- | --- | --- |
| | **Visitation Application** | | **148 modification and 187 contempt** | |
| | Type of Judgment | | Type of service | |

| **Children** *(if parentage action, fill in date of birth)* | **Name** | **D.O.B.** *(If parentage action)* | **Name** | **D.O.B.** *(If parentage action)* |
| --- | --- | --- | --- | --- |
| | 1. | | 4. | |
| | 2. | | 5. | |
| | 3. | | 6. | |

| Order | | |
| --- | --- | --- |
| Additional Orders | **Motion for modification 148 is marked off for today's purposes per Caseflow Request 222.00, with the possibility to be addressed in the future if reclaimed by Plaintiff's counsel.** | |
| Continuance | CONTINUED TO 11/15/2022 2PM | |
| | Compliance with weekly payments; | |
| | Update on discovery and deposition; contempt hearing if no agreement | |

| By the Court | Signed (Judge/F.S.M./Asst. Clerk) | Date of Order |
| --- | --- | --- |
| **JENNIFER SUSANNE AGUILAR, F.S.M.** | **Dylan Wingard (By the Clerk 089998)** | **9/12/2022** |

**This document has been signed electronically in compliance with the State of Connecticut Judicial Branch E-Filing Procedures and Technical Standards which can be found at www.jud.ct.gov**

DOCKET NO.: NNI-FA19-5046828-S        :              SUPERIOR COURT

THEODORA F. ANTAR                     :              J.D. OF NEW HAVEN

VS.                                   :              AT NEW HAVEN

MATTHEW J. LODICE                     :              SEPTMEBER 12, 2022

## PLAINTIFF'S NOTICE OF SERVING REQUEST FOR MANDATORY

## DISCLOSURE AND PRODUCTION

The Plaintiff in the above matter hereby gives notice pursuant to Connecticut Practice

Book Section 25-56 and Section 13-9(b), that it has filed and served upon the defendant,

MATTHEW LODICE, a Request for Mandatory Disclosure and Production of Documents.

THE PLAINTIFF,

BY_____417831_____
              DONALD J. CRETELLA
              ZINGARO & CRETELLA, LLC
              681 STATE STREET
              NEW HAVEN, CT 06511
              JURIS NO.:  419037

## <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing has been delivered in person on this date to all counsel and self-represented parties of record:

MATTHEW LODICE
23 LYMAN STREET
NEW BRITAIN, CT 06053


          417831
DONALD J. CRETELLA

DOCKET NO.: FA 19 5046828      :      SUPERIOR COURT

THEODORA F. ANTAR      :      JD OF NEW HAVEN

VS.      :      AT NEW HAVEN

MATTHEW J. LODICE      :      OCTOBER 14, 2022

## <u>MOTION TO APPOINT GUARDIAN AD LITEM</u>

The plaintiff in the above captioned matter moves the Court to appoint a Guardian Ad Litem ("GAL") for the minor child in the above captioned matter.

The defendant submits the following in support of said request:

1. The minor child ("AL") was born to the plaintiff and defendant on May 21, 2019.

2. The plaintiff and defendant have had joint legal custody since her birth, 3 years ago.

3. There is a dispute as to the best course of action regarding psychological treatment for AL.

4. AL has been evaluated for several psychological issues and would like to have her treated for same.

5. The plaintiff has spoken to the defendant about said treatment and the defendant will not agree.

Wherefore, the defendant moves the Court to appoint a GAL.

THE DEFENDANT,

BY,

DONALD J. CRETELLA, JR.
ZINGARO, CRETELLA & RASILE
681 STATE STREET
NEW HAVEN, CT 06510
203-777-7755
JURIS NO: 419037

## ORDER

The foregoing is hereby:

Granted     /     denied.

_____

By the Court

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent (Certified Mail) to:

Matthew J. Lodice
23 Lyman Street
New Britain, CT 06053

_____

Commissioner of the Superior Court

ORDER    435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

5/31/2023

ORDER

ORDER REGARDING:
10/17/2022 225.00 MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM

The foregoing, having been considered by the Court, is hereby:

ORDER:

See Orders of the court re: Post Judgment Motions dated 5/31/2023

Judicial Notice (JDNO) was sent regarding this order.

435701

Judge: JANE KUPSON GROSSMAN
Processed by: Nancy Sasser

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

# APPLICATION FOR WAIVER OF FEES/ PAYMENT OF COSTS/APPOINTMENT OF COUNSEL - FAMILY

JD-FM-75   Rev. 12-21
C.G.S. §§ 46b-160(d), 46b-231, 52-259b;
P.A. 21-15; P.B. §§ 8-2, 25-63, 63-6

*Use only for family/family support magistrate matters.
For civil, housing and small claims, use form JD-CV-120.*

**To: The Superior Court**

**Instructions to applicant (person filing)**
1. *Print or type all information requested.*
2. *Sign the Financial Affidavit section in front of a court clerk, a notary public or an attorney.*
3. *Bring this form to the superior court where your case will be filed or is/was pending.*
4. *If your application for waiver of fees payable to the court or for payment of costs of service of process is denied, you may ask for a hearing.*

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions to Clerk**
1. *Bring to a judge or family support magistrate, if applicable.*
2. *If granted, notify the applicant and counsel, if appointed.*
3. *If the application for waiver of fees payable to the court or for payment of costs of service of process is denied, and, upon request, schedule a hearing.*

| | |
|---|---|
| Name of case (Name of plaintiff v. Name of defendant) Theodora Ankrv Matther Lodice | Docket number (If applicable) NNH-FA19-5046828-S |
| Judicial District New Haven | Address of court New Haven |
| Name of applicant (Last, first, middle initial) Lodice, Matthew | Address of applicant (Number, street, town, state and zip code) 23 Lyman St, New Britain, CT 06053 | Phone number 860 518 2384 |

## Type of proceeding *(select all that apply)*

- [ ] Motion to Open Judgment
- [ ] Application for Custody
- [ ] Application or Petition for Visitation
- [ ] Other *(ex parte custody, etc.) (Specify):* _____
- [ ] Motion for Modification
- [ ] Dissolution of Marriage/Civil Union (Divorce)
- [ ] Appellate Matter (Supreme or Appellate Court)
- [x] Contempt
- [ ] Parentage
- [ ] Cross Complaint

## Fee Waiver/Payment of Costs

I ask that the court order that I do not have to pay fees or costs or order the State to pay the fees and costs below. *(select all that apply)*

- [ ] Entry fee *(fee to file a new case)*
- [ ] Filing fee(s) *(fee to file motion, etc.)*
- [ ] Appellate filing fee (Supreme or Appellate Court)
- [ ] Other *(certified copy of judgment, etc.) (Specify):* _____
- [x] Costs of service of process *(delivery of papers by a state marshal or other proper officer)*
- [ ] Costs for participating in parenting education under C.G.S. § 46b-69b
- [ ] Cost of the transcript for appeal

*Judicial District
SUPERIOR COURT
New Haven
OCT 18 2022
FILED
CHIEF CLERK'S OFFICE*

## Grounds for Appeal   *(Complete if requesting waiver of Appellate filing fee/payment of cost of transcript for appeal.)*

The grounds on which I propose to appeal are: _____

## Appointment of Counsel   *(This applies only in a contempt proceeding or to the putative parent in a parentage proceeding.)*

- [ ] I ask that the court appoint an attorney to represent me.

## Financial Affidavit

### 1. Dependents *(people supported by you)*

Total number of dependents *(not including yourself)* [ 3 ]

### 2. Monthly Income

| | |
|---|---|
| A. Gross monthly income *(before deductions)* | 2300 |
| B. Net monthly income *(after taxes) from employment* | + |
| C. Other income *(TFA, Social Security, child support, alimony, etc.)* *(Specify which one(s) here):* | = |
| **Total Monthly Income (B+C)** | 2700 |

### 3. Monthly Expenses

| | |
|---|---|
| A. Rent/Mortgage | 1000 |
| B. Real Estate Taxes | |
| C. Utilities *(telephone, electric, water, gas, cable, etc.)* | 100 |
| D. Food, *not including SNAP (food stamps)* | 200 |
| E. Clothing | |
| F. Insurance Premiums *(medical/dental, auto, life, home)* | |
| G. Medical/Dental *(costs not covered by insurance)* | |
| H. Transportation *(bus, gasoline, etc.)* | 400 |
| I. Child Care | 680 |
| J. Other *(child support, alimony, etc.) (Specify):* | |
| **Total Monthly Expenses** | 2380 |

### 4. Assets

| | Estimated Value | Loan Balance | Equity |
|---|---|---|---|
| A. Real Estate | | | Real Estate |
| B. Motor Vehicles | 2500 | 5500 | Motor Vehicle -3000 |
| C. Other Personal Property *(for example, jewelry, furniture, etc.)* | | | Other Property |
| D. Savings Account Balance *(Total of all accounts)* | | | Savings |
| E. Checking Account Balance *(Total of all accounts)* | | | Checking |
| F. Cash | | | Cash |
| G. Other Assets *(Specify):* | | | Other Assets |
| **Total Assets** | | | -3000 |

### 5. Liabilities/Debts *(for example, credit card balances, loans, etc. Do not include mortgage or loan balances that are listed under "Assets".)*

| Type of Debt | Amount Owed | Monthly Payment |
|---|---|---|
| | | |
| | | |
| | | 0 |
| | | |
| **Total Liabilities** | | 0 |

| Name of case | | Docket number *(If applicable)* |
|---|---|---|

**6. If you claim zero Total Monthly Income in number 2 above or zero Total Monthly Expenses in number 3 above, explain how you are supported:**

_____
_____
_____

I certify that the information in this application is true and accurate to the best of my knowledge and that I can, if asked, document all income, expenses, and liabilities listed above.

**Notice ▶** | *Any false statement made by you under oath that you do not believe to be true and that is intended to mislead a public servant in the performance of his or her official function may be punishable by a fine and/or imprisonment.*

| Signed *(Applicant)* | Print name of person signing at left | Date signed |
|---|---|---|
|  | Matthew Lodice | 10/18/22 |
| Subscribed and sworn to before me: | On *(Date)* 10/18/22 | Signed *(Notary Public, Commissioner of the Superior Court, Assistant Clerk)* |

---

**ADA NOTICE**

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA.*

---

**Order** *(To be completed by the Court)*

The Court, having found the applicant *(Select all that apply):* ☐ Not indigent   ☒ Indigent **and unable to pay**

☐ Indigent **or** unable to pay *for parenting education* program under C.G.S. § 46b-69b, hereby orders the application:

☒ Granted as follows:

    1. The following costs are ordered paid by the State
      ☒ Costs of service of process not to exceed:   $ *State limit*
      ☐ Cost of the transcript for appeal in accordance with Practice Book section 63-6.
      ☐ Other *(Specify):* _____

    2. The following fees are waived   ☐ Entry fee   ☒ Filing fee   ☐ Appellate filing fee (Supreme or Appellate Court)
      ☐ Other *(Specify):* _____

    3. ☐ All costs for participation in a parenting education program shall be covered by the service provider pursuant to C.G.S. § 46b-69b, because the applicant is found indigent or unable to pay.

    4. Counsel is   ☐ Appointed *(Name):* _____

☐ Denied. If denied only in part, specify: _____

☐ The application for waiver of the payment of a fee or fees or the cost of service of process is DENIED because the applicant has repeatedly filed actions with respect to the same or similar matters, such filings establish an extended pattern of frivolous filings that have been without merit, the application sought is in connection with an action before the court that is consistent with the applicant's previous pattern of frivolous filings, and the granting of such application would constitute a flagrant misuse of Judicial Branch resources.

☐ Counsel is not appointed because the applicant does not face potential incarceration.

| By the Court *(Print or type name of Judge/Fam. Sup. Magistrate)* | On *(Date)* | Signed *(Judge, FSM, Assistant Clerk)* | Date signed |
|---|---|---|---|
| Donald R. Green, FSM | 10/19/22 |  | 10/19/22 |

JD-FM-75   Rev. 12-21

| Name of case | Docket number *(If applicable)* |
|---|---|
| | |

## Request for Hearing on Denied Application

*The following section applies only to a **denial** of the application for waiver of fees payable to the court or for the costs of service of process. It does not apply to applications for fee waiver for parenting education or to appointment of counsel.*

☐  I request a court hearing on the application.

▶ _____     _____
Signed *(Applicant)*                                                              Date signed

| Hearing to be held at the Court location shown on page 1 on the date and time shown below: | | | |
|---|---|---|---|
| Hearing on *(Date)* | At *(Time)* | Room number | Signed *(Assistant Clerk)* |
| | | | |

## Order After Hearing

The Court, having found the applicant     ☐ Not indigent     ☐ Indigent and unable to pay     hereby orders the application:

☐ Granted as follows:
    ☐ 1. The following costs are ordered paid by the State
        ☐ Costs of service of process not to exceed     $ _____
        ☐ Cost of the transcript for appeal in accordance with Practice Book Section 63-6.
        ☐ Other *(Specify)*: _____

    ☐ 2. The following fees are waived     ☐ Entry fee     ☐ Filing fee     ☐ Appellate filing fee (Supreme or Appellate Court)
        ☐ Other *(Specify)*: _____

☐ Denied for the following reason(s): _____

☐ The application for waiver of the payment of a fee or fees or the cost of service of process is DENIED because the applicant has repeatedly filed actions with respect to the same or similar matters, such filings establish an extended pattern of frivolous filings that have been without merit, the application sought is in connection with an action before the court that is consistent with the applicant's previous pattern of frivolous filings, and the granting of such application would constitute a flagrant misuse of Judicial Branch resources.

| By the Court *(Print or type name of Judge/FSM)* | On *(Date)* | Signed *(Judge, FSM, Assistant Clerk)* | Date signed |
|---|---|---|---|
| | | | |

| JD-FM-174 Rev. 3-20 | **For information on ADA accommodations,** | **SUPERIOR COURT** |
| C.G.S. §§ 46b-84, 46b-86 | contact a court clerk or go to: www.jud.ct.gov/ADA | www.jud.ct.gov |
| P.B. §§ 25-26, 25-30, 25-57, 25a-18, 25a-30 | | |

*(Select one)*

☐ **Before judgment**    ☒ **After judgment**    *If the court has ordered you to attach a request for leave with a motion for modification of a final custody or visitation order, you must complete and attach a Request for Leave form (JD-FM-202) to this motion.*

| Judicial District of | At *(Town)* | Docket number |
| **New Haven** | **New Haven** | **NNH-FA19-5046828-S** |

| Plaintiff's name | Plaintiff's address *(Number, street, city, state, zip code)* |
| **Theodora Antar** | **856 Shagbark Dr, Orange, CT 06477** |

| Defendant's name | Defendant's address *(Number, street, city, state, zip code)* |
| **Matthew Lodice** | **23 Lyman St, New Britain, CT 06053** |

Type of Motion to Modify

☒ Child Support    ☐ Alimony    ☒ Custody    ☒ Visitation    ☐ Other *(Specify):*

I, **Matthew Lodice** _____, ☐ the Plaintiff  ☒ the Defendant  ☐ a Support Enforcement Officer, state that:
*(Name)*

1. This Court issued an order dated **6/28/22** directing **Matthew Lodice** _____, residing at
   *(Name)*

**23 Lyman St, New Britain, CT 06053** _____, to: *(Complete the boxes that apply to your motion)*
*(Number, street, city, state, zip code)*

| Pay current support in the amount of: | Pay alimony in the amount of: |
| $ **120** every (per) **week** | $ every (per) |

| Pay arrearages as follows: | | |
| $ **24** every (per) **WEEK** | on the total arrearage owed of $ | as of *(date)* |

| Have custody of the child/children: *(Select one)* | Have visitation or parenting time as follows: | Primary residence of children with: |
| ☒ Joint legal custody  ☐ Sole custody | | **Mother** |

| Provide health insurance coverage | | Provide HUSKY/cash medical |
| ☐ No  ☒ Yes | Pay **50** % of unreimbursed medical expenses | $ every (per) |

| Contribute to child care | Other *(Specify):* |
| **50** % or $ | |

2. You must explain briefly the facts that are the reasons why you are asking for this modification.
   *(Select appropriate box or boxes. Attach additional sheet or sheets, if necessary.)*

   ☒ Since the date of the order, the circumstances in this case have changed substantially, as follows:

   **See Attached**

   ☐ The order for current child support is substantially different from the current child support and arrearage guidelines presumptive child support order, as follows:

3. The ☐ plaintiff ☐ defendant is a "deploying parent" of the armed forces. The facts about that deployment or mobilization are:

4.a. I am receiving state assistance or HUSKY health insurance, or I have received it in the past. ☐ Yes ☐ No

4.b. Any child that this motion is about is receiving state assistance or HUSKY health insurance, or has received it in the past. ☐ Yes ☐ No
   If you answered "Yes" to either of these questions, you must send a copy of this motion to: The Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06106. If you don't give the Attorney General's Office a copy, your motion may take longer to decide.

## I ask the Court to modify (change) the existing order or orders as follows: *(Select all that apply)*

**a. Child Support** *(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file a completed Worksheet for the Connecticut Child Support and Arrearage Guidelines (CCSG-1) and an Advisement of Rights Re: Income Withholding (JD-FM-71) on your hearing date. You may also need to file an Affidavit Concerning Children (JD-FM-164) on your hearing date.)*

☐ Order current support
☐ Increase current support
☒ Decrease current support
☐ Find arrearage and order payment
☐ Provide HUSKY/cash medical
☐ Contribute to child care
☐ Order immediate income withholding
☐ Provide health insurance coverage
☐ Other _____

**b. Alimony** *(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file an Advisement of Rights Re: Income Withholding (JD-FM-71) on your hearing date.)*

☐ Increase  ☐ Decrease
the amount of alimony to be paid.

**c. Custody** *(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file an Affidavit Concerning Children (JD-FM-164) and a completed Worksheet for the Connecticut Child Support and Arrearage Guidelines (CCSG-1) on your hearing date.)*

☐ Modify custody as follows:

*Judicial District of New Haven*
*SUPERIOR COURT*
*FILED*
*OCT 19 2022*
*CHIEF CLERK'S OFFICE*

*(Continued on page 2)*    Select appropriate court: ☐ Superior Court  ☒ Family Support Magistrate Division

Print Form    Reset Form

| Plaintiff's name | Defendant's name | Docket number |
|---|---|---|
| | | |

## d. Visitation/Parenting Time
*(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file an Affidavit Concerning Children (JD-FM-164) and a completed Worksheet for the Connecticut Child Support and Arrearage Guidelines (CCSG-1) on your hearing date.)*

☐ Modify visitation (parenting time) as follows:

## e. Other ☐
*(Please be specific)*

| Signature (Self-represented party or attorney) | Print name Matthew Lodice | Title (If applicable) | Date signed 10/18/2 |
|---|---|---|---|
| Address (Number, street, city, state, zip code) 2) Lyman ST, New Britain, CT 06053 | | | Phone number 860 518 2388 |

## Certification
I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on *(date)*_____ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.
Name and address of each party and attorney that copy was mailed or delivered to*

*If necessary, attach additional sheet or sheets with name and address that the copy was mailed or delivered to.

| Signed (Self-represented party or attorney) ▶ | Print or type name of person signing | Date signed |
|---|---|---|
| | | |

## Order for Hearing and Summons *(To be completed by Clerk or Support Enforcement Officer, if applicable)*

The Court orders that a hearing be held at the time and place shown below. The Court also orders the
☐ Plaintiff   ☑ Defendant   ☐ Support Enforcement Officer   to give notice to the opposing party of the Motion and of the time and place where the court will hear it, by having a true and attested copy of the Motion and this Order served on the opposing party by any proper officer at least **12 days** before the date of the hearing. Proof of service must be made to this Court at least **6 days** before the date of hearing.

| **Hearing to be held at** ➡ | Superior Court, Judicial District of New Haven | | Date 11/15/22 |
|---|---|---|---|
| | Court Address 255 church st New Haven Ct | Room Number 3A | Time 2:00pm |

## TO ANY PROPER OFFICER:
By the Authority of the State of Connecticut, you must serve a true and attested copy of the above Motion and Order For Hearing and Summons on the person named below in one of the ways required by law at least **12 days** before the date of the hearing, and file proof of service with this Court at least **6 days** before the hearing.

| Person to be served Theodora Amar | Address |
|---|---|
| By the Court CFSM Ferguson | Assistant Clerk/Support Enforcement Officer | Date signed 10/19/22 |

## Order   The court has heard this motion and orders it

☐ Granted   ☐ Denied   and   ☐ Further orders *(if applicable)*:

| By the Court (Judge/Family Support Magistrate/Assistant Clerk) | Date Ordered |
|---|---|
| | |

**For Court Use Only**
Fee for Motion to Modify: ☐ Paid   ☑ Waived

JD-FM-174 (Page 2)  Rev. 3-20

| **MEMORANDUM OF RESOLUTION SCREENING** | **For Information on ADA accommodations, contact a court clerk or go to:** *www.jud.ct.gov/ADA* | STATE OF CONNECTICUT **SUPERIOR COURT** *www.jud.ct.gov* |
|---|---|---|

JD-FM-290 Rev. 2-21
P.B. 25-61

| Judicial District of **New Haven** | Address of court **235 Church Street, New Haven, CT 06510** | |
|---|---|---|
| Name of case **Antar, Theodora, F vs Lodice, Matthew, J** | | Docket Number **NNH FA195046828S** |

**Resolution Plan Date:** 10/27/2022        **Family Relations Counselor:** Dijshon Highsmith

**Participants:** [X] Plaintiff  [X] Plaintiff's Attorney  **Donald Cretella**

[X] Defendant  [ ] Defendant's Attorney

[ ] Neither party participated  [ ] GAL/AMC

**Type of Action:** [ ] Dissolution  [X] Custody  [ ] Visitation  [ ] Legal Separation  [ ] Other:

**Case Status:** [ ] Pendente Lite  [X] Post Judgment   Date of Judgment: **11/07/2019**

**Motions:**

Pending Motion #1   **212.00 CONTEMPT CITATION ISSUED POST JUDGMENT**   [ ] Resolved  [X] Unresolved  [ ] Pendente Lite Motion Docket

Pending Motion #2   [ ] Resolved  [ ] Unresolved  [ ] Pendente Lite Motion Docket

Pending Motion #3   [ ] Resolved  [ ] Unresolved  [ ] Pendente Lite Motion Docket

**Agreements:** The parties have a [ ] Temporary [ ] Final  agreement with regard to the following:

[ ] All Issues  [ ] Financial Issues  [ ] Parental Issues

[ ] Other:

**Above Agreements:** [ ] Are being submitted for approval by the court on the Resolution Plan Date

[ ] Are being submitted for court consideration on the papers

[ ] Require a hearing for court consideration

Estimated hearing time needed for all unresolved motions:

[ ] Discovery: the following special issues may need to be considered by the court when ordering a schedule for discovery:

**Family Services has triaged the above-referenced matter and the following services are recommended as part of the Resolution Plan:**

[ ] Mediation  [ ] Conflict Resolution Conference  [ ] General Case Management  [ ] Intensive Case Management
[ ] EIP  [ ] Family Relations Pretrial  [ ] Issue Focused Evaluation  [ ] Comprehensive Evaluation  [X] No Services
[ ] Judicial Pretrial   Issue(s) to be addressed:

Requested Time to Complete Referral:

The recommended services:

[ ] Are being submitted for order by the court on the Resolution Plan Date

[ ] Are being submitted for court consideration on the papers

[ ] Require a hearing for court consideration

**Case Recommendation for Resolution Track**   [ ] **A**  [X] **B**  [ ] **C**

**Additional Information:**

Counsel on record is seeking a continuance in an effort to propose an agreement.

DOCKET NO.:NNH-FA19-5046828-S

THEODORA ANTAR

VS.

MATTHEW LODICE

SUPERIOR COURT

J.D. OF NEW HAVEN

AT NEW HAVEN

10/18/2022

## DEFENDANTS REQUEST FOR MANDATORY
## DISCLOSURE AND PRODUCTION

Under Conn. Practice Book § 25-32(a) (2022). Unless otherwise ordered by the judicial authority for good cause shown, upon request by a party involved in an action for dissolution of marriage or civil union, legal separation, annulment or support, or a post judgment motion for modification of alimony or support, opposing parties shall exchange the following documents within sixty days of such request

The defendant Matthew Lodice Ask that all of the plaintiff's, Theodora Antar, financial information be provided for past 3 years as follows:

All Checking and Savings bank account information including but not limited to, Wells Fargo, Chase Bank, Peoples United Bank, Citi Group

All Credit card account statements including but not limited to, American Express, Chase Bank, Citi Group, wells Fargo

All investment and stock portfolios including but not limited to, Robinhood, WeBull, 401k, roth IRA

All Business Checking accounts, savings accounts, Credit card accounts including but not limited to, Seamless Signings llc, Rosalina's Kitchen, Small Town Publishing llc

All current business contracts

All mortgage and loan statements

Any written appraisal concerning assets

ALL federal and state tax returns for 2019, 2020, 2021

Matthew Lodice

Judicial District of New Haven
SUPERIOR COURT
FILED

OCT 18 2022

CHIEF CLERK'S OFFICE

## Order For Hearing and Summons *(To be completed by clerk or support enforcement officer, if applicable)*

The Court orders that a hearing be held at the time and place shown below. The Court also orders the

☐ Plaintiff   ☐ Defendant   ☐ Support Enforcement Officer   to give notice to the opposing party of the Motion and of the time and place where the court will hear it, by having a true and attested copy of the Motion and this Order served on the opposing party by any proper officer at least **12 days** before the date of the hearing. Proof of service must be made to this Court at least **6 days** before the date of hearing.

| Hearing to be held at ➡ | Superior Court, Judicial District of | | Date |
|---|---|---|---|
| | Court Address | Room Number | Time |

To any proper officer:
By the Authority of the State of Connecticut, you must serve a true and attested copy of the above Motion and Order For Hearing and Summons on the person named below in one of the ways required by law at least **12 days** before the date of the hearing, and file proof of service with this Court at least **6 days** before the hearing.

| Person to be Served | Address | |
|---|---|---|
| By the Court | Assistant Clerk/Support Enforcement Officer | Date Signed |

## Order    The court has heard this motion and orders it

☐ **Granted**    ☐ **Denied**    **and**    ☐ **Further orders** *(if applicable):*

_____

_____

_____

| By the Court *(Judge/Family Support Magistrate/Assistant Clerk)* | Date Ordered |
|---|---|

**For Court Use Only**
Fee for Motion to Modify:    ☐ Paid    ☐ Waived

JD-FM-174 (Back/Page 2)   Rev. 2-13

## **CERTIFICATION**

I hereby certify that a copy of the above was mailed or delivered electronically or non-electronically on (date) ⎽10 / 27 / 2022⎽ to all attorneys and self –represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

*(List the name and mailing address of each party and attorney that a copy was mailed or delivered to)*

Theodora Anta
856 Shagbark Dr
Orange CT 06477

Matthew Lodice

**(Name), self-represented party**

**MOTION FOR CONTEMPT/
CONTEMPT CITATION**

JD-FM-173  Rev. 7-21
C.G.S. §§ 46b-87, 46b-87a, 46b-220, 51-33;
P.B. § 25-27

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

| COURT USE ONLY | |
| --- | --- |
| **MFCONTP** | |
| (barcode) | *Certification has been filled out.* |
| **CONTCPL** | *Motion is "Before Judgment," but no certification has been filled out. Fill out and attach Page 2.* |
| (barcode) | |
| **CONTCIT** | *Motion is "After Judgment," but no certification has been filled out. Fill out and attach Page 2.* |
| (barcode) | |

*Instructions to filer*
1. Fill out Page 1 of this form.
2. Keep a copy of the completed form for your records.
3. File the completed form with the court clerk's office.

*(Select one)* ☐ Before Judgment (pendente lite)   ☑ After Judgment

| Judicial District of **New Haven** | At *(Town)* **New Haven** | Docket number **NNH-FA19-5046828-S** |
| --- | --- | --- |
| Plaintiff's name **Theodora Antar** | Plaintiff's address *(Number, street, city, state, zip code)* **856 Shagbark Dr, Orange, CT** | |
| Defendant's name **Matthew Lodice** | Defendant's address *(Number, street, city, state, zip code)* **23 Lyman St, New Britain, CT 06053** | |
| Third Party's name *(if applicable)* | Third Party's address *(Number, street, city, state, zip code)* | |

I am the ☐ Plaintiff  ☒ Defendant  ☐ Third Party  in this case.

On *(date)* **10/07/22**_____ the court made an order that *(name)* **Theodora Antar**_____ is not following.

**Court Order and ways the Order has not been followed**
*(List specific language of the court order that you claim is not being followed. Then, explain exactly how the order is not being followed. You must be specific. If you claim that an order to pay money is not being followed, include the total amount due and say if the total is as of the date of this motion or as of some other date. Attach more pages if needed.)*

**See Attached**

**Claim for Relief**

I ask the court to find *(name)* _____ in contempt and to enter any other orders the court finds appropriate.  *(Select only if this applies)* ☐ I also ask the court to enter an Immediate Income Withholding Order.

I confirm that the above information is true to the best of my knowledge.

| Signature *(Self-represented party or attorney)* | Print or type name *Matthew Lodice* | Date *10/18/22* |
| --- | --- | --- |
| Mailing address of self-represented party or attorney  23 Lyman st New Britain, CT 06053 Apt 2 | | |
| E-mail address  MatthewLodice @ Gmail. com | | Phone number *(Area code first)*  860 518 2388 |

**Certification** *(Complete if motion is filed before judgment (pendente lite), leave blank if motion is filed after judgment.)*
I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on *(date)* _____ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who were or will immediately be electronically served.

| Name and address of each party and attorney that copy was or will be mailed or delivered to* | Court Use Only |
| --- | --- |
| | CHIEF CLERK'S OFFICE  Judicial District of New Haven  SUPERIOR COURT  FILED  OCT 18 2022 |

*If necessary, attach additional sheet or sheets with name and address that the copy was or will be mailed or delivered to.

| Signed  *(Self-represented party or attorney)*  ▶ | Print or type name | Date signed |
| --- | --- | --- |

**For information on ADA accommodations,**
**contact a court clerk or go to:** *www.jud.ct.gov/ADA.*

Is this a family support magistrate (IV-D) matter? ☐ Yes ☐ No

Print Form    Page 1    Reset Form

| Plaintiff's name | Defendant's name | Docket number |
|---|---|---|
| **Theodora Antar** | **Matthew Lodice** | **NNH-FA19-5046828-S** |

## Order to Attend Court Event - Contempt Citation

The attached Motion for Contempt/Contempt Citation has been filed in this case claiming that you failed to follow a court

order. The court **orders you**, the ☑ Plaintiff ☒ Defendant ☐ Third Party **to attend** a court event on

*(date)* 12/1/22 at *(time)* 9:15 Am  and to be ready to show why you are not in contempt.

If you **do not** obey this order to attend, the court may:

• issue a civil arrest order (capias) against you;

• enter orders that affect you, without your participation; and/or

• schedule additional court events.

This court event will be  ☐ a hearing   ☑ a Resolution Plan Date*   ☐ a Case Date   ☐ Other: _____

This court event will be held ☑ in person at:

| Superior Court, Judicial District of: | Room number *(if known)* | Phone number *(Area code first)* |
|---|---|---|
| New Haven | 3E | 2C3-503-6800 |

Court location *(Number, street and town)*
235 Church St. New Haven, CT 06510

OR

☐ remotely (online by video). You are ordered to:

• File an Appearance form with a current, valid e-mail address at least 5 days before this court event, unless you have already done so;
• Attend this court event by following the instructions that are sent to your e-mail address by the court; and
• Contact the court clerk's office before the scheduled time of this court event if you are unable to follow the instructions.

You must contact the court clerk's office at least 5 days before this court event if you do not have or cannot get an e-mail address, or if you do not have access to an electronic device that you can use to participate in this remote event.

Note: If you do not have a current Appearance form (JD-CL-12) on file in this case, you might not receive important notices, including notices about court events. If your contact information changes, you must file a new Appearance form with the correct information in order to get future notices.

***About Resolution Plan Dates***
*If the court event listed above is a Resolution Plan Date, at your court event you will talk to Family Services about this case. If you have an attorney, and they have filed an Appearance form by the Resolution Plan Date, your attorney must also participate. After you have talked to Family Services, a judge will either consider any agreement that you reach with the opposing party or will issue scheduling orders or other appropriate orders.*

---

## Order to Give Notice

The court orders the ☐ Plaintiff ☑ Defendant ☐ Third Party  to **give notice to the opposing party** of the motion and of the court event by having a true and attested copy of the motion and this order served on the opposing party by any proper officer at least **12 days** before the date of the court event. Proof of service must be made to this court at least **6 days** before the date of the court event.

To Any Proper Officer: By the Authority of the State of Connecticut, you must serve a true and attested copy of the attached Motion for Contempt/Contempt Citation and this order on the person named below in one of the ways required by law at least **12 days** before the date of the court event, and file proof of service with this court at least **6 days** before the court event.

| Person to be served | Address |
|---|---|
| Theodora Antar | |

| By the court (Judge/Assistant clerk) | Date signed |
|---|---|
| Grossman J | 10/27/22 |

Print Form       Page 2       Reset Form

Mother has not followed court order parenting plan. Incidents of contempt:

10/07/22 Mother never showed up at paternal Grandmother's house to drop off Daughter.. Police report was made. Mother assured father could pick up daughter next morning instead 10/08/22

10/08/22 Mother refused to let father pick up daughter, mother made claim she would only do exchange at police station. Father went to the police station for an exchange. Mother still refused. Police report was made

10/14/22 Mother was supposed to drop off Daughter to paternal grandmother's house and did not show up. Father retrieved daughter from daycare

10/16/22 Mother refused to give daughter back after Sunday school. Mother grabbed daughter and ran to the car then sped off with daughter. Orange police pulled over the mother and tried to mediate an exchange. Mother still refused. Police report was made

Mother has not been facilitating any of the court ordered daily (7pm -7:15pm window) phone calls. Mother keeps fathers number blocked which is received as "the number you are calling is no longer in service" message. Proof of message will be provided the day of hearing. Appears to be a screening app because sometimes thedoes mother calls back acknowledging that call is being recieved. Mother has only called back when daughter is upset or crying otherwise not at all

Mother also continues to record said phone calls

Father has completely followed the order. Including but not limited to, mothers right of first refusal as spelled out on agreement. Mother has been using the ROFR as a means to take custody of the child and not return her to the father.

Mother has also been weaponizing the Police department. Mother has called the police multiple times to do what she calls "welfare checks" . Mother has been doing this to terrorize Fathers 16 year old son, and paternal grandmother to make child care more difficult while father is working.

19-5046828

State of Connecticut

Town of: **Orange**                                    **October 31, 2022**

County of: **New Haven**

Then and there by virtue hereof and by direction of The Clerk Of The Court, I made due and legal service upon the within named Plaintiff: **Theodora Antar,** by leaving at the usual place of abode at **856 Shagbark Drive, Orange, Connecticut,** a true and attested copy of the within, Motion For Contempt/ Contempt Citation, Claim for Relief, Order To Attend Court Event- Contempt Citation, Mandatory Resolution Plan Date, with my endorsement thereon.

And afterwards on the **same** day of **October 2022**, in **Orange,** I made due and legal service upon the within named Plaintiff: **Theodora Antar,** by leaving at the usual place of abode at **856 Shagbark Drive, Orange, Connecticut,** a true and attested copy of the within, Motion For Modification, Order for Hearing and Summons,  Defendant's Request For Mandatory Disclosure And Production, Certification, with my endorsement thereon.

The within and foregoing is the Original Motion For Contempt/ Contempt Citation, Claim for Relief, Order To Attend Court Event- Contempt Citation, Mandatory Resolution Plan Date, Motion For Modification, Order for Hearing and Summons, Defendant's Request For Mandatory Disclosure And Production, Certification, with my doings endorsed hereon.

Attest:

Rick Brown
State Marshal

| Services: | $70.00 |
| Conform: | $10.00 |
| Travel: | $16.13 |
| Endorsement: | $1.50 |
| **Total:** | $97.63 |

Judicial District of New Haven
SUPERIOR COURT
FILED

NOV 0 4 2022

CHIEF CLERK'S OFFICE

**MOTION FOR CONTEMPT/**
**CONTEMPT CITATION**
JD-FM-173  Rev. 7-21
C.G.S. §§ 46b-87, 46b-87a, 46b-220, 51-33;
P.B. § 25-27

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

| | COURT USE ONLY |
|---|---|
| **MFCONTP** | Certification has been filled out. |
| **CONTCPL** | Motion is "Before Judgment," but no certification has been filled out. Fill out and attach Page 2. |
| **CONTCIT** | Motion is "After Judgment," but no certification has been filled out. Fill out and attach Page 2. |

*Instructions to filer*
1. Fill out Page 1 of this form.
2. Keep a copy of the completed form for your records.
3. File the completed form with the court clerk's office.

*(Select one)* ☐ Before Judgment (pendente lite)    ☑ After Judgment

| Judicial District of | At *(Town)* | Docket number |
|---|---|---|
| **New Haven** | **New Haven** | **NNH-FA19-5046828-S** |

| Plaintiff's name | Plaintiff's address *(Number, street, city, state, zip code)* |
|---|---|
| **Theodora Antar** | **856 Shagbark Dr, Orange, CT** |

| Defendant's name | Defendant's address *(Number, street, city, state, zip code)* |
|---|---|
| **Matthew Lodice** | **23 Lyman St, New Britain, CT 06053** |

| Third Party's name *(if applicable)* | Third Party's address *(Number, street, city, state, zip code)* |
|---|---|
| | |

I am the ☐ Plaintiff  ☒ Defendant  ☐ Third Party  in this case.

On *(date)* **10/07/22**  the court made an order that *(name)* **Theodora Antar**  is not following.

**Court Order and ways the Order has not been followed**
*(List specific language of the court order that you claim is not being followed. Then, explain exactly how the order is not being followed. You must be specific. If you claim that an order to pay money is not being followed, include the total amount due and say if the total is as of the date of this motion or as of some other date. Attach more pages if needed.)*

See Attached

**Claim for Relief**

I ask the court to find *(name)* _____ in contempt and to enter any other orders the court

finds appropriate.  *(Select only if this applies)* ☐ I also ask the court to enter an Immediate Income Withholding Order.

I confirm that the above information is true to the best of my knowledge.

| Signature *(Self-represented party or attorney)* | Print or type name | Date |
|---|---|---|
| | Matthew Lodice | 10/18/22 |

Mailing address of self-represented party or attorney
23 Lyman st New Britain, CT 06053 Apt 2

E-mail address
MatthewLodice@Gmail.com

Phone number *(Area code first)*
860 518 2388

**Certification** *(Complete if motion is filed before judgment (pendente lite), leave blank if motion is filed after judgment.)*

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on *(date)* _____ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who were or will immediately be electronically served.

Name and address of each party and attorney that copy was or will be mailed or delivered to*

Court Use Only

*If necessary, attach additional sheet or sheets with name and address that the copy was or will be mailed or delivered to.

| Signed *(Self-represented party or attorney)* | Print or type name | Date signed |
|---|---|---|
| ▶ | | |

CHIEF CLERK'S OFFICE

OCT 18 2022

Judicial District of New Haven
SUPERIOR COURT
FILED

**For information on ADA accommodations,**
**contact a court clerk or go to:** *www.jud.ct.gov/ADA*

Is this a family support magistrate (IV-D) matter? ☐ Yes ☒ No

[ Print Form ]    Page 1    [ Reset Form ]

| Plaintiff's name | | Docket Number |
|---|---|---|
| Theodora Antar | Matthew Lodice | NNH-FA19-5046828-S |

**Order to Attend Court Event - Contempt Citation**

The attached Motion for Contempt/Contempt Citation has been filed in this case claiming that you failed to follow a court order. The court **orders you**, the ☑ Plaintiff ☐ Defendant ☐ Third Party **to attend** a court event on *(date)* 12/1/22 at *(time)* 9:15 Am and to be ready to show why you are not in contempt.

If you **do not** obey this order to attend, the court may:
• issue a civil arrest order (capias) against you;
• enter orders that affect you, without your participation; and/or
• schedule additional court events.

This court event will be ☐ a hearing ☑ a Resolution Plan Date* ☐ a Case Date ☐ Other: _____

This court event will be held ☑ in person at:

| Superior Court, Judicial District of: | Room number *(if known)* | Phone number *(Area code first)* |
|---|---|---|
| New Haven | 3E | 203-503-6800 |
| Court location *(Number, street and town)* | | |
| 235 Church St. New Haven CT asru | | |

OR

☐ remotely (online by video). You are ordered to:
   • File an Appearance form with a current, valid e-mail address at least 5 days before this court event, unless you have already done so;
   • Attend this court event by following the instructions that are sent to your e-mail address by the court; and
   • Contact the court clerk's office before the scheduled time of this court event if you are unable to follow the instructions.

   You must contact the court clerk's office at least 5 days before this court event if you do not have or cannot get an e-mail address, or if you do not have access to an electronic device that you can use to participate in this remote event.

Note: If you do not have a current Appearance form (JD-CL-12) on file in this case, you might not receive important notices, including notices about court events. If your contact information changes, you must file a new Appearance form with the correct information in order to get future notices.

***About Resolution Plan Dates***
*If the court event listed above is a Resolution Plan Date, at your court event you will talk to Family Services about this case. If you have an attorney, and they have filed an Appearance form by the Resolution Plan Date, your attorney must also participate. After you have talked to Family Services, a judge will either consider any agreement that you reach with the opposing party or will issue scheduling orders or other appropriate orders.*

---

**Order to Give Notice**

The court orders the ☐ Plaintiff ☑ Defendant ☐ Third Party to **give notice to the opposing party** of the motion and of the court event by having a true and attested copy of the motion and this order served on the opposing party by any proper officer at least **12 days** before the date of the court event. Proof of service must be made to this court at least **6 days** before the date of the court event.

To Any Proper Officer: By the Authority of the State of Connecticut, you must serve a true and attested copy of the attached Motion for Contempt/Contempt Citation and this order on the person named below in one of the ways required by law at least **12 days** before the date of the court event, and file proof of service with this court at least **6 days** before the court event.

| Person to be served | Address |
|---|---|
| Theodora Antar | |

| By the court (Judge/Assistant clerk) | Date signed |
|---|---|
| Grossman J | 10/27/22 |

| Print Form | Page 2 | Reset Form |

Mother has not followed court order parenting plan. Incidents of contempt:

10/07/22 Mother never showed up at paternal Grandmother's house to drop off Daughter..
Police report was made. Mother assured father could pick up daughter next morning instead
10/08/22

10/08/22 Mother refused to let father pick up daughter, mother made claim she would only do
exchange at police station. Father went to the police station for an exchange. Mother still
refused. Police report was made

10/14/22 Mother was supposed to drop off Daughter to paternal grandmother's house and did
not show up. Father retrieved daughter from daycare

10/16/22 Mother refused to give daughter back after Sunday school. Mother grabbed daughter
and ran to the car then sped off with daughter. Orange police pulled over the mother and tried to
mediate an exchange. Mother still refused. Police report was made

Mother has not been facilitating any of the court ordered daily (7pm -7:15pm window) phone
calls. Mother keeps fathers number blocked which is received as "the number you are calling is
no longer in service" message. Proof of message will be provided the day of hearing. Appears
to be  a screening app because sometimes thedoes  mother calls back acknowledging that call
is being recieved. Mother has only called back when daughter is upset or crying otherwise not at
all

Mother also continues to record said phone calls

Father has completely followed the order. Including but not limited to, mothers right of first
refusal as spelled out on agreement. Mother has been using the ROFR as a means to take
custody of the child and not return her to the father.

Mother has also been weaponizing the Police department. Mother has called the police multiple
times to do what she calls "welfare checks" . Mother has been doing this to terrorize Fathers 16
year old son, and paternal grandmother to make child care more difficult while father is working.

12/1/22 at 9:15 AM

A MANDATORY Resolution Plan Date has been scheduled with Family Services for the date and time above. ALL PARTIES AND THEIR COUNSEL, IF ANY, MUST COME TO THE COURTHOUSE FOR THIS EVENT. The purpose is to provide an opportunity to learn about the court process, determine the specific issues in your case, the likelihood of reaching an agreement, and the amount of court involvement needed. At the end, an Action Plan will be recommended by Family Services to the court.

A judge will be available for a hearing, to consider agreements, and to make scheduling or other appropriate orders.

At least 2 days before your Resolution Plan Date, you must do the following:

1. Contact Family Services if there is a protective order or restraining order in place between the parties.

2. Each party or their attorney must complete a financial affidavit and exchange it with the other party. Financial affidavit forms can be found here, https://www.jud.ct.gov/webforms/default.aspx?load_catg=Family#searchTable.

You may be excused from your Resolution Plan Date ONLY if you have reached a FINAL agreement on ALL issues in your case and you have submitted the agreement to the court for approval in advance.

Instructions on how to request the entry of judgment by agreement, or the approval of any final agreement, in a divorce, legal separation or custody/visitation action without a court hearing can be found here, https://jud.ct.gov/family/FArequest.htm.

If a party or their counsel do not follow this order, sanctions may be imposed by the court which may include a monetary sanction, the entry of a nonsuit, default or dismissal.
If counsel or the parties do not appear with Family Services on the assigned Resolution Plan Date, the court may dismiss the case or decide the same as an unopposed matter.

# MOTION FOR MODIFICATION

JD-FM-174  Rev. 3-20
C.G.S. §§ 46b-84, 46b-86
P.B. §§ 25-26, 25-30, 25-57, 25a-18, 25a-30
*(Select one)*

| | For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*. | STATE OF CONNECTICUT **SUPERIOR COURT** *www.jud.ct.gov* |

☐ **Before judgment**   ☑ **After judgment**  *If the court has ordered you to attach a request for leave with a motion for modification of a final custody or visitation order, you must complete and attach a Request for Leave form (JD-FM-202) to this motion.*

| Judicial District of **New Haven** | At *(Town)* **New Haven** | Docket number **NNH-FA19-5046828-S** |
| Plaintiff's name **Theodora Antar** | Plaintiff's address *(Number, street, city, state, zip code)* **856 Shagbark Dr, Orange, CT 06477** | |
| Defendant's name **Matthew Lodice** | Defendant's address *(Number, street, city, state, zip code)* **23 Lyman St, New Britain, CT 06053** | |

Type of Motion to Modify
☑ Child Support   ☐ Alimony   ☑ Custody   ☑ Visitation   ☐ Other *(Specify):* _____

I, **Matthew Lodice**_____,   ☐ the Plaintiff   ☑ the Defendant   ☐ a Support Enforcement Officer, state that:
*(Name)*

1. This Court issued an order dated **6/28/22** directing **Matthew Lodice**_____, residing at
*(Name)*

**23 Lyman St, New Britain, CT 06053**_____, to: *(Complete the boxes that apply to your motion)*
*(Number, street, city, state, zip code)*

| Pay current support in the amount of: $ **120** every (per) **week** | Pay alimony in the amount of: $ _____ every (per) _____ |

| Pay arrearages as follows: $ **24** every (per) **WEEK** on the total arrearage owed of $ _____ as of *(date)* _____ |

| Have custody of the child/children: *(Select one)* ☑ Joint legal custody  ☐ Sole custody | Have visitation or parenting time as follows: | Primary residence of children with: **Mother** |

| Provide health insurance coverage ☐ No ☑ Yes | Pay **50** % of unreimbursed medical expenses | Provide HUSKY/cash medical $ _____ every (per) _____ |

| Contribute to child care **50** % or $ _____ | Other *(Specify):* _____ | **Judicial District of New Haven SUPERIOR COURT FILED** |

2. You must explain briefly the facts that are the reasons why you are asking for this modification. *(Select appropriate box or boxes. Attach additional sheet or sheets, if necessary.)*

☑ Since the date of the order, the circumstances in this case have changed substantially, as follows:

**See Attached**

**OCT 19 2022**

☐ The order for current child support is substantially different from the current child support and ~~average guidelines~~ **CHIEF CLERK'S OFFICE** presumptive child support order, as follows:

_____

3. The ☐ plaintiff ☐ defendant is a "deploying parent" of the armed forces. The facts about that deployment or mobilization are:

_____

4.a. I am receiving state assistance or HUSKY health insurance, or I have received it in the past.  ☐ Yes  ☐ No
4.b. Any child that this motion is about is receiving state assistance or HUSKY health insurance, or has received it in the past. ☐ Yes ☐ No
If you answered "Yes" to either of these questions, you must send a copy of this motion to: The Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06106. If you don't give the Attorney General's Office a copy, your motion may take longer to decide.

## I ask the Court to modify (change) the existing order or orders as follows: *(Select all that apply)*

**a. Child Support** *(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file a completed Worksheet for the Connecticut Child Support and Arrearage Guidelines (CCSG-1) and an Advisement of Rights Re: Income Withholding (JD-FM-71) on your hearing date. You may also need to file an Affidavit Concerning Children (JD-FM-164) on your hearing date.)*

☐ Order current support          ☐ Find arrearage and order payment          ☐ Order immediate income withholding
☐ Increase current support       ☐ Provide HUSKY/cash medical               ☐ Provide health insurance coverage
☐ Decrease current support       ☐ Contribute to child care                 ☐ Other

**b. Alimony** *(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file an Advisement of Rights Re: Income Withholding (JD-FM-71) on your hearing date.)*

☐ Increase   ☐ Decrease
the amount of alimony to be paid.

**c. Custody** *(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file an Affidavit Concerning Children (JD-FM-164) and a completed Worksheet for the Connecticut Child Support and Arrearage Guidelines (CCSG-1) on your hearing date.)*

☑ Modify custody as follows:
**See Attached**

*(Continued on page 2)*

Select appropriate court:  ☑ Superior Court          ☐ Family Support Magistrate Division

☐ Print Form          ☐ Reset Form



| Plaintiff's name | Defendant's name | Docket number |
|---|---|---|
| Theodora Antar | Matthew Lodice | NNH-FA19-5046828-S |

## d. Visitation/Parenting Time

*(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file an Affidavit Concerning Children (JD-FM-164) and a completed Worksheet for the Connecticut Child Support and Arrearage Guidelines (CCSG-1) on your hearing date.)*

[X] Modify visitation (parenting time) as follows:

**See Attached**

## e. Other ☐
*(Please be specific)*

| Signature *(Self-represented party or attorney)* | Print name Matthew Lodice | Title *(If applicable)* | Date signed 10/18/22 |
|---|---|---|---|
| Address *(Number, street, city, state, zip code)* 23 Lyman St New Britain CT 06053 Apt 2 | | | Phone number 860 518 2384 |

## Certification

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on *(date)*_____ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

Name and address of each party and attorney that copy was mailed or delivered to*

*If necessary, attach additional sheet or sheets with name and address that the copy was mailed or delivered to.

| Signed *(Self-represented party or attorney)* ▶ | Print or type name of person signing | Date signed |
|---|---|---|

## Order for Hearing and Summons *(To be completed by Clerk or Support Enforcement Officer, if applicable)*

The Court orders that a hearing be held at the time and place shown below. The Court also orders the
☐ Plaintiff  [✓] Defendant  ☐ Support Enforcement Officer   to give notice to the opposing party of the Motion and of the time and place where the court will hear it, by having a true and attested copy of the Motion and this Order served on the opposing party by any proper officer at least **12 days** before the date of the hearing. Proof of service must be made to this Court at least **6 days** before the date of hearing.

| **Hearing to be held at** ➡ | Superior Court, Judicial District of New Haven | | | Date 12/1/22 |
|---|---|---|---|---|
| | Court Address 235 Church St New Haven, CT 06510 | | Room Number 3E | Time 9:15 Am |

**TO ANY PROPER OFFICER:**

By the Authority of the State of Connecticut, you must serve a true and attested copy of the above Motion and Order For Hearing and Summons on the person named below in one of the ways required by law at least **12 days** before the date of the hearing, and file proof of service with this Court at least **6 days** before the hearing.

| Person to be served Theodora Antar | Address |
|---|---|
| By the Court (Grossman, J.) | Assistant Clerk/Support Enforcement Officer | Date signed 10/27/22 |

## Order   The court has heard this motion and orders it

☐ **Granted**   ☐ **Denied**   **and**   ☐ **Further orders** *(if applicable)*:

| By the Court *(Judge/Family Support Magistrate/Assistant Clerk)* | Date Ordered |
|---|---|

**For Court Use Only**

Fee for Motion to Modify:  ☐ Paid   ☐ Waived

JD-FM-174 (Page 2)  Rev. 3-20

[ Print Form ]          [ Reset Form ]

Mothers and Fathers co-parenting relationship has completely eroded. I, the defendant, Matthew Lodice, Ask the Court to place Temporary new Parenting Plan as Follows, prior to custody hearings

Mother Drops off Daughter to Paternal Grandparents every Friday (9AM-12PM) until Monday, Father will drop off daughter at Bunny Village Learning Center, 41 Village Ln #101-103, Bethany, CT 06524, consistent with Daycare Hours. As it is on Current order

Parents do not have to give the right of first Refusal

All Holidays Stay the Same as written on current  Order

Daily Phone call to remain as written on current order

Religious and education parameters to remain as is

Mother will pick up Daughter to attend Sunday school from Father's house. Mother will Drop daughter back off at father's house

For Custody:

Mother has consistently shown she is unable to properly Mother the Daughter in the continuity that is necessary as primary Residence. Mother has consistently not put the daughter's needs first. Mother has shown she is not willing to do what's in the Daughter's best interest but instead has taken malicious and retaliatory action towards father. Using Daughter, visitation, right of first refusal, weaponizing police departments, harassing messages to friends and family of father. Choosings weeks and days at a time to not take daughter then taking daughter and refusing to return her, all against court orders. Mother exhibits constant inconsistencies with behavior regarding daughters well being and interactions with father. Details and evidence will be provided upon Custody Hearing

I ask the Court to Order co-parenting classes for both parents

I ask the court to give father sole Custody of Daughter

I ask the court to grant father  Primary Residence and to give mother option for Visitation days consistent with her availability

DOCKET NO.:NNH-FA19-5046828-S                    SUPERIOR COURT

THEODORA ANTAR                                    J.D. OF NEW HAVEN

VS.                                              AT NEW HAVEN

MATTHEW LODICE                                    10/18/2022

## DEFENDANTS REQUEST FOR MANDATORY
## DISCLOSURE AND PRODUCTION

Under Conn. Practice Book § 25-32(a) (2022). Unless otherwise ordered by the judicial authority for good cause shown, upon request by a party involved in an action for dissolution of marriage or civil union, legal separation, annulment or support, or a post judgment motion for modification of alimony or support, opposing parties shall exchange the following documents within sixty days of such request

The defendant Matthew Lodice Ask that all of the plaintiff's, Theodora Antar, financial information be provided for past 3 years as follows:

All Checking and Savings bank account information including but not limited to, Wells Fargo, Chase Bank, Peoples United Bank, Citi Group

All Credit card account statements including but not limited to, American Express, Chase Bank, Citi Group, wells Fargo

All investment and stock portfolios including but not limited to, Robinhood, WeBull, 401k, roth IRA

All Business Checking accounts, savings accounts, Credit card accounts including but not limited to, Seamless Signings llc, Rosalina's Kitchen, Small Town Publishing llc

All current business contracts

All mortgage and loan statements

Any written appraisal concerning assets

ALL federal and state tax returns for 2019, 2020, 2021

Matthew Lodice

Judicial District of New Haven
SUPERIOR COURT
FILED

OCT 1 8 2022

CHIEF CLERK'S OFFICE

## Order For Hearing and Summons *(To be completed by clerk or support enforcement officer, if applicable)*

The Court orders that a hearing be held at the time and place shown below. The Court also orders the ☐ Plaintiff ☐ Defendant ☐ Support Enforcement Officer   to give notice to the opposing party of the Motion and of the time and place where the court will hear it, by having a true and attested copy of the Motion and this Order served on the opposing party by any proper officer at least **12 days** before the date of the hearing. Proof of service must be made to this Court at least **6 days** before the date of hearing.

| **Hearing to be held at** ➡ | Superior Court, Judicial District of | | Date |
|---|---|---|---|
| | Court Address | Room Number | Time |

To any proper officer:
By the Authority of the State of Connecticut, you must serve a true and attested copy of the above Motion and Order For Hearing and Summons on the person named below in one of the ways required by law at least **12 days** before the date of the hearing, and file proof of service with this Court at least **6 days** before the hearing.

| Person to be Served | Address | |
|---|---|---|
| By the Court | Assistant Clerk/Support Enforcement Officer | Date Signed |

## Order   The court has heard this motion and orders it

☐ **Granted**     ☐ **Denied**     **and**     ☐ **Further orders** *(if applicable):*

| | |
|---|---|
| By the Court *(Judge/Family Support Magistrate/Assistant Clerk)* | Date Ordered |

**For Court Use Only**
Fee for Motion to Modify:     ☐ **Paid**     ☐ **Waived**

JD-FM-174 (Back/Page 2)  Rev. 2-13

## CERTIFICATION

I hereby certify that a copy of the above was mailed or delivered electronically or non-electronically on (date) __10/27/2122__ to all attorneys and self –represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

*(List the name and mailing address of each party and attorney that a copy was mailed or delivered to)*

Theodora Anta
856 Shagbark Dr
Orange CT 06477

Matthew Ladic
**(Name), self-represented party**

**APPLICATION FOR WAIVER OF FEES/PAYMENT OF COSTS/APPOINTMENT OF COUNSEL - FAMILY**
JD-FM-75  Rev. 12-21
C.G.S. §§ 46b-160(d), 46b-231, 52-259b;
P.A. 21-15; P.B. §§ 8-2, 25-63, 63-6

*Use only for family/family support magistrate matters.*
*For civil, housing and small claims, use form JD-CV-120.*

**To: The Superior Court**

**Instructions to applicant (person filing)**
1. Print or type all information requested.
2. Sign the Financial Affidavit section in front of a court clerk, a notary public or an attorney.
3. Bring this form to the superior court where your case will be filed or is/was pending.
4. If your application for waiver of fees payable to the court or for payment of costs of service of process is denied, you may ask for a hearing.

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

**Instructions to Clerk**
1. Bring to a judge or family support magistrate, if applicable.
2. If granted, notify the applicant and counsel, if appointed.
3. If the application for waiver of fees payable to the court or for payment of costs of service of process is denied, and upon request, schedule a hearing.

| Name of case (Name of plaintiff v. Name of defendant) | Docket number (If applicable) |
|---|---|
| Theodora Ankrl  Matthew Lodice | NNH - FA 19-5046828-S |

| Judicial District | Address of court |
|---|---|
| New Haven | New Haven |

| Name of applicant (Last, first, middle initial) | Address of applicant (Number, street, town and state and zip code) | Phone number |
|---|---|---|
| Lodice, Matthew | 23 Lyman St, New Britain, CT 06053 | 860 518 2384 |

**Type of proceeding** (select all that apply)

- [ ] Motion to Open Judgment
- [ ] Application for Custody
- [ ] Application or Petition for Visitation
- [ ] Other (ex parte custody, etc.) (Specify): _____
- [✓] Motion for Modification
- [ ] Dissolution of Marriage/Civil Union (Divorce)
- [ ] Appellate Matter (Supreme or Appellate Court)
- [ ] Contempt
- [ ] Parentage
- [ ] Cross Complaint

**Fee Waiver/Payment of Costs**

I ask that the court order that I do not have to pay fees or costs or order the State to pay the fees and costs below. *(select all that apply)*

- [ ] Entry fee (fee to file a new case)
- [✓] Filing fee(s) (fee to file motion, etc.)
- [ ] Appellate filing fee (Supreme or Appellate Court)
- [ ] Other (certified copy of judgment, etc.) (Specify): _____
- [✓] Costs of service of process (delivery of papers by state marshal or other proper officer)
- [ ] Costs for participating in parenting education under C.G.S. § 46b-69b
- [ ] Cost of the transcript for appeal

Judicial District of New Haven
**SUPERIOR COURT**
**FILED**

**OCT 18 2022**

**Grounds for Appeal** (Complete if requesting waiver of Appellate filing fee/payment of cost of the transcript for appeal.)

The grounds on which I propose to appeal are: _____

**CHIEF CLERK'S OFFICE**

**Appointment of Counsel** (This applies only in a contempt proceeding or to the putative parent in a parentage proceeding.)

- [ ] I ask that the court appoint an attorney to represent me.

**Financial Affidavit**

**1. Dependents** (people supported by you)

Total number of dependents (not including yourself) **3**

**2. Monthly Income**

| | |
|---|---|
| A. Gross monthly income (before deductions) | 2300 |
| B. Net monthly income (after taxes) from employment | |
| C. Other income (TFA, Social Security, child support, alimony, etc.) (Specify which one(s) here): | + |
| | = |
| **Total Monthly Income (B+C)** | 2300 |

**3. Monthly Expenses**

| | |
|---|---|
| A. Rent/Mortgage | 1000 |
| B. Real Estate Taxes | |
| C. Utilities (telephone, electric, water, gas, cable, etc.) | 100 |
| D. Food, not including SNAP (food stamps) | 200 |
| E. Clothing | |
| F. Insurance Premiums (medical/dental, auto, life, home) | |
| G. Medical/Dental (costs not covered by insurance) | |
| H. Transportation (bus, gasoline, etc.) | 400 |
| I. Child Care | 680 |
| J. Other (child support, alimony, etc.) (Specify): | |
| **Total Monthly Expenses** | 2380 |

**4. Assets**

| | Estimated Value | Loan Balance | Equity |
|---|---|---|---|
| A. Real Estate | | | Real Estate |
| B. Motor Vehicles | 2500 | 5500 | Motor Vehicle -3000 |
| C. Other Personal Property (for example, jewelry, furniture, etc.) | | | Other Property |
| D. Savings Account Balance (Total of all accounts) | | | Savings |
| E. Checking Account Balance (Total of all accounts) | | | Checking |
| F. Cash | | | Cash |
| G. Other Assets (Specify): | | | Other Assets |
| | | **Total Assets** | -3000 |

**5. Liabilities/Debts** (for example, credit card balances, loans, etc. Do not include mortgage or loan balances that are listed under "Assets".)

| Type of Debt | Amount Owed | Monthly Payment |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| **Total Liabilities** | 0 | |

Page 1 of 3

| Name of case | Docket number *(If applicable)* |
|---|---|
| | |

**6. If you claim zero Total Monthly Income in number 2 above or zero Total Monthly Expenses in number 3 above, explain how you are supported:**

_____

_____

_____

I certify that the information in this application is true and accurate to the best of my knowledge and that I can, if asked, document all income, expenses, and liabilities listed above.

**Notice ▶** | *Any false statement made by you under oath that you do not believe to be true and that is intended to mislead a public servant in the performance of his or her official function may be punishable by a fine and/or imprisonment.*

| Signed *(Applicant)* | Print name of person signing at left | Date signed |
|---|---|---|
| *(signature)* | Marilyn Lodie | 10/18/22 |
| Subscribed and sworn to before me: | On *(Date)* 10/14/22 | Signed *(Notary Public, Commissioner of the Superior Court, Assistant Clerk)* *(signature)* |

---

**ADA NOTICE**

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

---

## Order *(To be completed by the Court)*

The Court, having found the applicant *(Select all that apply)*: ☐ Not indigent   ☑ **Indigent and** unable to pay

☐ Indigent **or** unable to pay *for parenting education* program under C.G.S. § 46b-69b, hereby orders the application:

☑ Granted as follows:

1. The following costs are ordered paid by the State
   ☑ Costs of service of process not to exceed:   $ _Shuluty_
   ☐ Cost of the transcript for appeal in accordance with Practice Book section 63-6.
   ☐ Other *(Specify)*: _____

2. The following fees are waived   ☐ Entry fee   ☑ Filing fee   ☐ Appellate filing fee (Supreme or Appellate Court)
   ☐ Other *(Specify)*: _____

3. ☐ All costs for participation in a parenting education program shall be covered by the service provider pursuant to C.G.S. § 46b-69b, because the applicant is found indigent or unable to pay.

4. Counsel is   ☐ Appointed *(Name)*: _____

☐ Denied. If denied only in part, specify: _____

☐ The application for waiver of the payment of a fee or fees or the cost of service of process is DENIED because the applicant has repeatedly filed actions with respect to the same or similar matters, such filings establish an extended pattern of frivolous filings that have been without merit, the application sought is in connection with an action before the court that is consistent with the applicant's previous pattern of frivolous filings, and the granting of such application would constitute a flagrant misuse of Judicial Branch resources.

☐ Counsel is not appointed because the applicant does not face potential incarceration.

| By the Court *(Print or type name of Judge/Fam. Sup. Magistrate)* | On *(Date)* 10/14/22 | Signed *(Judge, FSM, Assistant Clerk)* | Date signed 10/14/22 |
|---|---|---|---|

JD-FM-75  Rev. 12-21 | Page 2 of 3

| Name of case | Docket number *(If applicable)* |
|---|---|
| | |

## Request for Hearing on Denied Application

*The following section applies only to a **denial** of the application for waiver of fees payable to the court or for the costs of service of process. It does not apply to applications for fee waiver for parenting education or to appointment of counsel.*

☐ I request a court hearing on the application.

▶ _____     _____
Signed *(Applicant)*                                                                         Date signed

| Hearing to be held at the Court location shown on page 1 on the date and time shown below: | | | |
|---|---|---|---|
| Hearing on *(Date)* | At *(Time)* | Room number | Signed *(Assistant Clerk)* |
| | | | |

## Order After Hearing

The Court, having found the applicant   ☐ Not indigent   ☐ Indigent and unable to pay   hereby orders the application:

☐ Granted as follows:
    ☐ 1. The following costs are ordered paid by the State
        ☐ Costs of service of process not to exceed   $ _____
        ☐ Cost of the transcript for appeal in accordance with Practice Book Section 63-6.
        ☐ Other *(Specify):* _____
    ☐ 2. The following fees are waived   ☐ Entry fee   ☐ Filing fee   ☐ Appellate filing fee (Supreme or Appellate Court)
        ☐ Other *(Specify):* _____

☐ Denied for the following reason(s): _____

☐ The application for waiver of the payment of a fee or fees or the cost of service of process is DENIED because the applicant has repeatedly filed actions with respect to the same or similar matters, such filings establish an extended pattern of frivolous filings that have been without merit, the application sought is in connection with an action before the court that is consistent with the applicant's previous pattern of frivolous filings, and the granting of such application would constitute a flagrant misuse of Judicial Branch resources.

| By the Court *(Print or type name of Judge/FSM)* | On *(Date)* | Signed *(Judge, FSM, Assistant Clerk)* | Date signed |
|---|---|---|---|
| | | | |

**APPLICATION FOR WAIVER OF FEES/
PAYMENT OF COSTS/APPOINTMENT
OF COUNSEL - FAMILY**
JD-FM-75 Rev. 12-21
C.G.S. §§ 46b-160(d), 46b-231, 52-259b;
P.A. 21-15; P.B. §§ 8-2, 25-63, 63-6

Use only for family/family support magistrate matters.
For civil, housing and small claims, use form JD-CV-120.

**To: The Superior Court**

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

**Instructions to applicant (person filing)**
1. Print or type all information requested.
2. Sign the Financial Affidavit section in front of a court clerk, a notary public or an attorney.
3. Bring this form to the superior court where your case will be filed or is/was pending.
4. If your application for waiver of fees payable to the court or for payment of costs of service of process is denied, you may ask for a hearing.

**Instructions to Clerk**
1. Bring to a judge or family support magistrate, if applicable.
2. If granted, notify the applicant and counsel, if appointed.
3. If the application for waiver of fees payable to the court or for payment of costs of service of process is denied, and upon request, schedule a hearing.

| | |
|---|---|
| Name of case (Name of plaintiff v. Name of defendant) Theodora Ankrv Matthew Lodice | Docket number (If applicable) NNH-FA19-5046828-S |
| Judicial District New Haven | Address of court New Haven |
| Name of applicant (Last, first, middle initial) Lodice, Matthew | Address of applicant (Number, street, town, state and zip code) 23 Lynch St, New Britain, CT 06053 | Phone number 860 518 2384 |

**Type of proceeding** (select all that apply)

- [ ] Motion to Open Judgment
- [ ] Application for Custody
- [ ] Application or Petition for Visitation
- [ ] Other (ex parte custody, etc.) (Specify): _____

- [ ] Motion for Modification
- [ ] Dissolution of Marriage/Civil Union (Divorce)
- [ ] Appellate Matter (Supreme or Appellate Court)

- [x] Contempt
- [ ] Parentage
- [ ] Cross Complaint

**Fee Waiver/Payment of Costs**

I ask that the court order that I do not have to pay fees or costs or order the State to pay the fees and costs below. (select all that apply)

- [ ] Entry fee (fee to file a new case)
- [ ] Filing fee(s) (fee to file motion, etc.)
- [ ] Appellate filing fee (Supreme or Appellate Court)
- [ ] Other (certified copy of judgment, etc.) (Specify): _____

- [x] Costs of service of process (delivery of papers by state marshal or other proper officer)
- [ ] Costs for participating in parenting education, per C.G.S. § 46b-69b
- [ ] Cost of the transcript for appeal

*[stamp: Judicial District SUPERIOR COURT New Haven FILED OCT 18 2022 CHIEF CLERK'S OFFICE]*

**Grounds for Appeal** (Complete if requesting waiver of Appellate filing fee/payment of cost of the transcript for appeal.)

The grounds on which I propose to appeal are: _____

**Appointment of Counsel** (This applies only in a contempt proceeding or to the putative parent in a parentage proceeding.)

- [ ] I ask that the court appoint an attorney to represent me.

**Financial Affidavit**

**1. Dependents** (people supported by you)

Total number of dependents (not including yourself) **3**

**2. Monthly Income**

| | |
|---|---|
| A. Gross monthly income (before deductions) | 2300 |
| B. Net monthly income (after taxes) from employment | |
| C. Other income (TFA, Social Security, child support, alimony, etc.) (Specify which one(s) here): | + |
| | = |
| **Total Monthly Income (B+C)** | 2700 |

**3. Monthly Expenses**

| | |
|---|---|
| A. Rent/Mortgage | 1000 |
| B. Real Estate Taxes | |
| C. Utilities (telephone, electric, water, gas, cable, etc.) | 100 |
| D. Food, not including SNAP (food stamps) | 200 |
| E. Clothing | |
| F. Insurance Premiums (medical/dental, auto, life, home) | |
| G. Medical/Dental (costs not covered by insurance) | |
| H. Transportation (bus, gasoline, etc.) | 400 |
| I. Child Care | 680 |
| J. Other (child support, alimony, etc.) (Specify): | |
| **Total Monthly Expenses** | 2380 |

**4. Assets**

| | Estimated Value | Loan Balance | Equity |
|---|---|---|---|
| A. Real Estate | | | Real Estate |
| B. Motor Vehicles | 2500 | 5500 | Motor Vehicle -3000 |
| C. Other Personal Property (for example, jewelry, furniture, etc.) | | | Other Property |
| D. Savings Account Balance (Total of all accounts) | | | Savings |
| E. Checking Account Balance (Total of all accounts) | | | Checking |
| F. Cash | | | Cash |
| G. Other Assets (Specify): | | | Other Assets |
| | | Total Assets | -3000 |

**5. Liabilities/Debts** (for example, credit card balances, loans, etc.)
Do not include mortgage or loan balances that are listed under "Assets".

| Type of Debt | Amount Owed | Monthly Payment |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| **Total Liabilities** | | 0 |

Page 1 of 3

| Name of case | | Docket number *(If applicable)* |
|---|---|---|
| | | |

**6. If you claim zero Total Monthly Income in number 2 above or zero Total Monthly Expenses in number 3 above, explain how you are supported:**

_____

_____

_____

I certify that the information in this application is true and accurate to the best of my knowledge and that I can, if asked, document all income, expenses, and liabilities listed above.

**Notice ▶** | *Any false statement made by you under oath that you do not believe to be true and that is intended to mislead a public servant in the performance of his or her official function may be punishable by a fine and/or imprisonment.*

| Signed *(Applicant)* | Print name of person signing at left | Date signed |
|---|---|---|
| | Matthew Lodies | 10/18/22 |
| Subscribed and sworn to before me: | On *(Date)* 10/18/22 | Signed *(Notary Public, Commissioner of the Superior Court, Assistant Clerk)* |

---

**ADA NOTICE**

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

---

**Order** *(To be completed by the Court)*

The Court, having found the applicant *(Select all that apply):* ☐ Not indigent  ☒ Indigent **and** unable to pay

☐ Indigent **or** unable to pay *for parenting education* program under C.G.S. § 46b-69b, hereby orders the application:

☒ Granted as follows:

    1. The following costs are ordered paid by the State
       ☒ Costs of service of process not to exceed:  $ _State limit_
       ☐ Cost of the transcript for appeal in accordance with Practice Book section 63-6.
       ☐ Other *(Specify):* _____

    2. The following fees are waived  ☐ Entry fee  ☒ Filing fee  ☐ Appellate filing fee (Supreme or Appellate Court)
       ☐ Other *(Specify):* _____

    3. ☐ All costs for participation in a parenting education program shall be covered by the service provider pursuant to C.G.S. § 46b-69b, because the applicant is found indigent or unable to pay.

    4. Counsel is  ☐ Appointed *(Name):* _____

☐ Denied. If denied only in part, specify: _____

☐ The application for waiver of the payment of a fee or fees or the cost of service of process is DENIED because the applicant has repeatedly filed actions with respect to the same or similar matters, such filings establish an extended pattern of frivolous filings that have been without merit, the application sought is in connection with an action before the court that is consistent with the applicant's previous pattern of frivolous filings, and the granting of such application would constitute a flagrant misuse of Judicial Branch resources.

☐ Counsel is not appointed because the applicant does not face potential incarceration.

| By the Court *(Print or type name of Judge/Fam. Sup. Magistrate)* | On *(Date)* | Signed *(Judge, FSM, Assistant Clerk)* | Date signed |
|---|---|---|---|
| Donald R. Green, FSM | 10/19/22 | | 10/19/22 |

JD-FM-75  Rev. 12-21

| Name of case | Docket number  *(If applicable)* |
|---|---|
| | |

## Request for Hearing on Denied Application

*The following section applies only to a **denial** of the application for waiver of fees payable to the court or for the costs of service of process. It does not apply to applications for fee waiver for parenting education or to appointment of counsel.*

☐  I request a court hearing on the application.

▶ _____        _____
Signed *(Applicant)*                                                              Date signed

| Hearing to be held at the Court location shown on page 1 on the date and time shown below: | | | |
|---|---|---|---|
| Hearing on *(Date)* | At *(Time)* | Room number | Signed *(Assistant Clerk)* |

## Order After Hearing

The Court, having found the applicant   ☐ Not indigent   ☐ Indigent and unable to pay   hereby orders the application:

☐ Granted as follows:

    ☐ 1. The following costs are ordered paid by the State

        ☐ Costs of service of process not to exceed        $ _____

        ☐ Cost of the transcript for appeal in accordance with Practice Book Section 63-6.

        ☐ Other *(Specify)*: _____

    ☐ 2. The following fees are waived   ☐ Entry fee   ☐ Filing fee   ☐ Appellate filing fee (Supreme or Appellate Court)

        ☐ Other *(Specify)*: _____

☐ Denied for the following reason(s): _____

☐ The application for waiver of the payment of a fee or fees or the cost of service of process is DENIED because the applicant has repeatedly filed actions with respect to the same or similar matters, such filings establish an extended pattern of frivolous filings that have been without merit, the application sought is in connection with an action before the court that is consistent with the applicant's previous pattern of frivolous filings, and the granting of such application would constitute a flagrant misuse of Judicial Branch resources.

| By the Court *(Print or type name of Judge/FSM)* | On *(Date)* | Signed *(Judge, FSM, Assistant Clerk)* | Date signed |
|---|---|---|---|
| | | | |

**MOTION FOR MODIFICATION**
JD-FM-174  Rev. 3-20
C.G.S. §§ 46b-84, 46b-86
P.B. §§ 25-26, 25-30, 25-57, 25a-18, 25a-30
*(Select one)*

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



| For information on ADA accommodations, contact a court clerk or go to: **www.jud.ct.gov/ADA.** |

☐ **Before judgment**   ☒ **After judgment**   *If the court has ordered you to attach a request for leave with a motion for modification of a final custody or visitation order, you must complete and attach a Request for Leave form (JD-FM-202) to this motion.*

| Judicial District of | At *(Town)* | Docket number |
|---|---|---|
| **New Haven** | **New Haven** | **NNH-FA19-5046828-S** |

| Plaintiff's name | Plaintiff's address *(Number, street, city, state, zip code)* |
|---|---|
| **Theodora Antar** | **856 Shagbark Dr, Orange, CT 06477** |

| Defendant's name | Defendant's address *(Number, street, city, state, zip code)* |
|---|---|
| **Matthew Lodice** | **23 Lyman St, New Britain, CT 06053** |

Type of Motion to Modify
☒ Child Support   ☐ Alimony   ☒ Custody   ☒ Visitation   ☐ Other *(Specify):* _____

I, **Matthew Lodice** _____, ☐ the Plaintiff  ☒ the Defendant  ☐ a Support Enforcement Officer, state that:
*(Name)*

1. This Court issued an order dated **6/28/22** directing **Matthew Lodice** _____, residing at
*(Name)*

**23 Lyman St, New Britain, CT 06053** _____ to: *(Complete the boxes that apply to your motion)*
*(Number, street, city, state, zip code)*

| Pay current support in the amount of: | Pay alimony in the amount of: |
|---|---|
| $ **120** every (per) **week** | $ _____ every (per) _____ |

| Pay arrearages as follows: |
|---|
| $ **24** every (per) **WEEK** on the total arrearage owed of $ _____ as of *(date)* _____ |

| Have custody of the child/children: *(Select one)* | Have visitation or parenting time as follows: | Primary residence of children with: |
|---|---|---|
| ☒ Joint legal custody  ☐ Sole custody | | **Mother** |

| Provide health insurance coverage | | Provide HUSKY/cash medical |
|---|---|---|
| ☐ No ☒ Yes | Pay **50** % of unreimbursed medical expenses | $ _____ every (per) _____ |

| Contribute to child care | Other *(Specify):* | **Judicial District of New Haven** |
|---|---|---|
| **50** % or $ _____ | | **SUPERIOR COURT** |

**FILED**

**OCT 19 2022**

2. You must explain briefly the facts that are the reasons why you are asking for this modification.
*(Select appropriate box or boxes. Attach additional sheet or sheets, if necessary.)*

☒ Since the date of the order, the circumstances in this case have changed substantially, as follows:

**See Attached**

**CHIEF CLERK'S OFFICE**

☐ The order for current child support is substantially different from the current child support and arrearage guidelines presumptive child support order, as follows:

3. The ☐ plaintiff ☐ defendant  is a "deploying parent" of the armed forces. The facts about that deployment or mobilization are:

4.a. I am receiving state assistance or HUSKY health insurance, or I have received it in the past. ☐ Yes  ☐ No

4.b. Any child that this motion is about is receiving state assistance or HUSKY health insurance, or has received it in the past. ☐ Yes  ☐ No
If you answered "Yes" to either of these questions, you must send a copy of this motion to: The Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06106. If you don't give the Attorney General's Office a copy, your motion may take longer to decide.

## I ask the Court to modify (change) the existing order or orders as follows: *(Select all that apply)*

**a. Child Support** *(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file a completed Worksheet for the Connecticut Child Support and Arrearage Guidelines (CCSG-1) and an Advisement of Rights Re: Income Withholding (JD-FM-71) on your hearing date.) You may also need to file an Affidavit Concerning Children (JD-FM-164) on your hearing date.)*

☐ Order current support   ☐ Find arrearage and order payment   ☐ Order immediate income withholding
☐ Increase current support   ☐ Provide HUSKY/cash medical   ☐ Provide health insurance coverage
☐ Decrease current support   ☐ Contribute to child care   ☐ Other _____

**b. Alimony** *(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file an Advisement of Rights Re: Income Withholding (JD-FM-71) on your hearing date.)*

☐ Increase  ☐ Decrease
the amount of alimony to be paid.

**c. Custody** *(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file an Affidavit Concerning Children (JD-FM-164) and a completed Worksheet for the Connecticut Child Support and Arrearage Guidelines (CCSG-1) on your hearing date.)*

☒ Modify custody as follows:

**See Attached**

*(Continued on page 2)*   Select appropriate court: ☐ Superior Court   ☐ Family Support Magistrate Division

[Print Form]   [Reset Form]

| Plaintiff's name | Defendant's name | Docket number |
|---|---|---|
| Theodora Antar | Matthew Lodice | NNH-FA19-5046828-S |

## d. Visitation/Parenting Time

*(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file an Affidavit Concerning Children (JD-FM-164) and a completed Worksheet for the Connecticut Child Support and Arrearage Guidelines (CCSG-1) on your hearing date.)*

[X] Modify visitation (parenting time) as follows:

**See Attached**

## e. Other [ ]
*(Please be specific)*

| Signature *(Self-represented party or attorney)* | Print name Matthew Lodice | Title *(If applicable)* | Date signed 10/18/22 |
|---|---|---|---|
| Address *(Number, street, city, state, zip code)* 23 Lynn St New Britain CT 06053 Apt 2 | | | Phone number 860 518 2384 |

## Certification

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on *(date)*_____ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

Name and address of each party and attorney that copy was mailed or delivered to*

*If necessary, attach additional sheet or sheets with name and address that the copy was mailed or delivered to.

| Signed *(Self-represented party or attorney)* ▶ | Print or type name of person signing | Date signed |
|---|---|---|

## Order for Hearing and Summons *(To be completed by Clerk or Support Enforcement Officer, if applicable)*

The Court orders that a hearing be held at the time and place shown below. The Court also orders the

[ ] Plaintiff  [✓] Defendant  [ ] Support Enforcement Officer   to give notice to the opposing party of the Motion and of the time and place where the court will hear it, by having a true and attested copy of the Motion and this Order served on the opposing party by any proper officer at least **12 days** before the date of the hearing. Proof of service must be made to this Court at least **6 days** before the date of hearing.

| **Hearing to be held at** ▶ | Superior Court, Judicial District of New Have | | Date 12/1/22 |
|---|---|---|---|
| | Court Address 235 Church St New Have, CT 06510 | Room Number 3E | Time 9.15 AM |

## TO ANY PROPER OFFICER:

By the Authority of the State of Connecticut, you must serve a true and attested copy of the above Motion and Order For Hearing and Summons on the person named below in one of the ways required by law at least **12 days** before the date of the hearing, and file proof of service with this Court at least **6 days** before the hearing.

| Person to be served Theodora Antar | Address | |
|---|---|---|
| By the Court (Grosman, J.) | Assistant Clerk/Support Enforcement Officer | Date signed 10/27/22 |

## Order   The court has heard this motion and orders it

[ ] Granted       [ ] Denied       and       [ ] Further orders *(if applicable)*:

| By the Court *(Judge/Family Support Magistrate/Assistant Clerk)* | | Date Ordered |
|---|---|---|

## For Court Use Only
Fee for Motion to Modify: [ ] Paid       [ ] Waived

JD-FM-174 (Page 2)   Rev. 3-20

[ Print Form ]          [ Reset Form ]

Mothers and Fathers co-parenting relationship has completely eroded. I, the defendant, Matthew Lodice, Ask the Court to place Temporary new Parenting Plan as Follows, prior to custody hearings

Mother Drops off Daughter to Paternal Grandparents every Friday (9AM-12PM) until Monday, Father will drop off daughter at Bunny Village Learning Center, 41 Village Ln #101-103, Bethany, CT 06524, consistent with Daycare Hours. As it is on Current order

Parents do not have to give the right of first Refusal

All Holidays Stay the Same as written on current Order

Daily Phone call to remain as written on current order

Religious and education parameters to remain as is

Mother will pick up Daughter to attend Sunday school from Father's house. Mother will Drop daughter back off at father's house

For Custody:

Mother has consistently shown she is unable to properly Mother the Daughter in the continuity that is necessary as primary Residence. Mother has consistently not put the daughter's needs first. Mother has shown she is not willing to do what's in the Daughter's best interest but instead has taken malicious and retaliatory action towards father. Using Daughter, visitation, right of first refusal, weaponizing police departments, harassing messages to friends and family of father. Choosings weeks and days at a time to not take daughter then taking daughter and refusing to return her, all against court orders. Mother exhibits constant inconsistencies with behavior regarding daughters well being and interactions with father. Details and evidence will be provided upon Custody Hearing

I ask the Court to Order co-parenting classes for both parents

I ask the court to give father sole Custody of Daughter

I ask the court to grant father Primary Residence and to give mother option for Visitation days consistent with her availability

12/1/22 at 9:15 AM

A MANDATORY Resolution Plan Date has been scheduled with Family Services for the date and time above. ALL PARTIES AND THEIR COUNSEL, IF ANY, MUST COME TO THE COURTHOUSE FOR THIS EVENT. The purpose is to provide an opportunity to learn about the court process, determine the specific issues in your case, the likelihood of reaching an agreement, and the amount of court involvement needed. At the end, an Action Plan will be recommended by Family Services to the court.

A judge will be available for a hearing, to consider agreements, and to make scheduling or other appropriate orders.

At least 2 days before your Resolution Plan Date, you must do the following:

1. Contact Family Services if there is a protective order or restraining order in place between the parties.

2. Each party or their attorney must complete a financial affidavit and exchange it with the other party. Financial affidavit forms can be found here, https://www.jud.ct.gov/webforms/default.aspx?load_catg=Family#searchTable.

You may be excused from your Resolution Plan Date ONLY if you have reached a FINAL agreement on ALL issues in your case and you have submitted the agreement to the court for approval in advance.

Instructions on how to request the entry of judgment by agreement, or the approval of any final agreement, in a divorce, legal separation or custody/visitation action without a court hearing can be found here, https://jud.ct.gov/family/FArequest.htm.

If a party or their counsel do not follow this order, sanctions may be imposed by the court which may include a monetary sanction, the entry of a nonsuit, default or dismissal.
If counsel or the parties do not appear with Family Services on the assigned Resolution Plan Date, the court may dismiss the case or decide the same as an unopposed matter.

**MOTION FOR MODIFICATION**
JD-FM-174  Rev. 3-20
C.G.S. §§ 46b-84, 46b-86
P.B. §§ 25-26, 25-30, 25-57, 25a-18, 25a-30
*(Select one)*

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* |

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



☐ **Before judgment**  ☑ **After judgment**  *If the court has ordered you to attach a request for leave with a motion for modification of a final custody or visitation order, you must complete and attach a Request for Leave form (JD-FM-202) to this motion.*

| Judicial District of **New Haven** | At *(Town)* **New Haven** | Docket number **NNH-FA19-5046828-S** |
|---|---|---|
| Plaintiff's name **Theodora Antar** | Plaintiff's address *(Number, street, city, state, zip code)* **856 Shagbark Dr, Orange, CT 06477** | |
| Defendant's name **Matthew Lodice** | Defendant's address *(Number, street, city, state, zip code)* **23 Lyman St, New Britain, CT 06053** | |

Type of Motion to Modify
☒ Child Support   ☐ Alimony   ☒ Custody   ☒ Visitation   ☐ Other *(Specify):* _____

I, **Matthew Lodice** , ☐ the Plaintiff  ☒ the Defendant  ☐ a Support Enforcement Officer, state that:
*(Name)*

1. This Court issued an order dated ___**6/28/22**___ directing **Matthew Lodice** , residing at
*(Name)*
**23 Lyman St, New Britain, CT 06053** _____ to: *(Complete the boxes that apply to your motion)*
*(Number, street, city, state, zip code)*

| Pay current support in the amount of: $ **120** every (per) **week** | Pay alimony in the amount of: $ every (per) |
|---|---|

| Pay arrearages as follows: $ **24** every (per) **WEEK** on the total arrearage owed of $ as of *(date)* |

| Have custody of the child/children: *(Select one)* ☒ Joint legal custody  ☐ Sole custody | Have visitation or parenting time as follows: | Primary residence of children with: **Mother** |
|---|---|---|

| Provide health insurance coverage ☐ No ☒ Yes | Pay **50** % of unreimbursed medical expenses | Provide HUSKY/cash medical $ every (per) |
|---|---|---|

| Contribute to child care **50** % or $ | Other *(Specify):* | **Judicial District of New Haven SUPERIOR COURT FILED** |
|---|---|---|

2. You must explain briefly the facts that are the reasons why you are asking for this modification.
*(Select appropriate box or boxes. Attach additional sheet or sheets, if necessary.)*

**OCT 19 2022**

☒ Since the date of the order, the circumstances in this case have changed substantially, as follows:

**See Attached**

☐ The order for current child support is substantially different from the current child support and arrearage guidelines presumptive child support order, as follows:

**CHIEF CLERK'S OFFICE**

3. The ☐ plaintiff ☐ defendant  is a "deploying parent" of the armed forces. The facts about that deployment or mobilization are:

4.a. I am receiving state assistance or HUSKY health insurance, or I have received it in the past. ☐ Yes ☐ No
4.b. Any child that this motion is about is receiving state assistance or HUSKY health insurance, or has received it in the past. ☐ Yes ☐ No
If you answered "Yes" to either of these questions, you must send a copy of this motion to: The Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06106. If you don't give the Attorney General's Office a copy, your motion may take longer to decide.

**I ask the Court to modify (change) the existing order or orders as follows:** *(Select all that apply)*

**a. Child Support** *(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file a completed Worksheet for the Connecticut Child Support and Arrearage Guidelines (CCSG-1) and an Advisement of Rights Re: Income Withholding (JD-FM-71) on your hearing date. You may also need to file an Affidavit Concerning Children (JD-FM-164) on your hearing date.)*

| ☐ Order current support | ☐ Find arrearage and order payment | ☐ Order immediate income withholding |
|---|---|---|
| ☐ Increase current support | ☐ Provide HUSKY/cash medical | ☐ Provide health insurance coverage |
| ☐ Decrease current support | ☐ Contribute to child care | ☐ Other |

**b. Alimony** *(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file an Advisement of Rights Re: Income Withholding (JD-FM-71) on your hearing date.)*
☐ Increase  ☐ Decrease
the amount of alimony to be paid.

**c. Custody** *(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file an Affidavit Concerning Children (JD-FM-164) and a completed Worksheet for the Connecticut Child Support and Arrearage Guidelines (CCSG-1) on your hearing date.)*
☒ Modify custody as follows:
**See Attached**

*(Continued on page 2)*   Select appropriate court: ☐ Superior Court   ☐ Family Support Magistrate Division

Print Form   Reset Form

| Plaintiff's name | Defendant's name | Docket number |
|---|---|---|
| Theodora Antar | **Matthew Lodice** | **NNH-FA19-5046828-S** |

## d. Visitation/Parenting Time
*(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file an Affidavit Concerning Children (JD-FM-164) and a completed Worksheet for the Connecticut Child Support and Arrearage Guidelines (CCSG-1) on your hearing date.)*

[X] Modify visitation (parenting time) as follows:

**See Attached**

## e. Other [ ]
*(Please be specific)*

| Signature *(Self-represented party or attorney)* | Print name Matthew Lodice | Title *(If applicable)* | Date signed 10/18/22 |
|---|---|---|---|

| Address *(Number, street, city, state, zip code)* 23 Lyman St New Britain CT 06053 Apt 2 | Phone number 860 518 2384 |
|---|---|

## Certification

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on *(date)*_____ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received and will immediately be receiving electronic delivery.

Name and address of each party and attorney that copy was mailed or delivered to*

*If necessary, attach additional sheet or sheets with name and address that the copy was mailed or delivered to.

| Signed *(Self-represented party or attorney)* ▶ | Print or type name of person signing | Date signed |
|---|---|---|

## Order for Hearing and Summons *(To be completed by Clerk or Support Enforcement Officer, if applicable)*

The Court orders that a hearing be held at the time and place shown below. The Court also orders the

[ ] Plaintiff   [✓] Defendant   [ ] Support Enforcement Officer   to give notice to the opposing party of the Motion and of the time and place where the court will hear it, by having a true and attested copy of the Motion and this Order served on the opposing party by any proper officer at least **12 days** before the date of the hearing. Proof of service must be made to this Court at least **6 days** before the date of hearing.

| **Hearing to be held at** ▶ | Superior Court, Judicial District of New Haven | | Date 12/1/22 |
|---|---|---|---|
| | Court Address 235 Church St New Haven, CT 06510 | Room Number 3E | Time 9.15 AM |

## TO ANY PROPER OFFICER:

By the Authority of the State of Connecticut, you must serve a true and attested copy of the above Motion and Order For Hearing and Summons on the person named below in one of the ways required by law at least **12 days** before the date of the hearing, and file proof of service with this Court at least **6 days** before the hearing.

| Person to be served Theodora Antar | Address |
|---|---|

| By the Court (Groston, J.) | Assistant Clerk/Support Enforcement Officer | Date signed 10/27/22 |
|---|---|---|

## Order   The court has heard this motion and orders it

[ ] Granted   [ ] Denied   **and**   [ ] Further orders *(if applicable)*:

| By the Court  *(Judge/Family Support Magistrate/Assistant Clerk)* | Date Ordered |
|---|---|

## For Court Use Only
Fee for Motion to Modify: [ ] Paid   [ ] Waived

JD-FM-174 (Page 2)  Rev. 3-20

[ Print Form ]                    [ Reset Form ]

Mothers and Fathers co-parenting relationship has completely eroded. I, the defendant, Matthew Lodice, Ask the Court to place Temporary new Parenting Plan as Follows, prior to custody hearings

Mother Drops off Daughter to Paternal Grandparents every Friday (9AM-12PM) until Monday, Father will drop off daughter at Bunny Village Learning Center, 41 Village Ln #101-103, Bethany, CT 06524, consistent with Daycare Hours. As it is on Current order

Parents do not have to give the right of first Refusal

All Holidays Stay the Same as written on current  Order

Daily Phone call to remain as written on current order

Religious and education parameters to remain as is

Mother will pick up Daughter to attend Sunday school from Father's house. Mother will Drop daughter back off at father's house

For Custody:

Mother has consistently shown she is unable to properly Mother the Daughter in the continuity that is necessary as primary Residence. Mother has consistently not put the daughter's needs first. Mother has shown she is not willing to do what's in the Daughter's best interest but instead has taken malicious and retaliatory action towards father. Using Daughter, visitation, right of first refusal, weaponizing police departments, harassing messages to friends and family of father. Choosings weeks and days at a time to not take daughter then taking daughter and refusing to return her, all against court orders. Mother exhibits constant inconsistencies with behavior regarding daughters well being and interactions with father. Details and evidence will be provided upon Custody Hearing

I ask the Court to Order co-parenting classes for both parents

I ask the court to give father sole Custody of Daughter

I ask the court to grant father  Primary Residence and to give mother option for Visitation days consistent with her availability

12/1/22 at 9:15 AM

A MANDATORY Resolution Plan Date has been scheduled with Family Services for the date and time above. ALL PARTIES AND THEIR COUNSEL, IF ANY, MUST COME TO THE COURTHOUSE FOR THIS EVENT. The purpose is to provide an opportunity to learn about the court process, determine the specific issues in your case, the likelihood of reaching an agreement, and the amount of court involvement needed. At the end, an Action Plan will be recommended by Family Services to the court.

A judge will be available for a hearing, to consider agreements, and to make scheduling or other appropriate orders.

At least 2 days before your Resolution Plan Date, you must do the following:

1. Contact Family Services if there is a protective order or restraining order in place between the parties.

2. Each party or their attorney must complete a financial affidavit and exchange it with the other party. Financial affidavit forms can be found here, https://www.jud.ct.gov/webforms/default.aspx?load_catg=Family#searchTable.

You may be excused from your Resolution Plan Date ONLY if you have reached a FINAL agreement on ALL issues in your case and you have submitted the agreement to the court for approval in advance.

Instructions on how to request the entry of judgment by agreement, or the approval of any final agreement, in a divorce, legal separation or custody/visitation action without a court hearing can be found here, https://jud.ct.gov/family/FArequest.htm.

If a party or their counsel do not follow this order, sanctions may be imposed by the court which may include a monetary sanction, the entry of a nonsuit, default or dismissal.
If counsel or the parties do not appear with Family Services on the assigned Resolution Plan Date, the court may dismiss the case or decide the same as an unopposed matter.

19-5076828

State of Connecticut

Town of: **Orange**                    **October 31, 2022**

County of: **New Haven**

Then and there by virtue hereof and by direction of The Clerk Of The Court, I made due and legal service upon the within named Plaintiff: **Theodora Antar,** by leaving at the usual place of abode at **856 Shagbark Drive, Orange, Connecticut,** a true and attested copy of the within, Motion For Contempt/ Contempt Citation, Claim for Relief, Order To Attend Court Event- Contempt Citation, Mandatory Resolution Plan Date, with my endorsement thereon.

And afterwards on the **same** day of **October 2022,** in **Orange,** I made due and legal service upon the within named Plaintiff: **Theodora Antar,** by leaving at the usual place of abode at **856 Shagbark Drive, Orange, Connecticut,** a true and attested copy of the within, Motion For Modification, Order for Hearing and Summons,  Defendant's Request For Mandatory Disclosure And Production, Certification, with my endorsement thereon.

The within and foregoing is the Original Motion For Contempt/ Contempt Citation, Claim for Relief, Order To Attend Court Event- Contempt Citation, Mandatory Resolution Plan Date, Motion For Modification, Order for Hearing and Summons, Defendant's Request For Mandatory Disclosure And Production, Certification, with my doings endorsed hereon.

Attest:

Rick Brown
State Marshal

| Services: | $70.00 |
| Conform: | $10.00 |
| Travel: | $16.13 |
| Endorsement: | $1.50 |
| **Total:** | **$97.63** |

Judicial District of New Haven
SUPERIOR COURT
FILED

NOV 0 4 2022

CHIEF CLERK'S OFFICE  230,10

D'J RETSER 233,W

**MOTION FOR CONTEMPT/**
**CONTEMPT CITATION**
JD-FM-173 Rev. 7-21
C.G.S. §§ 46b-87, 46b-87a, 46b-220, 51-33;
P.B. § 25-27

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

**COURT USE ONLY**

| | | |
|---|---|---|
| **MFCONTP** | | Certification has been filled out. |
| **CONTCPL** | | Motion is "Before Judgment," but no certification has been filled out. Fill out and attach Page 2. |
| **CONTCIT** | | Motion is "After Judgment," but no certification has been filled out. Fill out and attach Page 2. |

*Instructions to filer*
1. Fill out Page 1 of this form.
2. Keep a copy of the completed form for your records.
3. File the completed form with the court clerk's office.

*(Select one)* ☐ Before Judgment (pendente lite)    ☒ After Judgment

| Judicial District of **New Haven** | At *(Town)* **New Haven** | Docket number **NNH-FA19-5046828-S** |
|---|---|---|

| Plaintiff's name **Theodora Antar** | Plaintiff's address *(Number, street, city, state, zip code)* **856 Shagbark Dr, Orange, CT** |
|---|---|
| Defendant's name **Matthew Lodice** | Defendant's address *(Number, street, city, state, zip code)* **23 Lyman St, New Britain, CT 06053** |
| Third Party's name *(if applicable)* | Third Party's address *(Number, street, city, state, zip code)* |

I am the ☐ Plaintiff  ☒ Defendant  ☐ Third Party in this case.

On *(date)* **10/07/22** the court made an order that *(name)* **Theodora Antar** is not following.

**Court Order and ways the Order has not been followed**
*(List specific language of the court order that you claim is not being followed. Then, explain exactly how the order is not being followed. You must be specific. If you claim that an order to pay money is not being followed, include the total amount due and say if the total is as of the date of this motion or as of some other date. Attach more pages if needed.)*

**See Attached**

**Claim for Relief**

I ask the court to find *(name)* _____ in contempt and to enter any other orders the court finds appropriate. *(Select only if this applies)* ☐ I also ask the court to enter an Immediate Income Withholding Order.

I confirm that the above information is true to the best of my knowledge.

| Signature *(Self-represented party or attorney)* | Print or type name Matthew Lodice | Date 10/18/22 |
|---|---|---|

Mailing address of self-represented party or attorney
23 Lyman st New Britain, CT 06053 Apt 2

E-mail address
Matthew Lodice @ Gmail. Com

Phone number *(Area code first)*
860 519 2388

**Certification** *(Complete if motion is filed before judgment (pendente lite), leave blank if motion is filed after judgment.)*
I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on *(date)* _____ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who were or will immediately be electronically served.

Name and address of each party and attorney that copy was or will be mailed or delivered to*

**Court Use Only**

CHIEF CLERK'S OFFICE

OCT 18 2022

Judicial District of New Haven
SUPERIOR COURT
FILED

*If necessary, attach additional sheet or sheets with name and address that the copy was or will be mailed or delivered to.

| Signed *(Self-represented party or attorney)* ▶ | Print or type name | Date signed |
|---|---|---|

**For information on ADA accommodations, contact a court clerk or go to:** *www.jud.ct.gov/ADA.*

Is this a family support magistrate (IV-D) matter? ☐ Yes  ☒ No

[ Print Form ]    Page 1    [ Reset Form ]

| Plaintiff's name | | Docket number |
|---|---|---|
| Theodora Antar | Matthew Lodice | NNH-FA19-5046828-S |

**Order to Attend Court Event - Contempt Citation**

The attached Motion for Contempt/Contempt Citation has been filed in this case claiming that you failed to follow a court order. The court **orders you**, the ☑ Plaintiff ☐ Defendant ☐ Third Party **to attend** a court event on (date) 12/1/22 at (time) 9:15 Am and to be ready to show why you are not in contempt.

If you **do not** obey this order to attend, the court may:
• issue a civil arrest order (capias) against you;
• enter orders that affect you, without your participation; and/or
• schedule additional court events.

This court event will be ☐ a hearing ☑ a Resolution Plan Date* ☐ a Case Date ☐ Other: _____

This court event will be held ☑ in person at:

| Superior Court, Judicial District of: | Room number (if known) | Phone number (Area code first) |
|---|---|---|
| New Haven | 3F | 203-503-6800 |

Court location (Number, street and town)
235 Church St. New Haven CT asie

OR

☐ remotely (online by video). You are ordered to:
• File an Appearance form with a current, valid e-mail address at least 5 days before this court event, unless you have already done so;
• Attend this court event by following the instructions that are sent to your e-mail address by the court; and
• Contact the court clerk's office before the scheduled time of this court event if you are unable to follow the instructions.

You must contact the court clerk's office at least 5 days before this court event if you do not have or cannot get an e-mail address, or if you do not have access to an electronic device that you can use to participate in this remote event.

Note: If you do not have a current Appearance form (JD-CL-12) on file in this case, you might not receive important notices, including notices about court events. If your contact information changes, you must file a new Appearance form with the correct information in order to get future notices.

***About Resolution Plan Dates***
*If the court event listed above is a Resolution Plan Date, at your court event you will talk to Family Services about this case. If you have an attorney, and they have filed an Appearance form by the Resolution Plan Date, your attorney must also participate. After you have talked to Family Services, a judge will either consider any agreement that you reach with the opposing party or will issue scheduling orders or other appropriate orders.*

**Order to Give Notice**

The court orders the ☐ Plaintiff ☑ Defendant ☐ Third Party to **give notice to the opposing party** of the motion and of the court event by having a true and attested copy of the motion and this order served on the opposing party by any proper officer at least **12 days** before the date of the court event. Proof of service must be made to this court at least **6 days** before the date of the court event.

To Any Proper Officer: By the Authority of the State of Connecticut, you must serve a true and attested copy of the attached Motion for Contempt/Contempt Citation and this order on the person named below in one of the ways required by law at least **12 days** before the date of the court event, and file proof of service with this court at least **6 days** before the court event.

| Person to be served | Address |
|---|---|
| Theodora Antar | |

By the court (Judge/Assistant clerk)
Grossman J | _____

| Date signed |
|---|
| 10/27/22 |

Print Form          Page 2          Reset Form

Mother has not followed court order parenting plan. Incidents of contempt:

10/07/22 Mother never showed up at paternal Grandmother's house to drop off Daughter.. Police report was made. Mother assured father could pick up daughter next morning instead 10/08/22

10/08/22 Mother refused to let father pick up daughter, mother made claim she would only do exchange at police station. Father went to the police station for an exchange. Mother still refused. Police report was made

10/14/22 Mother was supposed to drop off Daughter to paternal grandmother's house and did not show up. Father retrieved daughter from daycare

10/16/22 Mother refused to give daughter back after Sunday school. Mother grabbed daughter and ran to the car then sped off with daughter. Orange police pulled over the mother and tried to mediate an exchange. Mother still refused. Police report was made

Mother has not been facilitating any of the court ordered daily (7pm -7:15pm window) phone calls. Mother keeps fathers number blocked which is received as "the number you are calling is no longer in service" message. Proof of message will be provided the day of hearing. Appears to be a screening app because sometimes thedoes mother calls back acknowledging that call is being recieved. Mother has only called back when daughter is upset or crying otherwise not at all

Mother also continues to record said phone calls

Father has completely followed the order. Including but not limited to, mothers right of first refusal as spelled out on agreement. Mother has been using the ROFR as a means to take custody of the child and not return her to the father.

Mother has also been weaponizing the Police department. Mother has called the police multiple times to do what she calls "welfare checks" . Mother has been doing this to terrorize Fathers 16 year old son, and paternal grandmother to make child care more difficult while father is working.

12/1/22 at 9:15 AM

A MANDATORY Resolution Plan Date has been scheduled with Family Services for the date and time above. ALL PARTIES AND THEIR COUNSEL, IF ANY, MUST COME TO THE COURTHOUSE FOR THIS EVENT. The purpose is to provide an opportunity to learn about the court process, determine the specific issues in your case, the likelihood of reaching an agreement, and the amount of court involvement needed. At the end, an Action Plan will be recommended by Family Services to the court.

A judge will be available for a hearing, to consider agreements, and to make scheduling or other appropriate orders.

At least 2 days before your Resolution Plan Date, you must do the following:

1. Contact Family Services if there is a protective order or restraining order in place between the parties.

2. Each party or their attorney must complete a financial affidavit and exchange it with the other party. Financial affidavit forms can be found here, https://www.jud.ct.gov/webforms/default.aspx?load_catg=Family#searchTable.

You may be excused from your Resolution Plan Date ONLY if you have reached a FINAL agreement on ALL issues in your case and you have submitted the agreement to the court for approval in advance.

Instructions on how to request the entry of judgment by agreement, or the approval of any final agreement, in a divorce, legal separation or custody/visitation action without a court hearing can be found here, https://jud.ct.gov/family/FArequest.htm.

If a party or their counsel do not follow this order, sanctions may be imposed by the court which may include a monetary sanction, the entry of a nonsuit, default or dismissal.
If counsel or the parties do not appear with Family Services on the assigned Resolution Plan Date, the court may dismiss the case or decide the same as an unopposed matter.

# MOTION FOR MODIFICATION

JD-FM-174  Rev. 3-20
C.G.S. §§ 46b-84, 46b-86
P.B. §§ 25-26, 25-30, 25-57, 25a-18, 25a-30
*(Select one)*

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*. |

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

[ ] **Before judgment**    [x] **After judgment**  *If the court has ordered you to attach a request for leave with a motion for modification of a final custody or visitation order, you must complete and attach a Request for Leave form (JD-FM-202) to this motion.*

| Judicial District of | At *(Town)* | Docket number |
|---|---|---|
| **New Haven** | **New Haven** | **NNH-FA19-5046828-S** |

| Plaintiff's name | Plaintiff's address *(Number, street, city, state, zip code)* |
|---|---|
| **Theodora Antar** | **856 Shagbark Dr, Orange, CT 06477** |

| Defendant's name | Defendant's address *(Number, street, city, state, zip code)* |
|---|---|
| **Matthew Lodice** | **23 Lyman St, New Britain, CT 06053** |

Type of Motion to Modify
[x] Child Support    [ ] Alimony    [x] Custody    [x] Visitation    [ ] Other *(Specify):* _____

I, **Matthew Lodice** _____, [ ] the Plaintiff  [x] the Defendant  [ ] a Support Enforcement Officer, state that:
*(Name)*

1. This Court issued an order dated **6/28/22** directing **Matthew Lodice** _____, residing at
*(Name)*

**23 Lyman St, New Britain, CT 06053** _____, to: *(Complete the boxes that apply to your motion)*
*(Number, street, city, state, zip code)*

| Pay current support in the amount of: | Pay alimony in the amount of: |
|---|---|
| $ 120    every (per) week | $    every (per) |

Pay arrearages as follows:
$ 24   every (per) WEEK   on the total arrearage owed of $ _____   as of *(date)* _____

| Have custody of the child/children: *(Select one)* | Have visitation or parenting time as follows: | Primary residence of children with: |
|---|---|---|
| [x] Joint legal custody  [ ] Sole custody | | **Mother** |

| Provide health insurance coverage | | Provide HUSKY/cash medical |
|---|---|---|
| [ ] No  [x] Yes | Pay  50  % of unreimbursed medical expenses | $   every (per) |

| Contribute to child care | Other *(Specify):* |
|---|---|
| 50  % or $ | |

**Judicial District of New Haven**
**SUPERIOR COURT**
**FILED**

**OCT 1 9 2022**

**CHIEF CLERK'S OFFICE**

2. You must explain briefly the facts that are the reasons why you are asking for this modification.
   *(Select appropriate box or boxes. Attach additional sheet or sheets, if necessary.)*
   [x] Since the date of the order, the circumstances in this case have changed substantially, as follows:

   **See Attached**

   [ ] The order for current child support is substantially different from the current child support and arrearage guidelines or the current child support order, as follows:

3. The [ ] plaintiff [ ] defendant  is a "deploying parent" of the armed forces. The facts about that deployment or mobilization are:

4.a. I am receiving state assistance or HUSKY health insurance, or I have received it in the past.  [ ] Yes  [ ] No
4.b. Any child that this motion is about is receiving state assistance or HUSKY health insurance, or has received it in the past. [ ] Yes [ ] No
   If you answered "Yes" to either of these questions, you must send a copy of this motion to: The Office of the Attorney General,
   165 Capitol Avenue, Hartford, CT 06106. If you don't give the Attorney General's Office a copy, your motion may take longer to decide.

## I ask the Court to modify (change) the existing order or orders as follows: *(Select all that apply)*

### a. Child Support *(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file a completed Worksheet for the Connecticut Child Support and Arrearage Guidelines (CCSG-1) and an Advisement of Rights Re: Income Withholding (JD-FM-71) on your hearing date. You may also need to file an Affidavit Concerning Children (JD-FM-164) on your hearing date.)*

[ ] Order current support             [ ] Find arrearage and order payment       [ ] Order immediate income withholding
[ ] Increase current support          [ ] Provide HUSKY/cash medical             [ ] Provide health insurance coverage
[ ] Decrease current support          [ ] Contribute to child care               [ ] Other

### b. Alimony *(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file an Advisement of Rights Re: Income Withholding (JD-FM-71) on your hearing date.)*

[ ] Increase  [ ] Decrease
the amount of alimony to be paid.

### c. Custody *(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file an Affidavit Concerning Children (JD-FM-164) and a completed Worksheet for the Connecticut Child Support and Arrearage Guidelines (CCSG-1) on your hearing date.)*

[x] Modify custody as follows:
**See Attached**

*(Continued on page 2)*      Select appropriate court: [ ] Superior Court      Family Support Magistrate Division

 Print Form       Reset Form

231
230

| Plaintiff's name | Defendant's name | Docket number |
|---|---|---|
| Theodora Antar | Matthew Lodice | NNH-FA19-5046828-S |

## d. Visitation/Parenting Time

*(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file an Affidavit Concerning Children (JD-FM-164) and a completed Worksheet for the Connecticut Child Support and Arrearage Guidelines (CCSG-1) on your hearing date.)*

[X] Modify visitation (parenting time) as follows:

**See Attached**

## e. Other [ ]
*(Please be specific)*

| Signature *(Self-represented party or attorney)* | Print name Matthew Lodice | Title *(If applicable)* | Date signed 10/18/22 |
|---|---|---|---|
| Address *(Number, street, city, state, zip code)* 23 Lyman St New Britain CT 06053 Apt 2 | | | Phone number 860 518 2384 |

## Certification

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on *(date)*_____ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

Name and address of each party and attorney that copy was mailed or delivered to*

*If necessary, attach additional sheet or sheets with name and address that the copy was mailed or delivered to.

| Signed *(Self-represented party or attorney)* ▶ | Print or type name of person signing | Date signed |
|---|---|---|

## Order for Hearing and Summons *(To be completed by Clerk or Support Enforcement Officer, if applicable)*

The Court orders that a hearing be held at the time and place shown below. The Court also orders the

[ ] Plaintiff   [✓] Defendant   [ ] Support Enforcement Officer   to give notice to the opposing party of the Motion and of the time and place where the court will hear it, by having a true and attested copy of the Motion and this Order served on the opposing party by any proper officer at least **12 days** before the date of the hearing. Proof of service must be made to this Court at least **6 days** before the date of hearing.

| **Hearing to be held at** ▶ | Superior Court, Judicial District of New Haven | Date 12/1/22 |
|---|---|---|
| | Court Address 235 Church St New Haven, CT 06510 | Room Number 3E   Time 9:15 Am |

### TO ANY PROPER OFFICER:

By the Authority of the State of Connecticut, you must serve a true and attested copy of the above Motion and Order For Hearing and Summons on the person named below in one of the ways required by law at least **12 days** before the date of the hearing, and file proof of service with this Court at least **6 days** before the hearing.

| Person to be served Theodora Antar | Address |
|---|---|
| By the Court (Grossman, J.) | Assistant Clerk/Support Enforcement Officer   Date signed 10/27/22 |

## Order   The court has heard this motion and orders it

[ ] Granted      [ ] Denied      **and**   [ ] Further orders *(if applicable)*:

| By the Court *(Judge/Family Support Magistrate/Assistant Clerk)* | Date Ordered |
|---|---|

**For Court Use Only**

Fee for Motion to Modify:   [ ] Paid      [ ] Waived

JD-FM-174 (Page 2)  Rev. 3-20

[ Print Form ]            [ Reset Form ]

Mothers and Fathers co-parenting relationship has completely eroded. I, the defendant, Matthew Lodice, Ask the Court to place Temporary new Parenting Plan as Follows, prior to custody hearings

Mother Drops off Daughter to Paternal Grandparents every Friday (9AM-12PM) until Monday, Father will drop off daughter at Bunny Village Learning Center, 41 Village Ln #101-103, Bethany, CT 06524, consistent with Daycare Hours. As it is on Current order

Parents do not have to give the right of first Refusal

All Holidays Stay the Same as written on current  Order

Daily Phone call to remain as written on current order

Religious and education parameters to remain as is

Mother will pick up Daughter to attend Sunday school from Father's house. Mother will Drop daughter back off at father's house

For Custody:

Mother has consistently shown she is unable to properly Mother the Daughter in the continuity that is necessary as primary Residence. Mother has consistently not put the daughter's needs first. Mother has shown she is not willing to do what's in the Daughter's best interest but instead has taken malicious and retaliatory action towards father. Using Daughter, visitation, right of first refusal, weaponizing police departments, harassing messages to friends and family of father. Choosings weeks and days at a time to not take daughter then taking daughter and refusing to return her, all against court orders. Mother exhibits constant inconsistencies with behavior regarding daughters well being and interactions with father. Details and evidence will be provided upon Custody Hearing

I ask the Court to Order co-parenting classes for both parents

I ask the court to give father sole Custody of Daughter

I ask the court to grant father  Primary Residence and to give mother option for Visitation days consistent with her availability

DOCKET NO.:NNH-FA19-5046828-S                          SUPERIOR COURT

THEODORA ANTAR                                         J.D. OF NEW HAVEN

VS.                                                    AT NEW HAVEN

MATTHEW LODICE                                         10/18/2022

## DEFENDANTS REQUEST FOR MANDATORY
## DISCLOSURE AND PRODUCTION

Under Conn. Practice Book § 25-32(a) (2022). Unless otherwise ordered by the judicial authority for good cause shown, upon request by a party involved in an action for dissolution of marriage or civil union, legal separation, annulment or support, or a post judgment motion for modification of alimony or support, opposing parties shall exchange the following documents within sixty days of such request

The defendant Matthew Lodice Ask that all of the plaintiff's, Theodora Antar, financial information be provided for past 3 years as follows:

All Checking and Savings bank account information including but not limited to, Wells Fargo, Chase Bank, Peoples United Bank, Citi Group

All Credit card account statements including but not limited to, American Express, Chase Bank, Citi Group, wells Fargo

All investment and stock portfolios including but not limited to, Robinhood, WeBull, 401k, roth IRA

All Business Checking accounts, savings accounts, Credit card accounts including but not limited to, Seamless Signings llc, Rosalina's Kitchen, Small Town Publishing llc

All current business contracts

All mortgage and loan statements

Any written appraisal concerning assets

ALL federal and state  tax returns for 2019, 2020, 2021

*Matthew Lodice*

Judicial District of New Haven
SUPERIOR COURT
FILED

OCT 1 8 2022

CHIEF CLERK'S OFFICE

## Order For Hearing and Summons *(To be completed by clerk or support enforcement officer, if applicable)*

The Court orders that a hearing be held at the time and place shown below. The Court also orders the

☐ Plaintiff   ☐ Defendant   ☐ Support Enforcement Officer   to give notice to the opposing party of the Motion and of the time and place where the court will hear it, by having a true and attested copy of the Motion and this Order served on the opposing party by any proper officer at least **12 days** before the date of the hearing. Proof of service must be made to this Court at least **6 days** before the date of hearing.

| **Hearing to be held at** ➡ | Superior Court, Judicial District of | | Date | |
|---|---|---|---|---|
| | Court Address | | Room Number | Time |

To any proper officer:
By the Authority of the State of Connecticut, you must serve a true and attested copy of the above Motion and Order For Hearing and Summons on the person named below in one of the ways required by law at least **12 days** before the date of the hearing, and file proof of service with this Court at least **6 days** before the hearing.

| Person to be Served | Address | |
|---|---|---|
| By the Court | Assistant Clerk/Support Enforcement Officer | Date Signed |

## Order   The court has heard this motion and orders it

☐ **Granted**   ☐ **Denied**   **and**   ☐ **Further orders** *(if applicable):*

_____
_____
_____

| By the Court *(Judge/Family Support Magistrate/Assistant Clerk)* | Date Ordered |
|---|---|

**For Court Use Only**
Fee for Motion to Modify:   ☐ Paid   ☐ Waived

JD-FM-174 (Back/Page 2)  Rev. 2-13

## CERTIFICATION

    I hereby certify that a copy of the above was mailed or delivered electronically or non-electronically on (date) _10 / 27 / 2022_ to all attorneys and self –represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

*(List the name and mailing address of each party and attorney that a copy was mailed or delivered to)*

Theodora Anta
856 Shagbark Dr
Orange CT 06477

Matthew Ladice

**(Name), self-represented party**

**APPLICATION FOR WAIVER OF FEES/
PAYMENT OF COSTS/APPOINTMENT
OF COUNSEL - FAMILY**

JD-FM-75  Rev. 12-21
C.G.S. §§ 46b-160(d), 46b-231, 52-259b;
P.A. 21-15; P.B. §§ 8-2, 25-63, 63-6

*Use only for family/family support magistrate matters.
For civil, housing and small claims, use form JD-CV-120.*

**To: The Superior Court**

*Family*

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

**Instructions to applicant (person filing)**
1. Print or type all financial information.
2. Sign the Financial Affidavit section in front of a court clerk, a notary public or an attorney.
3. Bring this form to the superior court where your case will be filed or is/was pending.
4. If your application for waiver of fees payable to the court or for payment of costs of service of process is denied, you may ask for a hearing.

**Instructions to Clerk**
1. Bring to a judge or family support magistrate, if applicable.
2. If granted, notify the applicant and counsel, if appointed.
3. If the application for waiver of fees payable to the court or for payment of costs of service of process is denied, and upon request, schedule a hearing.

**Name of case** *(Name of plaintiff v. Name of defendant)*
Theodora Amey V  Matthew Lodice

**Docket number** *(If applicable)*
NNH - FA 19-5046828-S

**Judicial District**
New Haven

**Address of court**
New Haven

**Name of applicant** *(Last, first, middle initial)*
Lodice, Matthew

**Address of applicant** *(Number, street, town, state and zip code)*
23 Lyman St, New Britain, CT 06053

**Phone number**
860 518 2386

**Type of proceeding** *(select all that apply)*

- [ ] Motion to Open Judgment
- [x] Motion for Modification
- [ ] Contempt
- [ ] Application for Custody
- [ ] Dissolution of Marriage/Civil Union (Divorce)
- [ ] Parentage
- [ ] Application or Petition for Visitation
- [ ] Appellate Matter (Supreme or Appellate Court)
- [ ] Cross Complaint
- [ ] Other *(ex parte custody, etc.) (Specify):*

**Fee Waiver/Payment of Costs**

I ask that the court order that I do not have to pay fees or costs or order the State to pay the fees and costs below. *(select all that apply)*

- [ ] Entry fee *(fee to file a new case)*
- [x] Costs of service of process *(delivery of papers by state marshal or other proper officer)*
- [x] Filing fee(s) *(fee to file motion, etc.)*
- [ ] Costs for participating in parenting education under C.G.S. § 46b-69b
- [ ] Appellate filing fee (Supreme or Appellate Court)
- [ ] Cost of the transcript for appeal
- [ ] Other *(certified copy of judgment, etc.) (Specify):*

Judicial District of New Haven
SUPERIOR COURT
FILED

**Grounds for Appeal** *(Complete if requesting waiver of Appellate filing fee/payment of cost of the transcript for appeal.)*

The grounds on which I propose to appeal are: _____

OCT 18 2022

**Appointment of Counsel** *(This applies only in a contempt proceeding or to the putative parent in a parentage proceeding.)*

- [ ] I ask that the court appoint an attorney to represent me.

CHIEF CLERK'S OFFICE

**Financial Affidavit**

**1. Dependents** *(people supported by you)*

Total number of dependents *(not including yourself)*  **3**

**2. Monthly Income**

A. Gross monthly income
*(before deductions)* ...................  **2300**

B. Net monthly income
*(after taxes) from employment*..........  

C. Other income *(TFA, Social Security,
child support, alimony, etc.)
(Specify which one(s) here):*   **+**

**Total Monthly Income (B+C)**  **2300**

**3. Monthly Expenses**

A. Rent/Mortgage ...........................  **1000**

B. Real Estate Taxes.........................  

C. Utilities
*(telephone, electric, water, gas, cable, etc.)*  **100**

D. Food, *not including SNAP (food stamps)*..  **200**

E. Clothing ...................................  

F. Insurance Premiums
*(medical/dental, auto, life, home)*........  

G. Medical/Dental
*(costs not covered by insurance)*............  

H. Transportation *(bus, gasoline, etc.)*.......  **400**

I. Child Care ..................................  **680**

J. Other
*(child support, alimony, etc.) (Specify):*  

**Total Monthly Expenses**  **2380**

**4. Assets**

| | Estimated Value | Loan Balance | Equity |
|---|---|---|---|
| A. Real Estate........ | | | Real Estate |
| B. Motor Vehicles.... | 2500 | 5500 | Motor Vehicle -3000 |
| C. Other Personal Property............ *(for example, jewelry, furniture, etc.)* | | | Other Property |
| D. Savings Account Balance *(Total of all accounts)*........ | | | Savings |
| E. Checking Account Balance *(Total of all accounts)* ...... | | | Checking |
| F. Cash.......................................... | | | Cash |
| G. Other Assets *(Specify):* | | | Other Assets |
| **Total Assets** | | | -3000 |

**5. Liabilities/Debts** *(for example, credit card balances, loans, etc. Do not include mortgage or loan balances that are listed under "Assets".)*

| Type of Debt | Amount Owed | Monthly Payment |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| **Total Liabilities** | | 0 |

| Name of case | | Docket number  *(If applicable)* |
|---|---|---|

**6. If you claim zero Total Monthly Income in number 2 above or zero Total Monthly Expenses in number 3 above, explain how you are supported:**

_____

_____

_____

I certify that the information in this application is true and accurate to the best of my knowledge and that I can, if asked, document all income, expenses, and liabilities listed above.

**Notice ▶** | *Any false statement made by you under oath that you do not believe to be true and that is intended to mislead a public servant in the performance of his or her official function may be punishable by a fine and/or imprisonment.*

| Signed *(Applicant)* | Print name of person signing at left | Date signed |
|---|---|---|
| | Marilyn Lodice | 10/18/22 |
| Subscribed and sworn to before me: | On *(Date)* 10/14/22 | Signed *(Notary Public, Commissioner of the Superior Court, Assistant Clerk)* |

---

**ADA NOTICE**

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

---

**Order** *(To be completed by the Court)*

The Court, having found the applicant *(Select all that apply)*: ☐ Not indigent   ☑ Indigent **and** unable to pay

☐ Indigent **or** unable to pay *for parenting education* program under C.G.S. § 46b-69b, hereby orders the application:

☑ Granted as follows:

1. The following costs are ordered paid by the State
   ☑ Costs of service of process not to exceed:   $ _Small_
   ☐ Cost of the transcript for appeal in accordance with Practice Book section 63-6.
   ☐ Other *(Specify)*: _____

2. The following fees are waived   ☐ Entry fee   ☑ Filing fee   ☐ Appellate filing fee (Supreme or Appellate Court)
   ☐ Other *(Specify)*: _____

3. ☐ All costs for participation in a parenting education program shall be covered by the service provider pursuant to C.G.S. § 46b-69b, because the applicant is found indigent or unable to pay.

4. Counsel is   ☐ Appointed *(Name)*: _____

☐ Denied. If denied only in part, specify: _____

☐ The application for waiver of the payment of a fee or fees or the cost of service of process is DENIED because the applicant has repeatedly filed actions with respect to the same or similar matters, such filings establish an extended pattern of frivolous filings that have been without merit, the application sought is in connection with an action before the court that is consistent with the applicant's previous pattern of frivolous filings, and the granting of such application would constitute a flagrant misuse of Judicial Branch resources.

☐ Counsel is not appointed because the applicant does not face potential incarceration.

| By the Court *(Print or type name of Judge/Fam. Sup. Magistrate)* | On *(Date)* 10/19/22 | Signed *(Judge, FSM, Assistant Clerk)* | Date signed 10/19/22 |
|---|---|---|---|

JD-FM-75  Rev. 12-21

| Name of case | Docket number  *(If applicable)* |
|---|---|
| | |

## Request for Hearing on Denied Application

*The following section applies only to a **denial** of the application for waiver of fees payable to the court or for the costs of service of process. It does not apply to applications for fee waiver for parenting education or to appointment of counsel.*

☐  I request a court hearing on the application.

▶ _____     _____
Signed *(Applicant)*                                                          Date signed

| Hearing to be held at the Court location shown on page 1 on the date and time shown below: | | | |
|---|---|---|---|
| Hearing on *(Date)* | At *(Time)* | Room number | Signed *(Assistant Clerk)* |
| | | | |

## Order After Hearing

The Court, having found the applicant     ☐ Not indigent     ☐ Indigent and unable to pay     hereby orders the application:

☐ Granted as follows:
    ☐ 1. The following costs are ordered paid by the State
        ☐ Costs of service of process not to exceed    $ _____
        ☐ Cost of the transcript for appeal in accordance with Practice Book Section 63-6.
        ☐ Other *(Specify):* _____
    ☐ 2. The following fees are waived     ☐ Entry fee     ☐ Filing fee     ☐ Appellate filing fee (Supreme or Appellate Court)
        ☐ Other *(Specify):* _____

☐ Denied for the following reason(s): _____

☐ The application for waiver of the payment of a fee or fees or the cost of service of process is DENIED because the applicant has repeatedly filed actions with respect to the same or similar matters, such filings establish an extended pattern of frivolous filings that have been without merit, the application sought is in connection with an action before the court that is consistent with the applicant's previous pattern of frivolous filings, and the granting of such application would constitute a flagrant misuse of Judicial Branch resources.

| By the Court *(Print or type name of Judge/FSM)* | On *(Date)* | Signed *(Judge, FSM, Assistant Clerk)* | Date signed |
|---|---|---|---|
| | | | |

          

**APPLICATION FOR WAIVER OF FEES/**
**PAYMENT OF COSTS/APPOINTMENT**
**OF COUNSEL - FAMILY**
JD-FM-75 Rev. 12-21
C.G.S. §§ 46b-160(d), 46b-231, 52-259b;
P.A. 21-15; P.B. §§ 8-2, 25-63, 63-6

*Use only for family/family support magistrate cases.*
*For civil, housing and small claims, use form JD-CV-120.*

**To: The Superior Court**

**Instructions to applicant (person filing)**
1. Print or type all information requested.
2. Sign the Financial Affidavit section in front of a court clerk, a notary public or an attorney.
3. Bring this form to the superior court where your case will be filed or is/was pending.
4. If your application for waiver of fees payable to the court or for payment of costs of service of process is denied, you may ask for a hearing.

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions to Clerk**
1. Bring to a judge or family support magistrate, if applicable.
2. If granted, notify the applicant and counsel, if appointed.
3. If the application for waiver of fees payable to the court or for payment of costs of service of process is denied, and upon request, schedule a hearing.

| Name of case (Name of plaintiff v. Name of defendant) Theodora Ankru Matthew Lodice | Docket number (If applicable) NNH-FA19-5046828-S |
|---|---|

| Judicial District New Haven | Address of court New Haven |
|---|---|

| Name of applicant (Last, first, middle initial) Lodice, Matthew | Address of applicant (Number, street, town, state and zip code) 23 Lyman St, New Britain, CT 06053 | Phone number 860 518 2384 |
|---|---|---|

**Type of proceeding** *(select all that apply)*

- [ ] Motion to Open Judgment
- [ ] Application for Custody
- [ ] Application or Petition for Visitation
- [ ] Other *(ex parte custody, etc.)* (Specify):
- [ ] Motion for Modification
- [ ] Dissolution of Marriage/Civil Union (Divorce)
- [ ] Appellate Matter (Supreme or Appellate Court)
- [x] Contempt
- [ ] Parentage
- [ ] Cross Complaint

**Fee Waiver/Payment of Costs**

I ask that the court order that I do not have to pay fees or costs or order the State to pay the fees or costs below. *(select all that apply)*

- [ ] Entry fee *(fee to file a new case)*
- [ ] Filing fee(s) *(fee to file motion, etc.)*
- [ ] Appellate filing fee (Supreme or Appellate Court)
- [ ] Other *(certified copy of judgment, etc.)* (Specify):
- [x] Costs of service of process *(delivery of papers by a marshal or other proper officer)*
- [ ] Costs for participating in parenting education under C.G.S. § 46b-69b
- [ ] Cost of the transcript for appeal

*Judicial District SUPERIOR COURT New Haven FILED OCT 18 2022 CHIEF CLERK'S OFFICE*

**Grounds for Appeal** *(Complete if requesting waiver of Appellate filing fee/payment of cost of the transcript for appeal.)*

The grounds on which I propose to appeal are:

**Appointment of Counsel** *(This applies only in a contempt proceeding or to the putative parent in a parentage proceeding.)*

- [ ] I ask that the court appoint an attorney to represent me.

**Financial Affidavit**

**1. Dependents** *(people supported by you)*

Total number of dependents *(not including yourself)* [3]

**2. Monthly Income**

| | |
|---|---|
| A. Gross monthly income *(before deductions)* | 2300 |
| B. Net monthly income *(after taxes) from employment* | |
| C. Other income *(TFA, Social Security, child support, alimony, etc.) (Specify which one(s) here):* | + |
| | = |
| **Total Monthly Income (B+C)** | 2700 |

**3. Monthly Expenses**

| | |
|---|---|
| A. Rent/Mortgage | 1000 |
| B. Real Estate Taxes | |
| C. Utilities *(telephone, electric, water, gas, cable, etc.)* | 100 |
| D. Food, *not including SNAP (food stamps)* | 200 |
| E. Clothing | |
| F. Insurance Premiums *(medical/dental, auto, life, home)* | |
| G. Medical/Dental *(costs not covered by insurance)* | |
| H. Transportation *(bus, gasoline, etc.)* | 400 |
| I. Child Care | 680 |
| J. Other *(child support, alimony, etc.) (Specify):* | |
| **Total Monthly Expenses** | 2380 |

**4. Assets**

| | Estimated Value | Loan Balance | Equity |
|---|---|---|---|
| A. Real Estate | | | Real Estate |
| B. Motor Vehicles | 2500 | 5500 | Motor Vehicle -3000 |
| C. Other Personal Property *(for example, jewelry, furniture, etc.)* | | | Other Property |
| D. Savings Account Balance *(Total of all accounts)* | | | Savings |
| E. Checking Account Balance *(Total of all accounts)* | | | Checking |
| F. Cash | | | Cash |
| G. Other Assets *(Specify):* | | | Other Assets |
| **Total Assets** | | | -3000 |

**5. Liabilities/Debts** *(for example, credit card balances, loans, etc.)*
*Do not include mortgage or loan balances that are listed under "Assets.")*

| Type of Debt | Amount Owed | Monthly Payment |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| **Total Liabilities** | | 0 |

Page 1 of 3

| Name of case | Docket number *(If applicable)* |
|---|---|
| | |

**6. If you claim zero Total Monthly Income in number 2 above or zero Total Monthly Expenses in number 3 above, explain how you are supported:**

_____

_____

_____

I certify that the information in this application is true and accurate to the best of my knowledge and that I can, if asked, document all income, expenses, and liabilities listed above.

**Notice ▶** | *Any false statement made by you under oath that you do not believe to be true and that is intended to mislead a public servant in the performance of his or her official function may be punishable by a fine and/or imprisonment.*

| Signed *(Applicant)* | Print name of person signing at left | Date signed |
|---|---|---|
| | Matthew Lodies | 10/18/22 |
| Subscribed and sworn to before me: | On *(Date)* 10/18/22 | Signed *(Notary Public, Commissioner of the Superior Court, Assistant Clerk)* |

---

**ADA NOTICE**

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

---

**Order** *(To be completed by the Court)*

The Court, having found the applicant *(Select all that apply):* ☐ Not indigent ☒ Indigent **and** unable to pay

☐ Indigent **or** unable to pay *for parenting education* program under C.G.S. § 46b-69b, hereby orders the application:

☒ Granted as follows:

    1. The following costs are ordered paid by the State
        ☒ Costs of service of process not to exceed:   $ *State limit*
        ☐ Cost of the transcript for appeal in accordance with Practice Book section 63-6.
        ☐ Other *(Specify):* _____

    2. The following fees are waived   ☐ Entry fee   ☒ Filing fee   ☐ Appellate filing fee (Supreme or Appellate Court)
        ☐ Other *(Specify):* _____

    3. ☐ All costs for participation in a parenting education program shall be covered by the service provider pursuant to C.G.S. § 46b-69b, because the applicant is found indigent or unable to pay.

    4. Counsel is   ☐ Appointed *(Name):* _____

☐ Denied. If denied only in part, specify: _____

☐ The application for waiver of the payment of a fee or fees or the cost of service of process is DENIED because the applicant has repeatedly filed actions with respect to the same or similar matters, such filings establish an extended pattern of frivolous filings that have been without merit, the application sought is in connection with an action before the court that is consistent with the applicant's previous pattern of frivolous filings, and the granting of such application would constitute a flagrant misuse of Judicial Branch resources.

☐ Counsel is not appointed because the applicant does not face potential incarceration.

| By the Court *(Print or type name of Judge/Fam. Sup. Magistrate)* | On *(Date)* | Signed *(Judge, FSM, Assistant Clerk)* | Date signed |
|---|---|---|---|
| Donald R. Green, FSM | 10/19/22 | | 10/19/22 |

| Name of case | Docket number  (If applicable) |
|---|---|
|  |  |

## Request for Hearing on Denied Application

*The following section applies only to a **denial** of the application for waiver of fees payable to the court or for the costs of service of process. It does not apply to applications for fee waiver for parenting education or to appointment of counsel.*

☐  I request a court hearing on the application.

▶ _____     _____
Signed *(Applicant)*                                                      Date signed

| Hearing to be held at the Court location shown on page 1 on the date and time shown below: | | | |
|---|---|---|---|
| Hearing on *(Date)* | At *(Time)* | Room number | Signed *(Assistant Clerk)* |

## Order After Hearing

The Court, having found the applicant      ☐ Not indigent      ☐ Indigent and unable to pay      hereby orders the application:

☐ Granted as follows:

    ☐ 1. The following costs are ordered paid by the State

        ☐ Costs of service of process not to exceed      $ _____

        ☐ Cost of the transcript for appeal in accordance with Practice Book Section 63-6.

        ☐ Other *(Specify):* _____

    ☐ 2. The following fees are waived      ☐ Entry fee      ☐ Filing fee      ☐ Appellate filing fee (Supreme or Appellate Court)

        ☐ Other *(Specify):* _____

☐ Denied for the following reason(s):

☐ The application for waiver of the payment of a fee or fees or the cost of service of process is DENIED because the applicant has repeatedly filed actions with respect to the same or similar matters, such filings establish an extended pattern of frivolous filings that have been without merit, the application sought is in connection with an action before the court that is consistent with the applicant's previous pattern of frivolous filings, and the granting of such application would constitute a flagrant misuse of Judicial Branch resources.

| By the Court *(Print or type name of Judge/FSM)* | On *(Date)* | Signed *(Judge, FSM, Assistant Clerk)* | Date signed |
|---|---|---|---|
|  |  |  |  |

ORDER    435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

5/31/2023

## ORDER

ORDER REGARDING:
10/19/2022 232.00 POST-JUDGMENT MOTION FOR MODIFICATION - CUSTODY, VISITATION

The foregoing, having been considered by the Court, is hereby:

ORDER:

See Orders of the court re: Post Judgment Motions dated 5/31/2023

Judicial Notice (JDNO) was sent regarding this order.

435701

Judge: JANE KUPSON GROSSMAN
Processed by: Nancy Sasser

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

**APPLICATION FOR WAIVER OF FEES/ PAYMENT OF COSTS/APPOINTMENT OF COUNSEL - FAMILY**

*Family*

JD-FM-75  Rev. 12-21
C.G.S. §§ 46b-160(d), 46b-231, 52-259b;
P.A. 21-15; P.B. §§ 8-2, 25-63, 63-6

*Use only for family/family support magistrate matters.*
*For civil, housing and small claims, use form JD-CV-120.*

**To: The Superior Court**

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions to applicant (person filing)**
1. Print or type all information requested.
2. Sign the Financial Affidavit section in front of a court clerk, a notary public or an attorney.
3. Bring this form to the superior court where your case will be filed or is/was pending.
4. If your application for waiver of fees payable to the court or for payment of costs or service of process is denied, you may ask for a hearing.

**Instructions to Clerk**
1. Bring to a judge or family support magistrate, if applicable.
2. If granted, notify the applicant and counsel, if appointed.
3. If the application for waiver of fees payable to the court or for payment of costs of service of process is denied, and upon request, schedule a hearing.

| Name of case (Name of plaintiff v. Name of defendant) | Docket number (If applicable) |
|---|---|
| Theodora Anerv Mattuen Lodice | NNH-FA 19-5046829-9 |

| Judicial District | Address of court |
|---|---|
| New Haven | New Haven |

| Name of applicant (Last, first, middle initial) | Address of applicant (Number, street, town, state and zip code) | Phone number |
|---|---|---|
| Lodice, Matthew | 23 Lymah St, New Britain, CT 06053 | 860 518 2380 |

**Type of proceeding** *(select all that apply)*

- [ ] Motion to Open Judgment
- [ ] Application for Custody
- [ ] Application or Petition for Visitation
- [ ] Other *(ex parte custody, etc.) (Specify):* _____
- [x] Motion for Modification
- [ ] Dissolution of Marriage/Civil Union (Divorce)
- [ ] Appellate Matter (Supreme or Appellate Court)
- [ ] Contempt
- [ ] Parentage
- [ ] Cross Complaint

**Fee Waiver/Payment of Costs**

I ask that the court order that I do not have to pay fees or costs or order the State to pay the fees and costs below. *(select all that apply)*

- [ ] Entry fee *(fee to file a new case)*
- [x] Filing fee(s) *(fee to file motion, etc.)*
- [ ] Appellate filing fee (Supreme or Appellate Court)
- [ ] Other *(certified copy of judgment, etc.) (Specify):* _____
- [x] Costs of service of process *(delivery of papers by state marshal or other proper officer)*
- [ ] Costs for participating in parenting education under C.G.S. § 46b-69b
- [ ] Cost of the transcript for appeal

Judicial District of New Haven
SUPERIOR COURT
FILED
OCT 18 2022
CHIEF CLERK'S OFFICE

**Grounds for Appeal** *(Complete if requesting waiver of Appellate filing fee/payment of cost of the transcript for appeal.)*

The grounds on which I propose to appeal are: _____

**Appointment of Counsel** *(This applies only in a contempt proceeding or to the putative parent in a parentage proceeding.)*

- [ ] I ask that the court appoint an attorney to represent me.

**Financial Affidavit**

**1. Dependents** *(people supported by you)*

Total number of dependents *(not including yourself)* [ 3 ]

**2. Monthly Income**

A. Gross monthly income *(before deductions)* .......... 2300

B. Net monthly income *(after taxes) from employment* ..........

C. Other income *(TFA, Social Security, child support, alimony, etc.)* .......... *(Specify which one(s) here):*

+

=

**Total Monthly Income (B+C)** 2300

**3. Monthly Expenses**

A. Rent/Mortgage .......... 1000

B. Real Estate Taxes ..........

C. Utilities *(telephone, electric, water, gas, cable, etc.)* 100

D. Food, *not including SNAP (food stamps)* .. 200

E. Clothing ..........

F. Insurance Premiums *(medical/dental, auto, life, home)* ..........

G. Medical/Dental *(costs not covered by insurance)* ..........

H. Transportation *(bus, gasoline, etc.)* .......... 400

I. Child Care .......... 680

J. Other *(child support, alimony, etc.) (Specify):*

**Total Monthly Expenses** 2380

**4. Assets**

| | Estimated Value | Loan Balance | Equity |
|---|---|---|---|
| A. Real Estate ........ | | | Real Estate |
| B. Motor Vehicles .... | 2500 | 5500 | Motor Vehicle ~3000 |
| C. Other Personal Property ............ *(for example, jewelry, furniture, etc.)* | | | Other Property |
| D. Savings Account Balance *(Total of all accounts)* ........ | | | Savings |
| E. Checking Account Balance *(Total of all accounts)* ...... | | | Checking |
| F. Cash ............ | | | Cash |
| G. Other Assets *(Specify):* | | | Other Assets |
| | | **Total Assets** | ~3000 |

**5. Liabilities/Debts** *(for example, credit card balances, loans, etc. Do not include mortgage or loan balances that are listed under "Assets".)*

| Type of Debt | Amount Owed | Monthly Payment |
|---|---|---|
| | | |
| | | |
| | | |
| **Total Liabilities** | | 0 |

Page 1 of 3

| Name of case | Docket number *(If applicable)* |
|---|---|
| | |

**6. If you claim zero Total Monthly Income in number 2 above or zero Total Monthly Expenses in number 3 above, explain how you are supported:**

_____

_____

_____

I certify that the information in this application is true and accurate to the best of my knowledge and that I can, if asked, document all income, expenses, and liabilities listed above.

**Notice ▶** | ***Any false statement made by you under oath that you do not believe to be true and that is intended to mislead a public servant in the performance of his or her official function may be punishable by a fine and/or imprisonment.***

| Signed *(Applicant)* | Print name of person signing at left | Date signed |
|---|---|---|
| | Mamley Lodice | 10/18/22 |
| Subscribed and sworn to before me: | On *(Date)* 10/14/22 | Signed *(Notary Public, Commissioner of the Superior Court, Assistant Clerk)* |

---

**ADA NOTICE**

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

---

**Order** *(To be completed by the Court)*

The Court, having found the applicant *(Select all that apply):* ☐ Not indigent   ☑ **Indigent and** unable to pay

☐ Indigent **or** unable to pay *for parenting education* program under C.G.S. § 46b-69b, hereby orders the application:

☑ Granted as follows:

    1. The following costs are ordered paid by the State
        ☑ Costs of service of process not to exceed:   $ _Sheriff_
        ☐ Cost of the transcript for appeal in accordance with Practice Book section 63-6.
        ☐ Other *(Specify):* _____

    2. The following fees are waived   ☐ Entry fee   ☑ Filing fee   ☐ Appellate filing fee (Supreme or Appellate Court)
        ☐ Other *(Specify):* _____

    3. ☐ All costs for participation in a parenting education program shall be covered by the service provider pursuant to C.G.S. § 46b-69b, because the applicant is found indigent or unable to pay.

    4. Counsel is   ☐ Appointed *(Name):* _____

☐ Denied. If denied only in part, specify: _____

☐ The application for waiver of the payment of a fee or fees or the cost of service of process is DENIED because the applicant has repeatedly filed actions with respect to the same or similar matters, such filings establish an extended pattern of frivolous filings that have been without merit, the application sought is in connection with an action before the court that is consistent with the applicant's previous pattern of frivolous filings, and the granting of such application would constitute a flagrant misuse of Judicial Branch resources.

☐ Counsel is not appointed because the applicant does not face potential incarceration.

| By the Court *(Print or type name of Judge/Fam. Sup. Magistrate)* | On *(Date)* 10/19/22 | Signed *(Judge, FSM, Assistant Clerk)* | Date signed 10/19/22 |
|---|---|---|---|
| | | | |

| Name of case | Docket number *(If applicable)* |
|---|---|
|  |  |

## Request for Hearing on Denied Application

*The following section applies only to a **denial** of the application for waiver of fees payable to the court or for the costs of service of process. It does not apply to applications for fee waiver for parenting education or to appointment of counsel.*

☐   I request a court hearing on the application.

▶ _____     _____
Signed *(Applicant)*                                                                           Date signed

| **Hearing to be held at the Court location shown on page 1 on the date and time shown below:** | | | |
|---|---|---|---|
| Hearing on *(Date)* | At *(Time)* | Room number | Signed *(Assistant Clerk)* |

## Order After Hearing

The Court, having found the applicant     ☐ Not indigent     ☐ Indigent and unable to pay     hereby orders the application:

☐ Granted as follows:

    ☐ 1. The following costs are ordered paid by the State
        ☐ Costs of service of process not to exceed      $ _____
        ☐ Cost of the transcript for appeal in accordance with Practice Book Section 63-6.
        ☐ Other *(Specify):* _____

    ☐ 2. The following fees are waived     ☐ Entry fee     ☐ Filing fee     ☐ Appellate filing fee (Supreme or Appellate Court)
        ☐ Other *(Specify):* _____

☐ Denied for the following reason(s): _____

☐ The application for waiver of the payment of a fee or fees or the cost of service of process is DENIED because the applicant has repeatedly filed actions with respect to the same or similar matters, such filings establish an extended pattern of frivolous filings that have been without merit, the application sought is in connection with an action before the court that is consistent with the applicant's previous pattern of frivolous filings, and the granting of such application would constitute a flagrant misuse of Judicial Branch resources.

| By the Court *(Print or type name of Judge/FSM)* | On *(Date)* | Signed *(Judge, FSM, Assistant Clerk)* | Date signed |
|---|---|---|---|
|  |  |  |  |

**CASEFLOW REQUEST**
JD-FM-292  Rev. 7-22

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*. |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions**
*Select the appropriate type of request being made, provide the additional information requested, and the reason for your request.*
*If you need to request a continuance of a scheduled court date, do not use this form.  Please use form JD-CV-21, Motion for Continuance, for all continuance requests.*

**Note:**
*If the request is granted, the court will schedule the event for the requested date, if that date is available.*
*If that date is not available, the court will schedule the event for the next available date.*

| COURT USE ONLY |
|---|
| FACFREQ |

Name of case *(Plaintiff v. Defendant)*
**Theodora Antar v. Matthew Lodice**

| Judicial District of | Date of scheduled event *(if applicable)* | Name of Judge who scheduled the event *(if applicable)* | Docket number |
|---|---|---|---|
| **New Haven** | **11/15/2022** | | **NNH** FA **19-5046828** - S |

**I am requesting:** *(Select box(es) that apply and give reason(s) for request below)*

☐ A Status Conference on or about: *(date)* _____

☐ Pretrial on or about: *(date)* _____

☐ That the following pendente lite motion(s), in which I am the moving party or the attorney for the moving party, be scheduled on the earliest available Motion Docket:

1. Motion # _____ entitled _____
2. Motion # _____ entitled _____
3. Motion # _____ entitled _____
4. Motion # _____ entitled _____
5. Motion # _____ entitled _____

☒ Other: **Mark Off Hearing of 11/15/2022** _____

This case is already scheduled for the following court event(s) on the date(s) shown:

| Case Date(s): | Trial or specially assigned hearing date(s): | Other: *(specify event and date)* |
|---|---|---|
| **Case Date: 02/02/23** | | **RPD: 12/1/22, Hearing: 02/01/23** |

**Reason(s) for request** *(must be completed for all requests of any type)*:

**Attorney Cretella would like to mark off the hearing of 11/15/2022 as it is in regards to Entry 148.00 Plaintiff's Motion to Modify of 03/14/22 and Entry 187.00 Plaintiff's Motion for Contempt of 06/29/2022 of which we want to mark both motions off.**

I agree to notify my client and all counsel of record and self-represented parties whether the requested action is granted or denied, and if granted, the specific ruling of the court. I have told all counsel and self-represented parties of record that I would be asking for the requested action.  **All Counsel and Self-represented Parties:**

☐ Consent     ☐ Do not consent to the action requested above

| Signed *(Person making request)* | Name of attorney and juris number or self-represented party *(Print or type)* |
|---|---|
| | **Donald J. Cretella, LLC** |

The person requesting the action is the:

☐ Plaintiff     ☐ Defendant     ☒ Attorney for Plaintiff     ☐ Attorney for Defendant

| Firm name *(If applicable)* | Address | Telephone number *(with area code)* |
|---|---|---|
| **Zingaro & Cretella, LLC** | **681 State Street, New Haven, CT 06511** | **203-777-7755** |

I certify that a copy of the above was mailed or delivered on the date shown below to all counsel and self-represented parties of record. A sheet is attached listing the name and address of each party the copy was mailed or delivered to.

| Signed *(Individual attorney or self-represented party)* | Date |
|---|---|
| | **11/14/2022** |

| Name of case *(Plaintiff v. Defendant)* | Docket number |
|---|---|
| Theodora Antar v. Matthew Lodice | NNH FA 19-5046828    - S |

## Order

Request is

☐ Granted      ☐ Denied

The court further orders:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

| Signed *(Judge)* | Date |
|---|---|
| | |

JD-FM-292   Rev. 7-22

ORDER    435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
    V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
    AT NEW HAVEN

11/14/2022

<u>ORDER</u>

ORDER REGARDING:
11/14/2022 234.00 CASEFLOW REQUEST - FAMILY MATTERS (FORM JD-FM-292)

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

Judicial Notice (JDNO) was sent regarding this order.

435701
_____
Judge: JANE KUPSON GROSSMAN

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

**COURT ORDER -**
**FAMILY SUPPORT MAGISTRATE**
JD-FM-170 Rev. 1-22

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

| Court Use Only |
| --- |
| JDFM170 |

**ADA NOTICE**

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*

*Instruction to Clerk*
Keep the original and forward the copies to the State Case Registry. If this order includes a IV-D adjudication of parentage, also forward a certified copy of this form to the State Case Registry.

| Judicial District | Court location *(Number, street and town)* | | | Docket number | |
| --- | --- | --- | --- | --- | --- |
| **New Haven** | **235 Church Street New Haven, CT** | | | **NNHFA195046828S** | |
| Defendant in Military? | AAG Present? | | SES Present? | File companionized with docket number: | |
| | **Yes** | | **No** | | |
| Plaintiff's name | | Present? | Assisted by Interpreter | Plaintiff's attorney *(Name if applicable)* | Present? |
| **THEODORA F ANTAR** | | **No** | | | |
| Defendant's name | | Present? | Assisted by Interpreter | Defendant's attorney *(Name if applicable)* | Present? |
| **MATTHEW J LODICE** | | **No** | | | |

| **Case Description** | Case type | | | Type of Motion | Entry Number(s) |
| --- | --- | --- | --- | --- | --- |
| | **Visitation** | | | **Modification** | **227.00** |
| | Type of Judgment | | | Type of service | |

| **Children** *(if parentage action, fill in date of birth)* | Name | D.O.B. *(If parentage action)* | Name | D.O.B. *(If parentage action)* |
| --- | --- | --- | --- | --- |
| | 1. | | 4. | |
| | 2. | | 5. | |
| | 3. | | 6. | |

| Order | | | |
| --- | --- | --- | --- |
| **Additional Orders** | **Marked off for no service in the file at this time.** | | |
| By the Court | Signed (Judge/F.S.M./Asst. Clerk) | | Date of Order |
| **JENNIFER SUSANNE AGUILAR, F.S.M.** | **Dylan Wingard (By the Clerk 089998)** | | **11/15/2022** |

This document has been signed electronically in compliance with the State of Connecticut Judicial Branch E-Filing Procedures and Technical Standards which can be found at www.jud.ct.gov

DOCKET NO.:  NNH-FA19- 5046828-S    :        SUPERIOR COURT

THEODORA ANTAR                      :        J.D. OF NEW HAVEN

VS.                                 :        AT NEW HAVEN

MATTHEW LODICE                      :        NOVEMBER 21, 2022

## **PROPOSED CUSTODY AND PARENTING PLAN**

1. The Parties will share joint legal custody of the minor child Angelina Lodice (DOB: 05/21/2019).

2. Primary residence will be with the Mother.

3. The parenting schedule shall be as Follows:

   - The Father will have parenting time with the minor child every other weekend from Friday at 6:00pm until Monday at 9:00am. The Father will drop the child off to daycare/school on Monday Morning no later than 9:00am. Father will ensure the minor child is dropped off at a time consistent with school policies of whichever school the child attends.

   - The Mother will drop the minor child off to daycare/school on Friday Mornings no later than 9:00am or at a time consistent with school policies of whichever school the child attends.

   - When it is the Father's weekend with the child, the Father will pick the child up from daycare/school no later than 6:00pm on Friday evenings.

   - If for any reason the child's daycare/school is closed, or it is a school Holiday on a Monday of the Father's weekend, the Father is to drop the child off to the Mother at Walmart Supercenter in Wallingford, CT located at 844 N Colony Road, Wallingford, CT 06492 at 9:00am .

- If for any reason the school is closed, or it is a school Holiday on a Friday of the Father's weekend, the Mother is to drop the child off to the Father at the Walmart Supercenter in Wallingford, CT located at 844 N Colony Road, Wallingford, CT 06492 at 6:00pm.

4. Travel

- If either parent intends to travel with the children out of the State of Connecticut for purposes of any extended vacation or other extended period of visitation, he/she shall notify the other parent of the plans and provide a complete itinerary to the other parent thirty (30) days prior to the intended start date of vacation in writing via the Our Family Wizard App.

- Each parent shall be allowed up to two (2) non-consecutive vacation weeks, equivalent to seven (7) full nights each vacation week, per year.

- The Mother may renew the passport for the child as needed.

5. Holidays

- Mother's Day and Father's Day- Each parent will have parenting time on their respective day from 10:00am until 7:00pm. Parties will meet at Walmart Supercenter in Wallingford, CT located at 844 N Colony Road, Wallingford, CT 06492 for the exchange of the minor child on their respective holiday if it is not their regular scheduled day with the child.

- Thanksgiving- the Father shall pick the child up from the Mother on Thanksgiving at 2:00pm each year and keep her overnight. Father will then drop the child off on the Friday after Thanksgiving to her school/daycare if open. If closed, the Father shall drop the child off to the

Mother at Walmart Supercenter in Wallingford, CT located at 844 N Colony Road, Wallingford, CT 06492 by 9:00am if it is not his regularly scheduled parenting time.

- Christmas Eve – Christmas Even shall be spent with the Mother each year for religious ceremonial services.

- Christmas Day-  The Mother shall drop the child off to the Father at the Walmart Supercenter located at 844 N Colony Road, Wallingford, CT 06492 at 12:00pm each year. The Father will keep the child overnight until the morning of December 26th each year. On said date, December 26th, the Father will drop the child off to her school/daycare. If closed, the Father shall drop the child off to the Mother at the Walmart Supercenter located at 844 N Colony Road, Wallingford, CT 06492 at 9:00am if it is not his regularly scheduled day with the child.

- Greek Orthodox Holy Wednesday – Greek Orthodox Holy Wednesday shall be spent with the Mother each year.

- Greek Orthodox Holy Friday – Greek Orthodox Holy Friday shall be spent with the Mother each year.

- Greek Orthodox Holy Saturday – Greek Orthodox Holy Saturday shall be spent with the Mother each year.

- Halloween – On even number years the child will spend Halloween with the Father. On odd number years the child will spend Halloween with the Mother. The Father shall drop the child off, the day after Halloween, to her school/daycare. If closed, the Father shall drop the child off to the

Mother at the Walmart Supercenter located at 844 N Colony Road, Wallingford, CT 06492 at 9:00am if it is not his regularly scheduled day with the child.

- Fourth of July – On even number years the child will spend Fourth of July with the Father. On odd number years the child will spend Fourth of July with the Mother. . The Father shall drop the child off, the day after Fourth of July, to her school/daycare. If closed, the Father shall drop the child off to the Mother at the Walmart Supercenter located at 844 N Colony Road, Wallingford, CT 06492 at 9:00am if it is not his regularly scheduled day with the child.

- Greek Orthodox Easter – The child will spend Greek Orthodox Easter with the Mother.

- Greek Palm Sunday – Greek Palm Sunday shall be spent with the Mother.

- Child's Birthday – The parties shall share the child's birthday equally. The day shall be split in half as follows; the morning hours being 9:00am-3:00pm and the nighttime hours being 3:00pm-overnight. Whichever parent has the morning hours is to drop the child off to the other parent at 3:30pm at the Walmart Supercenter located at 844 N Colony Road, Wallingford, CT 06492. If the Father has the nighttime hours and has the child overnight on her birthday he is to drop the child off, the day after her birthday to her school/daycare. If closed, the Father shall drop the child off to the Mother at the Walmart Supercenter located at 844 N Colony Road,

Wallingford, CT 06492 at 9:00am if it is not his regularly scheduled day with the child.

6. Religion

- The Mother shall make all Religious decisions for the child

- Father is responsible for taking the child to all of her religious, activities, including but not limited to, Sunday school, GOYA events, and major religious holidays in which the child is involved that occur during his parenting time.

- The Father is responsible for dropping off and picking up the child from Sunday School and other religious events that occur on Sundays during his parenting time.

7. Medical

- All major medical decisions must be made by the parents together.

- Father is to allow the minor child to receive all required vaccinations in order to attend educational programs, school and/or daycare.

- Parents are allowed to get child necessary emergency services when needed.

- In case of an emergency (illness, injury, etc) the parents shall immediately and directly contact each other via telephone call or text message.

- Father is to allow the minor child to receive therapy and/or other mental health services as needed or recommended by other health care personel.

- Each parent is responsible for taking the child to all scheduled medical appointments that occur during their respective parenting time.

8. Right of First Refusal

- If either parent is unable to parent the child for a period in excess of five (5) hours during their parenting time, said parent shall first ask the other parent if he/she can parent the child before allowing anyone else to watch the child. The parties agree that the child's maternal and paternal grandparents may watch the child for 5 hours or more during their parenting time, if needed.

- If any third party will be watching the child for a period of five hours or less or if the other parent agrees to have the child watched by a third party for a period longer than five hours, any third party personnel must be eighteen (18) years or older. Each parent is to give the other parent the name and contact information for said third party personnel. In addition, each parent is to provide the third party with all contact information for each parent, emergency services and emergency contact of the paternal and maternal grandparents.

9. Education

- The minor child will attend her private daycare/school until the age of five.

- After age five, the child will attend Orange Public Schools in Orange, CT.

- The child shall attend public schools unless both parties agree to have the child attend private school. If both parties agree on private education for the child, the parties agree to split the cost equally.

- The partied agree to split the cost equally of any high educational costs for the child that occur in her post-secondary education, including but not limited to college, trade school or any other post-secondary educational program.

10. Communication

- All communication between the Mother and Father is to take place only in the Our Family Wizard App, of which both parties already and currently have.

- All messages sent within the app are to be responded to within twenty-four (24) hours or less.

- The only time communication outside of the app shall occur is in the instance of an emergency (refer to paragraph 7).

- When the child is with the Father, the Mother shall have one phone call each night with the child to say goodnight. The Father shall ensure that said call is answered or immediately returned upon receipt of a voicemail message from Mother.

- When the child is with the Mother, the Father shall have one phone call each night with the child to say goodnight. The Mother shall ensure that said call is answered or immediately retuned upon receipt of a voicemail message from the Father.

- Parties shall not have any communication with each other during the calls with the minor child and shall speak directly to the child.

11.  Extracurricular Activities

- The Father is responsible for taking the child to all her educational,

  sporting, extracurricular and social activities (including but not limited to,

  Sunday School, dance, swimming and birthday parties) in which the child

  is involved that occur during his parenting time.

- Both parties agree to the split the costs of all activities.

12.  The Following Terms will remain in Effect from the Agreement Dated

11/07/2019:

- Father will pay $120.00 per week in Child Support.

- Father will pay 50% of unreimbursed medical and 50% of childcare.

THE PLAINTIFF,
THEODORA ANTAR

BY:  __/s/  _417831_____
Donald J. Cretella, Esq.
Zingaro & Cretella, LLC
681 State Street
New Haven, CT 06511
Juris No.: 419037

## <u>CERTIFICATION</u>

This is to certify that on or about the above date, a copy of the foregoing was delivered to the following:

MATTHEW LODICE
23 LYMAN STREET
NEW BRITAIN, CT 06053

_____/s/___*417831*_____
Donald J. Cretella, Esq.

DOCKET NO.: NNH-FA19-5046828-S      :        SUPERIOR COURT

THEODORA ANTAR              :        J.D. OF NEW HAVEN

VS.                       :        AT NEW HAVEN

MATTHEW LODICE              :        NOVEMBER 21, 2022

## **MOTION FOR CONTEMPT**

1. The parties entered into an Agreement on June 16, 2021 that was made an Order of the Court.

2. The Agreement states that:

   "1. Right of First Refusal: If Either parent is unable to parent the child for a period in excess of three (3) hours during their parenting time, said parent shall first ask the other parent if he/she can parent the child before allowing anyone else to watch the child (with the exception of the child's maternal and paternal grandparents)."

3. On July 30th, 2022, the Defendant informed the Plaintiff that he had left the minor child with a third party for a period of time longer than the allotted three (3) hours. The Defendant made no efforts to give the Plaintiff Right of First Refusal. The child was left the Defendant's son, Dominic Lodice, whom was fifteen (15) year old at the time.

4. On August 19th, 2022 the Defendant informed the Plaintiff that he had left the minor child with a third party for a period of time longer than the allotted three (3) hours. The Defendant made no efforts to give the Plaintiff Right of First Refusal. The Plaintiff contacted the New Britain Police Department at

**ORAL ARGUMENT REQUESTED/**
**TESTIMONY REQUIRED**

which time it was confirmed the Defendant was at work and the minor child

was left in the care of the Defendant's girlfriend, Cherish Sheehan.

5.   On the night of September 16, 2022 the Plaintiff was informed the minor child

was at the Defendant's home with a third party for a period of time longer

than the allotted three (3) hours. The Defendant made no efforts to give the

Plaintiff Right of First Refusal. The Plaintiff contacted the New Britain Police

Department at which time it was confirmed the Defendant was at work and

the minor child was left in the care of her sixteen-year-old half-brother,

Dominic Lodice. The police had Dominic make several attempts to make

contact with the Defendant, however, was unsuccessful in doing so. Dominic

further informed the police that he did not know where his father worked or

what time he would be back. He also stated that the Defendant instructed him

not to open the door for the Plaintiff or the New Britain Police Department.

The police further allowed the Plaintiff to take the minor child home. The

Defendant made no attempted to complete the remainder of his scheduled

parenting time that weekend and made no attempted to see or speak to the

child until September 20 2022.

6.   On the night of September 23, 2022 the Plaintiff was informed the minor child

was at the Defendant's home with a third party for a period of time longer than

the allotted three (3) hours. The Defendant made no efforts to give the Plaintiff

Right of First Refusal. The minor child was left in the care of her sixteen-year-

old half-brother, Dominic Lodice. This same incident occurred again the

following night on September 24, 2022.

**ORAL ARGUMENT REQUESTED/**
**TESTIMONY REQUIRED**

7. On September 30, 2022 the Plaintiff was informed the minor child was left with a third party, Monica Perez, for a period of time longer than the allotted three (3) hours. The Defendant made no efforts to give the Plaintiff Right of First Refusal. Said incident occurred after the Defendant had already informed the Plaintiff he would be with the child during the time period she was left with Ms. Perez.

8. On October 8, 2022, the Plaintiff opted to keep the child since the Defendant gave her the right of first refusal. On October 9, 2022 the Defendant refused to take the child back for his scheduled parenting time. In addition, the Defendant refused to pick her up from Sunday School or reply to any of the Plaintiff's attempts to contact him.

9. On October 14, 2022, the Plaintiff was informed the minor child was at the Defendant's home with a third party for a period of time longer than the allotted three (3) hours. The minor child was left in the care of her sixteen year old half-brother, Dominic Lodice. This same incident occurred the following night of October 15, 2022 as well.

10. The Agreement of June 16, 2021 also states that:

    "4. Both Parents are responsible for taking the child to all her religious, educational. Sporting, extracurricular and social activities (including but not limited to, Sunday School, dance, swimming, and birthday parties in which the child is involved in that occur during their parenting time."

11. On July 24, 2022 the child had a major religious event in which was involved to. Said event took place during the Defendant's parenting time. Plaintiff had

**ORAL ARGUMENT REQUESTED/**
**TESTIMONY REQUIRED**

given the Defendant more than one week notice of said event. The Defendant failed to and refused to bring the child to the event.

12. Prior to Labor Day Weekend, the Plaintiff notified the Defendant via Our Family Wizard App, of a social/religious event that was to take place from September 2, 2022 – September 5, 2022. The child was scheduled to be involved in multiple activities that took place at said event at the Odyssey Greek Festival at Saint Barbara's Greek Orthodox Church in Orange, CT. The Defendant refused to bring the child to any of the events that occurred from the above mentioned time period.

13. The Plaintiff informed the Defendant in advance that the child was involved in and has RSVP'd to a social activity from 12:30pm-3:00pm immediately following Sunday School on September 25, 2022. While the Defendant brought the child to Sunday School, he never returned at 3:00pm to pick the Child up and never responded to any of the Plaintiff's attempts to contact him.

14. The Plaintiff informed the Defendant on August 29, 2022 that the child was involved in and RSVP'd to a social activity on October 7, 2022 from the hours of 1:00pm-4:00pm which was to take place at 55 Elizabeth Street, Hartford, CT. The Defendant refused to bring or allow the Plaintiff to being the child, which resulted in the child missing said event.

15. The Parties appeared back in court on April 12, 2022 on multiple post judgment motions.

16. An order of the court was entered on April 12, 2022 in which it states:

**ORAL ARGUMENT REQUESTED/**
**TESTIMONY REQUIRED**

"The parties shall schedule phone contact with each parent when the minor child is with the other parent at 7:00pm. The Parties will not engage in disparaging acts or conversations during the brief phone contact. The parties will be flexible in recognizing the limitations of the child's age and appropriate attention span."

17. On July 30, 2022 the Defendant refused to allow the Plaintiff to speak to the minor child for a phone call at 7:00pm.

18. On August 1, 2022 and August 14, 2022 the Defendant made several disparaging comments during the Plaintiff's phone call with the minor child.

19. On August 28, 2022 the Defendant made several disparaging comments during the Plaintiff's phone call with the minor child. The Defendant proceeded to yell at the plaintiff in close proximity to the child and subsequently hung up and refused the Plaintiff to finish the phone call with the child.

20. On September 4, 2022 the Defendant made several disparaging statements in which the child could hear during the Plaintiff's phone call with the child. The Defendant subsequently hung up and refused to allow the Plaintiff to finish speaking to the child.

21. On the following dates: September 3, 2022, September 10, 2022, September 23, 2022 and October 1, 2022 the Defendant refused to allow the Plaintiff to speak with the child for the required 7:00pm phone call.

22. On the following dates: September 1, 2022, September 2, 2022 September 10, 2022 and October 5, 2022 the Defendant made inappropriate and

**ORAL ARGUMENT REQUESTED/**
**TESTIMONY REQUIRED**

disparaging comments to the Plaintiff of which the child could heard during the Plaintiff's phone call with the child.

23. The parties appeared back in court on June 28, 2022 on multiple Post Judgment motions.

24. An order of the court was entered on June 28, 2022, entry #184.00, in which it states:

"The mother will bring the child to the home of the paternal grandmother on Fridays between 9:00am and noon."

25. On September 9, 2022 the Plaintiff attempted to bring the child to the paternal grandmother's home at approximately 9:30am and the Defendant informed the Plaintiff with only 30 minutes notice that the paternal grandmother would not be home and she could not take the child. The Defendant made no arrangements to be present for the exchange since his mother was unavailable.

26. On October 14, 2022 the Plaintiff arrived at the paternal grandmother's home at approximately 9:00am to drop off the minor child. Upon arrival the defendant, nor the Defendants mother were home to take the minor child. At which time, the Plaintiff then brought the minor child to school.

27. The Order states the following:

"The parties are ordered to respond to Our Family Wizard messages within 24 hours."

3. There are several instances, specifically but limited to, the dates of June 30, 2022 –October 22, 2022 where the Defendant did not reply to several

**ORAL ARGUMENT REQUESTED/**
**TESTIMONY REQUIRED**

messages on the Family Wizard App within the specified 24 hour time period and some of which the Defendant never replied at all.

**WHEREFORE**, the Plaintiff requests the following relief:

1. A finding that the Defendant is in willful contempt of the June 16, 2021 agreement;

2. A finding that the Defendant is in willful contempt of the June 28, 2022 order;

3. A finding that the Defendant is in willful contempt of the April 12, 2022 order;

4. An Order that for every instance the Defendant or paternal grandmother is not home between the hours of 9:00am-12:00pm on Friday's, it be Contempt per se and a sanction of $100 be imposed;

5. An Order that for every instance the Defendant does not reply to message within 24 hours in the Family Wizard App, it be Contempt per se and a sanction of $50 be imposed;

6. An Order that the Defendant pay the Plaintiff's attorney's fees associated with the prosecution of this motion; and

7. Any other relief that the Court may deem appropriate.

**ORAL ARGUMENT REQUESTED/**
**TESTIMONY REQUIRED**

THE PLAINTIFF,

_____

By: Donald J. Cretella, ESQ.
Zingaro & Cretella, LLC
681 State Street
New Haven, Connecticut 06511
(203) 777-7755
Juris No.: 419037

**ORAL ARGUMENT REQUESTED/**
**TESTIMONY REQUIRED**

**ORDER**

The foregoing motion having been duly heard, it is hereby ordered:

**GRANTED / Denied**

BY THE COURT,

_____
JUDGE / CLERK

**CERTIFICATION**

This is to certify that on or about the above date, a copy of the foregoing was delivered to:

Matthew Lodice
23 Lyman Street
New Britain, CT 06053

_____
DONALD J. CRETELLA

**ORAL ARGUMENT REQUESTED/
TESTIMONY REQUIRED**

ORDER   435701

DOCKET NO: NNHFA195046828S

SUPERIOR COURT

ANTAR, THEODORA, F
    V.
LODICE, MATTHEW, J

JUDICIAL DISTRICT OF NEW HAVEN
    AT NEW HAVEN

5/30/2023

ORDER

ORDER REGARDING:
11/21/2022 237.00 MOTION FOR CONTEMPT

The foregoing, having been considered by the Court, is hereby:

ORDER: DENIED

The plaintiff has failed to prove, by clear and convincing evidence, that the defendant violated court orders.

The motion for contempt is denied.

Judicial Notice (JDNO) was sent regarding this order.

435701

Judge: JANE KUPSON GROSSMAN

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

ORDER    435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

5/31/2023

ORDER

ORDER REGARDING:
11/21/2022 237.00 MOTION FOR CONTEMPT

The foregoing, having been considered by the Court, is hereby:

ORDER:

See Orders of the court re: Post Judgment Motions dated 5/31/2023

Judicial Notice (JDNO) was sent regarding this order.

435701

Judge: JANE KUPSON GROSSMAN
Processed by: Nancy Sasser

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

**REQUEST FOR REFERRAL**
**BY FAMILY SERVICES**
JD-FM-230   Rev. 3-21

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions to Family Relations Counselor/Supervisor:**
*1. Request to be filled out by the Family Relations Counselor/Supervisor.*
*2. Check the applicable boxes in the request.*
*3. Indicate the length of time requested to complete the referral.*
*4. Submit completed request to the court at the time of referral.*

**Instruction to Clerk:**
*Retain original in court file and provide a copy to the Family Services Office.*

| Court Use Only |
| --- |
| **REQREF** |

| Name of case | Docket number |
| --- | --- |
| **Antar, Theodora, F vs Lodice, Matthew, J** | **NNH FA195046828S** |

| Judicial District of | Address of court |
| --- | --- |
| **New Haven** | **235 Church Street, New Haven, CT 06510** |

## Family Services Request for Referral

Family Services has screened the above matter and is recommending the following:

[x] Case Management   **General Case Management**

[ ] Mediation

[ ] Conflict Resolution Conference

[ ] Issue Focused Evaluation

[ ] Comprehensive Evaluation

[ ] Family Relations Pretrial

[ ] Access to prior sealed CSSD-Family Services reports

Referral will address the following issues:

**To contact DCF, current and previous mental health providers for the plaintiff, defendant, and minor child.  Information gathered should include treatment dates, diagnoses, treatment compliance, and any information relating to each parent's ability to parent.**

Requested time to complete referral   **60 days**

| Requested by (Name of Family Relations Counselor/Supervisor) | Date signed |
| --- | --- |
| **Dennis Reilly** | **12/5/2022** |

## Order of Court

The court has reviewed the above request for referral by Family Services and the request is hereby:

[ ] Granted

[ ] Granted, with the following changes:

[ ] Denied

| By the court | On (date) | Signed (Judge/Assistant Clerk) | Date signed |
| --- | --- | --- | --- |
| | | | |

**ADA NOTICE**

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

ORDER   435701

DOCKET NO: NNHFA195046828S                    SUPERIOR COURT

ANTAR, THEODORA, F                            JUDICIAL DISTRICT OF NEW HAVEN
   V.                                        AT NEW HAVEN
LODICE, MATTHEW, J
                                              12/5/2022


<u>ORDER</u>


ORDER REGARDING:
12/05/2022 238.00 REQUEST FOR REFERRAL BY CSSD FAMILY SERVICES (FORM JD-FM-230)

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

Judicial Notice (JDNO) was sent regarding this order.

435701
_____
Judge: JANE KUPSON GROSSMAN


This document may be signed or verified electronically and has the same validity and status as a document with a physical
(pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services*
*Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the
Connecticut General Statutes and Connecticut Practice Book Section 4-4.

ORDER   435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

12/1/2022

## ORDER

Plaintiff Present. Plainitff counsel.

The following order is entered in the above matter:

ORDER:

The Court held a resolution plan date on 12/1/2022 where the plaintiff and plaintiff's counsel were present and the defendant was not. The Court finds the following:

The case is referred to family relations for case management. The parties are ordered to sign releases so that family relation can have access to DCF records and mental health records of the parties and minor child.

Between now and trial date no more resolution plan dates or case dates will be scheduled.

All pending motions will be heard on February 1, 2023. The February 2, 2023 case date is marked OFF.

Judicial Notice (JDNO) was sent regarding this order.

435701

Judge: JANE KUPSON GROSSMAN
Processed by: Valentina Velez

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

DOCKET NO.:NNH-FA19-5046828-S : SUPERIOR COURT

THEODORA ANTAR : J.D. OF NEW HAVEN

VS. : AT NEW HAVEN

MATTHEW LODICE : DECEMBER 21, 2022

## PLAINITFF'S MOTION TO COMPEL, PENDENTE LITE

Pursuant to Practice Book §25-32A, the Plaintiff, THEODORA ANTAR, hereby moves that the

Defendant, be compelled to provide compliance in response to Plaintiff's Request for Mandatory

Disclosure and Production of Documents, dated September 12, 2022. In support thereof, the Plaintiff

represents as follows:

1.   On September 12, 2022, the Plaintiff served on the Defendant a Request for Mandatory
     Disclosure and Production of Documents;

2.   The Defendant did NOT file for an Extension of Time to reply to the Plaintiff's Request;

3.   The Defendant did NOT file an objection to the Plaintiff's Request;

4.   The Defendant's deposition with schedule A was noticed for November 4, 2022.  The
     Schedule A asked for production of documents that nearly mirrors the Standard Requests
     for Production;

**ORAL ARGUMENT REQUESTED/**
**TESTIMONY REQUIRED**

5.      To date, the Defendant has failed to comply with a majority of the Requests contained in the Plaintiff's Request for Production.

6.      The Plaintiff is separately filing a Memorandum in Support of this Motion as required by Practice Book §25-32A detailing the Defendant's missing discovery.

**WHEREFORE**, the Plaintiff respectfully requests the following relief:

1.  The Defendant be ordered to fully comply with the Plaintiff's discovery requests;

2.  The Defendant be ordered to pay Plaintiff's counsel fees and costs incurred in connection with this motion;

3.  The Court order such other and further relief as is deemed appropriate;

THE PLAINTIFF,

BY_____417831_____
                Donald J. Cretella, ESQ.
                Zingaro & Cretella, LLC
                681 State Street
                New Haven, CT 06511
                Juris No.:  419037

**ORAL ARGUMENT REQUESTED/**
**TESTIMONY REQUIRED**

**ORDER**

The foregoing motion, having been heard, is hereby:

GRANTED     /        DENIED.

_____
JUDGE/CLERK

**CERTIFICATION**

This is to certify that on the above date, a copy of the foregoing was mailed, postage prepaid, to

the following:

MATTHEW LODICE
23 LYMAN STREET
NEW BRITAIN, CT 06053

_____417831_____
DONALD J. CRETELLA, ESQ.

**ORAL ARGUMENT REQUESTED/**
**TESTIMONY REQUIRED**

ORDER    443504

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

1/8/2023

ORDER

ORDER REGARDING:
12/21/2022 240.00 MOTION TO COMPEL

The foregoing, having been considered by the Court, is hereby:

ORDER:

The defendant shall respond to the plaintiff's discovery requests and produce responsive documents no later than January 20, 2023. All other requests for relief may be pursued at a future date.

Judicial Notice (JDNO) was sent regarding this order.

443504

Judge: CHRISTOPHER A H GRIFFIN

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

DOCKET NO.:NNH-FA19-5046828-S     :          SUPERIOR COURT

THEODORA ANTAR                    :          J.D. OF NEW HAVEN

VS.                               :          AT NEW HAVEN

MATTHEW LODICE                    :          DECEMBER 21, 2022


**<u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL</u>**

**<u>COMPLIANCE, PENDENTE LITE</u>**


The Plaintiff hereby submits this Memorandum in Support of the Plaintiff's Motion to

Compel, Pendente Lite, pursuant to §25-32A of the Connecticut Practice Book.

In support thereof, the Plaintiff represents the following:

1.     On September 12, 2022, the Plaintiff served on the Defendant a Request for

       Mandatory Disclosure and Production of Documents;

2.     The Defendant did NOT file for an Extension of Time to reply to the Plaintiff's

       Request;

3.     The Defendant did NOT file an objection to the Plaintiff's Request;

4.     The Defendant's deposition with schedule A was noticed for November 4, 2022.

       The Schedule A asked for production of documents that nearly mirrors the

       Standard Requests for Production.

5.     To date, the Plaintiff has failed to comply with a majority of the Requests

       contained in the Defendant's Request for Production.


The following documents remain outstanding, which documents are not available to the

Plaintiff, and are necessary for her to prosecute her case:


1.  All Federal and State Income tax returns filed within the last three years including

personal returns and returns filed on behalf of any partnership or closely held corporation of which the defendant is or was a partner or shareholder;

2. Copies of statements detailing any bonus or commission earned within the last three years;

3. Any and all current employment or business contracts;

4. IRS forms W-2's, 1099's and K-l's within the last three years and those for the past year if the income tax returns for that year have not been prepared;

5. Copies of all wage statements or other evidence of income for the current year and the final last pay stub/wage statement from the year 2020;

6. Statement for all accounts maintained within any financial institution including banks, brokers, and financial managers for the past three years; Specifically but not limited to:

    a) Credit One – Account ending in 5056 for the past three years.

    b) People's United Bank – Account ending in 7822 for the past three years.

    c) TD Bank Business – Checking account ending in 5436 for 01/01/2019 – 06/23/2021

    d) Wells Fargo – Checking account ending in 7421 for 01/01/2019 – 05/01/2020

7. All credit card and or loan statements for the past three years;

8. The most recent statement showing any interest in any Keogh, IRA profit sharing plan, deferred compensation plan, defined pension benefit, or any retirement account;

6.  The most recent statement regarding any insurance on the life of either party, showing face value, cash value (if any), and beneficiary;

7.  A summary furnished by the employer, of the party's medical insurance policy coverage and cost thereof;

8.  Any and all information regarding the value, shares, purchase or withdrawals of any stocks owned by the defendant for the past three years;

9.  Any written appraisal concerning any assets including any business that may be owned by the defendant solely or with others;

10. Copies of any and all deeds of conveyances to or from the Defendant during the course of this marriage to the present time;

11. A current sworn financial affidavit that complies with the statutes.

12. A non-redacted copy of all venmo transactions.

13. All statements and records pertaining to the Defendant's Home Depot Pro Tool Account from January 2021 to Present.


                                    THE PLAINTIFF,


                                    BY_____417831_____
                                     DONALD J. CRTELL, ESQ
                                     ZINGARO & CRETELLA, LLC
                                     1087 BROAD STREET
                                     BRIDGEPORT, CT 06604
                                     JURIS NO.:  419037

**ORDER**

The foregoing motion, having been heard, is hereby:

GRANTED   /   DENIED.

_____
JUDGE/CLERK

**CERTIFICATION**

This is to certify that on the above date, a copy of the foregoing was mailed, postage

prepaid, to the following:

MATTHEW LODICE
23 LYMAN STREET
NEW BRITAIN, CT 06053

BY_____417831_____
DONALD J. CRETELLA, ESQ.

**CASEFLOW REQUEST**
JD-FM-292  Rev. 7-22

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*. |
|---|



STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions**
*Select the appropriate type of request being made, provide the additional information requested, and the reason for your request. If you need to request a continuance of a scheduled court date, do not use this form. Please use form JD-CV-21, Motion for Continuance, for all continuance requests.*

**Note:**
*If the request is granted, the court will schedule the event for the requested date, if that date is available. If that date is not available, the court will schedule the event for the next available date.*

| COURT USE ONLY |
|---|
| FACFREQ |



Name of case *(Plaintiff v. Defendant)*
**Theodora Antar v. Matthew Lodice**

| Judicial District of | Date of scheduled event *(if applicable)* | Name of Judge who scheduled the event *(if applicable)* | Docket number |
|---|---|---|---|
| **New Haven** | **02/01/2023** | | **NNH FA 19-5046828  - S** |

## I am requesting: *(Select box(es) that apply and give reason(s) for request below)*

☐ A Status Conference on or about: *(date)* _____
☐ Pretrial on or about: *(date)* _____
☐ That the following pendente lite motion(s), in which I am the moving party or the attorney for the moving party, be scheduled on the earliest available Motion Docket:

| | | |
|---|---|---|
| 1. Motion # _____ | entitled | _____ |
| 2. Motion # _____ | entitled | _____ |
| 3. Motion # _____ | entitled | _____ |
| 4. Motion # _____ | entitled | _____ |
| 5. Motion # _____ | entitled | _____ |

☒ Other: **Mark off Hearing of 02/01/23** _____

This case is already scheduled for the following court event(s) on the date(s) shown:

| Case Date(s): | Trial or specially assigned hearing date(s): | Other: *(specify event and date)* |
|---|---|---|
| | | **Hearing 02/01/23 @ 2:00PM** |

**Reason(s) for request *(must be completed for all requests of any type):***

**Attorney Cretella would like to request the hearing of 02/01/23 be marked off and rescheduled for the next available date as the Defendant has not complied with the court order (Entry #240.01) of 01/08/23. As such, the Defendant has not provided the undersigned's office with the outstanding discovery needed to proceed with the scheduled hearing.**

I agree to notify my client and all counsel of record and self-represented parties whether the requested action is granted or denied, and if granted, the specific ruling of the court. I have told all counsel and self-represented parties of record that I would be asking for the requested action.  **All Counsel and Self-represented Parties:**

☐ Consent          ☐ Do not consent to the action requested above

| Signed *(Person making request)* | Name of attorney and juris number or self-represented party *(Print or type)* |
|---|---|
| | **Donald J. Cretella, Esq.** |

The person requesting the action is the:

☐ Plaintiff          ☐ Defendant          ☒ Attorney for Plaintiff          ☐ Attorney for Defendant

| Firm name *(If applicable)* | Address | Telephone number *(with area code)* |
|---|---|---|
| **Zingaro & Cretella, LLC** | **681 State Street, New Haven, CT 06511** | **203-777-7755** |

I certify that a copy of the above was mailed or delivered on the date shown below to all counsel and self-represented parties of record. A sheet is attached listing the name and address of each party the copy was mailed or delivered to.

| Signed *(Individual attorney or self-represented party)* | Date |
|---|---|
| | |

| Name of case *(Plaintiff v. Defendant)* | Docket number |
|---|---|
| **Theodora Antar v. Matthew Lodice** | NNH FA 19-5046828    - S |

## Order

Request is

☐ Granted          ☐ Denied

The court further orders:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

| Signed *(Judge)* | Date |
|---|---|
| | |

JD-FM-292   Rev. 7-22

ORDER   435701

DOCKET NO: NNHFA195046828S                    SUPERIOR COURT

ANTAR, THEODORA, F                            JUDICIAL DISTRICT OF NEW HAVEN
   V.                                        AT NEW HAVEN
LODICE, MATTHEW, J
                                              1/26/2023


ORDER


ORDER REGARDING:
01/26/2023 242.00 CASEFLOW REQUEST - FAMILY MATTERS (FORM JD-FM-292)

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

The February 1, 2023 hearing is marked off.

Judicial Notice (JDNO) was sent regarding this order.

435701
_____

Judge: JANE KUPSON GROSSMAN

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

DOCKET NO.: NNH-FA19-5046828-S : SUPERIOR COURT

THEODORA ANTAR : J.D. OF NEW HAVEN

VS. : AT NEW HAVEN

MATTHEW LODICE : JANUARY 26, 2023

## MOTION FOR CONTEMPT

In that the Plaintiff in the above captioned matter filed a Notice of Serving Request for

Mandatory Disclosure and Production (Entry #224.00) on the Defendant on September 12, 2022.

In that the Plaintiff in the above captioned matter filed a Motion to Compel (Entry

#240.00) and a Memorandum of Support of Motion to Compel (Entry #241.00) on 12/21/2022

regarding outstanding discovery and production items.

In that on January 8, 2023 it was made an order of the court (Entry #240.01) that:

*"The Defendant shall respond to the plaintiff's discovery requests and produce*

*responsive documents no later than January 20, 2023."*

In that the Defendant has not responded to the plaintiff's discovery request and/or

produced responsive documents despite the deadline of January 20, 2023.

Wherefore the Plaintiff is requesting the following relief:

1.  An order finding the Defendant in willful contempt;

2.  Attorney's fees associated with the filing and prosecution of this motion;

3.  Any other sanction and/or relief deemed appropriate by the court.

THE PLAINTIFF,

_____/s/417831_____

By: Donald J. Cretella, Esq.
681 State Street
New Haven, CT 06511
(203) 777-7755
Juris #: 419037

**ORDER**

The foregoing motion having been heard is hereby:

GRANTED/DENIED

_____
JUDGE

**CERTIFICATION**

This is to certify that on or about the above date, a copy of the foregoing was delivered to the following:

MATTHEW LODICE
23 LYMAN STREET
NEW BRITAIN, CT 06053

_____/s/417831_____
Donald J. Cretella, Esq.

**NOTICE TO COURT**
**FAMILY SERVICES UNIT**
JD-FM-223  New 8-14

STATE OF CONNECTICUT
**SUPERIOR COURT- FAMILY DIVISION**
Family Services Notice to Court

Court Use Only
**FSNOTIC**



| Judicial District | Docket Number | CMIS number |
|---|---|---|
| New Haven | NNH FA195046828S | RF20223350100 |

| Plaintiff's Name *(Last, first, middle initial)* | Defendant's Name *(Last, first, middle initial)* |
|---|---|
| Antar, Theodora, F | Lodice, Matthew, J |

| Attorney for Plaintiff | Attorney for Defendant |
|---|---|
| Donald Cretella | Self-Represented |

Intervenor's Name *(Last, first, middle initial)*, if applicable

| Attorney for Intervenor, if applicable | Attorney for Minor Child/GAL, if applicable |
|---|---|
| | |

This matter was referred to Family Services by Judge  HON. JANE GROSSMAN

for   General Case Management   on   12/1/2022

At this time Family Services is informing the court that:

☐ The service has been completed and the parties intend to submit an agreement to the court.

☐ The service has been completed and a report has been submitted to the court.

☒ The matter is being returned to court for further direction.

☐ An extension is being requested to complete the court ordered service. Please extend the date to _____.

Note to Clerk:

☐ This matter should be placed on a court calendar.

| Submitted By | Date |
|---|---|
| Annamaria Baranowski | 1/30/2023 |

On December 5, 2022, the Court referred this matter for General Case Management. Family Services was tasked with contacting the Department of Children and Families, current and previous mental health providers for the plaintiff, defendant, and minor child. Information gathered should include treatment dates, diagnoses, treatment compliance, and any information relating to each parent's ability to parent.  A final meeting was held with the parents and the Plaintiff's counsel of record on January 30, 2023 at 2:00pm. An agreement relative to a parenting plan was not reached. Thus, Family Services is returning this matter to Court for further direction.

Respectfully submitted,

Annamaria Baranowski, M.S.
Family Relations Counselor II

**APPLICATION FOR EMERGENCY
EX PARTE ORDER OF CUSTODY**
JD-FM-222   Rev. 11-22
C.G.S. § 46b-56f; P.A. 21-15

| This form is available in other language(s). | For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. |
|---|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions**
1. Complete this form, including the affidavit on page 2.
2. Attach an Affidavit Concerning Children, form JD-FM-164.
3. If there is not yet a court case, or post-judgment motion to modify custody, you must file it with this application (e.g., the divorce, legal separation, annulment, custody action, or post-judgment motion to modify custody must be filed with this application).
4. Bring the original and a copy of this form to the court clerk's office.
5. After your application is processed, the clerk will give you the proper papers to have served on the respondent.
6. Make sure the originals are returned to court after service.

Court Use Only
**EXPCUS**

| Judicial District of **New Haven** | At (Town) **New Haven** | Return date (If applicable) **09/16/2019** | Docket number **NNH-FA19-5046828-S** |
|---|---|---|---|

Name of case (Plaintiff v. Defendant)
**Theodora Antar v. Matthew Lodice**

1. I, (Name and address) **Theodora Antar 856 Shagbark Drive, Orange, CT 06477**

   am the Applicant for this emergency ex parte order of custody, and I am the [X] Parent  [ ] Legal Guardian  of the following child or children for whom I am seeking this order (attach additional sheets if necessary):

| Child's Name (First, Middle Initial, Last) | Date of birth (Month, day, year) |
|---|---|
| Angelia Maria Lodice | 05/21/2019 |
| | |
| | |

2. The Respondent (Name and address) **Matthew Lodice, 23 Lyman Street, New Britain, CT 06053**

   is the [X] Parent  [ ] Legal Guardian  of the child or children named above.

3. I am filing or there is already a pending matter in which I am a party for:
   - [ ] divorce (dissolution of marriage).
   - [ ] annulment.
   - [ ] post-judgment modification of custody.
   - [ ] legal separation.
   - [X] custody of the child or children named above.

4. I believe there is an immediate and present risk of physical danger or psychological harm to the child or children listed above as further explained in the attached affidavit.

## I ask the Court to enter the following ex parte orders:

- [X] Temporary legal and physical custody to  **Theodora Antar**
- [ ] Visitation as follows:
- [X] No visitation.
- [ ] Respondent may not remove the child or children from the State of Connecticut.
- [ ] Respondent may not interfere with Applicant's custody of the child or children.
- [ ] Respondent may not interfere with the educational program of the child or children.
- [ ] Other (specify):

| Signed (Attorney or self-represented party) | Printed name of person signing **Donald J. Cretella, Esq.** | Date signed **03/12/2023** |
|---|---|---|
| Address (Number, street, town or city, state, zip code) **681 State Street, New Haven, CT 06511** | | Telephone number ( 203 ) 777 - 7755 |

Page 1 of 3

| *Name of case (Plaintiff v. Defendant)* | Docket number |
|---|---|
| Theodora Antar v. Matthew Lodice | NNH-FA19-5046828-S |

## Affidavit

I, *(Name)*  Theodora Antar _____, am the Applicant in this matter and swear to the following *(explain the events that have occurred, when they occurred, and why you believe that there is an immediate and present risk of physical danger or psychological harm to the child or children)*:

1. An emergency ex parte order is required because *(attach additional sheets if necessary)*:

Starting on 01/15/2023 there has been numerous incidents of my minor daughter ( almost 4 years old) making concerning comments and displaying behaviors sexual in nature of which she states her brother Dom, whom is her step brother that resides in the respondents home, has done to her. My daughter has began acting sexually towards stuffed animals and when I question her as to what she is doing she states "I am doing what Dom does to me." I have captured many incidents on video of which my daughter references to the alleged abuse and/or mentions certain things she is asked to do or sees while at the respondents home. The respondent has allowed his son, Dom only 16 years of age, to watch my daughter alone on numerous occasions despite many conversations with the defendant regarding that it is inappropriate and unsafe for her to be left alone with him given his age and that I do not agree to such. The respondent informs me that he will no longer leave the minor child in the care of his son, however, he continues to do so. Both DCF and New Britain Police advised the respondent  on 02/11/23 it would be in his best interest for the daughter to stay with the plaintiff and to suspend his visitation to which both the respondent and the plaintiff agreed to. As such the daughter had no visitation with the respondent from 01/30/23 to 03/10/2023. This past Friday (03/10/23) the respondent arrived at my daughters school and took her along with all of her belongings. I notified both State Police and New Britain Police Department of such at which time the police conducted the requested wellness check. The respondent refused to show the daughter for the wellness check. I requested a second wellness check 03/11/2023, during which the respondent, again, refused to show the child to police. As such, the police could not confirm to me that my daughter was safe. The respondent further dropped the child off on Sunday morning to my mother at church. My daughter informed me on Sunday that she was left alone with Dom all day on Saturday (03/11/23) while the respondent was out of the home at work and that Dom had sexually abused her. I am very concerned for the well being of my daughter when in the care of the respondent as he has made no efforts to monitor his son around our daughter but only continues to leave her in his care despite being aware of the on going investigation.

2. An emergency ex parte order is in the best interests of the child or children because there is an immediate and present risk of physical danger or psychological harm to the child or children named in this application.

3. *(Select one)* I  ☐ have  ☒ have not    been a party or a witness or participated in any other capacity in any other proceeding in Connecticut or in any other state concerning custody of or visitation with any child listed in this application. *If you have, identify the name of any court(s), the court case number(s) and the date(s) of any order(s):*

4. *(Select one)*
☐ I have or another person has taken the following actions to inform the respondent of this application *(if it was another person, state who it is)*:

☒ No actions have been taken to inform the respondent of this application, but the court should consider this application on an ex parte basis for the following reasons:

The court should consider and grant this application due to the urgent nature of the detailed incident as well as DCF/Police involvement.

| I certify that the statements above are true to the best of my knowledge and belief. | Signed *(Affiant)* | Print name of person signing |
|---|---|---|
| | | Theodora Antar |
| Subscribed and sworn to before me *(Assistant Clerk, Commissioner of Superior Court, Notary Public)* | | Date signed |
| | | 03/13/2023 |

| Name of case (Plaintiff v. Defendant) | |
|---|---|
| Theodora Antar v. Matthew Lodice | Docket number<br>**NNH-FA19-5046828-S** |

## Order (To be completed by the court)

☒ **The Court has reviewed this application and finds that an immediate and present risk of physical danger or psychological harm to the child or children exists, and in the best interests of the child or children the Court enters the below ex parte order and orders that a hearing be held no later than 14 days from the date of this order.**

☐ Temporary legal and physical custody to _____

☐ Visitation as follows: _____

☐ No visitation.

☐ Respondent may not remove the child or children named in the application from the State of Connecticut.

☐ Respondent may not interfere with Applicant's custody of the child or children named in the application.

☐ Respondent may not interfere with the educational program of the child or children named in the application.

☒ Other: Defendant shall not leave the minor child alone with her step brother.
All other custody, access, and visitation orders remain in effect and are not disturbed by this order.

☐ This application for ex parte orders is denied. A hearing shall be ordered on the application, pursuant to General Statutes § 46b-56f (c).

By the Court (Judge)  C Griffin     Date ordered 03/13/2023

## Order for Notice and Summons (To be completed by clerk)

The court orders that a hearing on this Application be held on (date) 3/27/23 at (time) 9:30 AM.

This hearing will be held   ☒ in person at:

| Superior Court, Judicial District of:<br>New Haven | Room number (if known)<br>3 E | Phone number (Area code first)<br>203-503-6800 |
|---|---|---|
| Court location (Number, street and town)<br>235 CHURCH STREET, NEW HAVEN CT  06510 | | |

☐ remotely (online by video). You are ordered to:

- File an Appearance form with a current, valid e-mail address at least 5 days before this hearing, unless you have already done so;
- Attend this hearing by following the instructions that are sent to your e-mail address by the court; and
- Contact the court clerk's office before the scheduled time of this hearing if you are unable to follow the instructions.

You must contact the court clerk's office at least 5 days before this hearing if you do not have or cannot get an e-mail address, or if you do not have access to an electronic device that you can use to participate in this remote hearing.

The court further orders the Applicant to give the Respondent notice of this Application, the Affidavit, any ex parte order, and this order, by having a true and attested copy served on the Respondent by any proper officer at least 5 days before the date of the hearing. Proof of service must be made to this Court.

To any proper officer: By the Authority of the State of Connecticut, you must serve a true and attested copy of the Application, Affidavit, Ex Parte Order (if any), and this order on the person named below in one of the ways required by law at least **5 days** before the date of the hearing, and file proof of service with this Court.

| Person to be served<br>Matthew Lodice | Address | |
|---|---|---|
| By the Court<br>(Griffin, J) | Assistant Clerk | Date signed<br>3/13/23 |

ORDER   435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

3/27/2023

ORDER

ORDER REGARDING:
03/13/2023 245.00 APPLICATION FOR EMERGENCY EX PARTE ORDER OF CUSTODY

Plaintiff Present. Defendant Present. Plaintiff Counsel.

The foregoing, having been considered by the Court, is hereby:

ORDER:

The Court held a remote hearing regarding the Application for Emergency Ex Parte (#245.00) with all parties and Plaintiff's counsel present.

The Application for Emergency Ex Parte (#245.00) is denied.

The parties' regular access schedule remains in place. The mother is ordered to follow this regular schedule without exception.

While DCF and or police department investigations are pending the father is ordered to ensure that the parties' child will not be left alone with her siblings.

Judicial Notice (JDNO) was sent regarding this order.

435701

Judge: JANE KUPSON GROSSMAN
Processed by: Valentina Velez

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

State of Connecticut
Post Date: 03/13/2023
Payfile: 2306944-1

DOCKET NO.: NNH-FA19-5046828-S       :        SUPERIOR COURT

THEODORA ANTAR                :        J.D. OF NEW HAVEN

V.                            :        AT NEW HAVEN

MATTHEW LODICE               :        MARCH 13, 2023

Docket: FA1950468288
Receipt No.: 0441882
Amount: $180.00

List Total: 001  $180.00

## EMERGENCY EX-PARTE MOTION FOR MODIFICATION

In that, there is an allegation of sexual assault of the minor child (A.L) by a minor step-brother resident of the father's household;

In that, the Department of Child and Families was contacted on 02/01/2023;

In that, the police were also contacted and began an investigation on 02/01/2023;

**Wherefore,** the Plaintiff respectfully requests the following relief:

1. A modification of the September 25, 2019 custody and visitation agreement;

2. An order that the Plaintiff be granted sole legal custody of the minor child A.L in order to make decisions in the child's best interest during this difficult time;

3. An order that the visitation between the minor child (A.L) and the Defendant be immediately suspended;

4. An order that the Defendant have no unsupervised contact with the minor child (A.L);

5. Any other relief the court deems fair and appropriate.

THE PLAINTIFF,
THEODORA ANTAR

BY:_____

DONALD J. CRETELLA
ZINGARO & CRETELLA, LLC
681 STATE STREET
NEW HAVEN, CT 06511
JURIS NO.: 419037

## ORDER

**ORAL ARGUMENT REQUESTED/
TESTIMONY REQUIRED**

The foregoing motion having been duly heard, it is hereby ordered:

**GRANTED** / **Denied**

BY THE COURT,

_____
JUDGE / CLERK

## CERTIFICATION

This is to certify that on or about the above date, a copy of the foregoing was sent, postage prepaid, to:

Matthew Lodice
23 Lyman Street
New Britain, CT 06053

_____
DONALD J. CRETELLA

**ORAL ARGUMENT REQUESTED/
TESTIMONY REQUIRED**

| Plaintiff's Name *(Last, first, middle initial)* | Defendant's Name *(Last, first, middle initial)* | Docket Number |
|---|---|---|
| Antar | Lodice | FA19- 5046828-S |

## Order For Hearing and Summons *(To be completed by clerk or support enforcement officer, if applicable)*

The Court orders that a hearing be held at the time and place shown below. The Court also orders the
☒ Plaintiff  ☐ Defendant  ☐ Support Enforcement Officer  to give notice to the opposing party of the Motion and of the time and place where the court will hear it, by having a true and attested copy of the Motion and this Order served on the opposing party by any proper officer at least ~~12 days~~ 5 before the date of the hearing. Proof of service must be made to this Court ~~at least 6 days~~ before the date of hearing.

| Hearing to be held at ➡ | Superior Court, Judicial District of New Haven | | Date 3/27/23 |
|---|---|---|---|
| | Court Address 235 CHURCH STREET, NEW HAVEN CT 06510 | Room Number 3E | Time 9:30 AM |

To any proper officer:
By the Authority of the State of Connecticut, you must serve a true and attested copy of the above Motion and Order For Hearing and Summons on the person named below in one of the ways required by law at least ~~12 days~~ 5 before the date of the hearing, and file proof of service with this Court ~~at least 6 days~~ before the hearing.

| Person to be Served Matthew Lodice | Address |
|---|---|
| By the Court (Griffin, J) | Assistant Clerk/Support Enforcement Officer | Date Signed 3/13/23 |

## Order

The court has heard this motion and orders it

☐ Granted        ☐ Denied        and        ☐ Further orders *(if applicable)*:

_____

_____

| By the Court *(Judge/Family Support Magistrate/Assistant Clerk)* | Date Ordered |
|---|---|

**For Court Use Only**
Fee for Motion to Modify:        ☒ Paid        ☐ Waived

JD-FM-174 (Back/Page 2)  Rev. 2-13

State of Connecticut
Post Date: 03/13/2023
Payfile: 2306944-1

DOCKET NO.: NNH-FA19-5046828-S      :

THEODORA ANTAR      :

V.      :

MATTHEW LODICE      :

Docket: FA195046828S
Receipt No.: 0441882
Amount: $180.00
List Total: 001  $180.00

SUPERIOR COURT

J.D. OF NEW HAVEN

AT NEW HAVEN

MARCH 13, 2023

## EMERGENCY EX-PARTE MOTION FOR MODIFICATION

In that, there is an allegation of sexual assault of the minor child (A.L) by a minor step-brother resident of the father's household;

In that, the Department of Child and Families was contacted on 02/01/2023;

In that, the police were also contacted and began an investigation on 02/01/2023;

**Wherefore,** the Plaintiff respectfully requests the following relief:

1. A modification of the September 25, 2019 custody and visitation agreement;

2. An order that the Plaintiff be granted sole legal custody of the minor child A.L in order to make decisions in the child's best interest during this difficult time;

3. An order that the visitation between the minor child (A.L) and the Defendant be immediately suspended;

4. An order that the Defendant have no unsupervised contact with the minor child (A.L);

5. Any other relief the court deems fair and appropriate.

THE PLAINTIFF,
THEODORA ANTAR

BY: _____

DONALD J. CRETELLA
ZINGARO & CRETELLA, LLC
681 STATE STREET
NEW HAVEN, CT 06511
JURIS NO.: 419037

## ORDER

**ORAL ARGUMENT REQUESTED/
TESTIMONY REQUIRED**

The foregoing motion having been duly heard, it is hereby ordered:

**GRANTED / Denied**

BY THE COURT,

_____
JUDGE / CLERK

## CERTIFICATION

This is to certify that on or about the above date, a copy of the foregoing was sent, postage prepaid, to:

Matthew Lodice
23 Lyman Street
New Britain, CT 06053

DONALD J. CRETELLA

**ORAL ARGUMENT REQUESTED/
TESTIMONY REQUIRED**

| Plaintiff's Name *(Last, first, middle initial)* | Defendant's Name *(Last, first, middle initial)* | Docket Number |
|---|---|---|
| Antar | Lodice | FA19- 5046828-S |

## Order For Hearing and Summons *(To be completed by clerk or support enforcement officer, if applicable)*

The Court orders that a hearing be held at the time and place shown below. The Court also orders the
[X] **Plaintiff**   [ ] **Defendant**   [ ] **Support Enforcement Officer**   to give notice to the opposing party of the Motion and of the time and place where the court will hear it, by having a true and attested copy of the Motion and this Order served on the opposing party by any proper officer at least ~~12 days~~ **5** before the date of the hearing. Proof of service must be made to this Court ~~at least 6 days~~ before the date of the hearing.

| Hearing to be held at → | Superior Court, Judicial District of New Haven | | Date 3/27/23 |
|---|---|---|---|
| | Court Address 235 CHURCH STREET, NEW HAVEN CT 06510 | Room Number 3E | Time 9:30 AM |

To any proper officer:
By the Authority of the State of Connecticut, you must serve a true and attested copy of the above Motion and Order For Hearing and Summons on the person named below in one of the ways required by law at least ~~12 days~~ **5** before the date of the hearing, and file proof of service with this Court ~~at least 6 days~~ before the hearing.

| Person to be Served Matthew Lodice | Address | |
|---|---|---|
| By the Court (Griffin, J) | Assistant Clerk/Support Enforcement Officer *(signature)* | Date Signed 3/13/23 |

## Order   The court has heard this motion and orders it

[ ] **Granted**   [ ] **Denied**   **and**   [ ] **Further orders** *(if applicable):*

_____

_____

| By the Court *(Judge/Family Support Magistrate/Assistant Clerk)* | Date Ordered |
|---|---|

**For Court Use Only**
Fee for Motion to Modify:   [X] Paid   [ ] Waived

JD-FM-174 (Back/Page 2)   Rev. 2-13

ORDER    435701

DOCKET NO: NNHFA195046828S                    SUPERIOR COURT

ANTAR, THEODORA, F                            JUDICIAL DISTRICT OF NEW HAVEN
    V.                        AT NEW HAVEN
LODICE, MATTHEW, J
                                              5/31/2023


<u>ORDER</u>


ORDER REGARDING:
03/13/2023 247.00 POST-JUDGMENT MOTION FOR MODIFICATION - CUSTODY, VISITATION

The foregoing, having been considered by the Court, is hereby:

ORDER:

See Orders of the court re: Post Judgment Motions dated 5/31/2023

Judicial Notice (JDNO) was sent regarding this order.

_____
435701

Judge: JANE KUPSON GROSSMAN
Processed by: Nancy Sasser

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

**AFFIDAVIT CONCERNING CHILDREN**
JD-FM-164   Rev. 1-22
C.G.S. § 46b-115s; P.A. 21-15; P.B. § 25-57

| This form is available in other language(s). | Court Use Only<br>**AFFACUS** |
| --- | --- |

STATE OF CONNECTICUT
**SUPERIOR COURT**
**COURT OF PROBATE**
www.jud.ct.gov

**Instructions:**
*Fill out this form completely.*
*You must swear that your statements are true and sign this form in front of a court clerk, a notary public, or an attorney who will also sign and date the affidavit.*

| Judicial District of<br>**New Haven** | At *(Town)*<br>**New Haven** | Probate District name and number | Docket number<br>**NNH-FA19-5046828-S** |
| --- | --- | --- | --- |

| Plaintiff/Applicant's name *(Last, first, middle initial)*<br>**Antar, Theodora** | Defendant/Respondent's name *(Last, first, middle initial)*<br>**Lodice, Matthew** |
| --- | --- |

**You must provide information about the past five years for each child affected by this case. Provide the information below.**
**If you need more space, use form JD-FM-164A.**

Child's name *(First, middle, last)*
**Angelia Maria Lodice**

Date of birth *(Month, day, year)*
**05/21/2019**

| Date(s) of residence | Place of residence<br>*(Town or city, and state, unless confidential by court order)* | Name(s) and present address(es) of person(s) child lived with *(unless confidential)* | Relationship to child |
| --- | --- | --- | --- |
| From **05/21/2019** To **The present**<br>*(date)* | **856 Shagbark Drive**<br>**Orange, CT 06477** | **Theodora Antar**<br>**Juliana Viglione** | **Mother**<br>**Sister** |
| From _____ To _____<br>*(date)*       *(date)* | | | |
| From _____ To _____<br>*(date)*       *(date)* | | | |
| From _____ To _____<br>*(date)*       *(date)* | | | |
| From _____ To _____<br>*(date)*       *(date)* | | | |

Child's name *(First, middle, last)*

Date of birth *(Month, day, year)*

☐ Residence information is same as for child above. *(If not same, provide information)*

| Date(s) of residence | Place of residence<br>*(Town or city, and state, unless confidential by court order)* | Name(s) and present address(es) of person(s) child lived with *(unless confidential)* | Relationship to child |
| --- | --- | --- | --- |
| From _____ To **The present**<br>*(date)* | | | |
| From _____ To _____<br>*(date)*       *(date)* | | | |
| From _____ To _____<br>*(date)*       *(date)* | | | |
| From _____ To _____<br>*(date)*       *(date)* | | | |
| From _____ To _____<br>*(date)*       *(date)* | | | |

☐ Select here if additional children are listed on JD-FM-164A.

*Page 1 of 2*

1. *(Select one)*  ☐ I have  ☒ I have not  been involved as a party or a witness or in any other capacity in a case or cases in Connecticut or in another state concerning custody of or visitation with any child listed in this affidavit. If you selected "I have," give the name of the court, the court case number and the date of the decision in the case or cases:

*(Select item 2 or 3 below)*

2. ☐  I do not know of other civil or criminal cases in Connecticut or another state, now or in the past,  that could affect the current case, including enforcement cases and family violence, protective order, termination of parental rights and adoption cases.

3. ☐  I know of the following civil or criminal cases, in Connecticut or another state, now or in the past, that could affect the current case,  including enforcement cases and family violence, protective order, termination of parental rights and adoption cases.

| Case name | Docket number | Court location *(Including state)* |
|---|---|---|
| State v. Matthew Lodice | A05D-CR23-01960622-S | Derby - GA 05 |
| Nature of proceeding |  |  |
| 53a-183 HARASSMENT 2ND DEG |  |  |

| Case name | Docket number | Court location *(Including state)* |
|---|---|---|
|  |  |  |
| Nature of proceeding |  |  |

4. *(Select one)*  ☒ No one except the plaintiff/applicant and defendant/respondent has physical custody or claims to have custody or visitation rights regarding any child listed here.

☐ The following person(s) has physical custody or claims to have custody or visitation rights regarding any child listed here:

**Name:** _____

**Address:** _____
*(unless confidential)*

5. The parent of the child(ren) named in the Complaint or Application is pregnant.

☐ Yes   ☒ No   ☐ Do not know

6. A child has been born to the parent named in the Complaint or Application after the filing of the Complaint or Application.

☐ Yes   ☒ No   ☐ Do not know      If yes, fill in the following:

| Child's name | Date of birth *(Month, day, year)* |
|---|---|
|  |  |

Signature

Print name of person signing
**Theodora Antar**

Sworn to before me *(Assistant Clerk/Commissioner of Superior Court/Notary Public)*

| Date signed |
|---|
| 03/13/2023 |

JD-FM-164   Rev. 1-22

*Page 2 of 2*

> **You must tell the court about any case in Connecticut or another state that could affect this case, if you learn about it during this case.**

**ADA NOTICE**
The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

**MOTION FOR CONTINUANCE**
JD-CV-21   Rev. 5-15
C.G.S. § 52-196
P.B. §§ 14-23, 14-24

**ADA NOTICE**
The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

| COURT USE ONLY |
|---|
| **MFCSE** |

**Instructions To Person Making Motion**
*Fill out all sections of this form except the Order section and file it with the Clerk of the Court at least three (3) days before the date of the scheduled event.*

| Docket number |
|---|
| **NNH-FA-19-5046828-S** |

Name of case *(Full name of Plaintiff v. Full name of Defendant)*
**ANTAR, THEODORA, F  v. LODICE, MATTHEW, J**

| [X] Judicial District | [ ] Housing Session | [ ] Geographical Area Number | Address of Court *(Number, street, town and zip code)* **235 CHURCH STREET NEW HAVEN, CT 06510** |
|---|---|---|---|

| Date of Motion **Mar-20-2023** | Sequence Number on Short Calendar *(If applicable)* | Name of Judge Who Scheduled the Event this Continuance is Requested for *(If applicable)* |
|---|---|---|

| Date of Scheduled Event **Mar-27-2023** | Person Making Motion is: [X] Plaintiff's Attorney   [ ] Plaintiff   [ ] Defendant's Attorney   [ ] Defendant   [ ] Other |
|---|---|

| Firm Name, if Applicable **ZINGARO & CRETELLA LLC** | Address **30 CHURCH HILL ROAD UNIT 201 NEWTOWN, CT 06470** | Phone Number (with area code) **203-777-7755** |
|---|---|---|

## Event For Which Continuance Is Requested: *("X" applicable box(es) and explain below)*

[ ] Arbitration
[ ] Administrative Appeal Hearing
[ ] Attorney Trial Referee Proceeding
[ ] Court Trial
[ ] Judicial-Alternative Dispute Resolution (J-ADR)

[ ] Early Intervention Conference
[ ] Fact-Finding
[ ] Foreclosure Mediation
[ ] Jury Trial
[ ] Hearing In Damages

[ ] Pretrial
[ ] Status Conference
[ ] Trial Management Conference
[X] Other  **HEARING**

## Reason(s) For Continuance Request: *("X" reason(s) and provide an explanation)*

[ ] Counsel not ready
[ ] Lay witness not available *(Name of witness)*
[X] Counsel not available
[ ] Party not available *(Name of party)*
[ ] Expert witness not available *(Name of witness)*

[ ] Discovery not complete
[ ] Other

Continue explanation, if necessary:

**Attorney Cretella would like to request a continuance as he will be out of the state on the scheduled date. We request said matter be heard at the scheduled hearing of 04/05/23. Alternatively, if necessaray, said matter can be held remotely on the**

For the above reason(s), I request this case be continued to (date):   **Apr-5-2023**   or   [ ] at the court's discretion.
**See Attached**

I have contacted all counsel and self-represented parties of record about my intention to seek a continuance. All of the counsel and self-represented parties:

[ ] Consent   [ ] Do Not Consent   [X] Have not responded to the above motion for continuance and requested continuance date.
*Note: An agreement to continue a matter does not mean that the motion will automatically be granted by the court.*

**I agree to be responsible for notifying my client, if applicable, and all counsel of record and self-represented parties whether the continuance is granted or denied, and if granted, the new date of the scheduled event.**

## Certification

I certify that a copy of this document was mailed or delivered electronically or non-electronically on *(date)*   **Mar-20-2023**   to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

Name and address of each party and attorney that copy was mailed or delivered to*

**SES-NEW HAVEN - 414-A CHAPEL STREET/2ND FLOOR/NEW HAVEN, CT 06511**

| Signed *(Signature of filer)* ▶ 417831 | Print or type name of person signing **DONALD J CRETELLA JR** | Date signed **Mar-20-2023** |
|---|---|---|
| Mailing address *(Number, street, town, state and zip code)* **681 STATE STREET NEW HAVEN, CT 06511** | | Telephone number **203-777-7755** |

| **Order** | Motion For Continuance is: [ ] Granted   [ ] Denied | Matter Continued To: | Signed *(Judge)* | Date |
|---|---|---|---|---|

*If necessary, attach additional sheet or sheets with name and address which the copy was mailed or delivered to.

**Continuation of JDCV21 Motion For Continuance Form for NNH-FA-19-5046828-S**

**Submitted By ZINGARO & CRETELLA LLC (419037)**

**Additional Information on date continuance is requested:**

already scheduled date and time.

**Continuation of JDCV21 Motion For Continuance Form for NNH-FA-19-5046828-S**

**Submitted By ZINGARO & CRETELLA LLC (419037)**

**Certification of Service (Continued from JDCV21)**

**Name and Address at which service was made:**

THEODORA F ANTAR (Self Represented) - 856 SHAGBARK DRIVE ORANGE, CT 06477

MATTHEW J LODICE (Self Represented) - 23 LYMAN ST. NEW BRITAIN, CT 06053

**\*\*\*\*\* End of Certification of Service \*\*\*\*\***

ORDER   435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

3/20/2023

ORDER

ORDER REGARDING:
03/20/2023 249.00 MOTION FOR CONTINUANCE

The foregoing, having been considered by the Court, is hereby:

ORDER: DENIED

A hearing on the ex parte motion must be conducted within 14 days. If the parties consent to another date the court will make efforts to accommodate that date.

Judicial Notice (JDNO) was sent regarding this order.

435701

Judge: JANE KUPSON GROSSMAN

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

**CASEFLOW REQUEST**
JD-FM-292  Rev. 7-22

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*. |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions**
*Select the appropriate type of request being made, provide the additional information requested, and the reason for your request.*
*If you need to request a continuance of a scheduled court date, do not use this form.  Please use form JD-CV-21, Motion for Continuance, for all continuance requests.*

*Note:*
*If the request is granted, the court will schedule the event for the requested date, if that date is available.*
*If that date is not available, the court will schedule the event for the next available date.*

COURT USE ONLY
FACFREQ

Name of case *(Plaintiff v. Defendant)*
**ANTAR, THEODORA, F v. LODICE, MATTHEW, J**

| Judicial District of | Date of scheduled event *(if applicable)* | Name of Judge who scheduled the event *(if applicable)* | Docket number |
|---|---|---|---|
| **New Haven** | **03/27/2023** | **Judge Grossman** | **NNH FA 5046828**   - S |

**I am requesting:** *(Select box(es) that apply and give reason(s) for request below)*

☐ A Status Conference on or about: *(date)* _____
☐ Pretrial on or about: *(date)* _____
☐ That the following pendente lite motion(s), in which I am the moving party or the attorney for the moving party, be scheduled on the earliest available Motion Docket:

1. Motion # _____ entitled _____
2. Motion # _____ entitled _____
3. Motion # _____ entitled _____
4. Motion # _____ entitled _____
5. Motion # _____ entitled _____

☒ Other:  **Hearing of 3/27/2023 remote**

This case is already scheduled for the following court event(s) on the date(s) shown:

| Case Date(s): | Trial or specially assigned hearing date(s): | Other: *(specify event and date)* |
|---|---|---|
| | | **Hearing-04/05/23** |

**Reason(s) for request** *(must be completed for all requests of any type)*:

**Attorney Cretella would like to request the hearing on 03/27/2023 be held remotely, as he will be out of the state on the scheduled date. In addition, there is a current protective order where Theodora is the protected party. As such, it is in the best interest of the Plaintiff for the hearing to be held remotely.**

I agree to notify my client and all counsel of record and self-represented parties whether the requested action is granted or denied, and if granted, the specific ruling of the court. I have told all counsel and self-represented parties of record that I would be asking for the requested action.  **All Counsel and Self-represented Parties:**

☐ Consent          ☐ Do not consent to the action requested above

| Signed *(Person making request)* | Name of attorney and juris number or self-represented party *(Print or type)* |
|---|---|
| | **Donald Cretella, Esq. 417831** |

The person requesting the action is the:

☐ Plaintiff     ☐ Defendant     ☒ Attorney for Plaintiff     ☐ Attorney for Defendant

| Firm name *(If applicable)* | Address | Telephone number *(with area code)* |
|---|---|---|
| **Zingaro & Cretella** | **681 State Street, New Haven CT, 06511** | **(203) 777-7755** |

I certify that a copy of the above was mailed or delivered on the date shown below to all counsel and self-represented parties of record. A sheet is attached listing the name and address of each party the copy was mailed or delivered to.

| Signed *(Individual attorney or self-represented party)* | Date |
|---|---|
| | **3/21/2023** |

Page 1 of 2

| Name of case *(Plaintiff v. Defendant)* | Docket number |
|---|---|
| **ANTAR, THEODORA, F v. LODICE, MATTHEW, J** | NNH FA 5046828 - S |

## Order

Request is

☐ Granted          ☐ Denied

The court further orders:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

| Signed *(Judge)* | Date |
|---|---|
| | |

JD-FM-292  Rev. 7-22

ORDER   435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
          V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
    AT NEW HAVEN

3/21/2023

ORDER

ORDER REGARDING:
03/21/2023 250.00 CASEFLOW REQUEST - FAMILY MATTERS (FORM JD-FM-292)

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

Judicial Notice (JDNO) was sent regarding this order.

435701
_____

Judge: JANE KUPSON GROSSMAN
Processed by: Nancy Sasser

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

STATE OF CONNECTICUT}
                              } SS: NEW BRITAIN,              MARCH 18, 2023
COUNTY OF HARTFORD  }

Then and by virtue hereof, on the 18th day of March, 2023, I left a verified true and attested copy of the within original **Application For Emergency Ex Parte Order of Custody, Emergency Ex-Parte Motion for Modification, and Affidavit Concerning Children,** with and in the hands of the within named Respondent, **MATTHEW LODICE,** at 23 Lyman Street, in the Town of New Britain.

The within is the original, **Application For Emergency Ex Parte Order of Custody, Emergency Ex-Parte Motion for Modification, and Affidavit Concerning Children,** with my doings hereon endorsed.

FEES:                                        ATTEST:

Pages              $ 8.00
Endorsements        4.50                   ALEX J. RODRIGUEZ
Service            50.00                    STATE MARSHAL
Travel             16.00                    HARTFORD COUNTY

Total              $ 78.50

# LIST OF EXHIBITS

JD-CL-28  Rev. 2-21

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

LISTEXH

Type of Proceeding: **Hearing**  Date(s) of Proceeding: **4/5/2023**

☐ All Exhibits are electronic  ☐ Exhibits are both electronic and physical  ☐ All Exhibits are physical

| Court | ☐ Geographic Area number | ☒ Judicial District of: **New Haven** | ☐ Housing Session | At (Town) **New Haven** |

| Name of Case | Name(s) of Clerk(s) |
| **ANTAR, THEODORA, F V. LODICE, MATTHEW, J** | **Valentina Velez** |

| Name of Judge **Honorable: Jane K. Grossman** | Name(s) of Court Reporter(s) **Allan Greene** | Docket Number **NNHFA195046828S** |

| Plaintiff's Exhibits | | Entered as Full or ID | Defendant's Exhibits | | Entered as Full or ID |
|---|---|---|---|---|---|
| ☐ID ☐Full | 1. | | ☒ID ☐Full | A. **Messages** ☐Electronic ☒Physical | 4/5/2023 |
| ☐ID ☐Full | 2. | | ☐ID ☒Full | B. **Certificate of babysitting** ☐Electronic ☒Physical | 4/5/2023 |
| ☐ID ☐Full | 3. | | ☒ID ☐Full | C. **Text Messages** ☐Electronic ☐Physical | 4/5/2023 |
| ☐ID ☐Full | 4. | | ☒ID ☐Full | D. **Police Report** ☐Electronic ☒Physical | 4/5/2023 |
| ☐ID ☐Full | 5. | | ☐ID ☒Full | E. **Facebook posts** ☐Electronic ☒Physical | 4/5/2023 |
| ☐ID ☐Full | 6. | | ☐ID ☐Full | F. ☐Electronic ☐Physical | |
| ☐ID ☐Full | 7. | | ☐ID ☐Full | G. ☐Electronic ☐Physical | |
| ☐ID ☐Full | 8. | | ☐ID ☐Full | H. ☐Electronic ☐Physical | |
| ☐ID ☐Full | 9. | | ☐ID ☐Full | I. ☐Electronic ☐Physical | |
| ☐ID ☐Full | 10. | | ☐ID ☐Full | J. ☐Electronic ☐Physical | |
| ☐ID ☐Full | 11. | | ☐ID ☐Full | K. ☐Electronic ☐Physical | |
| ☐ID ☐Full | 12. | | ☐ID ☐Full | L. ☐Electronic ☐Physical | |
| ☐ID ☐Full | 13. | | ☐ID ☐Full | M. ☐Electronic ☐Physical | |
| ☐ID ☐Full | 14. | | ☐ID ☐Full | N. ☐Electronic ☐Physical | |
| ☐ID ☐Full | 15. | | ☐ID ☐Full | O. ☐Electronic ☐Physical | |
| ☐ID ☐Full | 16. | | ☐ID ☐Full | P. ☐Electronic ☐Physical | |
| ☐ID ☐Full | 17. | | ☐ID ☐Full | Q. ☐Electronic ☐Physical | |
| ☐ID ☐Full | 18. | | ☐ID ☐Full | R. ☐Electronic ☐Physical | |
| ☐ID ☐Full | 19. | | ☐ID ☐Full | S. ☐Electronic ☐Physical | |
| ☐ID ☐Full | 20. | | ☐ID ☐Full | T. ☐Electronic ☐Physical | |
| ☐ID ☐Full | 21. | | ☐ID ☐Full | U. ☐Electronic ☐Physical | |
| ☐ID ☐Full | 22. | | ☐ID ☐Full | V. ☐Electronic ☐Physical | |
| ☐ID ☐Full | 23. | | ☐ID ☐Full | W. ☐Electronic ☐Physical | |
| ☐ID ☐Full | 24. | | ☐ID ☐Full | X. ☐Electronic ☐Physical | |
| ☐ID ☐Full | 25. | | ☐ID ☐Full | Y. ☐Electronic ☐Physical | |
| ☐ID ☐Full | 26. | | ☐ID ☐Full | Z. ☐Electronic ☐Physical | |

| Plaintiff's physical exhibits returned to | Date | Defendant's physical exhibits returned to | Date |
| Receipt acknowledged (Attorney for Plaintiff) | Date | Receipt acknowledged (Attorney for Defendant) | Date |

Name of case

| | State's Exhibits | | Entered as Full or ID | | | Court's Exhibits | | Entered as Full or ID |
|---|---|---|---|---|---|---|---|---|
| ☐ ID ☐ Full | 1. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | A. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 2. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | B. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 3. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | C. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 4. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | D. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 5. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | E. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 6. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | F. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 7. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | G. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 8. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | H. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 9. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | I. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 10. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | J. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 11. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | K. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 12. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | L. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 13. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | M. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 14. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | N. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 15. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | O. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 16. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | P. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 17. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | Q. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 18. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | R. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 19. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | S. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 20. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | T. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 21. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | U. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 22. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | V. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 23. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | W. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 24. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | X. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 25. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | Y. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 26. | | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | Z. | | ☐ Electronic ☐ Physical | |

State's physical exhibits returned to ___   Date ___

Receipt Acknowledged ___   Date ___

**FINANCIAL AFFIDAVIT**
JD-FM-6-SHORT   Rev. 2-16
P.B. §§ 25-30, 25a-15

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

| Court Use Only |
| --- |
| **FINAFFS** |

ADA NOTICE
The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at www.jud.ct.gov/ADA.

Docket number
**NNH - FA -19 - 5046828 - S**

## Instructions

*Use this short version if your gross annual income is less than $75,000 (see Section I. Income) and your total net assets are less than $75,000 (see Section IV. Assets). Otherwise, use the long version, form JD-FM-6-LONG.*

| For the Judicial District of | At *(Address of Court)* |
| --- | --- |
| **New Haven** | **235 Church Street, New Haven, CT 06511** |

Name of case
**Theodora Antar v. Matthew Lodice**

Name of affiant *(Person submitting this form)*
**Theodora Antar**          [x] Plaintiff   [ ] Defendant

## Certification

I understand that the information stated on this Financial Statement and the attached Schedules, if any, is true and accurate. **I understand that willful misrepresentation of any of the information provided will subject me to sanctions and may result in criminal charges being filed against me.**

*Judicial District of New Haven*
*SUPERIOR COURT*
*FILED*

*APR 05 2023*

*CHIEF CLERK'S OFFICE*

## I. Income

**1) Gross Weekly Income/Monies and Benefits From All Sources**

Computed based on year-to-date, but no less than the last 13 weeks.  If computation is based on less than 13 weeks or if your computations are not reflective of current wages, explain:

Paid:  [ ] Weekly   [x] Bi-weekly   [ ] Monthly   [ ] Semi-monthly   [ ] Annually

If income is not paid weekly, adjust the rate of pay to weekly as follows:

| Bi-weekly → divide by 2 | Semi-monthly → multiply by 2, multiply by 12, divide by 52 |
| --- | --- |
| Monthly → multiply by 12, divide by 52 | Annually → divide by 52 |

| (a) | Employer | Address | Base Pay: | |
| --- | --- | --- | --- | --- |
| Job 1 | Small Town Publishing, Inc. | P.O.Box 3554, Milford, CT 06460 | [x] Salary [ ] Wages | $ 350.00 |
| Job 2 | Seamless Signings, LLC | 856 Shagbark Drive, Orange, CT 06477 | [ ] Salary [x] Wages | $ 115.00 |
| Job 3 | | | [ ] Salary [ ] Wages | $ |

**Total of base pay from salary and wages of all jobs** ................................ $ **465.00**

| | | | |
| --- | --- | --- | --- |
| (b) Overtime ................................................ $ _____ | (j) Child Support *(Actually received)* ............ $ 115.00 |
| (c) Self-employment ................................... $ _____ | (k) Alimony *(Actually received)* ................... $ _____ |
| (d) Tips ...................................................... $ _____ | (l) Rental and income producing property .... $ _____ |
| (e) Social Security ..................................... $ _____ | (m) Contributions from household member(s) $ _____ |
| (f) Disability .............................................. $ _____ | (n) Cash income ...................................... $ _____ |
| (g) Unemployment ..................................... $ _____ | (o) Veterans Benefits ............................... $ _____ |
| (h) Worker's compensation ........................ $ _____ | (p) Other: _____ $ _____ |
| (i) Public Assistance *(Welfare, TFA payments)* ............................................ $ _____ | |

**(q) Total Gross Weekly Income/Monies and Benefits From All Sources** *(Add items a through p)* ...... $ _____ **580.00**

Hours worked per week  **20**

Gross yearly income from prior tax year. Provide amount of income, not copies of forms ................ $ _____ **24,861.00**

List here and explain any other income including but not limited to: non-reported income; and support provided by relatives, friends, and others:

**2) Mandatory Deductions** *(If consistent deductions don't occur every pay check **provide average amounts**.)*

| | Job 1 | Job 2 | Job 3 | Totals |
|---|---|---|---|---|
| (1) Federal income tax deductions *(claiming ____ exemptions)* | $_____ | $_____ | $_____ | $_____ |
| (2) Social Security or Mandatory Retirement | $_____ | $_____ | $_____ | $_____ |
| (3) State income tax deductions *(claiming ____ exemptions)* | $_____ | $_____ | $_____ | $_____ |
| (4) Medicare | $_____ | $_____ | $_____ | $_____ |
| (5) Health insurance | $_____ | $_____ | $_____ | $_____ |
| (6) Union dues | $_____ | $_____ | $_____ | $_____ |
| (7) Prior court order — child support or alimony | $_____ | $_____ | $_____ | $_____ |
| **(8) Total Mandatory Deductions** *(add items 1 through 7)* | $_____ | $_____ | $_____ | $_____ |

**3) Net Weekly Income**.................................................................................................. $____580.00

Subtract the Total Mandatory Deductions [see item I., 2), (8)] from the Total Gross Weekly Income/Monies and Benefits From All Sources [see item I., 1), q) ]

## II. Weekly Expenses Not Deducted From Pay

If expenses are not paid weekly, adjust the rate of payment to weekly as follows:

| Bi-weekly → divide by 2 | Semi-monthly → multiply by 2, multiply by 12, divide by 52 |
|---|---|
| Monthly → multiply by 12, divide by 52 | Annually → divide by 52 |

Insert an ("x") in the box if you are **not** currently paying the expense, or if someone else is paying the expense.

Home:

| | | | |
|---|---|---|---|
| Rent or Mortgage *(Principal, Interest — Real Estate Taxes and Insurance if escrowed)* | ☐ $____461.00 | Property taxes and assessments ........... | ☐ $_____ |

Utilities:

| | | | |
|---|---|---|---|
| Oil .................................................... | ☐ $____380.00 | Telephone/Cell/Internet........................ | ☐ $____23.00 |
| Electricity ........................................... | ☐ $____115.00 | Trash Collection .................................. | ☐ $____7.00 |
| Gas ................................................... | ☐ $_____ | T.V./Internet........................................ | ☐ $____12.00 |
| Water and Sewer.................................. | ☐ $____69.00 | | |
| Groceries *(after food stamps):* Including household supplies, formula, diapers ......................... | | | ☐ $____200.00 |

Transportation:

| | | | |
|---|---|---|---|
| Gas/Oil ............................................... | ☐ $____200.00 | Auto Loan or Lease .............................. | ☐ $_____ |
| Repairs/Maintenance............................ | ☐ $_____ | Public Transportation............................ | ☐ $_____ |
| Automobile Insurance/Tax/Registration ... | ☐ $_____ | | |

Insurance Premiums:

| | | | |
|---|---|---|---|
| Medical/Dental *(Out-of-pocket expense after Health Savings Account/Plan).......* | ☐ $_____ | Life ................................................... | ☐ $_____ |
| Uninsured Medical/Dental not paid by insurance ................................................ | | | ☐ $_____ |
| Clothing ............................................. | | | ☐ $____17.00 |

Child(ren):

| | | | |
|---|---|---|---|
| Child Support of this case ..................... | ☐ $_____ | Child Care Expense *(after deductions, credits and subsidies)*.......................... | ☐ $____50.00 |
| Child Support of other children other than this case *(attach a copy of the order)* ... | ☐ $_____ | Child(ren)'s activities *(e.g., lessons, sports, etc.)* | ☐ $_____ |
| Alimony: Payable to this spouse .............. | ☐ $_____ | Alimony: Payable to another spouse ....... | ☐ $_____ |
| Extraordinary travel expenses for visitation with child(ren) ............................................... | | | ☐ $_____ |
| Other *(Specify):* _____ | | | ☐ $_____ |

**Total Weekly Expenses Not Deducted From Pay** .......................................................... $____1,534.00

## III. Liabilities *(Debts)*

Do not include expenses listed above. Do not include mortgage current principal balance or loan balances that are listed under "Assets."

| Creditor Name /Type of Debt | | | Balance Due | Date Debt Incurred/ Revolving | Weekly Payment |
|---|---|---|---|---|---|
| Credit Card, Consumer, Tax, Health Care, Other Debt | | | | | |
| Chase - 6494 | ☒ Sole | ☐ Joint | $ 5,643.67 | | $ 23.00 |
| Chase - 7597 | ☒ Sole | ☐ Joint | $ 2,803.18 | | $ 23.00 |

JD-FM-6-SHORT   Rev. 2-16                                   (Page 2 of 4)

| | | | | | |
|---|---|---|---|---|---|
| Chase - 3382 | [x] Sole | ☐ Joint | $ | 2,529.42 | $ 23.00 |
| American Express - 1002 | [x] Sole | ☐ Joint | $ | 14,795.90 | $ 46.00 |
| Chase - 1917 | [x] Sole | ☐ Joint | $ | 200.00 | $ 11.00 |

**(A). Total Liabilities**  *(Total Balance Due on Debts)* ...................................  $ 25,972.17

**(B). Total Weekly Liabilities Expense**  ...........................................................  $ 126.00

## IV. Assets

*Note: Under "Ownership" indicate S for sole, JTS for joint with spouse, and JTO for joint with other.*
*You must complete the last column to the right "Value of Your Interest" in each applicable section.*

### A. Real Estate *(including time share)*

| Address | Ownership S / JTS / JTO | a. Fair Market Value *(Estimate)* | b. Mortgage Current Principal Balance | c. Equity Line of Credit and Other Liens | d. Equity (d = a minus b + c)) | e. Value of Your Interest |
|---|---|---|---|---|---|---|
| Home | | | | | | |
| | ☐ ☐ ☐ | $ | $ | $ | $ | $ |
| Other | | | | | | |
| | ☐ ☐ ☐ | $ | $ | $ | $ | $ |
| | ☐ ☐ ☐ | $ | $ | $ | $ | $ |
| | | | | Total Net Value of Real Estate: | | $ |

### B. Motor Vehicles

| Year | Make | Model | Ownership S / JTS / JTO | a. Value | b. Loan Balance | c. Equity (c = a minus b) | d. Value of Your Interest |
|---|---|---|---|---|---|---|---|
| 1: 2016 | Acura | MDX | [x] ☐ ☐ | $ 10,000.00 | $ 2,500.00 | $ 7,500.00 | $ 7,500.00 |
| 2: | | | ☐ ☐ ☐ | $ | $ | $ | $ |
| | | | | | Total Net Value of Motor Vehicles: | $ | 7,500.00 |

### C. Bank Accounts

Do not include custodial accounts or child(ren)'s assets — complete Section V. below.

| Institution | Account Number *(last 4 numbers only)* | Ownership S / JTS / JTO | Current Balance/ Value | Value of Your Interest |
|---|---|---|---|---|
| Checking | | | | |
| Wells Fargo | 3895 | [x] ☐ ☐ | $ 308.58 | $ 308.95 |
| Savings | | | | |
| Other | | ☐ ☐ ☐ | $ | $ |
| Chase - Checking Account | 2755 | [x] ☐ ☐ | $ 767.13 | $ 767.13 |
| | | Total Net Value of Bank Accounts: | $ | 1,076.08 |

### D. Stocks, Bonds, Mutual Funds

| Company | Account Number *(last 4 numbers only)* | Listed Beneficiary | Current Balance/ Value |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | Total Net Value of Stocks, Bonds, Mutual Funds: | $ |

### E. Insurance *(exclude children) D = Disability    L = Life*

| Name of Insured | D | L | Company | Account Number *(last 4 numbers only)* | Listed Beneficiary | Current Balance/ Value |
|---|---|---|---|---|---|---|
| | | | | | | $ |
| | | | | | | $ |
| | | | | | Total Net Value of Insurance: | $ |

### F. Retirement Plans *(Pensions on Interest, Individual IRA, 401K, Keogh, etc.)*

| Type of Plan | Name of Plan/Bank/Company | Account Number *(last 4 numbers only)* | Listed Beneficiary | Receiving Payments | Current Balance/ Value |
|---|---|---|---|---|---|
| IRA | Fidelity | | Angelia Lodice & Julian | ☐ Yes [x] No | $ 3,500.00 |
| | | | | ☐ Yes ☐ No | $ |
| | | | Total Net Value of Retirement Plans: | | $ 3,500.00 |

### G. Business Interest/Self-Employment

If you own an interest in a business, or are self-employed, complete this section.

| Name of Business | Percent Owned | Value |
|---|---|---|
| Small Town Publishing | 100 % | $ 30,000.00 |
| Total Net Value of Business Interest/Self-Employment: | | $ 30,000.00 |

(Page 3 of 4)

## H. Other Assets

| Name of Asset | Current Balance/Value | Name of Asset | Current Balance/Value |
|---|---|---|---|
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| | | Total Net Value of Other Assets: | $ |

**I. Total Net Value All Assets** *(add items A through H)*.................................................................. $ 42,076.08

## V. Child(ren)'s Assets

*Include Uniform Gift to Minor Account, Uniform Trust to Minor Account, College Accounts/529 Account, Custodial Account, etc.*

| Institution | Account Number (last 4 numbers only) | Listed Beneficiary | Person Who Controls the Account (Fiduciary) | Current Balance/Value |
|---|---|---|---|---|
| TD Bank | 1616 | Angelina Lodice | Theodora Antar | $ 3,488.91 |
| TD Bank | 0865 | Julianna Viglione | Theodora Antar | $ 6,305.00 |
| | | | Total Net Value of Child(ren)'s Assets: | $ 9,793.91 |

## VI. Health *(Medical and/or Dental Insurance)*

| Company | Name of Insured Person(s) Covered by the Policy |
|---|---|
| | |

Do you or any member of your family have HUSKY Health Insurance Coverage?   [x] Yes  [ ] No  [ ] I Don't Know

If Yes, whom?

Theodora Antar, Angelina Lodice, Julianna Viglione

**Important:**
**If you have other financial information that has not yet been disclosed, you have an affirmative duty to disclose that information. List additional information below:**

## Summary *(Use the amounts shown in Sections I. through IV.)*

**Total Net Weekly Income** *(See Section I. 3)* ................................................................... $ 580.00

**Total Weekly Expenses and Liabilities** *(Total From Section II. + III.(B))* .............................. $ 1,660.00

**Total Cash Value of Assets** *(See Section IV. I.)* ............................................................ $ 42,076.08

**Total Liabilities** *(Total Balance Due on Debts) (See Section III. (A))*............................................. $ 25,972.17

## Certification

I certify under the penalties of perjury that the information stated on this Financial Statement and the attached Schedules, if any, is complete, true, and accurate. **I understand that willful misrepresentation of any of the information provided will subject me to sanctions and may result in criminal charges being filed against me.**

I, Theodora Antar                    the [x] Plaintiff  [ ] Defendant  herein, residing at

856 Shagbark Drive, Orange, CT 06477                    , telephone number 203-273-8419                , being duly sworn, depose and say that the following is an accurate statement of my income from all sources, my liabilities, my assets and my net worth, from whatever sources, and whatever kind and nature, and wherever situated.

| Signed (Affiant) | Date signed 09/09/2022 |
|---|---|
| Signed (Notary, Commissioner of Superior Court, Assistant Clerk, Other Proper Officer under Section 1-24 of the Connecticut General Statutes) | Date signed 09/09/2022 |
| Print name and title of person signing at left DONALD J. CRETELLA, ESQ. | |

DOCKET NO: FA 19-5046828-S          :          SUPERIOR COURT

THRODORA ANTAR                     :          JUDICIAL DISTRICT

VS.                                :          NEW HAVEN

MATTHEW LODICE                     :          MAY 18, 2023

<u>MOTION FOR ADVICE</u>

The undersigned has been informed that the plaintiff, Theodora Antar, will be

representing herself for the remainder of the above captioned matter. By this time she will have

filed her appearance in lieu of Zingaro, Cretella & Rasile.

My office is in the process of preparing a copy of her file to turn over to Ms. Antar.

The file contains the defendant's financial documents obtained through discovery.

These include bank statements, credit card statements, tax returns and other documents.  The

undersigned is seeking Court approval to turn these financial records over to the plaintiff.


Donald J. Cretella, Jr.
Zingaro, Cretella & Rasile
681 State Sreet
New Haven, CT 06511
Juris No: 419037
(203) 777-7755
don@zcrlaw.com

Judicial District of New Haven
SUPERIOR COURT
FILED

MAY 1 8 2023

CHIEF CLERK'S OFFICE

254

<u>ORDER</u>

The foregoing motion is:

Granted                    /                    denied.

_____

By the Court

<u>**CERTIFICATION**</u>

This is to certify that a copy of the foregoing has been sent to:

Theodora Antar  856 Shagbark Drive Orange, CT 06477

Matthew Lodice 23 Lyman Street New Britain, CT 06053

_____
Donald J. Cretella, Jr.
Commissioner of the Superior Court

ORDER   435701

DOCKET NO: NNHFA195046828S

SUPERIOR COURT

ANTAR, THEODORA, F
    V.
LODICE, MATTHEW, J

JUDICIAL DISTRICT OF NEW HAVEN
    AT NEW HAVEN

5/25/2023

<u>ORDER</u>

ORDER REGARDING:
05/18/2023 254.00 MOTION FOR ADVICE

The foregoing, having been considered by the Court, is hereby:

ORDER:

The Plaintiff indicated that she has retained substitute counsel. The file of former counsel may be released to new counsel upon their filing an appearance.

New counsel will not permit the Plaintiff to possess, copy or duplicate or photograph the financial records of the Defendant.

Judicial Notice (JDNO) was sent regarding this order.

435701

Judge: JANE KUPSON GROSSMAN

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

ORDER   435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

5/31/2023

## ORDER

ORDER REGARDING:
05/18/2023 254.00 MOTION FOR ADVICE

The foregoing, having been considered by the Court, is hereby:

ORDER:

See Orders of the court re: Post Judgment Motions dated 5/31/2023

Judicial Notice (JDNO) was sent regarding this order.

435701
_____

Judge: JANE KUPSON GROSSMAN
Processed by: Nancy Sasser

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

**MOTION FOR CONTINUANCE**

JD-CV-21   Rev. 5-15
C.G.S. § 52-196
P.B. §§ 14-23, 14-24

| ADA NOTICE |
|---|
| The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*. |

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

| COURT USE ONLY |
|---|
| **MFCSE** |

**Instructions To Person Making Motion**

*Fill out all sections of this form except the Order section and file it with the Clerk of the Court at least three (3) days before the date of the scheduled event.*

Docket number

**NNH-FA-19-5046828-S**

Name of case *(Full name of Plaintiff v. Full name of Defendant)*

**ANTAR, THEODORA, F  v. LODICE, MATTHEW, J**

| [X] Judicial District | [ ] Housing Session | [ ] Geographical Area Number ____ | Address of Court *(Number, street, town and zip code)* **235 CHURCH STREET NEW HAVEN, CT 06510** |
|---|---|---|---|

| Date of Motion **May-22-2023** | Sequence Number on Short Calendar *(If applicable)* | Name of Judge Who Scheduled the Event this Continuance is Requested for *(If applicable)* |
|---|---|---|

| Date of Scheduled Event **May-25-2023** | Person Making Motion is: [ ] Plaintiff's Attorney  [X] Plaintiff  [ ] Defendant's Attorney  [ ] Defendant  [ ] Other |
|---|---|

| Firm Name, if Applicable | Address **856 SHAGBARK DRIVE ORANGE, CT 06477** | Phone Number (with area code) **2032738419** |
|---|---|---|

## Event For Which Continuance Is Requested:  *("X" applicable box(es) and explain below)*

[ ] Arbitration
[ ] Administrative Appeal Hearing
[ ] Attorney Trial Referee Proceeding
[ ] Court Trial
[ ] Judicial-Alternative Dispute Resolution (J-ADR)

[ ] Early Intervention Conference
[ ] Fact-Finding
[ ] Foreclosure Mediation
[ ] Jury Trial
[ ] Hearing In Damages

[ ] Pretrial
[ ] Status Conference
[ ] Trial Management Conference
[X] Other  **HEARING**

## Reason(s) For Continuance Request:  *("X" reason(s) and provide an explanation)*

[ ] Counsel not ready
[ ] Lay witness not available *(Name of witness)*
[ ] Counsel not available
[ ] Party not available *(Name of party)*
[ ] Expert witness not available *(Name of witness)*

[X] Discovery not complete
[X] Other  **Prior counsel withholding file**

*Continue explanation, if necessary:*

**I fired my previous counsel on 5/16/23 and requested my case file, so that I could retain new counsel. Prior counsel is refusing to give me my file without a court order, and no attorney will take the case without first reviewing the file.**

For the above reason(s), I request this case be continued to (date): _____  or  [X] at the court's discretion.
**See Attached**

I have contacted all counsel and self-represented parties of record about my intention to seek a continuance. All of the counsel and self-represented parties:

[ ] Consent   [ ] Do Not Consent   [X] Have not responded to the above motion for continuance and requested continuance date.
*Note: An agreement to continue a matter does not mean that the motion will automatically be granted by the court.*

**I agree to be responsible for notifying my client, if applicable, and all counsel of record and self-represented parties whether the continuance is granted or denied, and if granted, the new date of the scheduled event.**

## Certification

I certify that a copy of this document was mailed or delivered electronically or non-electronically on *(date)* __May-22-2023__ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

Name and address of each party and attorney that copy was mailed or delivered to*

**SES-NEW HAVEN - 414-A CHAPEL STREET/2ND FLOOR/NEW HAVEN, CT 06511**

| Signed *(Signature of filer)*  ▶ **Lookittstheo** | Print or type name of person signing **THEODORA ANTAR** | Date signed **May-22-2023** |
|---|---|---|
| Mailing address *(Number, street, town, state and zip code)* **856 SHAGBARK DRIVE ORANGE, CT 06477** | | Telephone number **2032738419** |

| **Order** | Motion For Continuance is: [ ] Granted  [ ] Denied | Matter Continued To: | Signed *(Judge)* | Date |
|---|---|---|---|---|

*If necessary, attach additional sheet or sheets with name and address which the copy was mailed or delivered to.

**Continuation of JDCV21 Motion For Continuance Form for NNH-FA-19-5046828-S**

**Submitted By THEODORA F ANTAR (Lookittstheo)**

**Additional Information on date continuance is requested:**

Motion for Continuance

**Continuation of JDCV21 Motion For Continuance Form for NNH-FA-19-5046828-S**

**Submitted By THEODORA F ANTAR (Lookittstheo)**

**Certification of Service (Continued from JDCV21)**

**Name and Address at which service was made:**

MATTHEW J LODICE (Self Represented) - 23 LYMAN ST. NEW BRITAIN, CT 06053

**\*\*\*\*\* End of Certification of Service \*\*\*\*\***

ORDER   435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

5/23/2023

ORDER

ORDER REGARDING:
05/22/2023 255.00 MOTION FOR CONTINUANCE

The foregoing, having been considered by the Court, is hereby:

ORDER: DENIED

Judicial Notice (JDNO) was sent regarding this order.

435701

Judge: JANE KUPSON GROSSMAN

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

DOCKET NO.: NNH-FA19-5046828-S     :         SUPERIOR COURT

THEODORA ANTAR             :         J.D. OF NEW HAVEN

VS.                            :         AT NEW HAVEN

MATTHEW LODICE             :          MAY 22, 2023

## MOTION FOR ORDER TO RELEASE

The Plaintiff ended the attorney-client relationship with Attorney Don Cretella on 5/16/23, at which time she also requested to pick up the full case file that includes all trial preparation materials, materials given to counsel by the Defendant during prior hearings, electronic files and evidence, financial discovery provided by the defendant, and all other relevant materials to the case.

Attorney Cretella is refusing to hand over the complete file without an order from the court granting him permission to do so. The Plaintiff has repeatedly asked for the file, and Attorney Cretella has stated: "As soon as I hear from the Court, I will get it to you." And "I need permission to give it to you."

Plaintiff is respectfully requesting that the court grant this motion for order of the release of the Plaintiff's complete case file as it is now property of the Plaintiff and she can not obtain new counsel without giving the new counsel the complete file for review prior to the next trial hearing date.

1

THE PLAINTIFF,

By:

Theodora Antar

856 Shagbark Drive

Orange, CT, 06477

**ORDER**

The foregoing motion having been duly heard, it is hereby ordered:

**GRANTED / Denied**

BY THE COURT,

_____

JUDGE / CLERK

## <u>CERTIFICATION</u>

This is to certify that on or about the above date, a copy of the foregoing was delivered to:

Matthew Lodice

23 Lyman Street, Apt #2

New Britain, CT 06053

_____

Theodora Antar

856 Shagbark Drive

Orange, CT, 06477

ORDER   435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

5/25/2023

ORDER

ORDER REGARDING:
05/22/2023 256.00 MOTION FOR ORDER

The foregoing, having been considered by the Court, is hereby:

ORDER:

The Plaintiff indicated that she has retained substitute counsel. The file of former counsel may be released to new counsel upon their filing an appearance.

Judicial Notice (JDNO) was sent regarding this order.

435701

Judge: JANE KUPSON GROSSMAN

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

ORDER    435701

DOCKET NO: NNHFA195046828S                SUPERIOR COURT

ANTAR, THEODORA, F                        JUDICIAL DISTRICT OF NEW HAVEN
    V.                                          AT NEW HAVEN
LODICE, MATTHEW, J

5/31/2023

## ORDER

ORDER REGARDING:
05/22/2023 256.00 MOTION FOR ORDER

The foregoing, having been considered by the Court, is hereby:

ORDER:

See Orders of the court re: Post Judgment Motions dated 5/31/2023

Judicial Notice (JDNO) was sent regarding this order.

435701
_____

Judge: JANE KUPSON GROSSMAN
Processed by: Nancy Sasser

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

ORDER   435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

5/22/2023

ORDER

The following order is entered in the above matter:

ORDER:

Motions 256 and 254 will be heard with all pending motions on May 25, 2023. Prior plaintiff's counsel should maintain, but not release, the contested portions of the file.

Judicial Notice (JDNO) was sent regarding this order.

435701
_____

Judge: JANE KUPSON GROSSMAN

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

ORDER    435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

5/25/2023

ORDER

All Parties Present.

The following order is entered in the above matter:

ORDER:

The Court held a hearing with all parties present on 5/25/2023. The Defendant-Father is awarded temporary sole, legal and physical custody of the minor child. The Plaintiff-Mother shall be supervised under circumstances that are arranged by the Defendant-Father. The parties shall return on June 15, 2023 at 2:00 PM for a continued hearing.

Judicial Notice (JDNO) was sent regarding this order.

435701

Judge: JANE KUPSON GROSSMAN
Processed by: Valentina Velez

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

**ORDER OF SUPERVISED VISITATION**
JD-FM-241  Rev. 12-21
C.G.S. § 46b-56; P.A. 21-15

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions**
*Complete this form in any family case where the court enters an order of supervised visitation with a minor child or children. Upon completion of this form, file the document in the court file using the appropriate docket legend below depending upon*
  *1) whether visitation will take place at a supervised visitation center or not and;*
  *2) whether this order is being entered due to an agreement between the parties or not.*

| Judicial District of *New Haven* | At *(town)* *New Haven* | Docket number *19-504 68 28* |
|---|---|---|

| Name of Plaintiff *(Last, First, Middle Initial)* *Antar, Theodora* | Name of Defendant *(Last, First, Middle Initial)* *Lodice, Matthew* |
|---|---|

The court orders that *(name(s))* _____ *Theodora Antar* _____

shall have supervised visitation with the minor child(ren) as follows:

**Court Use Only**

☐ *A supervised visitation order is entered **by agreement of the parties** and visitation will take place at a visitation center.*

**AGRVCTR**

☐ *A supervised visitation order is entered **by agreement of the parties** and visitation is **not** ordered to take place at a visitation center.*

**AGRSVST**

☐ *A supervised visitation order is entered **in the absence of an agreement** and visitation will take place at a visitation center.*

**ORDVCTR**

☒ *A supervised visitation order is entered **in the absence of an agreement** and visitation is **not** ordered to take place at a visitation center.*

**ORDSVST**

Name of Supervisor *unspecified*

Location of supervised visits, if specified: *unspecified*

It is further ordered that:

*See order dated 5/25/23 (#258)*

Judicial District of New Haven
**SUPERIOR COURT**
**FILED**

**MAY 2 5 2023**

**CHIEF CLERK'S OFFICE**

| By the Court *(Judge)* *(Grossman, J.)* | Signed *(Judge, Asst. Clerk)* ▶ | Date ordered *5/25/23* |
|---|---|---|

**ADA NOTICE**
The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA.*

Print Form          Reset Form

# LIST OF EXHIBITS

JD-CL-28   Rev. 2-21

STATE OF CONNECTICUT
SUPERIOR COURT

LISTEXH

Type of Proceeding: **Hearing**    Date(s) of Proceeding: **4/5/2023; 5/25/2023**

☐ All Exhibits are electronic    ☐ Exhibits are both electronic and physical    ☒ All Exhibits are physical

| Court | | | | | At *(Town)* |
|---|---|---|---|---|---|
| ☐ Geographic Area number | ☒ Judicial District of: **New Haven** | | ☐ Housing Session | | **New Haven** |

| Name of Case | Name(s) of Clerk(s) |
|---|---|
| **ANTAR, THEODORA, F V. LODICE, MATTHEW, J** | **Valentina Velez** |

| Name of Judge | Name(s) of Court Reporter(s) | Docket Number |
|---|---|---|
| **Honorable: Jane K. Grossman** | **Allan Greene; Alexis Shevchenko** | **NNHFA195046828S** |

| | Plaintiff's Exhibits | | Entered as Full or ID | | Defendant's Exhibits | Entered as Full or ID |
|---|---|---|---|---|---|---|
| ☐ ID ☐ Full | 1. | ☐ Electronic ☐ Physical | | ☒ ID ☐ Full A. | Messages | ☐ Electronic ☒ Physical | 4/5/2023 |
| ☐ ID ☐ Full | 2. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full B. | Certificate of babysitting | ☐ Electronic ☒ Physical | 4/5/2023 |
| ☐ ID ☐ Full | 3. | ☐ Electronic ☐ Physical | | ☒ ID ☐ Full C. | Text Messages | ☐ Electronic ☒ Physical | 4/5/2023 |
| ☐ ID ☐ Full | 4. | ☐ Electronic ☐ Physical | | ☒ ID ☐ Full D. | Police Report | ☐ Electronic ☒ Physical | 4/5/2023 |
| ☐ ID ☐ Full | 5. | ☐ Electronic ☐ Physical | | ☒ ID ☐ Full E. | Facebook posts | ☐ Electronic ☒ Physical | 4/5/2023 |
| ☐ ID ☐ Full | 6. | ☐ Electronic ☐ Physical | | ☒ ID ☐ Full F. | Our Family Wizard Messages | ☐ Electronic ☒ Physical | 5/25/2023 |
| ☐ ID ☐ Full | 7. | ☐ Electronic ☐ Physical | | ☒ ID ☐ Full G. | Email Bunny Village Learnin | ☐ Electronic ☒ Physical | 5/25/2023 |
| ☐ ID ☐ Full | 8. | ☐ Electronic ☐ Physical | | ☒ ID ☐ Full H. | Police Report | ☐ Electronic ☒ Physical | 5/25/2023 |
| ☐ ID ☐ Full | 9. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full I. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 10. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full J. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 11. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full K. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 12. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full L. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 13. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full M. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 14. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full N. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 15. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full O. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 16. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full P. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 17. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full Q. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 18. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full R. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 19. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full S. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 20. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full T. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 21. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full U. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 22. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full V. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 23. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full W. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 24. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full X. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 25. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full Y. | | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 26. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full Z. | | ☐ Electronic ☐ Physical | |

| Plaintiff's physical exhibits returned to | Date | Defendant's physical exhibits returned to | Date |
|---|---|---|---|
| | | | |
| Receipt acknowledged *(Attorney for Plaintiff)* | Date | Receipt acknowledged *(Attorney for Defendant)* | Date |

Page 1 of 2

Name of case

| | State's Exhibits | | Entered as Full or ID | | Court's Exhibits | | Entered as Full or ID |
|---|---|---|---|---|---|---|---|
| ☐ ID ☐ Full | 1. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | A. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 2. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | B. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 3. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | C. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 4. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | D. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 5. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | E. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 6. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | F. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 7. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | G. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 8. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | H. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 9. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | I. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 10. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | J. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 11. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | K. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 12. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | L. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 13. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | M. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 14. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | N. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 15. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | O. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 16. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | P. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 17. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | Q. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 18. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | R. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 19. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | S. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 20. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | T. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 21. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | U. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 22. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | V. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 23. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | W. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 24. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | X. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 25. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | Y. | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | 26. | ☐ Electronic ☐ Physical | | ☐ ID ☐ Full | Z. | ☐ Electronic ☐ Physical | |

| State's physical exhibits returned to | Date |
|---|---|
| Receipt Acknowledged | Date |

**APPLICATION FOR WAIVER OF FEES/
PAYMENT OF COSTS/APPOINTMENT
OF COUNSEL - FAMILY**
JD-FM-75   Rev. 12-21
C.G.S. §§ 46b-160(d), 46b-231, 52-259b;
P.A. 21-15; P.B. §§ 8-2, 25-63, 63-6

*Use only for family/family support magistrate matters.
For civil, housing and small claims, use form JD-CV-120.*

**To: The Superior Court**

**Instructions to applicant (person filing)**
1. Print or type all information requested.
2. Sign the Financial Affidavit section in front of a court clerk, a notary public or an attorney.
3. Bring this form to the superior court where your case will be filed or is/was pending.
4. If your application for waiver of fees payable to the court or for payment of costs of service of process is denied, you may ask for a hearing.

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

**Instructions to Clerk**
1. Bring to a judge or family support magistrate, if applicable.
2. If granted, notify the applicant and counsel, if appointed.
3. If the application for waiver of fees payable to the court or for payment of costs of service of process is denied, and upon request, schedule a hearing.



| Name of case *(Name of plaintiff v. Name of defendant)* | Docket number *(If applicable)* |
|---|---|
| Arthur v Lodi C L | NNH-FA19-5046128-S |

| Judicial District | Address of court |
|---|---|
| New Haven | 235 Church St |

| Name of applicant *(Last, first, middle initial)* | Address of applicant *(Number, street, town, state and zip code)* | Phone number |
|---|---|---|
| Arthur Theodore F | 42 Sweetpath dr Orange 00617 | 2032736419 |

**Type of proceeding** *(select all that apply)*

- [ ] Motion to Open Judgment
- [x] Motion for Modification
- [ ] Contempt
- [ ] Application for Custody
- [ ] Dissolution of Marriage/Civil Union (Divorce)
- [ ] Parentage
- [ ] Application or Petition for Visitation
- [ ] Appellate Matter (Supreme or Appellate Court)
- [ ] Cross Complaint
- [x] Other *(ex parte custody, etc.)* (Specify): ex-parte

**Fee Waiver/Payment of Costs**

I ask that the court order that I do not have to pay fees or costs or order the State to pay the fees and costs below. *(select all that apply)*

- [ ] Entry fee *(fee to file a new case)*
- [x] Filing fee(s) *(fee to file motion, etc.)*
- [ ] Appellate filing fee (Supreme or Appellate Court)
- [ ] Other *(certified copy of judgment, etc.)* (Specify):
- [ ] Costs of service of process *(delivery of papers by a marshal or other proper officer)*
- [ ] Costs for participating in parenting education under C.G.S. § 46b-69b
- [ ] Cost of the transcript for appeal

Judicial District of New Haven
SUPERIOR COURT
FILED
MAY 26 2022
CHIEF CLERK'S OFFICE

**Grounds for Appeal** *(Complete if requesting waiver of Appellate filing fee/payment of cost of the transcript for appeal.)*

The grounds on which I propose to appeal are:

**Appointment of Counsel** *(This applies only in a contempt proceeding or to the putative parent in a parentage proceeding.)*

- [ ] I ask that the court appoint an attorney to represent me.

**Financial Affidavit**

**1. Dependents** *(people supported by you)*

Total number of dependents *(not including yourself)* [ 2 ]

**2. Monthly Income**

| | |
|---|---|
| A. Gross monthly income *(before deductions)* | 0 |
| B. Net monthly income *(after taxes)* from employment | |
| C. Other income *(TFA, Social Security, child support, alimony, etc.)* *(Specify which one(s) here):* Child support | + 588 = |
| **Total Monthly Income (B+C)** | 588 |

**3. Monthly Expenses**

| | |
|---|---|
| A. Rent/Mortgage | 1700 |
| B. Real Estate Taxes | |
| C. Utilities *(telephone, electric, water, gas, cable, etc.)* | |
| D. Food, *not including SNAP (food stamps)* | |
| E. Clothing | |
| F. Insurance Premiums *(medical/dental, auto, life, home)* | |
| G. Medical/Dental *(costs not covered by insurance)* | |
| H. Transportation *(bus, gasoline, etc.)* | |
| I. Child Care | |
| J. Other *(child support, alimony, etc.)* (Specify): | |
| **Total Monthly Expenses** | 1700 |

**4. Assets**

| | Estimated Value | Loan Balance | Equity |
|---|---|---|---|
| A. Real Estate | 0 | 0 | Real Estate |
| B. Motor Vehicles | 0 | 0 | Motor Vehicle |
| C. Other Personal Property *(for example, jewelry, furniture, etc.)* | 0 | | Other Property |
| D. Savings Account Balance *(Total of all accounts)* | | | Savings |
| E. Checking Account Balance *(Total of all accounts)* | | | Checking 100.00 |
| F. Cash | | | Cash |
| G. Other Assets *(Specify):* | | | Other Assets |
| **Total Assets** | | | 100.00 |

**5. Liabilities/Debts** *(for example, credit card balances, loans, etc. Do not include mortgage or loan balances that are listed under "Assets".)*

| Type of Debt | Amount Owed | Monthly Payment |
|---|---|---|
| Student loan | $50,000 | 100.00 |
| | | |
| | | |
| | | |
| **Total Liabilities** | 50,000 | 100.00 |

| Name of case | Docket number (If applicable) |
|---|---|

**6. If you claim zero Total Monthly Income in number 2 above or zero Total Monthly Expenses in number 3 above, explain how you are supported:**

child support and family help.

I certify that the information in this application is true and accurate to the best of my knowledge and that I can, if asked, document all income, expenses, and liabilities listed above.

**Notice ▶**
> *Any false statement made by you under oath that you do not believe to be true and that is intended to mislead a public servant in the performance of his or her official function may be punishable by a fine and/or imprisonment.*

| Signed (Applicant) | Print name of person signing at left | Date signed |
|---|---|---|
| | Theodora Anter | 5·26·23 |
| Subscribed and sworn to before me: | On (Date) 5-26-23 | Signed (Notary Public, Commissioner of the Superior Court, Assistant Clerk) |
| | | Tori Badger |

---

**ADA NOTICE**

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

---

**Order** *(To be completed by the Court)*

The Court, having found the applicant *(Select all that apply)*: ☒ Not indigent   ☐ Indigent **and** unable to pay

☐ Indigent **or** unable to pay *for parenting education* program under C.G.S. § 46b-69b, hereby orders the application:
☐ Granted as follows:

    1. The following costs are ordered paid by the State
      ☐ Costs of service of process not to exceed:  $ _____
      ☐ Cost of the transcript for appeal in accordance with Practice Book section 63-6.
      ☐ Other *(Specify):* _____

    2. The following fees are waived   ☐ Entry fee   ☐ Filing fee   ☐ Appellate filing fee (Supreme or Appellate Court)
      ☐ Other *(Specify):* _____

    3. ☐ All costs for participation in a parenting education program shall be covered by the service provider pursuant to C.G.S. § 46b-69b, because the applicant is found indigent or unable to pay.

    4. Counsel is   ☐ Appointed *(Name):* _____

☒ Denied. If denied only in part, specify: This fee waiver does not

☐ The application for waiver of the payment of a fee or fees or the cost of service of process is DENIED because the applicant has repeatedly filed actions with respect to the same or similar matters, such filings establish an extended pattern of frivolous filings that have been without merit, the application sought is in connection with an action before the court that is consistent with the applicant's previous pattern of frivolous filings, and the granting of such application would constitute a flagrant misuse of Judicial Branch resources.

match financial information in the court File.

☐ Counsel is not appointed because the applicant does not face potential incarceration.

| By the Court (Print or type name of Judge/Fam. Sup. Magistrate) | On (Date) | Signed (Judge, FSM, Assistant Clerk) | Date signed |
|---|---|---|---|
| (Grossman, J) | 5/26/23 | | 5-26-23 |

| Name of case | Docket number *(If applicable)* |
|---|---|
|  |  |

## Request for Hearing on Denied Application

*The following section applies only to a **denial** of the application for waiver of fees payable to the court or for the costs of service of process. It does not apply to applications for fee waiver for parenting education or to appointment of counsel.*

☐ I request a court hearing on the application.

▶

| Signed *(Applicant)* | Date signed |
|---|---|

| **Hearing to be held at the Court location shown on page 1 on the date and time shown below:** | | | |
|---|---|---|---|
| Hearing on *(Date)* | At *(Time)* | Room number | Signed *(Assistant Clerk)* |

## Order After Hearing

The Court, having found the applicant   ☐ Not indigent   ☐ Indigent and unable to pay   hereby orders the application:

☐ Granted as follows:

  ☐ 1. The following costs are ordered paid by the State

    ☐ Costs of service of process not to exceed   $ _____

    ☐ Cost of the transcript for appeal in accordance with Practice Book Section 63-6.

    ☐ Other *(Specify)*: _____

  ☐ 2. The following fees are waived   ☐ Entry fee   ☐ Filing fee   ☐ Appellate filing fee (Supreme or Appellate Court)

    ☐ Other *(Specify)*: _____

☐ Denied for the following reason(s): _____

☐ The application for waiver of the payment of a fee or fees or the cost of service of process is DENIED because the applicant has repeatedly filed actions with respect to the same or similar matters, such filings establish an extended pattern of frivolous filings that have been without merit, the application sought is in connection with an action before the court that is consistent with the applicant's previous pattern of frivolous filings, and the granting of such application would constitute a flagrant misuse of Judicial Branch resources.

| By the Court *(Print or type name of Judge/FSM)* | On *(Date)* | Signed *(Judge, FSM, Assistant Clerk)* | Date signed |
|---|---|---|---|

JD-FM-75  Rev. 12-21

Page 3 of 3

**APPLICATION FOR EMERGENCY
EX PARTE ORDER OF CUSTODY**
JD-FM-222   Rev. 11-22
C.G.S. § 46b-56f; P.A. 21-15

*This form is available
in other language(s).*

For information on ADA
accommodations,
contact a court clerk or go to:
*www.jud.ct.gov/ADA.*

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

**Court Use Only**

EXPCUS

*Instructions*
*1. Complete this form, including the affidavit on page 2.*
*2. Attach an Affidavit Concerning Children, form JD-FM-164.*
*3. If there is not yet a court case, or post-judgment motion to modify custody, you must file it with this application (e.g., the divorce,
   legal separation, annulment, custody action, or post-judgment motion to modify custody must be filed with this application).*
*4. Bring the original and a copy of this form to the court clerk's office.*
*5. After your application is processed, the clerk will give you the proper papers to have served on the respondent.*
*6. Make sure the originals are returned to court after service.*

| Judicial District of | At (Town) | Return date (If applicable) | Docket number |
|---|---|---|---|
| **New Haven** | **New Haven** | | **NNH-FA19-5046828-S** |

Name of case (Plaintiff v. Defendant)
**Theodora F. Antar v. Matthew J. Lodice**

1. I, (Name and address) **Theodora F. Antar**

am the Applicant for this emergency ex parte order of custody, and I am the [X] Parent   [ ] Legal Guardian   of the

following child or children for whom I am seeking this order *(attach additional sheets if necessary):*

| Child's Name *(First, Middle Initial, Last)* | Date of birth *(Month, day, year)* |
|---|---|
| **Angelina M. Lodice** | **05/21/2019** |
| | |
| | |

2. The Respondent *(Name and address)* **Matthew J. Lodice**

is the [X] Parent   [ ] Legal Guardian   of the child or children named above.

3. I am filing or there is already a pending matter in which I am a party for:

[ ] divorce *(dissolution of marriage).*          [ ] legal separation.

[ ] annulment.          [X] custody of the child or children named above.

[X] post-judgment modification of custody.

*Judicial District of New Haven
SUPERIOR COURT
FILED
MAY 2 6 2023
CHIEF CLERK'S OFFICE*

4. I believe there is an immediate and present risk of physical danger or psychological harm to the child or children listed
above as further explained in the attached affidavit.

## I ask the Court to enter the following ex parte orders:

[X] Temporary legal and physical custody to **Theodora F. Antar**

[X] Visitation as follows:   **No contact with Dominic Lodice until DNA testing, and forensic interview is complete**

[ ] No visitation.

[X] Respondent may not remove the child or children from the State of Connecticut.

[X] Respondent may not interfere with Applicant's custody of the child or children.

[X] Respondent may not interfere with the educational program of the child or children.

[X] Other *(specify):*

**I am asking that the court order that Angelina not be left alone with or under the care of Dominic Lodice without adult
supervision while he is the subject of the current open active investigation from the New Britain Police Department Case #
23-014734 and while rape kit DNA testing conducted at Connecticut Children's Medical Center in Hartford is pending testing
and results from the state DNA lab.**

| Signed (Attorney or self-represented party) | Printed name of person signing | Date signed |
|---|---|---|
| | **Theodora Antar** | **05/26/2023** |
| Address (Number, street, town or city, state, zip code) | | Telephone number |
| **856 Shagbark Drive, Orange, CT, 06477** | | **( 203 ) 273 - 8419** |

Page 1 of 3

| Name of case *(Plaintiff v. Defendant)* | Docket number |
|---|---|
| Theodora F. Antar v. Matthew J. Lodice | NNH-FA19-5046828-S |

## Affidavit

I, *(Name)*  Theodora Antar _____, am the Applicant in this matter and swear to the following *(explain the events that have occurred, when they occurred, and why you believe that there is an immediate and present risk of physical danger or psychological harm to the child or children)*:

1. An emergency ex parte order is required because *(attach additional sheets if necessary)*:

I believe that there is an immediate and present risk of both physical danger and psychological harm to my daughter Angelina Maria Lodice. My four-year-old daughter Angelina Lodice privately disclosed to me on multiple past occasions that she was being sexually abused by her 16.5-year-old half-brother Dominic Lodice during weekend visits that were supposed to be with her father Matthew Lodice. I reported the statements to my therapist Lancia Blatchley from Healing Springs Wellness in October 2022 that Angelina stated that when she was humping her stuffed animals that the stuffed animals were "tickling her" and that she had also been tickled in that way previously by her half-brother Dominic. I recorded these candid statements that were made by Angelina as evidence of what she was stating. Ms. Blatchley stated that, as a mandated reporter, she would be mandated to make a report to DCF about the sexual abuse allegations, and instructed me to call DCF and make a report myself at the conclusion of our virtual therapy session. She stated that if I did not make the report, that she would make it herself. I told her I would do it and I called the DCF hotline as soon as our virtual session ended and reported it. DCF and the New Britain Police then immediately opened an investigation at that time and my prior counsel Don Cretella advised me to withhold visitation from Matthew Lodice until further notice due to the allegations. DCF and the New Britain Police also stated that it was in Angelina's best interest to remain with me until further notice at that time. DCF asked me if Don Cretella planned on filing for an emergency ex-parte at that time, and Don stated that he would do so at our next court date which was the following week. However, Attorney Don Cretella never filed for any ex-parte order on my behalf at all and stated that it was unnecessary and that "no judge would ever hold you in contempt for keeping her safe". On 10/31/22, Angelina had a forensic interview at the Yale Child Advocacy Center, during which she was asked only one question: "Is there anywhere on your body that nobody else is allowed to touch?" to which she replied by saying "no." The forensic interview was immediately stopped, and the police investigation was immediately closed. I was told that Angelina "did not make a disclosure" and that sexual abuse was "unsubstantiated" because she stated that she had no private parts and the social worker couldn't ask further questions that could possibly be leading. I then began sending Angelina back for visits as advised by counsel. See pg 2

2. An emergency ex parte order is in the best interests of the child or children because there is an immediate and present risk of physical danger or psychological harm to the child or children named in this application.

3. *(Select one)* I  ☐ have  ☒ have not   been a party or a witness or participated in any other capacity in any other proceeding in Connecticut or in any other state concerning custody of or visitation with any child listed in this application. *If you have, identify the name of any court(s), the court case number(s) and the date(s) of any order(s):*

4. *(Select one)*

    ☒ I have or another person has taken the following actions to inform the respondent of this application *(if it was another person, state who it is)*:

    I messaged the respondent in the Our Family Wizard app at 3:00 PM on 5/26/23 and informed him.

    ☐ No actions have been taken to inform the respondent of this application, but the court should consider this application on an ex parte basis for the following reasons:

| I certify that the statements above are true to the best of my knowledge and belief | Signed *(Affiant)* | Print name of person signing  Theodora Antar |
|---|---|---|
| Subscribed and sworn to before me (Assistant Clerk, Commissioner of Superior Court, Notary Public)  Toni Radgip | | Date signed  5·26·23 |

Continued from page one...

After the forensic interview was conducted on 10/31/22 at the Yale Child Advocacy

Center by social worker Priscilla M. Westberg, LCSW, she referred Angelina to therapy services.

This was documented in her after-visit summary on her mychart **(E-filed Case Exhibit #18),** and

the details of the forensic interview were also documented in the notes in her file **(E-filed Case**

**Exhibit #19)** in which Ms. Westberg indicated that she *"recommend that Angelina engage in*

*outpatient mental health treatment. Mother was in agreement and shared that they received a*

*phone call to start treatment at Yale Child Study Center. I recommend mother follow through*

*with the Yale Child Study outpatient services. I will follow-up with mother. I provided mother*

*with my contact information should any questions or concerns arise prior to my next contact."*

I had previously tried to get therapy services for Angelina in the past, and Matthew

Lodice refused to consent to her attending therapy. I received a letter from her pediatrician's

office from Allison Pearson, FNP, indicating the medical necessity of Angelina attending therapy.

This letter was included in Angelina's medical records **(E-Filed Case Exhibit #15)** and stated

that *"Angelina is a patient of our practice. She has been struggling since the separation of her*

*parents. We believe it is in her best interest to see a therapist in order to properly process these*

*feelings. Mental health is extremely important, to maintain optimal wellness it is necessary that*

*Angelina is to continue going to see a therapist."*

Even after I provided this letter of medical necessity from the pediatrician to Attorney

Cretella, Matthew Lodice still refused to consent to our daughter doing therapy. At that point,

Attorney Cretella filed a motion for a GAL to be appointed for Angelina. I previously filed a

motion for appointment of a Guardian ad litem on 7/25/22 (305 days ago) and it was never ruled

on. I also filed a motion for a mental examination of Matthew Lodice on that same date 305 days

1

ago, which was also never ruled on. Matthew Lodice has been in therapy at atleast four separate providers that I know of, and refused to sign releases for his prior therapists, even after he was court ordered to sign releases on 12/01/2022. It has been 176 days since Matthew Lodice was ordered to sign releases for ALL of his prior mental health treatment providers, and he still has not complied and refuses to sign them, claiming he "doesn't remember" their names.

On 10/17/22, after Matthew Lodice continued to refuse to allow Angelina to attend therapy despite the letter of medical necessity, Attorney Cretella filed his motion for appointment of GAL. It has been 221 days since Attorney Cretella filed his motion for appointment of GAL, and the motion still has never been ruled on. In the last 305 days, both myself and my former counsel filed a total of two motions for appointment of GAL, and I also repeatedly demanded that a GAL be appointment for my daughter during the hearing that took place on 5/25/23 in New Haven Superior Court, but I was denied that right. My daughter needs representation by someone who will be unbiased and be able to look out for her best interests during this high-conflict post-judgment matter. As her mother, I have made sure to maintain the only home she has ever known, in a beautiful neighborhood where she has a nice yard and lots of room to play safely outside with her older sister that she loves dearly.

We live only minutes away from my mother who she loves dearly and minutes away from our church where she is baptized as a Greek Orthodox Christian and has been attending and receiving religious sacraments since the age of 9 months old. I also teach Sunday School, and had the honor of being her teacher in the prek3 class this past school year. I always have taken Angelina to all of her medical appointments, made sure that she has everything that she needs, and have always advocated for her best interest. I have substantial evidence and numerous witnesses who can testify to this, including teachers, doctors, therapists, religious leaders,

lawyers, and friends and family. Angelina and I share an extremely strong bond and she feels safe and comfortable with me.

After the police investigation was closed at the completion of the first forensic interview on 10/31/22, I began sending Angelina back for weekend visits with her father at the direction of my counsel. Angelina did not make any other disclosures of sexual abuse and I did not observe her doing any of the sexual behaviors from the beginning of November until 2/1/23.

On 2/1/23, I was on the phone with my classmate and friend Peter Jones, who has also testified on behalf of my character and abilities as a mother **(E-Filed Case Exhibit #12)** when I walked into my living room and noticed that Angelina was doing her sexual behavior again for this first time in months. I immediately hung up on Peter and started to record Angelina at the very moment that I hung up with Peter. I can verify this through phone records and video records as well as live testimony from Peter Jones as a witness who is prepared to come to court. I started to record and said "what are you doing?" and asked her what she was doing. She stated "I was just doing it, see?" and I said "doing what?" and she said "doing this" as she proceeded to continue to hump her stuffed animal while on the couch.

I asked "what is doing that?" so that she could answer in her own words and she said "remember I told you Dom does all of it to me?" and I asked "Dom does what to you?" and she said "All of this, remember?" I asked "what does he do?" and she said "does that" as she continued to hump the toy. I asked what he puts there and she said "he puts me and he does it on the floor because dada cleaned the floor." When I asked "he does what on the floor?" she said "he does that on the floor that I was doing."

I recorded this video and would like to play it in court for the judge to see that Angelina stated this completely on her own. I immediately sent the video to Attorney Cretella and asked

3

him what I should do. He did not respond. I then called his office and his legal secretary Alexandra L. Warzocha stated that it was Don's advisement that I should "do what I feel is best for my child" in response to my question about whether I should report this to police or to DCF. I ultimately decided to call DCF. They took the report and DCF sent the report to the New Britain Police Department. I notified Matthew that I would be keeping Angelina with me again until further notice and referenced the pending NBPD police investigation and the pending DCF investigation as a reason why. DCF, Detective Lisa Steeves from the New Britain Police Department, and Attorney Cretella all advised that it was in the best interest and for the safety and well-being of Angelina not to have any unsupervised weekend visits with Matthew while the investigation was pending due to Matthew regularly insisting on using his son Dominic Lodice as a caregiver and babysitter for Angelina.

Detective Lisa Steeves stated to me on 2/11/23 that she spoke to Matthew and told him that it was in Angelina and his best interest for her to stay with me until further notice, to which she said Matthew told her he agreed and he felt that it was best for Angelina to stay with me while the investigations were pending.

Angelina had her second forensic interview on March 3, 2023, at the Yale Child Advocacy Center again. **(E-Filed Case Exhibit #20)** This time, they told me that I could tell her before the interview that we were "going there to tell them what Dom does to you" but instructed me not to give her any further details. I did this and during the interview Angelina made statements that "Dominic 'sat on her' and 'she sat on him' and he 'tickled her belly.'" **(E-Filed Case Exhibit #21)**

From February 1, 2023 until March 3, 2023 when the second forensic took place, Angelina made multiple other disclosures to me privately which I recorded and showed to DCF

4

and police, during which she referred to her humping her stuffed animals as "sitting on them like Dom sits on me". I told Detective Steeves that due to Angelina's age and intellectual limitations that her statements about her 200 pound, 16.5 year old brother sitting on her and vice versa were her way of describing the abuse in her own words. The social worker, Leah Smith, stated that when they entered the room for the interview that she asked Angelina to "show her what Dom does" and stated that Angelina replied by saying "I can't because I don't have my stuffed animal with me." I asked Leah Smith prior to that if she could allow Angelina to bring the stuffed animal and she stated it was against their policies and there were no exceptions.

Despite the statements that were made, and the countless videos I had of her disclosing to me what happened, the police still decided to close the investigation without ever collecting all of the videos I stated I wanted to provide them on a flash drive and without ever receiving my complete statement. I gave them a statement that was unedited, unfinished, and unsigned, and I provided them with one flash drive. I told them I would complete the statement and give the remaining videos on a second flash drive the following week, but they instructed me not to waste my time and stated there was "no probable cause" for an arrest.

On 3/3/23, after the completion of the second forensic interview, Leah Smith put in her notes that *I recommend that Angelina have supervised contact with Dominic Lodice as this investigation proceeds. I also recommend that Angelina continue in outpatient mental health treatment with Jessica Mayo at the Yale Child Study Center. I will follow-up with mother within two weeks. I provided her with my contact information should any questions of concerns arise."* **(E-Filed Case Exhibit #21)**

I was told that Detective Steeves would set up an appointment with herself, the state's attorney, Sargeant Barselau, and Lieutenant Prasavage from the New Britain Police Department

the following week to discuss the statutory requirements for a sex-4 disclosure and to follow up to get more information because they had "more authority". This meeting never happened.

Angelina was scheduled to have her first in-person therapy session at the Yale Child Study Center with Jessica Mayo, PhD on 3/10/23. I brought her to school that day, and less than an hour prior to me picking her up, Matthew Lodice showed up unexpectedly with no other prior warning and took Angelina from the school, along with all of the belongings that I provided for her that were at the school.

The school notified me of this and I immediately called 911, who then said they would call me back after transferring me to Connecticut State Police and telling me that they would put a BOLO alert for Matthew's vehicle in an attempt to intercept it since there is an active full no-contact protective order that says he can not interfere with me as the protected party. I messaged Matthew in the app and asked him to immediately return Angelina to me and told him that she has her therapy appointment, and he refused to bring her. When Matthew finally returned Angelina to my mother at our church on 3/12/23, she disclosed that she was sexually abused on 3/11/23 while being babysit by Dominic Lodice while "daddy worked all day and took Sal with him".

Angelina stated repeatedly in multiple videos since then that Dominic "pulled her pants down and pulled his pants down and put his penis on her back, vagina, and butt". She stated he does this on the gray couch in the living room and stated that Matthew witnessed his son doing this on atleast one occasion on camera and stated that Dominic does this when Matthew is at work. Matthew regularly works 7 days a week running a busy, successful full-service remodeling and construction company called Whole House Remodeling Company LLC. He regularly has stated that he is comfortable having his son Dominic Lodice watch Angelina while he works, and

6

states that he can not give me the right of first refusal because he feels that Angelina is fine with Dominic, despite it being in our court order that he is to give me the right of first refusal.

I have multiple police reports documenting that he left her with Dominic on instances when I was not given the right of first refusal, and also documentation and proof that he left her with others such as Monica Perez and Cherish Sheehan. Matthew states that he "needs to work" and "can't afford daycare" so his "only choice is to leave her with Dominic" despite me telling him that I have complete open availability and can watch her anytime he has work or personal obligations during his parenting time.

I had a recorded police interview in person on March 16, 2023 at 10:30 AM and the victim advocate Cindy from the Rape Crisis Center of Milford also attended with myself, Sargeant Barselau, and Detective Lisa Steeves. During this interview I disclosed to them the new disclosures that Angelina made about the abuse she claimed happened on 3/11/23, and they stated that a new case number would be created. After the meeting, Detective Lisa Steeves called me and stated that she normally never dealt with Yale and that typically she used Klingberg as a location for child forensic interviews. She stated Klingberg would consider making an exception and allowing Angelina to bring her stuffed animal into the interview, and we had a third forensic scheduled for 3/21/23 and I was told that she could bring the toy to help communicate about what was happening to her.

On 3/20/23, I received a call that the third forensic was being cancelled with no explanation as to why. Detective Steeves said that she admitted that the first forensic "didn't count" since Angelina did not make it past the first question, but stated that they thought it would be too hard on Angelina to do another forensic at that point in time due to everything she had been through.

Angelina has been diagnosed with adjustment disorder by Jessica Mayo, PhD from the Yale Child Study Center and I have been regularly bringing her to therapy appointments and participating in her treatment with parent sessions as well. Matthew tried to stop her from going to that therapy as well, and Dr. Mayo had to have a meeting with him to get him to consider consenting. She told him to let her know by a certain date if he was still going to refuse consent, and since he never let her know, she went ahead with the treatment.

On 3/13/23, Don Cretella filed an ex-parte order regarding the situation but his legal assistant drafted it and stated that it could only be limited to the first page with no pages attached. She stated that we could explain and show all evidence at the hearing if it was denied.

The hearing took place on 3/27/23, and Don Cretella did not allow me to give any evidence or testimony, nor did he offer any himself. I was accused of it being "so obvious that I was making this all up" despite the substantial medical records and documentation.

After being ordered to allow Angelina to continue going for visits, I started sending her again on the weekend of 4/1/23. Matthew was ordered not to allow her to have unsupervised contact or be left alone with his sons during this time.

On 5/23/23, I dropped Angelina off at school and she complained of abdominal pain and vaginal pain. I immediately notified her teacher and told them I would be immediately calling the pediatrician. I told the pediatrician also about the prior abuse allegations and they instructed me to go to Griffin Hospital. Griffin Hospital then took it in as a sexual assault case (E-Filed Case Exhibit #16) as shown by hospital records. Griffin then instructed us to go to Hartford Children's Medical Center who then conducted a full rape kit and std check on Angelina and took DNA samples. The doctors at both hospitals advised that since Angelina had not had a bath since she came home that there was a chance that trace DNA would be there. I was with Angelina and did

not leave her side in the hospitals until 3am and took her home after. I followed up with SCAN on 5/24/23 as instructed by the hospital personnel. The hospital called DCF when we were there and they initiated a new report. I am unsure if DCF took the case. New Britain Police came there to pick up the sample and Officer Podgurski (Badge 562) took the sample and provided me with tracking information.

I uploaded many exhibits online already and am prepared to show all of my evidence if more is needed. I spoke to SCAN today and they confirmed that a forensic interview is being scheduled. Property manager at NBPD Officer Reyes (#316) also confirmed that the evidence is at NBPD and still needs to go to lab for results.

Angelina has right to be rightfully protected from the accused as a crime victim.

| Name of case *(Plaintiff v. Defendant)* | Docket number |
|---|---|
| Theodora F. Antar v. Matthew J. Lodice | NNH-FA19-5046828-S |

## Order *(To be completed by the court)*

☐ The Court has reviewed this application and finds that an immediate and present risk of physical danger or psychological harm to the child or children exists, and in the best interests of the child or children the Court enters the below ex parte order and orders that a hearing be held no later than 14 days from the date of this order.

☐ Temporary legal and physical custody to _____

☐ Visitation as follows: _____

☐ No visitation.

☐ Respondent may not remove the child or children named in the application from the State of Connecticut.

☐ Respondent may not interfere with Applicant's custody of the child or children named in the application.

☐ Respondent may not interfere with the educational program of the child or children named in the application.

☐ Other: See order dated 5-25-23.
Matthew Lodice has sole legal custody.
Theodora Antar has supervised access only.

☒ This application for ex parte orders is denied. A hearing shall be ordered on the application, pursuant to General Statutes § 46b-56f (c).

| By the Court *(Judge)* (Grossman, J) | Date ordered 5-26-23 |
|---|---|

## Order for Notice and Summons *(To be completed by clerk)*

The court orders that a hearing on this Application be held on *(date)* 6/15/23 at *(time)* 2:00 PM

This hearing will be held ☒ in person at:

| Superior Court, Judicial District of: New Haven | Room number *(if known)* 3E | Phone number *(Area code first)* 203-503-6800 |
|---|---|---|
| Court location *(Number, street and town)* 235 CHURCH STREET, NEW HAVEN CT 06510 | | |

☐ remotely (online by video). You are ordered to:

- File an Appearance form with a current, valid e-mail address at least 5 days before this hearing, unless you have already done so;
- Attend this hearing by following the instructions that are sent to your e-mail address by the court; and
- Contact the court clerk's office before the scheduled time of this hearing if you are unable to follow the instructions.

You must contact the court clerk's office at least 5 days before this hearing if you do not have or cannot get an e-mail address, or if you do not have access to an electronic device that you can use to participate in this remote hearing.

The court further orders the Applicant to give the Respondent notice of this Application, the Affidavit, any ex parte order, and this order, by having a true and attested copy served on the Respondent by any proper officer at least 5 days before the date of the hearing. Proof of service must be made to this Court.

To any proper officer: By the Authority of the State of Connecticut, you must serve a true and attested copy of the Application, Affidavit, Ex Parte Order (if any), and this order on the person named below in one of the ways required by law at least **5 days** before the date of the hearing, and file proof of service with this Court.

| Person to be served Matthew Lodice | Address |  |
|---|---|---|
| By the Court (Grossman, J) | Assistant/Clerk | Date signed 5/26/23 |

**MOTION FOR MODIFICATION**
JD-FM-174   Rev. 3-20
C.G.S. §§ 46b-84, 46b-86
P.B. §§ 25-26, 25-30, 25-57, 25a-18, 25a-30
*(Select one)*

State of Connecticut
STATE OF CONNECTICUT
SUPERIOR COURT
www.jud.ct.gov

For information on ADA accommodations,
contact a court clerk or go to: *www.jud.ct.gov/ADA.*

Docket: FA195046828S

☐ Before judgment   ☑ After judgment   *If the court has ordered you to attach a request for leave with a motion for modification of a final custody or visitation order, you must complete and attach a Request for Leave form (JD-FM-202) to this motion.*

Judicial District of: New Haven
At (Town): New Haven
Docket number: FA195046828S

Plaintiff's name: Theodora Antar
Plaintiff's address *(Number, street, city, state, zip code)*: 376 Sherman ave, Orange

Defendant's name: Matthew Lodice
Defendant's address *(Number, street, city, state, zip code)*: 23 Lyman St #2 New Britain

Type of Motion to Modify
☑ Child Support   ☐ Alimony   ☑ Custody   ☑ Visitation   ☐ Other *(Specify):*

Theodora Antar
*(Name)*   ☑ the Plaintiff   ☐ the Defendant   ☐ a Support Enforcement Officer, state that:

1. This Court issued an order dated 5/25/23 directing Matthew Lodice, residing at 23 Lyman St #2 New Britain CT
*(Name)*
*(Number, street, city, state, zip code)*   to: *(Complete the boxes that apply to your motion)*

| Pay current support in the amount of: | Pay alimony in the amount of: |
|---|---|
| $ _____ every (per) _____ | $ _____ every (per) _____ |

Pay arrearages as follows:
$ _____ every (per) _____   on the total arrearage owed of $ _____ as of (date) _____

Have custody of the child/children: *(Select one)*   ☐ Joint legal custody   ☑ Sole custody
Have visitation or parenting time.
Primary residence of children with: Matthew Lodice

Provide health insurance coverage   ☐ No   ☐ Yes
Pay _____ % of unreimbursed medical expenses.
Provide HUSKY/cash medical   $ _____ every (per) _____

Contribute to child care   _____ % or $ _____
Other *(Specify):*

Superior Court
FILED
MAY 26 2023
CHIEF CLERK'S OFFICE

2. You must explain briefly the facts that are the reasons why you are asking for this modification.
*(Select appropriate box or boxes. Attach additional sheet or sheets, if necessary.)*
☑ Since the date of the order, the circumstances in this case have changed substantially, as follows:
child alleged sex abuse by his son who he uses as her babysitter
☐ The order for current child support is substantially different from the current child support and arrearage guidelines presumptive child support order, as follows:

3. The ☐ plaintiff ☐ defendant is a "deploying parent" of the armed forces. The facts about that deployment or mobilization are:

4.a. I am receiving state assistance or HUSKY health insurance, or I have received it in the past. ☑ Yes ☐ No
4.b. Any child that this motion is about is receiving state assistance or HUSKY health insurance, or has received it in the past. ☑ Yes ☐ No
If you answered "Yes" to either of these questions, you must send a copy of this motion to: The Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06106. If you don't give the Attorney General's Office a copy, your motion may take longer to decide.

**I ask the Court to modify (change) the existing order or orders as follows:** *(Select all that apply)*

**a. Child Support** *(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file a completed Worksheet for the Connecticut Child Support and Arrearage Guidelines (CCSG-1) and an Advisement of Rights Re: Income Withholding (JD-FM-71) on your hearing date. You may also need to file an Affidavit Concerning Children (JD-FM-164) on your hearing date.)*
☑ Order current support   ☐ Find arrearage and order payment   ☑ Order immediate income withholding
☐ Increase current support   ☑ Provide HUSKY/cash medical   ☑ Provide health insurance coverage
☐ Decrease current support   ☐ Contribute to child care   ☐ Other

**b. Alimony** *(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file an Advisement of Rights Re: Income Withholding (JD-FM-71) on your hearing date.)*
☐ Increase   ☐ Decrease
the amount of alimony to be paid.

**c. Custody** *(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file an Affidavit Concerning Children (JD-FM-164) and a completed Worksheet for the Connecticut Child Support and Arrearage Guidelines (CCSG-1) on your hearing date.)*
☑ Modify custody as follows:
sole custody w/ plaintiff

| Plaintiff's name | Defendant's name | Docket number |
|---|---|---|
| Antar | Lodice | FA19 5046 8285 |

## d. Visitation/Parenting Time

*(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file an Affidavit Concerning Children (JD-FM-164) and a completed Worksheet for the Connecticut Child Support and Arrearage Guidelines (CCSG-1) on your hearing date.)*

[X] Modify visitation (parenting time) as follows:

Supervised visits only

## e. Other [ ]
(Please be specific)

child can't be alone w/ Dominic Lodice

| Signature (Self-represented party or attorney) | Print name | Title (If applicable) | Date signed |
|---|---|---|---|
| | Theodora Antar | | 5 26 23 |

| Address (Number, street, city, state, zip code) | Phone number |
|---|---|
| 856 Shaybani drive, Orange CT, 06477 | 2032738419 |

## Certification

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on *(date* _____ *)* to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

Name and address of each party and attorney that copy was mailed or delivered to*

*If necessary, attach additional sheet or sheets with name and address that the copy was mailed or delivered to.

| Signed (Self-represented party or attorney) | Print or type name of person signing | Date signed |
|---|---|---|
| | | |

## Order for Hearing and Summons *(To be completed by Clerk or Support Enforcement Officer, if applicable)*

The Court orders that a hearing be held at the time and place shown below. The Court also orders the

[X] Plaintiff  [ ] Defendant  [ ] Support Enforcement Officer   to give notice to the opposing party of the Motion and of the time and place where the court will hear it, by having a true and attested copy of the Motion and this Order served on the opposing party by any proper officer at least **12 days** before the date of the hearing. Proof of service must be made to this Court at least **6 days** before the date of hearing.

| **Hearing to be held at** → | Superior Court, Judicial District of<br>New Haven | | Date<br>6/15/23 |
|---|---|---|---|
| | Court Address<br>235 CHURCH STREET, NEW HAVEN CT 06510 | Room Number<br>3E | Time<br>2:00 PM |

## TO ANY PROPER OFFICER:

By the Authority of the State of Connecticut, you must serve a true and attested copy of the above Motion and Order For Hearing and Summons on the person named below in one of the ways required by law at least **12 days** before the date of the hearing, and file proof of service with this Court at least **6 days** before the hearing.

| Person to be served | Address |
|---|---|
| Matthew Lodice | |

| By the Court | Assistant Clerk/Support Enforcement Officer | Date signed |
|---|---|---|
| (Grossman, J) | | 5/26/23 |

## Order    The court has heard this motion and orders it

[ ] Granted   [ ] Denied   **and**   [ ] Further orders *(if applicable)*:

| By the Court *(Judge/Family Support Magistrate/Assistant Clerk)* | Date Ordered |
|---|---|
| | |

**For Court Use Only**

Fee for Motion to Modify:  [X] Paid   [ ] Waived

JD-FM-174 (Page 2)   Rev. 3-20

**MOTION FOR MODIFICATION**
JD-FM-174   Rev. 3-20
C.G.S. §§ 46b-84, 46b-86
P.B. §§ 25-26, 25-30, 25-57, 25a-18, 25a-30
(Select one)

For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA.

State of Connecticut
STATE OF CONNECTICUT
SUPERIOR COURT
www.jud.ct.gov

☐ **Before judgment**   ☑ **After judgment**   *If the court has ordered you to attach a request for leave with a motion for modification of a final custody or visitation order, you must complete and attach a Request for Leave form (JD-FM-202) to this motion.*

| Judicial District of | At (Town) | Docket number |
|---|---|---|
| New Haven | New Haven | |

| Plaintiff's name | Plaintiff's address (Number, street, city, state, zip code) |
|---|---|
| Theodora Antzel | |

| Defendant's name | Defendant's address (Number, street, city, state, zip code) |
|---|---|
| Matthew Lodice | 23 Lyman St #2 New Britain |

**Type of Motion to Modify**
☐ Child Support   ☐ Alimony   ☑ Custody   ☑ Visitation   ☐ Other (Specify):

I, Theodora Antzel
(Name)
☐ the Plaintiff   ☐ the Defendant   ☐ a Support Enforcement Officer, state that:

1. This Court issued an order dated 5/25/23 directing Matthew Lodice, residing at
   (Name)
   23 Lyman St. #2, New Britain CT
   (Number, street, city, state, zip code)
   to: (Complete the boxes that apply to your motion)

| Pay current support in the amount of: | Pay alimony in the amount of: |
|---|---|
| $ every (per) | $ every (per) |

| Pay arrearages as follows: | | |
|---|---|---|
| $ every (per) | on the total arrearage owed of $ | as of (date) |

| Have custody of the child/children: (Select one) | Have visitation or parenting time | Primary residence of children with: |
|---|---|---|
| ☐ Joint legal custody  ☑ Sole custody | | Matthew Lodice |

| Provide health insurance coverage | | Provide HUSKY/cash medical |
|---|---|---|
| ☐ No  ☐ Yes | Pay ____ % of unreimbursed medical expenses | $ every (per) |

| Contribute to child care | Other (Specify): |
|---|---|
| ____ % or $ | |

2. You must explain briefly the facts that are the reasons why you are asking for this modification.
   *(Select appropriate box or boxes. Attach additional sheet or sheets, if necessary.)*
   ☑ Since the date of the order, the circumstances in this case have changed substantially, as follows:
   Child allowed sex abuse by his son who he uses al her babysitter
   ☐ The order for current child support is substantially different from the current child support and arrearage guidelines presumptive child support order, as follows:

3. The ☐ plaintiff  ☐ defendant  is a "deploying parent" of the armed forces. The facts about that deployment or mobilization are:

4.a. I am receiving state assistance or HUSKY health insurance, or I have received it in the past. ☑ Yes   ☐ No
4.b. Any child that this motion is about is receiving state assistance or HUSKY health insurance, or has received it in the past. ☑ Yes   ☐ No
   If you answered "Yes" to either of these questions, you must send a copy of this motion to: The Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06106. If you don't give the Attorney General's Office a copy, your motion may take longer to decide.

**I ask the Court to modify (change) the existing order or orders as follows:** (Select all that apply)

**a. Child Support** *(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file a completed Worksheet for the Connecticut Child Support and Arrearage Guidelines (CCSG-1) and an Advisement of Rights Re: Income Withholding (JD-FM-71) on your hearing date. You may also need to file an Affidavit Concerning Children (JD-FM-164) on your hearing date.)*
☑ Order current support   ☐ Find arrearage and order payment   ☑ Order immediate income withholding
☑ Increase current support   ☑ Provide HUSKY/cash medical   ☑ Provide health insurance coverage
☐ Decrease current support   ☐ Contribute to child care   ☐ Other

**b. Alimony** *(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file an Advisement of Rights Re: Income Withholding (JD-FM-71) on your hearing date.)*
☐ Increase   ☐ Decrease
the amount of alimony to be paid.

**c. Custody** *(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file an Affidavit Concerning Children (JD-FM-164) and a completed Worksheet for the Connecticut Child Support and Arrearage Guidelines (CCSG-1) on your hearing date.)*
☑ Modify custody as follows:
Sole custody w/ plaintiff

SUPERIOR COURT
FILED
MAY 26 2023
CHIEF CLERK'S OFFICE

| Plaintiff's name | Defendant's name | Docket number |
|---|---|---|
| Antar | Lodice | FA1950468285 |

## d. Visitation/Parenting Time

*(You must file a sworn to Financial Affidavit (JD-FM-6) at least 5 days before the hearing. You must also file an Affidavit Concerning Children (JD-FM-164) and a completed Worksheet for the Connecticut Child Support and Arrearage Guidelines (CCSG-1) on your hearing date.)*

[X] Modify visitation (parenting time) as follows:

Supervised visits only
child can't be alone w/ Dominic Lodice

## e. Other [X]
*(Please be specific)*

| Signature (Self-represented party or attorney) | Print name | Title (If applicable) | Date signed |
|---|---|---|---|
| | Theodora Antar | | 5-26-23 |

| Address (Number, street, city, state, zip code) | Phone number |
|---|---|
| 856 Shaybun drive, Orange CT, 06477 | 2032738419 |

## Certification

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on (date) _____ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

Name and address of each party and attorney that copy was mailed or delivered to*

*If necessary, attach additional sheet or sheets with name and address that the copy was mailed or delivered to.

| Signed (Self-represented party or attorney) | Print or type name of person signing | Date signed |
|---|---|---|
| | | |

## Order for Hearing and Summons *(To be completed by Clerk or Support Enforcement Officer, if applicable)*

The Court orders that a hearing be held at the time and place shown below. The Court also orders the

[X] Plaintiff  [ ] Defendant  [ ] Support Enforcement Officer  to give notice to the opposing party of the Motion and of the time and place where the court will hear it, by having a true and attested copy of the Motion and this Order served on the opposing party by any proper officer at least **12 days** before the date of the hearing. Proof of service must be made to this Court at least **6 days** before the date of hearing.

| **Hearing to be held at** → | Superior Court, Judicial District of New Haven | Date 6/15/23 |
|---|---|---|
| | Court Address 235 CHURCH STREET, NEW HAVEN CT 06510 | Room Number 3E  Time 12:00 PM |

## TO ANY PROPER OFFICER:

By the Authority of the State of Connecticut, you must serve a true and attested copy of the above Motion and Order For Hearing and Summons on the person named below in one of the ways required by law at least **12 days** before the date of the hearing, and file proof of service with this Court at least **6 days** before the hearing.

| Person to be served | Address |
|---|---|
| Matthew Lodice | |
| By the Court Grossman, J | Assistant Clerk/Support Enforcement Officer  Date signed 5/26/23 |

## Order   The court has heard this motion and orders it

[ ] Granted  [ ] Denied  and  [ ] Further orders (if applicable):

| By the Court (Judge/Family Support Magistrate/Assistant Clerk) | Date Ordered |
|---|---|
| | |

## For Court Use Only

Fee for Motion to Modify:  [X] Paid  [ ] Waived

JD-FM-174 (Page 2)  Rev. 3-20

**AFFIDAVIT CONCERNING CHILDREN**
JD-FM-164   Rev. 1-22
C.G.S. § 46b-115s; P.A. 21-15; P.B. § 25-57

*This form is available in other language(s).*

Court Use Only
**AFFACUS**

STATE OF CONNECTICUT
**SUPERIOR COURT**
**COURT OF PROBATE**
*www.jud.ct.gov*

*Instructions:*
*Fill out this form completely.*
*You must swear that your statements are true and sign this form in front of a court clerk, a notary public, or an attorney who will also sign and date the affidavit.*

| Judicial District of | At *(Town)* | Probate District name and number | Docket number |
|---|---|---|---|
| New Haven | New Haven | | NNH-PA-19-5046828-S |

| Plaintiff/Applicant's name *(Last, first, middle initial)* | Defendant/Respondent's name *(Last, first, middle initial)* |
|---|---|
| Antar, Theodora J. | Lodice, Matthew J |

**You must provide information about the past five years for each child affected by this case. Provide the information below.**
**If you need more space, use form JD-FM-164A.**

| Child's name *(First, middle, last)* | | | Date of birth *(Month, day, year)* |
|---|---|---|---|
| Angelina Maria Lodice | | | 5/21/2019 |

| Date(s) of residence | Place of residence *(Town or city, and state, unless confidential by court order)* | Name(s) and present address(es) of person(s) child lived with *(unless confidential)* | Relationship to child |
|---|---|---|---|
| From 5/21/2019 To **The present** *(date)* | 856 Shrybark drive, Orange CT | Theodora Antar, Julianna Viglione | Mom & Dev |
| From ___ To ___ *(date)* *(date)* | | | |
| From ___ To ___ *(date)* *(date)* | | | |
| From ___ To ___ *(date)* *(date)* | | | |
| From ___ To ___ *(date)* *(date)* | | | |

| Child's name *(First, middle, last)* | Date of birth *(Month, day, year)* | ☐ Residence information is same as for child above. *(If not same, provide information)* |
|---|---|---|
| | | |

| Date(s) of residence | Place of residence *(Town or city, and state, unless confidential by court order)* | Name(s) and present address(es) of person(s) child lived with *(unless confidential)* | Relationship to child |
|---|---|---|---|
| From ___ To **The present** *(date)* | | | |
| From ___ To ___ *(date)* *(date)* | | | |
| From ___ To ___ *(date)* *(date)* | | | |
| From ___ To ___ *(date)* *(date)* | | | |
| From ___ To ___ *(date)* *(date)* | | | |

☐ Select here if additional children are listed on JD-FM-164A.

*Page 1 of 2*

1. *(Select one)*  ☐ I have  ☐ I have not  been involved as a party or a witness or in any other capacity in a case or cases in Connecticut or in another state concerning custody of or visitation with any child listed in this affidavit. If you selected "I have," give the name of the court, the court case number and the date of the decision in the case or cases:

*(Select item 2 or 3 below)*

2. ☐  I do not know of other civil or criminal cases in Connecticut or another state, now or in the past, that could affect the current case, including enforcement cases and family violence, protective order, termination of parental rights and adoption cases.

3. ☐  I know of the following civil or criminal cases, in Connecticut or another state, now or in the past, that could affect the current case, including enforcement cases and family violence, protective order, termination of parental rights and adoption cases.

| Case name | Docket number | Court location *(Including state)* |
|---|---|---|
| Nature of proceeding | | |

| Case name | Docket number | Court location *(Including state)* |
|---|---|---|
| Nature of proceeding | | |

4. *(Select one)*  ☐ No one except the plaintiff/applicant and defendant/respondent has physical custody or claims to have custody or visitation rights regarding any child listed here.

☐ The following person(s) has physical custody or claims to have custody or visitation rights regarding any child listed here:

**Name:** _____

**Address:** _____
*(unless confidential)*

5. The parent of the child(ren) named in the Complaint or Application is pregnant.

☐ Yes    ☐ No    ☐ Do not know

6. A child has been born to the parent named in the Complaint or Application after the filing of the Complaint or Application.

☐ Yes    ☐ No    ☐ Do not know    If yes, fill in the following:

| Child's name | Date of birth *(Month, day, year)* |
|---|---|

Signature: _____    Print name of person signing: Theodore Arthur

Sworn to before me *(Assistant Clerk/Commissioner of Superior Court/Notary Public)*    Date signed: 5-26-23

JD-FM-164   Rev. 1-22    **Page 2 of 2**

---

**You must tell the court about any case in Connecticut or another state that could affect this case, if you learn about it during this case.**

**ADA NOTICE**
The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

Judicial District of New Haven
SUPERIOR COURT
FILED

**MAY 3 1 2023**

CHIEF CLERK'S OFFICE

DO NO NNH FA 19 5046828                    SUPERIOR COURT

THEODORA ANTAR                             JUDICIAL DISTRICT OF NEW
                                           HAVEN

V                                          AT NEW HAVEN

MATTHEW LODICE                             MAY 31, 2023

## ORDERS RE POSTJUDGMENT MOTIONS
### #142, #157, #157.60 #165, #254, #256, #225, #237, #148 #186, #187,
### #195, #205, #210, #212, #232, #247

    The court conducted a hearing on motions to modify custody filed by both parties and other post judgment motions on March 27, April 5 and May 25 of 2023. The mother was represented by counsel on the first two dates[1]. She fired her counsel before the third date. Her motion to continue the trial to seek new counsel was denied. The father was self-represented.

    The parties have one child in common, Angelina reached age four in May 2023.  The parents have been engaged in constant litigation since her birth. These orders resolve all pending motions regarding the custody and access schedule for that child. The hearing on pending financial motions is not concluded and will be subject to a future court date when Support Enforcement can be present.

---

[1] Prior counsel for the mother, Zingaro & Cretella, presented the case in an organized and cogent fashion that benefited the mother's position. The critical comments made by the mother about their representation of her were not consistent with this court's observations.

1



The court has considered the testimony of the parties, the testimony of Family Relations, the documents admitted into evidence, the contents of this court file and related court files involving the parties.[2][3]

The law applicable to these motions includes Connecticut General Statutes §46b-56, §46b-56c, § 46b-62, §46b-87 and Connecticut Practice Book §25-27. All findings are made by a preponderance of the evidence but for those related to any motions for contempt which are made to the clear and convincing standard.

The testimony of the father was credible. The testimony of Family Relations was credible. The testimony of the mother was not entirely credible.

The appearance and demeanor of the mother on the last hearing date was so unusual that it warrants description here. When she was represented by counsel she was occasionally disruptive but maintained her composure in court. On the final day of the hearing she appeared pro se. She brought into court boxes and bags of documents which contents covered counsel

---

[2] This includes the June 30, 2022 hearing, the December 5, 2022 hearing, the March 27, 2023 hearing on the mother's denied application for emergency custody, the orders of the Family Support Magistrate (*Theodora Antar v Matthew Lodice* Judicial District of New Haven NNH FA 19 6096801) the custody action between the mother and the father of her oldest child (*Theodora Antar v Gerald Viglione* Judicial District of New Haven NNH FA 16 4068691) the dissolution action between the father and the mother of his older children (*Monica Lodice v Matthew Lodice* Judicial District of New Britain HHB FA 13 4034032) and a recent restraining order application filed against the mother by a third party unrelated to these proceedings (*Mark Wachter v Theodora Antar* Judicial District of New Haven NNH FA 23 5056534)

[3] The mother filed seven restraining order applications against the father in the last 40 months. No relief was granted after hearings. See: *Theodora Antar v Matthew Lodice* Judicial District of New Haven, NNH FA 21 5049981 (denied after hearing, Price-Boreland, J.); *Theodora Antar v Matthew Lodice* Judicial District of New Haven NNH FA 225052817 (no ex parte relief granted, not served); *Theodora Antar v Matthew Lodice* Judicial District of Ansonia-Milford at Milford AAN FA 235023124 (action withdrawn); *Theodora Antar v Matthew Lodice* Judicial District of New Haven NNH FA 225052807 (dismissed; no proof of service); *Theodora Antar v Matthew Lodice* Judicial District of New Haven NNH FA 205049515 (denied after hearing, Murphy, J.); *Theodora Antar v Matthew Lodice* Judicial District of New Haven NNH FA205049536 (not picked up by applicant); *Theodora Antar v Matthew Lodice* Judicial District of New Haven NNH FA 225055233 (denied after hearing, Griffin, J.).

table and spilled onto the floor. She struggled with the order of proceedings and to follow simple courtroom instructions. She interrupted the court and the father many times. She yelled at the court and the courtroom Marshals. She eventually became so agitated and disruptive she was briefly removed from the courtroom. When she was readmitted, she spoke loudly and insistently at the court uninterrupted for over fifteen minutes. Her presentation was pressured, and the statements were often unrelated to the court process. Her behavior was alarming and of great concern to the court.

This display is consistent with the testimony of the father who indicated he has witnessed similar angry and uncontrollable outbursts. Some of this has occurred in front of the parties' child. The most recent of these events occurred in May 2023 while the father was attempting to pick up the child for his regularly scheduled access. The mother was arrested for her conduct at the exchange and charged with filing a false statement and disorderly conduct. *(State v Antar*, Derby Court, CR 23 0191150).[4]

This matter was referred to Family Relations for a Comprehensive Evaluation. Family Relations could not do this Evaluation because both parties failed to cooperate in the process. The matter was re-referred to Family Relations to gather information from The Department of Children and Families (DCF), the New Britain Police Department (NBPD) and the parties' mental health providers.

Pursuant to the courts request Family Relations reported that the mother initiated two complaints alleging the parties' child was sexually abused while in the father's care. These took place in October 2022 and February 2023. These reports were thoroughly investigated by DCF and the NBPD. A multi-disciplinary team was convened. All parties and the child were interviewed. The father cooperated with all requests by both departments. At the request of the mother, the child was subjected to multiple forensic interviews. All the complaints and investigations were closed without any recommendations or additional concerns being raised about the father. The child's pediatrician reported no concerns with the child. The child's day

---

[4] The father has a pending criminal case in which the mother is complainant. *State v Matthew Lodice*. Derby Court, CR 23 0190622.

care provider reported no concerns about the child other than the ongoing parental conflict. DCF reported no concerns about the child but ongoing concerns regarding the mother's mental health.

Upon learning the father would not be charged the mother lashed out at the Detective in charge of the investigation, calling her incompetent and neglectful and threatening her job. Her behavior was described as irate and rude. The New Britain Police Department had concerns about the mother s mental health.

The mother used her accusations of sexual abuse as a basis to withhold the child from the father for weeks at a time. In the last 14 months she has filed five emergency applications for custody. All five were denied after court hearings. In March 2023, after one such denial, the father picked the child up from day care per their regular schedule. The mother posted flyers on social media claiming the child had been kidnapped.

As a result of these accusations by the mother the child has been subjected to at least three hospital visits and at least two forensic interviews. She has also been denied access to her father and her siblings in his home.

On May 25, 2023 the mother stated another complaint of sexual abuse was initiated by her, this time as a result of her videotaping the child. She claims to have 40 or 50 such videos where the child, age 4, discloses abuse at the home of the father. On this occasion she took the child to Hartford Hospital where, she claims, the hospital notifed DCF. The father testified no one has contacted him about this complaint. It is unclear why the mother chose to go to Hartford as she lives in Orange and the father lives in New Britain. However, prior closed complaints were made to different hospitals and New Haven agencies.

Family relations was also tasked with reporting on the parties' mental health treatment. Neither party was entirely cooperative in this process. Family Relations reported that the mother does engage in treatment. She described herself to the court as a trauma survivor suffering from ADHD and PTSD. In April she told the court she was taking medications that she found helpful. Her providers reported the same. The father insists she has been diagnosed with and treated for other illnesses. In 2019 she was recommended for a psycho-pharmacological evaluation and Cognitive Behavioral Therapy. She did not act on these recommendations.

4

The child's experience with the mother is often tumultuous and chaotic. The mother has regular conflicts with those around her. She is repeatedly engaged with law enforcement (she calls the police herself or others call the police about her), DCF (a recent referral involved her oldest child not of these parties), and she has been the subject of recent restraining order applications[5] and criminal arrests. The child is presently enrolled in her 6th day-care and seeing her 3rd pediatrician.[6]

The child is also exposed to conflict when the parties exchange her and when the father tries to contact the child via phone or video call. Even the child's birthday was the subject of a day-long hearing in 2022. This court found the mother mostly at fault for that conflict though both parents contribute to the problems. They have been arrested many times since their daughter was born because of their disagreements. The father's arrests have been as a result of the mother's complaints. The mother's arrests have mostly, but not all, been initiated by the father's complaints.

The mother lives in Orange. She has primary custody of an older daughter. She is self-employed and a graduate student. Her mother assists her with childcare. Angelina is bonded to her mother. Her ability to support herself and her status as a student suggest her current circumstances might be temporary, or amenable to some type of treatment. Unfortunately, the court did not receive any indication of what might be at the root of her behavior. Any request for modification of these orders should clearly specify what has changed from this date to the date of any proposed modification.

The father lives alone in New Britain. He was self-employed and is now looking for work. He shares physical custody of two older children and has a good relationship with their mother. His mother assists him with childcare. Angelina is bonded to him and he is an appropriate and attentive parent. He does contribute to the parties' conflict: he failed to pay child support and child related expenses for many months, he antagonizes the mother and

---

[5] *Mark Wachter v Theodora Antar* Judicial District of New Haven NNH FA 23 5056534
[6] The father did not object to changing pediatricians, but the changes were initiated by the mother.

sometimes leads her on about their relationship.  However, he does a better job of insulating the child from the parents' conflicts, he supports the child's relationship with the mother and he is, at this time, a more stable and appropriate primary parent.

When applying the factors contained within CGS §46b-56 the court finds:

1.  The mother is unable or unwilling to facilitate or encourage the child's relationship with the father. She has interfered repeatedly in this relationship. In the last 40 months she has filed 7 restraining orders against the father and 5 emergency custody requests. No court has granted any of these requests. In the last 8 months she has initiated three identical claims that the child is being abused at the father's home. Related investigations resulted in concerns about the mother's ability to care for the child.

2.  The father fosters and encourages the relationship between the mother and child. He provides stable, consistent and appropriate care for the child.

3.  The mother's behavior, and possibly her mental health, is negatively impacting the child's stability, the child's relationships and the child's day-to-day wellbeing.

4.  The child's emotional and physical health is at risk from the mother's repeated conflict with others (including the child's day care providers and doctors) and from repeated exposure to doctors, forensic examiners and investigators.

5.  These findings outweigh other factors that might favor leaving the child in the mother's care, which include that the child is closely bonded to her, has lived primarily with her mother since birth, and has a close relationship with the mother's oldest daughter.

In light of these findings the court enters the following orders:

a.  The father will have sole physical and legal custody of the minor child Angelina Maria Lodice born May 21, 2019. His home will be the residence of the child for purposes of public school registration.

b.  The mother's access will be as determined by the father, in the presence of a third party designated by the father. Arrangements must be in writing (text or email is sufficient).

6

c.  The mother may not pick up the child from day care.

d.  The mother may not take the child to any emergency medical provider or police department without notifying the father before arrival and giving the provider or police department a copy of this order immediately upon arrival.

e.  The mother's access may include video calls monitored by the father.

f.  The father may change the child's day care to a location closer to his home. He will apprise the mother of any changes.

g.  The parties will no longer utilize a right of first refusal.

h.  The father is no longer obligated to bring the child to religious or church events at the mother's church on his parenting time.

i.  Family Relations will report to the court regarding the mother's statement that additional complaints of sexual abuse were initiated by her in May 2023. Family Relations will attempt to speak with any person or provider familiar with this new complaint, including DCF, any police departments and any medical providers including Hartford Hospital. The parties will cooperate in these efforts.

j.  The parties will return to court on June 15, 2023 at 2:00 for Family Relations to report to the court and the parties on the record.

k.  The court may modify the mother's access with the child on the next court date after the Family Relations report.

l.  The plaintiff indicated she is hiring new counsel. The court previously authorized prior counsel to release their file to new counsel (See order #256.10). Upon receipt of the file, new counsel may file a Case Flow Request to schedule the conclusion of evidence on the remaining financial motions.  A representative from the office of Support Enforcement Services will be needed at this hearing.

m.  These orders resolve all pending custody and access motions. The only motions requiring additional evidence are related to financial issues. They are:  #146.10 #157, #187, #227 and #243.

n.  Payment of child support by the father to the mother is suspended as of May 25, 2023. Payment of child support by the mother to the father will be addressed on June 15th. The parties are ordered to bring updated financial affidavits on that date.

o.  Pursuant to *Strobel v Strobel*, 92 Conn. App. 662 (2005) and Practice Book § 25-26(g), the plaintiff must hereafter file a Request For Leave To File with this court before filing any motions or pleadings. The Request must include a copy of the proposed motion.  As with all post judgment motions it must be served on the opposing party. The opposing party may file any objection to the Request. Any objection must be filed within ten (10) days. The court may rule on the Request with or without a hearing.

By The Court,

(Grossman, J.)

Judgment entered_____20_____
Counsel/self-rep. Ind. notified _5/31_20_23_
By ☐ JENO ☒ copy of memo ☐ Other
        ☒ Copy to Reporter of Judicial Decisions

mailed to :
π SRP T. Antar
△ SRP m. Lodice
SES Offices
by N3____ Asst Clrt

8

| MOTION FOR INTERVENTION IN FAMILY MATTERS<br>JD-FM-185  Rev. 8-17<br>C.G.S. § 46b-57 | STATE OF CONNECTICUT<br>SUPERIOR COURT<br>www.jud.ct.gov | COURT USE ONLY<br>MTI |
|---|---|---|

**Instructions:** *Fill out the form below to intervene in an existing case and file it with the Court Clerk. You must also file an Appearance form (JD-CL-12).*

| Judicial District of<br>**New Haven** | At *(Town)*<br>**New Haven** | Docket number<br>**NNH-FA19-5046828-S** |
|---|---|---|
| Name of case<br>**Theodora F. Antar v. Matthew J. Lodice** | | Return date *(Month, day, year) (if applicable)*<br>**06/15/2023** |
| Intervenor's name *(Last, first, middle initial)*<br>**Antonellis, Diamanto** | Intervenor's address *(Number, street, town, state, zip code)*<br>**21 Burma Rd, Woodbridge, CT, 06525** | |

1. I am the *(State relationship to child(ren), for example grandparent, aunt, uncle, etc.):*  __grandmother & godmother__

2. I have a relationship with the child(ren) that is similar in nature to a parent-child relationship. *(State specifically how your relationship is similar to a parent-child relationship):*

   **I am Angelina Lodice's grandmother and her godmother. I have a very close relationship to her and have helped to raise her and provide her with a religious foundation. I love her very much and we have a very strong bond.**

   [x] *(Check if asking for visitation)* Denial of visitation will cause real and significant harm to the child(ren). *(State specifically what harm would be caused to the child(ren)):*

   **Angelina has been asking to see me and attend religious services with me where I participate as her godmother. I have not been able to see Angelina in almost 3 weeks and am asking for visitation rights. I love her very much.**

   **Or**

   [ ] *(Check if asking for custody)* Parental custody clearly is detrimental to the child(ren) and giving me custody would be in the child(ren)'s best interests.

3. I want *("X" one):*  [ ] custody of the child(ren) listed below    [x] visitation rights with the child(ren) listed below

| Child's Name *(First, middle, last)* | Child's Age | Name(s) Of Parent(s) Or Guardian(s) *(First, middle initial, last)* |
|---|---|---|
| **Angelina Maria Lodice** | **4** | **Theodora F. Antar, Matthew J. Lodice** |
| | | Judicial District of New Haven<br>SUPERIOR COURT<br>FILED<br>MAY 3 1 2023<br>CHIEF CLERK'S OFFICE |

[ ] "X" here if additional children are listed on a separate sheet.

4. Briefly explain why you are asking to intervene in this case:

   **I have not been able to see or speak to my granddaughter and goddaughter Angelina Lodice in more than three weeks. I usually take her to church and her father recently stated that he will no longer allow her to practice her religion or attend church services. I am her legal godmother and have documentation from the Archdiocese that confirms this relationship. I have been in her life since the day she was born and she has been asking to see me. I love and miss my granddaughter.**

   **I request the Court's permission to intervene in this case.**

**Certification**

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on (date)____**5/31/2023**____ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

Name and address of each party and attorney that copy was or will be mailed or delivered to*

**Matthew J Lodice, 23 Lyman st, Apt #2, New Britain, CT, 06053 ; Theodora Antar, 856 Shagbark Drive, Orange, CT, 06477**

*If necessary, attach additional sheet or sheets with name and address which the copy was or will be mailed or delivered to.

| Signed *(Signature of filer/Connecticut Attorney)*<br>► *Diamanto Antonellis* | Print or type name of person signing<br>**Diamanto Antonellis** | Date signed<br>**05/31/2023** |
|---|---|---|
| Mailing address *(Number, street, town, state and zip code)*<br>**21 Burma Rd, Woodbridge, CT, 06525** | | Telephone number<br>**2036101001** |

## Order *(To be completed by the court)*

**The court has heard this motion and orders it:**    ☐ **Granted**     ☐ **Denied**

| By the Court *(Name of Judge)* | Signed *(Judge/Assistant Clerk)* | Print name of person signing at left | Date signed |
|---|---|---|---|
| , J. | | | |

JD-FM-185    Rev. 8-17    (Page 2/Back)

ORDER   435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
    V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
    AT NEW HAVEN

8/3/2023

ORDER

ORDER REGARDING:
05/31/2023 267.00 MOTION TO INTERVENE

The foregoing, having been considered by the Court, is hereby:

ORDER: WITHDRAWN

Judicial Notice (JDNO) was sent regarding this order.

435701
_____

Judge: JANE KUPSON GROSSMAN

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

| MOTION FOR INTERVENTION IN<br>FAMILY MATTERS<br>JD-FM-185   Rev. 8-17<br>C.G.S. § 46b-57 | **STATE OF CONNECTICUT<br>SUPERIOR COURT**<br>www.jud.ct.gov | COURT USE ONLY<br>MTI |
|---|---|---|

**Instructions:** *Fill out the form below to intervene in an existing case and file it with the Court Clerk. You must also file an Appearance form (JD-CL-12).*

| Judicial District of<br>New Haven | At (Town)<br>New Haven | Docket number<br>NNH-FA19-5046828-S |
|---|---|---|
| Name of case<br>Theodora F. Antar v. Matthew J. Lodice | | Return date (Month, day, year) (if applicable)<br>06/15/2023 |
| Intervenor's name (Last, first, middle initial)<br>Antonellis, Diamanto | Intervenor's address (Number, street, town, state, zip code)<br>21 Burma Rd, Woodbridge, CT, 06525 | |

1. I am the *(State relationship to child(ren), for example grandparent, aunt, uncle, etc.):*   grandmother & godmother

2. I have a relationship with the child(ren) that is similar in nature to a parent-child relationship. *(State specifically how your relationship is similar to a parent-child relationship):*

    I am Angelina Lodice's grandmother and her godmother. I have a very close relationship to her and have helped to raise her and provide her with a religious foundation. I love her very much and we have a very strong bond.

[X] *(Check if asking for visitation)* Denial of visitation will cause real and significant harm to the child(ren). *(State specifically what harm would be caused to the child(ren)):*

    Angelina has been asking to see me and attend religious services with me where I participate as her godmother. I have not been able to see Angelina in almost 3 weeks and am asking for visitation rights. I love her very much.

**Or**

[ ] *(Check if asking for custody)* Parental custody clearly is detrimental to the child(ren) and giving me custody would be in the child(ren)'s best interests.

3. I want ("X" one): [ ] custody of the child(ren) listed below    [X] visitation rights with the child(ren) listed below

| Child's Name (First, middle, last) | Child's Age | Name(s) Of Parent(s) Or Guardian(s) (First, middle initial, last) |
|---|---|---|
| Angelina Maria Lodice | 4 | Theodora F. Antar, Matthew J. Lodice |
| | | Judicial District of New Haven<br>SUPERIOR COURT<br>FILED<br>MAY 3 1 2023 |
| | | |

[ ] "X" here if additional children are listed on a separate sheet.

CHIEF CLERK'S OFFICE

4. Briefly explain why you are asking to intervene in this case:

    I have not been able to see or speak to my granddaughter and goddaughter Angelina Lodice in more than three weeks. I usually take her to church and her father recently stated that he will no longer allow her to practice her religion or attend church services. I am her legal godmother and have documentation from the Archdiocese that confirms this relationship. I have been in her life since the day she was born and she has been asking to see me. I love and miss my granddaughter.

    I request the Court's permission to intervene in this case.

**Certification**

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on (date)   5/31/2023   to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

Name and address of each party and attorney that copy was or will be mailed or delivered to*

Matthew J Lodice, 23 Lyman st, Apt #2, New Britain, CT, 06053 ; Theodora Antar, 856 Shagbark Drive, Orange, CT, 06477

*If necessary, attach additional sheet or sheets with name and address which the copy was or will be mailed or delivered to.

| Signed (Signature of filer/Connecticut Attorney)<br>► *Diamanto Antonellis* | Print or type name of person signing<br>Diamanto Antonellis | Date signed<br>05/31/2023 |
|---|---|---|
| Mailing address (Number, street, town, state and zip code)<br>21 Burma Rd, Woodbridge, CT, 06525 | | Telephone number<br>2036101001 |

## Order *(To be completed by the court)*

The court has heard this motion and orders it:     ☐ Granted          ☐ Denied

| By the Court *(Name of Judge)* | Signed *(Judge/Assistant Clerk)* | Print name of person signing at left | Date signed |
|---|---|---|---|
| , J. | | | |

| Plaintiff's Name *(Last, first, middle initial)* | Defendant's Name *(Last, first, middle initial)* | Docket Number |
|---|---|---|
| Antar | Lodice | FA19504682 8 S |

## Order For Hearing and Summons *(To be completed by clerk or support enforcement officer, if applicable)*

The Court orders that a hearing be held at the time and place shown below. The Court also orders the

[X] Intervening Party
~~Plaintiff~~   [ ] Defendant   [ ] Support Enforcement Officer   to give notice to the opposing party of the Motion and of the time and place where the court will hear it, by having a true and attested copy of the Motion and this Order served on the opposing party by any proper officer at least **12 days** before the date of the hearing. Proof of service must be made to this Court at least **6 days** before the date of hearing.

| **Hearing to be held at** ➡ | Superior Court, Judicial District of New Haven | | Date 7/27/23 |
|---|---|---|---|
| | Court Address **235 CHURCH STREET, NEW HAVEN CT 06510** | Room Number 3D | Time 9:15 AM |

To any proper officer:
By the Authority of the State of Connecticut, you must serve a true and attested copy of the above Motion and Order For Hearing and Summons on the person named below in one of the ways required by law at least **12 days** before the date of the hearing, and file proof of service with this Court at least **6 days** before the hearing.

| Person to be Served Theodora Antar & Matthew Lodice | Address | |
|---|---|---|
| By the Court (Grossman, J) | Assistant Clerk/Support Enforcement Officer | Date Signed 6/13/23 |

## Order   The court has heard this motion and orders it

[ ] **Granted**   [ ] **Denied**   and   [ ] **Further orders** *(if applicable):*

| By the Court *(Judge/Family Support Magistrate/Assistant Clerk)* | Date Ordered |
|---|---|
| | |

**For Court Use Only**
Fee for Motion to Modify:   [ ] Paid   [ ] Waived

JD-FM-174 (Back/Page 2)   Rev. 2-13

7/27/23 at 9:15AM

A MANDATORY Resolution Plan Date has been scheduled with Family Services for the date and time above. ALL PARTIES AND THEIR COUNSEL, IF ANY, MUST COME TO THE COURTHOUSE FOR THIS EVENT. The purpose is to provide an opportunity to learn about the court process, determine the specific issues in your case, the likelihood of reaching an agreement, and the amount of court involvement needed. At the end, an Action Plan will be recommended by Family Services to the court.

A judge will be available for a hearing, to consider agreements, and to make scheduling or other appropriate orders.

At least 2 days before your Resolution Plan Date, you must do the following:
1. Contact Family Services if there is a protective order or restraining order in place between the parties.
2. Each party or their attorney must complete a financial affidavit and exchange it with the other party. Financial affidavit forms can be found here, https://www.jud.ct.gov/webforms/default.aspx?load_catg=Family#searchTable.

You may be excused from your Resolution Plan Date ONLY if you have reached a FINAL agreement on ALL issues in your case and you have submitted the agreement to the court for approval in advance.

Instructions on how to request the entry of judgment by agreement, or the approval of any final agreement, in a divorce, legal separation or custody/visitation action without a court hearing can be found here, https://jud.ct.gov/family/FArequest.htm.

If a party or their counsel do not follow this order, sanctions may be imposed by the court which may include a monetary sanction, the entry of a nonsuit, default or dismissal. If counsel or the parties do not appear with Family Services on the assigned Resolution Plan Date, the court may dismiss the case or decide the same as an unopposed matter.

**MOTION FOR INTERVENTION IN FAMILY MATTERS**
JD-FM-185   Rev. 8-17
C.G.S. § 46b-57

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

COURT USE ONLY
MTI

**Instructions:** *Fill out the form below to intervene in an existing case and file it with the Court Clerk. You must also file an Appearance form (JD-CL-12).*

| Judicial District of | At (Town) | Docket number |
|---|---|---|
| New Haven | New Haven | NNH-FA19-5046828-S |
| Name of case | | Return date (Month, day, year) (if applicable) |
| Theodora F. Antar v. Matthew J. Lodice | | 06/15/2023 |
| Intervenor's name (Last, first, middle initial) | Intervenor's address (Number, street, town, state, zip code) | |
| Antonellis, Diamanto | 21 Burma Rd, Woodbridge, CT, 06525 | |

1. I am the *(State relationship to child(ren), for example grandparent, aunt, uncle, etc.):*   grandmother & godmother

2. I have a relationship with the child(ren) that is similar in nature to a parent-child relationship. *(State specifically how your relationship is similar to a parent-child relationship):*

   I am Angelina Lodice's grandmother and her godmother. I have a very close relationship to her and have helped to raise her and provide her with a religious foundation. I love her very much and we have a very strong bond.

[X] *(Check if asking for visitation)* Denial of visitation will cause real and significant harm to the child(ren). *(State specifically what harm would be caused to the child(ren)):*

   Angelina has been asking to see me and attend religious services with me where I participate as her godmother. I have not been able to see Angelina in almost 3 weeks and am asking for visitation rights. I love her very much.

**Or**

[ ] *(Check if asking for custody)* Parental custody clearly is detrimental to the child(ren) and giving me custody would be in the child(ren)'s best interests.

3. I want ("X" one):   [ ] custody of the child(ren) listed below   [X] visitation rights with the child(ren) listed below

| Child's Name (First, middle, last) | Child's Age | Name(s) Of Parent(s) Or Guardian(s) (First, middle initial, last) |
|---|---|---|
| Angelina Maria Lodice | 4 | Theodora F. Antar, Matthew J. Lodice |
| | | |
| | | |

Judicial District of New Haven
SUPERIOR COURT
**FILED**
MAY 31 2023
**CHIEF CLERK'S OFFICE**

[ ] "X" here if additional children are listed on a separate sheet.

4. Briefly explain why you are asking to intervene in this case:

   I have not been able to see or speak to my granddaughter and goddaughter Angelina Lodice in more than three weeks. I usually take her to church and her father recently stated that he will no longer allow her to practice her religion or attend church services. I am her legal godmother and have documentation from the Archdiocese that confirms this relationship. I have been in her life since the day she was born and she has been asking to see me. I love and miss my granddaughter.

   I request the Court's permission to intervene in this case.

**Certification**

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on (date)____5/31/2023____ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

Name and address of each party and attorney that copy was or will be mailed or delivered to*

Matthew J Lodice, 23 Lyman st, Apt #2, New Britain, CT, 06053 ; Theodora Antar, 856 Shagbark Drive, Orange, CT, 06477

*If necessary, attach additional sheet or sheets with name and address which the copy was or will be mailed or delivered to.

| Signed (Signature of filer/Connecticut Attorney) | Print or type name of person signing | Date signed |
|---|---|---|
| ► *Diamanto Antonellis* | Diamanto Antonellis | 05/31/2023 |
| Mailing address (Number, street, town, state and zip code) | | Telephone number |
| 21 Burma Rd, Woodbridge, CT, 06525 | | 2036101001 |

**Order** *(To be completed by the court)*

The court has heard this motion and orders it:          ☐ Granted          ☐ Denied

| By the Court *(Name of Judge)* | Signed *(Judge/Assistant Clerk)* | Print name of person signing at left | Date signed |
|---|---|---|---|
| , J. | | | |

| Plaintiff's Name *(Last, first, middle initial)* | Defendant's Name *(Last, first, middle initial)* | Docket Number |
|---|---|---|
| Antar | Lodice | FA19504 6828 S |

## Order For Hearing and Summons *(To be completed by clerk or support enforcement officer, if applicable)*

The Court orders that a hearing be held at the time and place shown below. The Court also orders the
Intervening Party

[X] Plaintiff  [ ] Defendant  [ ] Support Enforcement Officer  to give notice to the opposing party of the Motion and of the time and place where the court will hear it, by having a true and attested copy of the Motion and this Order served on the opposing party by any proper officer at least **12 days** before the date of the hearing. Proof of service must be made to this Court at least **6 days** before the hearing.

| Hearing to → be held at | Superior Court, Judicial District of  New Haven | Date 7/27/23 |
|---|---|---|
| | Court Address  **235 CHURCH STREET, NEW HAVEN CT  06510** | Room Number 3D  Time 9:15 AM |

To any proper officer:
By the Authority of the State of Connecticut, you must serve a true and attested copy of the above Motion and Order For Hearing and Summons on the person named below in one of the ways required by law at least **12 days** before the date of the hearing, and file proof of service with this Court at least **6 days** before the hearing.

| Person to be Served  Theodora Antar & Matthew Lodice | Address | |
|---|---|---|
| By the Court  (Grossman, J) | Assistant Clerk/Support Enforcement Officer | Date Signed 6/13/23 |

## Order  The court has heard this motion and orders it

[ ] Granted  [ ] Denied  and  [ ] Further orders *(if applicable)*:

| By the Court. *(Judge/Family Support Magistrate/Assistant Clerk)* | Date Ordered |
|---|---|
| | |

**For Court Use Only**
Fee for Motion to Modify:  [ ] Paid  [ ] Waived

JD-FM-174 (Back/Page 2)  Rev. 2-13

7/27/23 at 9:15AM

A MANDATORY Resolution Plan Date has been scheduled with Family Services for the date and time above. ALL PARTIES AND THEIR COUNSEL, IF ANY, MUST COME TO THE COURTHOUSE FOR THIS EVENT. The purpose is to provide an opportunity to learn about the court process, determine the specific issues in your case, the likelihood of reaching an agreement, and the amount of court involvement needed. At the end, an Action Plan will be recommended by Family Services to the court.

A judge will be available for a hearing, to consider agreements, and to make scheduling or other appropriate orders.

At least 2 days before your Resolution Plan Date, you must do the following:
1. Contact Family Services if there is a protective order or restraining order in place between the parties.
2. Each party or their attorney must complete a financial affidavit and exchange it with the other party. Financial affidavit forms can be found here; https://www.jud.ct.gov/webforms/default.aspx?load_catg=Family#searchTable.

You may be excused from your Resolution Plan Date ONLY if you have reached a FINAL agreement on ALL issues in your case and you have submitted the agreement to the court for approval in advance.

Instructions on how to request the entry of judgment by agreement, or the approval of any final agreement, in a divorce, legal separation or custody/visitation action without a court hearing can be found here, https://jud.ct.gov/family/FArequest.htm.

If a party or their counsel do not follow this order, sanctions may be imposed by the court which may include a monetary sanction, the entry of a nonsuit, default or dismissal. If counsel or the parties do not appear with Family Services on the assigned Resolution Plan Date, the court may dismiss the case or decide the same as an unopposed matter.

ORDER   435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

8/3/2023

ORDER

ORDER REGARDING:
05/31/2023 267.10 ORDER TO SHOW CAUSE

The foregoing, having been considered by the Court, is hereby:

ORDER: WITHDRAWN

Judicial Notice (JDNO) was sent regarding this order.

435701

Judge: JANE KUPSON GROSSMAN

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

ORDER   435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
  AT NEW HAVEN

8/3/2023

ORDER

ORDER REGARDING:
05/31/2023 267.11 MOTION TO INTERVENE

The foregoing, having been considered by the Court, is hereby:

ORDER: WITHDRAWN

Judicial Notice (JDNO) was sent regarding this order.

435701

Judge: JANE KUPSON GROSSMAN

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

**MOTION FOR INTERVENTION IN FAMILY MATTERS**
JD-FM-185  Rev. 8-17
C.G.S. § 46b-57

**STATE OF CONNECTICUT SUPERIOR COURT**
*www.jud.ct.gov*

| COURT USE ONLY |
|---|
| MTI |

**Instructions:** *Fill out the form below to intervene in an existing case and file it with the Court Clerk. You must also file an Appearance form (JD-CL-12).*

| Judicial District of | At (Town) | Docket number |
|---|---|---|
| **New Haven** | **New Haven** | **NNH-FA19-5046828-S** |

| Name of case | Return date (Month, day, year) (if applicable) |
|---|---|
| **Theodora F. Antar v. Matthew J. Lodice** | **June 15, 2023** |

| Intervenor's name (Last, first, middle initial) | Intervenor's address (Number, street, town, state, zip code) |
|---|---|
| **Antar, Irene** | **21 Burma Rd, Woodbridge, CT, 06525** |

1. I am the *(State relationship to child(ren), for example grandparent, aunt, uncle, etc.):*  **aunt**

2. I have a relationship with the child(ren) that is similar in nature to a parent-child relationship. *(State specifically how your relationship is similar to a parent-child relationship):*

   **I am Angelina Lodice's aunt and have a relationship similar in nature to a parent-child relationship in that I have helped to guide, raise, and serve as a positive role model and consistent figure in her life while also providing her love and nurture.**

   [x] *(Check if asking for visitation)* Denial of visitation will cause real and significant harm to the child(ren). *(State specifically what harm would be caused to the child(ren)):*

   **Angelina will suffer emotional harm if she is unable to have visitation with myself and she should not be alienated and isolated from her family members due to her father's unwillingness and inability to facilitate visitation with our family.**

   **Or**

   [ ] *(Check if asking for custody)* Parental custody clearly is detrimental to the child(ren) and giving me custody would be in the child(ren)'s best interests.

3. I want ("X" one):  [ ] custody of the child(ren) listed below    [x] visitation rights with the child(ren) listed below

| Child's Name (First, middle, last) | Child's Age | Name(s) Of Parent(s) Or Guardian(s) (First, middle initial, last) |
|---|---|---|
| Angelina Maria Lodice | 4 | Theodora F. Antar; Matthew J. Lodice |

Judicial District of New Haven
SUPERIOR COURT
FILED

**JUN 0 5 2023**

**CHIEF CLERK'S OFFICE**

[ ] "X" here if additional children are listed on a separate sheet.

4. Briefly explain why you are asking to intervene in this case:

   **Angelina Lodice's father Matthew Lodice was awarded sole legal and physical custody and control over all access of Theodora Antar's visitation. He has since eliminated almost all access of Angelina to our family and has made it almost impossible for her to see us. He has been exerting coercive control and involving Angelina in the custody dispute while denying Theodora Antar and myself and the rest of our family reasonable access to Angelina. I love Angelina and feel that as her aunt I can provide her stability and consistency and should not be isolated from her.**

   **I request the Court's permission to intervene in this case.**

**Certification**

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on (date)_____**6/5/23**_____ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

Name and address of each party and attorney that copy was or will be mailed or delivered to*

**Matthew Lodice, 23 Lyman st, #2, New Britain, CT, 06053; Theodora Antar, 856 Shagbark Drive, Orange, CT, 06477**

*If necessary, attach additional sheet or sheets with name and address which the copy was or will be mailed or delivered to.

| Signed (Signature of filer/Connecticut Attorney) | Print or type name of person signing | Date signed |
|---|---|---|
| ► *Irene Antar* | **Irene Antar** | **06/05/2023** |

| Mailing address (Number, street, town, state and zip code) | Telephone number |
|---|---|
| **21 Burma Rd, Woodbridge, CT, 06525** | **203-507-9956** |

## Order *(To be completed by the court)*

**The court has heard this motion and orders it:**    ☐ **Granted**    ☐ **Denied**

| By the Court *(Name of Judge)* | Signed *(Judge/Assistant Clerk)* | Print name of person signing at left | Date signed |
|---|---|---|---|
| , J. | | | |

ORDER   435701

DOCKET NO: NNHFA195046828S

SUPERIOR COURT

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

8/3/2023

<u>ORDER</u>

ORDER REGARDING:
06/05/2023 268.00 MOTION TO INTERVENE

The foregoing, having been considered by the Court, is hereby:

ORDER: WITHDRAWN

Judicial Notice (JDNO) was sent regarding this order.

435701

Judge: JANE KUPSON GROSSMAN

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

| MOTION FOR INTERVENTION IN<br>FAMILY MATTERS<br>JD-FM-185  Rev. 8-17<br>C.G.S. § 46b-57 | STATE OF CONNECTICUT<br>SUPERIOR COURT<br>*www.jud.ct.gov* | COURT USE ONLY<br>MTI |
|---|---|---|

**Instructions:** *Fill out the form below to intervene in an existing case and file it with the Court Clerk. You must also file an Appearance form (JD-CL-12).*

| Judicial District of<br>New Haven | At *(Town)*<br>New Haven | Docket number<br>NNH-FA19-5046828-S |
|---|---|---|
| Name of case<br>Theodora F. Antar v. Matthew J. Lodice | | Return date *(Month, day, year) (if applicable)*<br>June 15, 2023 |
| Intervenor's name *(Last, first, middle initial)*<br>Antar, Irene | Intervenor's address *(Number, street, town, state, zip code)*<br>21 Burma Rd, Woodbridge, CT, 06525 | |

1. I am the *(State relationship to child(ren), for example grandparent, aunt, uncle, etc.)*:   aunt

2. I have a relationship with the child(ren) that is similar in nature to a parent-child relationship. *(State specifically how your relationship is similar to a parent-child relationship):*

   I am Angelina Lodice's aunt and have a relationship similar in nature to a parent-child relationship in that I have helped to guide, raise, and serve as a positive role model and consistent figure in her life while also providing her love and nurture.

   [X] *(Check if asking for visitation)* Denial of visitation will cause real and significant harm to the child(ren). *(State specifically what harm would be caused to the child(ren)):*

   Angelina will suffer emotional harm if she is unable to have visitation with myself and she should not be alienated and isolated from her family members due to her father's unwillingness and inability to facilitate visitation with our family.

   **Or**

   [ ] *(Check if asking for custody)* Parental custody clearly is detrimental to the child(ren) and giving me custody would be in the child(ren)'s best interests.

3. I want *("X" one):*   [ ] custody of the child(ren) listed below   [X] visitation rights with the child(ren) listed below

| Child's Name *(First, middle, last)* | Child's Age | Name(s) Of Parent(s) Or Guardian(s) *(First, middle initial, last)* |
|---|---|---|
| Angelina Maria Lodice | 4 | Theodora F. Antar; Matthew J. Lodice |
| | | Judicial District of New Haven<br>SUPERIOR COURT<br>FILED |
| | | JUN 0 5 2023 |

[ ] "X" here if additional children are listed on a separate sheet.

CHIEF CLERK'S OFFICE

4. Briefly explain why you are asking to intervene in this case:

Angelina Lodice's father Matthew Lodice was awarded sole legal and physical custody and control over all access of Theodora Antar's visitation. He has since eliminated almost all access of Angelina to our family and has made it almost impossible for her to see us. He has been exerting coercive control and involving Angelina in the custody dispute while denying Theodora Antar and myself and the rest of our family reasonable access to Angelina. I love Angelina and feel that as her aunt I can provide her stability and consistency and should not be isolated from her.

   **I request the Court's permission to intervene in this case.**

**Certification**

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on (date) _____6/5/23_____ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

Name and address of each party and attorney that copy was or will be mailed or delivered to*

Matthew Lodice, 23 Lyman st, #2, New Britain, CT, 06053; Theodora Antar, 856 Shagbark Drive, Orange, CT, 06477

*If necessary, attach additional sheet or sheets with name and address which the copy was or will be mailed or delivered to.

| Signed *(Signature of filer/Connecticut Attorney)*<br>► *Irene Antar* | Print or type name of person signing<br>Irene Antar | Date signed<br>06/05/2023 |
|---|---|---|
| Mailing address *(Number, street, town and state and zip code)*<br>21 Burma Rd, Woodbridge, CT, 06525 | | Telephone number<br>203-507-9956 |

268 P
268 11

## Order *(To be completed by the court)*

The court has heard this motion and orders it:    ☐ **Granted**    ☐ **Denied**

| By the Court *(Name of Judge)* | Signed *(Judge/Assistant Clerk)* | Print name of person signing at left | Date signed |
|---|---|---|---|
| , J. | | | |

| Plaintiff's Name *(Last, first, middle initial)* | Defendant's Name *(Last, first, middle initial)* | Docket Number |
|---|---|---|
| Antar | Codice | FA19504G8285 |

## Order For Hearing and Summons *(To be completed by clerk or support enforcement officer, if applicable)*

The Court orders that a hearing be held at the time and place shown below. The Court also orders the
Intervening Party
☒ Plaintiff   ☐ Defendant   ☐ Support Enforcement Officer   to give notice to the opposing party of the Motion and of the time and place where the court will hear it, by having a true and attested copy of the Motion and this Order served on the opposing party by any proper officer at least **12 days** before the date of the hearing. Proof of service must be made to this Court at least **6 days** before the date of hearing.

| **Hearing to be held at** → | Superior Court, Judicial District of<br>New Haven | Date<br>7/27/23 |
|---|---|---|
| | Court Address   **235 CHURCH STREET, NEW HAVEN CT 06510** | Room Number **3D**   Time **9:15AM** |

To any proper officer:
By the Authority of the State of Connecticut, you must serve a true and attested copy of the above Motion and Order For Hearing and Summons on the person named below in one of the ways required by law at least **12 days** before the date of the hearing, and file proof of service with this Court at least **6 days** before the hearing.

| Person to be Served<br>Theodora Antar & Matthew Codice | Address |
|---|---|
| By the Court<br>(Grossman, J) | Assistant Clerk/Support Enforcement Officer | Date Signed<br>6/13/23 |

## Order   The court has heard this motion and orders it

☐ Granted   ☐ Denied   and   ☐ Further orders *(if applicable)*:

_____

_____

_____

| By the Court  *(Judge/Family Support Magistrate/Assistant Clerk)* | Date Ordered |
|---|---|

**For Court Use Only**
Fee for Motion to Modify:   ☐ Paid   ☐ Waived

JD-FM-174 (Back/Page 2)   Rev. 2-13

7/27/23 at 9:15 AM

A MANDATORY Resolution Plan Date has been scheduled with Family Services for the date and time above. ALL PARTIES AND THEIR COUNSEL, IF ANY, MUST COME TO THE COURTHOUSE FOR THIS EVENT. The purpose is to provide an opportunity to learn about the court process, determine the specific issues in your case, the likelihood of reaching an agreement, and the amount of court involvement needed. At the end, an Action Plan will be recommended by Family Services to the court.

A judge will be available for a hearing, to consider agreements, and to make scheduling or other appropriate orders.

At least 2 days before your Resolution Plan Date, you must do the following:
1. Contact Family Services if there is a protective order or restraining order in place between the parties.
2. Each party or their attorney must complete a financial affidavit and exchange it with the other party. Financial affidavit forms can be found here, https://www.jud.ct.gov/webforms/default.aspx?load_catg=Family#searchTable.

You may be excused from your Resolution Plan Date ONLY if you have reached a FINAL agreement on ALL issues in your case and you have submitted the agreement to the court for approval in advance.

Instructions on how to request the entry of judgment by agreement, or the approval of any final agreement, in a divorce, legal separation or custody/visitation action without a court hearing can be found here, https://jud.ct.gov/family/FArequest.htm.

If a party or their counsel do not follow this order, sanctions may be imposed by the court which may include a monetary sanction, the entry of a nonsuit, default or dismissal. If counsel or the parties do not appear with Family Services on the assigned Resolution Plan Date, the court may dismiss the case or decide the same as an unopposed matter.

| MOTION FOR INTERVENTION IN<br>FAMILY MATTERS<br>JD-FM-185   Rev. 8-17<br>C.G.S. § 46b-57 | STATE OF CONNECTICUT<br>SUPERIOR COURT<br>www.jud.ct.gov | COURT USE ONLY<br>MTI |

**Instructions:** *Fill out the form below to intervene in an existing case and file it with the Court Clerk. You must also file an Appearance form (JD-CL-12).*

| Judicial District of<br>**New Haven** | At (Town)<br>**New Haven** | Docket number<br>**NNH-FA19-5046828-S** |
| Name of case<br>**Theodora F. Antar v. Matthew J. Lodice** | | Return date (Month, day, year) (if applicable)<br>**June 15, 2023** |
| Intervenor's name (Last, first, middle initial)<br>**Antar, Irene** | Intervenor's address (Number, street, town, state, zip code)<br>**21 Burma Rd, Woodbridge, CT, 06525** | |

1. I am the *(State relationship to child(ren), for example grandparent, aunt, uncle, etc.):*  **aunt**

2. I have a relationship with the child(ren) that is similar in nature to a parent-child relationship. *(State specifically how your relationship is similar to a parent-child relationship):*

   I am Angelina Lodice's aunt and have a relationship similar in nature to a parent-child relationship in that I have helped to guide, raise, and serve as a positive role model and consistent figure in her life while also providing her love and nurture.

   [X] *(Check if asking for visitation)* Denial of visitation will cause real and significant harm to the child(ren). *(State specifically what harm would be caused to the child(ren)):*

   Angelina will suffer emotional harm if she is unable to have visitation with myself and she should not be alienated and isolated from her family members due to her father's unwillingness and inability to facilitate visitation with our family.

   **Or**

   [ ] *(Check if asking for custody)* Parental custody clearly is detrimental to the child(ren) and giving me custody would be in the child(ren)'s best interests.

3. I want ("X" one):   [ ] custody of the child(ren) listed below      [X] visitation rights with the child(ren) listed below

| Child's Name (First, middle, last) | Child's Age | Name(s) Of Parent(s) Or Guardian(s) (First, middle initial, last) |
| Angelina Maria Lodice | 4 | Theodora F. Antar; Matthew J. Lodice |

Judicial District of New Haven
SUPERIOR COURT
FILED

**JUN 0 5 2023**

[ ] "X" here if additional children are listed on a separate sheet.                    **CHIEF CLERK'S OFFICE**

4. Briefly explain why you are asking to intervene in this case:

Angelina Lodice's father Matthew Lodice was awarded sole legal and physical custody and control over all access of Theodora Antar's visitation. He has since eliminated almost all access of Angelina to our family and has made it almost impossible for her to see us. He has been exerting coercive control and involving Angelina in the custody dispute while denying Theodora Antar and myself and the rest of our family reasonable access to Angelina. I love Angelina and feel that as her aunt I can provide her stability and consistency and should not be isolated from her.

**I request the Court's permission to intervene in this case.**

**Certification**

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on (date) **6/5/23** to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

Name and address of each party and attorney that copy was or will be mailed or delivered to*

**Matthew Lodice, 23 Lyman st, #2, New Britain, CT, 06053; Theodora Antar, 856 Shagbark Drive, Orange, CT, 06477**

| *If necessary, attach additional sheet or sheets with name and address which the copy was or will be mailed or delivered to. | | |
| Signed (Signature of filer/Connecticut Attorney)<br>► *Irene Antar* | Print or type name of person signing<br>Irene Antar | Date signed<br>06/05/2023 |
| Mailing address (Number, street, town and state and zip code)<br>21 Burma Rd, Woodbridge, CT, 06525 | | Telephone number<br>203-507-9956 |

## Order *(To be completed by the court)*

The court has heard this motion and orders it:  ☐ Granted  ☐ Denied

| By the Court (*Name of Judge*) | Signed (*Judge/Assistant Clerk*) | Print name of person signing at left | Date signed |
|---|---|---|---|
| , J. | | | |

| Plaintiff's Name *(Last, first, middle initial)* | Defendant's Name *(Last, first, middle initial)* | Docket Number |
|---|---|---|
| Antar | Codice | FA19504G8285 |

## Order For Hearing and Summons *(To be completed by clerk or support enforcement officer, if applicable)*

The Court orders that a hearing be held at the time and place shown below. The Court also orders the
☒ Plaintiff   ☒ Defendant   ☐ Support Enforcement Officer   to give notice to the opposing party of the Motion and of the time and place where the court will hear it, by having a true and attested copy of the Motion and this Order served on the opposing party by any proper officer at least **12 days** before the date of the hearing. Proof of service must be made to this Court at least **6 days** before the date of hearing.

*(handwritten: Intervening Party)*

| Hearing to be held at → | Superior Court, Judicial District of   New Haven | | Date 7/27/23 |
|---|---|---|---|
| | Court Address   235 CHURCH STREET, NEW HAVEN CT  06510 | Room Number 3D | Time 9:15AM |

To any proper officer:
By the Authority of the State of Connecticut, you must serve a true and attested copy of the above Motion and Order For Hearing and Summons on the person named below in one of the ways required by law at least **12 days** before the date of the hearing, and file proof of service with this Court at least **6 days** before the hearing.

| Person to be Served   Theodora Antar & Matthew Codice | Address | |
|---|---|---|
| By the Court   (Grossman, J) | Assistant Clerk/Support Enforcement Officer | Date Signed 6/13/23 |

## Order   The court has heard this motion and orders it

☐ Granted   ☐ Denied   and   ☐ Further orders *(if applicable)*:

_____

_____

_____

| By the Court  *(Judge/Family Support Magistrate/Assistant Clerk)* | Date Ordered |
|---|---|

**For Court Use Only**
Fee for Motion to Modify:   ☐ Paid   ☐ Waived

JD-FM-174 (Back/Page 2)   Rev. 2-13

7/27/23 at 9:15 AM

A MANDATORY Resolution Plan Date has been scheduled with Family Services for the date and time above. ALL PARTIES AND THEIR COUNSEL, IF ANY, MUST COME TO THE COURTHOUSE FOR THIS EVENT. The purpose is to provide an opportunity to learn about the court process, determine the specific issues in your case, the likelihood of reaching an agreement, and the amount of court involvement needed. At the end, an Action Plan will be recommended by Family Services to the court.

A judge will be available for a hearing, to consider agreements, and to make scheduling or other appropriate orders.

At least 2 days before your Resolution Plan Date, you must do the following:
1. Contact Family Services if there is a protective order or restraining order in place between the parties.
2. Each party or their attorney must complete a financial affidavit and exchange it with the other party. Financial affidavit forms can be found here: https://www.jud.ct.gov/webforms/default.aspx?load_catg=Family#searchTable.

You may be excused from your Resolution Plan Date ONLY if you have reached a FINAL agreement on ALL issues in your case and you have submitted the agreement to the court for approval in advance.

Instructions on how to request the entry of judgment by agreement, or the approval of any final agreement, in a divorce, legal separation or custody/visitation action without a court hearing can be found here: https://jud.ct.gov/family/FArequest.htm.

If a party or their counsel do not follow this order, sanctions may be imposed by the court which may include a monetary sanction, the entry of a nonsuit, default or dismissal. If counsel or the parties do not appear with Family Services on the assigned Resolution Plan Date, the court may dismiss the case or decide the same as an unopposed matter.

ORDER    435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

8/3/2023

<u>ORDER</u>

ORDER REGARDING:
06/05/2023 268.10 ORDER TO SHOW CAUSE

The foregoing, having been considered by the Court, is hereby:

ORDER: WITHDRAWN

Judicial Notice (JDNO) was sent regarding this order.

435701

Judge: JANE KUPSON GROSSMAN

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

ORDER    435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

8/3/2023

ORDER

ORDER REGARDING:
06/05/2023 268.11 MOTION TO INTERVENE

The foregoing, having been considered by the Court, is hereby:

ORDER: WITHDRAWN

Judicial Notice (JDNO) was sent regarding this order.

435701

Judge: JANE KUPSON GROSSMAN

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

**LIST OF EXHIBITS**

JD-CL-28   Rev. 2-21

**ADA NOTICE**

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

# Instructions

### Attorneys and Self-Represented Parties

For trials:

Before the first day of jury selection or before the first day of a court trial, get exhibit stickers from the civil clerk's office.

Fill out this form as follows:

1. Fill in the Type of Proceeding, Name of Case, and Docket Number sections at the top of the form.

2. For each plaintiff's exhibit, fill in a description of the exhibit. Indicate whether the exhibit is Full (the parties agree) or ID (Identification) (the opposing party objects) by checking the appropriate box. Put a Plaintiff's Exhibit sticker on an open area of the exhibit.  The sticker must include the docket number of the case and the exhibit number (the number on the form where the exhibit is described).

3. For each defendant's exhibit, fill in a description of the exhibit. Indicate whether the exhibit is Full (the parties agree) or ID (Identification) (the opposing party objects) by checking the appropriate box. Put a Defendant's Exhibit sticker on an open area of the exhibit. The sticker must include the docket number of the case and the exhibit letter (the letter on the form where the exhibit is described).

4. If there are more than 26 plaintiff's exhibits or more than 26 defendant's exhibits, use the *List of Exhibits (continued)*, form JD-CL-28A, continuing with the next number or letter (e.g., AA, BB, CC, etc.). Put the next number or letter in the same column as the description of the exhibit.

5. On or before the first day of evidence, give the form to the courtroom clerk. If you are an attorney, your exhibits must be submitted to the court electronically. Electronic exhibits may only be submitted in PDF format. Therefore, exhibits not in PDF format (e.g., spreadsheets, jpegs, etc.) must either be converted to PDF format, or submitted on paper. If you are representing yourself, you may submit exhibits electronically at your option by enrolling in E-Services and obtaining electronic access to your case.

6. In civil and family cases, you must give a copy of all exhibits to the opposing counsel or opposing self-represented party. Before submitting exhibits to the court, you should redact (take out) any personal identifying information (see Section 4-7 of the Connecticut Practice Book for a description of personal identifying information), unless the information is required to establish a fact at issue in your case.

### Clerks

1. At the commencement of the trial obtain the List of Exhibits from the attorneys or self-represented party.

2. Complete the information at the top of the form.

3. As each exhibit is introduced, indicate on the exhibit list, under the appropriate column (Plaintiff, Defendant, State, Court) whether the exhibit is Full or ID by placing an "F" or "ID" in the column next to the description of the exhibit, and indicate whether the exhibit is an electronic or physical exhibit. If it is a physical exhibit, write the docket number, date, and your initials, and whether the exhibit is Full or ID on the exhibit sticker. All exhibits so marked must be retained by the clerk. If it is an electronic exhibit, mark the exhibit as Full or ID in E-filing. If an exhibit is not admitted during the trial, the column should be marked "N/A" indicating that the exhibit was not admitted into evidence. At the end of the trial be sure each exhibit has one of these markings.

4. Be sure all physical Full or ID exhibits have been given to the clerk for keeping until after judgment is entered and the appeal period has expired. Store in appropriate location as instructed by the Chief Clerk. Make appropriate entries in the Edison Exhibit Log.

**LIST OF EXHIBITS**
JD-CL-28  Rev. 2-21

STATE OF CONNECTICUT
**SUPERIOR COURT**

**LISTEXH**

Type of Proceeding: _____     Date(s) of Proceeding: _____

☐ All Exhibits are electronic     ☐ Exhibits are both electronic and physical     ☐ All Exhibits are physical

| Court | ☐ Geographic Area number _____ | ☐ Judicial District of: _____ | ☐ Housing Session | At *(Town)* |
|---|---|---|---|---|

| Name of Case | Name(s) of Clerk(s) |
|---|---|

| Name of Judge | Name(s) of Court Reporter(s) | Docket Number |
|---|---|---|

| **Plaintiff's Exhibits** | | **Entered as Full or ID** | **Defendant's Exhibits** | | **Entered as Full or ID** |
|---|---|---|---|---|---|
| ☐ ID ☐ Full | 1. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | A. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 2. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | B. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 3. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | C. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 4. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | D. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 5. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | E. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 6. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | F. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 7. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | G. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 8. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | H. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 9. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | I. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 10. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | J. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 11. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | K. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 12. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | L. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 13. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | M. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 14. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | N. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 15. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | O. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 16. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | P. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 17. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | Q. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 18. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | R. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 19. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | S. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 20. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | T. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 21. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | U. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 22. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | V. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 23. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | W. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 24. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | X. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 25. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | Y. | ☐ Electronic ☐ Physical |
| ☐ ID ☐ Full | 26. | ☐ Electronic ☐ Physical | ☐ ID ☐ Full | Z. | ☐ Electronic ☐ Physical |

| Plaintiff's physical exhibits returned to | Date | Defendant's physical exhibits returned to | Date |
|---|---|---|---|
| Receipt acknowledged *(Attorney for Plaintiff)* | Date | Receipt acknowledged *(Attorney for Defendant)* | Date |

*Page 1 of 2*

| Name of case | | Docket number |
|---|---|---|

| State's Exhibits | | Entered as Full or ID | Court's Exhibits | | Entered as Full or ID |
|---|---|---|---|---|---|
| ☐ ID ☐ Full | **1.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **A.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **2.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **B.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **3.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **C.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **4.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **D.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **5.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **E.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **6.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **F.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **7.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **G.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **8.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **H.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **9.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **I.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **10.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **J.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **11.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **K.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **12.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **L.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **13.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **M.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **14.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **N.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **15.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **O.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **16.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **P.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **17.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **Q.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **18.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **R.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **19.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **S.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **20.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **T.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **21.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **U.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **22.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **V.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **23.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **W.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **24.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **X.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **25.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **Y.** | ☐ Electronic ☐ Physical | |
| ☐ ID ☐ Full | **26.** | ☐ Electronic ☐ Physical | ☐ ID ☐ Full **Z.** | ☐ Electronic ☐ Physical | |

| State's physical exhibits returned to | Date |
|---|---|
| Receipt Acknowledged | Date |

368193APPEAL-AC-46566 6/5/2023 1:22:54 AM

| [x] **APPEAL** | [ ] **JOINT APPEAL** | [ ] **CROSS APPEAL** | [ ] **AMENDED APPEAL** | [ ] **CORRECTED FORM** |

JD-SC-33   Rev. 11-21
P.B. Sections 3-8, 60-7, 60-8, 62-7, 62-8, 63-3, 63-4, 63-10, 72-3
C.G.S. Sections 31-301b, 51-197f, 52-470

*All appeals must be filed electronically unless an exemption from the requirements of electronic filing has been granted or you are an incarcerated self-represented party. For further information about e-filing or this form, see the Appeal Instructions, form JD-SC-34.*

[ ] To Supreme Court   [ ] To Appellate Court

Name of case *(State full name of case)*
**ANTAR, THEODORA, F v. LODICE, MATTHEW, J**

Type of appellate matter *(If a writ of error, the writ and the signed marshal's return must be filed on the same business day as this form.  See Practice Book Section 72-3.)*
**Appeal**

| **Trial Court History** | Tried to<br>**Court** | Trial court location<br>**235 CHURCH STREET  New Haven CT 06510** | |
| | Trial court judges being appealed<br>**HON JANE K GROSSMAN** | List all trial court docket numbers, including location prefixes<br>**NNH-FA-19-5046828-S** | |
| | All other trial court judges who were involved with the case<br>**HON. JENNIFER S. AGUILAR Continued** | Judgment for *(Where there are multiple parties, specify those for whom judgment was rendered)*<br>**MATTHEW J LODICE** | |
| | Date of judgment(s) or decision(s) being appealed<br>**05/31/2023** | Date of issuance of notice on any order on any motion that would render judgment ineffective | Date for filing appeal extended to |
| | Case type<br>**Family** | For Juvenile Cases<br>[ ] Termination of Parental Rights   [ ] Order of Temporary Custody | |
| | For Civil/Family Case Types, Major/Minor code:<br>**F71** | [ ] Other | |

| **Appeal** | Appeal filed by *(Party name(s))*<br>**Theodora Antar** |
| | From *(the action that constitutes the appealable judgment or decision)*<br>**I am appealing the order that was entered in on 5/31/23 in regard to motion #142 Re: POST- Continued** |
| | If this appeal is taken by the State of Connecticut, provide the name of the judge who granted permission to appeal and the date of the order |
| | Statutory Basis for Appeal to Supreme Court |

| | By *(Signature of counsel of record)*<br>▶ **lookittstheo** | Telephone number<br>**203-273-8419** | Fax number | Juris number *(If applicable)* |

| **Appearance** | Type name and address of counsel of record filing this appellate matter *(This is your appearance; see Practice Book Section 62-8)*<br>**Theodora  Antar   856 shagbark drive  orange CT 06477** | E-mail address<br>**theodoraantar@gmail.com** | |
| | "X" one if applicable<br>[ ] Counsel or self-represented party who files this appeal will be deemed to have appeared **In addition to** counsel of record who appeared in the trial court.<br>[x] Counsel or self-represented party who files this appeal is appearing **In place of:** | Name of counsel of record<br>**Zingaro & Cretella, LLC** | Juris number *(If applicable)* |

| **Certification** | I certify that a copy of the appeal form I am filing will immediately be delivered to each other counsel of record and I have included their names, addresses, e-mail addresses and telephone numbers; the appeal form has been redacted or does not contain any names or other personal identifying information that is prohibited from disclosure by rule, statute, court order or case law; and the appeal form complies with all applicable rules of appellate procedure in accordance with Practice Book Sections 62-7 and 63-3. | |
| | Date to be delivered   **06/05/2023** | If this appeal is a criminal or habeas corpus matter, I certify that a copy of this appeal form will immediately be delivered to the Office of the Chief State's Attorney Appellate Bureau. Date to be delivered _____ | |
| | *If you have an exemption from e-filing under Practice Book Section 60-8, attach a list with the name, address, e-mail address, and telephone number of each counsel of record and the address where the copy was delivered.* | Signed *(Counsel of record)*<br>▶ **lookittstheo** | Date signed<br>**06/05/2023** |

| **Required Documents** | To be filed with the Appellate Clerk within ten days of the filing of the appeal, if applicable. See Practice Book Section 63-4.<br>1. Preliminary Statement of the Issues<br>2. Designation of the Proposed Contents of the Clerk Appendix<br>3. Court Reporter's Acknowledgment or Certificate that no transcript is necessary | 4. Docketing Statement<br>5. Statement for Preargument Conference (form JD-SC-28A)<br>6. Constitutionality Notice<br>7. Sealing Order form, if any |

| [ ] Entry Fee Paid   [x] No Fees Required   [ ] Fees, Costs, and Security waived by Judge *(enter Judge's name below)* | **Court Use Only**<br>Date and time filed |
| Judge | Date waived | |

# Appeal Form (continued)

**CASE NAME:**
ANTAR, THEODORA, F v. LODICE, MATTHEW, J

**OTHER TRIAL COURT JUDGES**
HON. JENNIFER S. AGUILAR
HON. MAUREEN PRICE-BORELAND
HON. FREDERIC GILMAN
HON. MICHAEL L. FERGUSON
Donald Green, FSM
Christopher Griffin
HON. JAMES G. KENEFICK
HON. MARGARET M. MURPHY
HON. SUSAN A. CONNORS
DANIEL KLAU
HON. KAREN A. GOODROW
HON. MARK T GOULD

# Parties & Appearances

**PARTY/PARTIES INITIATING THE APPEAL**

THEODORA F ANTAR
Self Rep: THEODORA F ANTAR
Revised Information: 856 Shagbark Drive, Orange, CT, 06477

SUPPORT ENFORCEMENT (FAMILY)
Juris: 104033 SES-NEW HAVEN
414-A CHAPEL STREET
2ND FLOOR
NEW HAVEN, CT 06511
Phone:   Fax:
Email:

Theodora Antar
Self Rep: Theodora Antar
856 shagbark drive
orange, CT 06477
Phone: (203) 273-8419   Fax:
Email: theodoraantar@gmail.com

**ALL OTHER PARTIES AND APPEARANCES**

MATTHEW J LODICE  - Judgment For
Self Rep: MATTHEW J LODICE
Revised Information: 23 Lyman st, Apt #2, New Britain, CT, 06053

**ADDITIONAL SERVICE INFORMATION**
235 Church St, New Haven, CT, 06510 231 Capitol Avenue, Hartford, CT 06106

**Appeal Form (continued)**

**The action that constitutes the appealable judgment(s) or decision(s):**

I am appealing the order that was entered in on 5/31/23 in regard to motion #142 Re: POST-JUDGMENT MOTION FOR MODIFICATION - CUSTODY, VISITATION. I am a party to this case, the order has caused me irreparable harm.

**REQUEST FOR LEAVE**
JD-FM-202 Rev. 8-07
P.B. Sec. 25-26

**Instructions**

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

| To Preparer | To Responding Party | To Clerk |
|---|---|---|
| 1. If you would like to file a motion for modification and have been ordered to attach a request for leave, complete Sections I, II and III and attach your motion for modification to this form. | 1. If you choose to object to this Request for Leave, complete Sections IV and V on page 2. | 1. Send notice to all appearing parties of the court's order regarding this request. |
| 2. Then have this form served with the attached motion for modification on the opposing party and return it to the court. | 2. Provide a copy to the other party and return this form to the court. | 2. If Request for Leave is granted, upon receipt of filing fee for the motion for modification, assign hearing date if necessary and retain a copy for court file. |
| 3. If you are representing yourself and the other party does not have an appearance in this case, bring this form to court clerk's office for completion of Section III.B. | | |

| Judicial District of | At (Address of court) | Docket number |
|---|---|---|
| **New Haven** | **235 Church St, New Haven, CT, 06510** | **NNH-FA-504-6828-S** |

| Plaintiff's name (Last, first, middle initial) | Defendant's name (Last, first, middle initial) |
|---|---|
| **Antar, Theodora, F.** | **Lodice, Matthew, J.** |

## Section I — Request For Leave (Permission) To File

1. I am the  [X] Plaintiff   [ ] Defendant   in this case and I am requesting leave (permission) to file the attached motion for modification.

2. In the attached motion, I am requesting modification of the *(Check all that apply):*

FOR COURT USE ONLY

[X] Final order for custody that is dated:   **05/31/2023**

[X] Final order for visitation that is dated:   **05/31/2023**

*REQMOD*

| Signed (Attorney or pro se party) | Type or print name of person signing | Date signed |
|---|---|---|
| *Theodora Antar* | **Theodora Antar** | **06/05/2023** |

| Address (Number, street, town or city, state and zip code) | Telephone number (Area code first) |
|---|---|
| **856 Shagbark Drive, Orange, CT, 06477** | **203-273-8419** |

## Section II — Sworn Statement

I certify that the factual and legal basis for the modification is true and accurate to the best of my knowledge and belief.

Signed (Moving party or other person having personal knowledge of the facts recited in the motion for modification)
▶

| Subscribed and sworn to before me on: | Date 6/5/23 | Signed (Notary, Commissioner of Superior Court, Assistant Clerk) *Michelle Caldia* |
|---|---|---|

MICHELLE DENISE CALD...
NOTARY PUBLIC
State of Connecticut
My Commission Expires
January 31, 2027

## Section III — Notice (Check either A or B below)

[X] **A - Certification** *(Check and complete if responding party has an appearance on file.)*

| I certify that I mailed or delivered a copy of this request to: | Name **Matthew J. Lodice** | Date mailed/delivered **06/05/2023** |
|---|---|---|

| Address (Number, street, town or city, state and zip code) * |
|---|
| **23 Lyman st, #2, New Britain, Ct, 06053** |

| Signed (Attorney or pro se party) | Type or print name of person signing | Date signed |
|---|---|---|
| *Theodora Antar* | **Theodora Antar** | **06/05/2023** |

*If necessary, attach additional sheet with name of each party served and the address at which service was made.*

[ ] **B - Instruction to proper officer** *(Check and complete if responding party does not have an appearance on file.)*

TO ANY PROPER OFFICER:

By the Authority of the State of Connecticut, you must serve a true and attested copy of the above Request on the below named person in one of the ways required by law and file proof of service with this court.

| Name of person to be served | Address |
|---|---|
| | |

| Signed (Assistant Clerk, Commissioner of the Superior Court) | Date signed |
|---|---|
| | |

**NOTICE OF RIGHT TO OBJECT AND APPEAR**

If you do not file an objection to this Request for Leave within ten days of the date of service of this request, the request may be determined by the court with or without hearing. To object, fill out Sections IV and V on page 2 of this form, provide a copy to any pro se party and/or attorney who has filed an appearance in this case, and return this form to the court clerk's office prior to expiration of the ten day period. If you do not file an objection or an Appearance in this case, you may not receive notice of the scheduling of a hearing, if any, and the Request for Leave may be granted.

| Plaintiff's name *(Last, first, middle initial)* | Defendant's name *(Last, first, middle initial)* | Docket number |
|---|---|---|
| ' | | **NNH-FA-504-6828-S** |

## Section IV — Objection And Appearance By Responding Party

FOR COURT USE ONLY

☐ I hereby object to the filing of the attached motion for modification for the following reason(s):

*OBJECT*

☐ Enter the appearance of:

| Name of Attorney, law firm or pro se party | Juris number *(If attorney or law firm)* |
|---|---|
| Address of Attorney, law firm or pro se party | Telephone number *(Area code first)* |
| Signed *(Attorney or pro se party)* | Date signed |

## Section V — Certification By Responding Party

| I certify that I mailed or delivered a copy of this objection to: | Name | Date mailed/delivered |
|---|---|---|

Address *(Number, street, town or city, state and zip code)*

| Signed *(Attorney or pro se party)* | Type or print name of person signing | Date signed |
|---|---|---|

*If necessary, use the space below to list the name of each party served and the address at which service was made.

## Section VI — Court Order

☐ The request for leave is **Granted.**

☐ The request for leave is **Denied.**

☐ It is hereby **Ordered that:**

_____

_____

_____

_____

| By the Court | Date of Order |
|---|---|

ORDER   435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
  AT NEW HAVEN

6/19/2023

<u>ORDER</u>

ORDER REGARDING:
06/07/2023 271.00 REQUEST FOR LEAVE TO FILE MOTION FOR MODIFICATION

The foregoing, having been considered by the Court, is hereby:

ORDER: DENIED

Judicial Notice (JDNO) was sent regarding this order.

435701

Judge: JANE KUPSON GROSSMAN

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

Docket #: NNH-FA19-5046828-S

Antar, Theodora F.

Vs. Lodice, Matthew J.

Superior Court

Judicial District of New Haven

at New Haven
Date:      June 7, 2023

<u>Motion To Transfer</u>

 Pursuant to § 24-21 of the Conn. Rules of Practice the plaintiff Theodora F. Antar hereby moves to transfer the above referenced matter to New Britain Superior Court since neither party, nor the minor child resides within the jurisdiction of the New Haven Superior Court, nor have they ever since this minor child has been born.

 Furthermore, the current judge in New Haven, Judge Jane Grossman has shown immense and extreme bias and prejudice toward the Plaintiff Theodora F. Antar and has discriminated and harassed the Plaintiff. She has made damaging orders and shown a personal vendetta against the Plaintiff and has violated the Plaintiff and the minor's child's federal and constitutional rights on numerous occasions.

 In addition, The Defendant currently does not have a functioning vehicle and lives in hour away from New Haven Superior Court. He does not have any means of transportation and has stated that he is unable to leave New Britain as his only vehicle has been on three wheels for several weeks now.

 New Haven is outside of the jurisdiction of where I reside and is outside of the jurisdiction where the defendant and the minor child reside. Traveling to New Haven is causing a large financial burden on me. The cost of transportation to New Haven, as well as the cost of parking in the city which requires paid parking on the street or in a garage, has been adding up significantly.

 Furthermore, it is within my right to have my case heard in the proper jurisdiction. I reside in Orange, CT and the defendant resides in New Britain, CT. Since I am the plaintiff in this case, I am asking that it be transferred to New Britain Superior Court so that they can properly handle the case in that jurisdiction so that it gets handled properly according to that jurisdiction.

BY: _____

Name, Pro se: _Theodore Antar_

Address _85e Shagbark drive, Orange_

Phone Number: _203-273-8419_

**ORDER**

The foregoing motion having been duly heard, it is hereby ordered:

**GRANTED / Denied**

BY THE COURT,

_____

JUDGE / CLERK

## CERTIFICATION

This is to certify that on or about the above date, a copy of the foregoing was delivered to:

Matthew Lodice

23 Lyman Street, Apt #2

New Britain, CT 06053

Theodora Antar

856 Shagbark Drive

Orange, CT, 06477

4

ORDER   435701

DOCKET NO: NNHFA195046828S

SUPERIOR COURT

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

JUDICIAL DISTRICT OF NEW HAVEN
  AT NEW HAVEN

8/3/2023

## ORDER

ORDER REGARDING:
06/07/2023 272.00 MOTION TO TRANSFER

The foregoing, having been considered by the Court, is hereby:

ORDER: WITHDRAWN

Judicial Notice (JDNO) was sent regarding this order.

435701
_____
Judge: JANE KUPSON GROSSMAN

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

**REQUEST FOR LEAVE**
JD-FM-202 Rev. 8-07
P.B. Sec. 25-26

**Instructions**

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

| To Preparer | To Responding Party | To Clerk |
|---|---|---|
| 1. If you would like to file a motion for modification and have been ordered to attach a request for leave, complete Sections I, II and III and attach your motion for modification to this form.<br>2. Have this form served with the attached motion for modification on the opposing party and return it to the court.<br>3. If you are representing yourself and the other party does not have an appearance in this case, bring this form to court clerk's office for completion of Section III.B. | 1. If you choose to object to this Request for Leave, complete Sections IV and V on page 2.<br>2. Provide a copy to the other party and return this form to the court. | 1. Send notice to all appearing parties of the court's order regarding this request.<br>2. If Request for Leave is granted, upon receipt of filing fee for the motion for modification, assign hearing date if necessary and retain a copy for court file. |

| Judicial District of | At (Address of court) | Docket number |
|---|---|---|
| **New Haven** | **235 Church St, New Haven, CT, 06510** | **NNH-FA-504-6828-S** |

| Plaintiff's name (Last, first, middle initial) | Defendant's name (Last, first, middle initial) |
|---|---|
| **Antar, Theodora, F.** | **Lodice, Matthew, J.** |

## Section I — Request For Leave (Permission) To File

1. I am the  [X] Plaintiff   [ ] Defendant   in this case and I am requesting leave (permission) to file the attached motion for modification.

2. In the attached motion, I am requesting modification of the (Check all that apply):

| FOR COURT USE ONLY |
|---|

[X]  Final order for custody that is dated:   **05/31/2023**

[X]  Final order for visitation that is dated:   **05/31/2023**

*REQMOD*

| Signed (Attorney or pro se party) | Type or print name of person signing | Date signed |
|---|---|---|
| *Theodora Antar* | **Theodora Antar** | **06/05/2023** |

| Address (Number, street, town or city, state and zip code) | Telephone number (Area code first) |
|---|---|
| **856 Shagbark Drive, Orange, CT, 06477** | **203-273-8419** |

## Section II — Sworn Statement

I certify that the factual and legal basis for the modification is true and accurate to the best of my knowledge and belief.

Signed (Moving party or other person having personal knowledge of the facts recited in the motion for modification)

►

| Subscribed and sworn to before me on: | Date 6/5/23 | Signed (Notary, Commissioner of Superior Court, Assistant Clerk) *Michelle Caldro* | MICHELLE DENISE CALD... NOTARY PUBLIC State of Connecticut My Commission Expires January 31, 2027 |
|---|---|---|---|

## Section III — Notice (Check either A or B below)

[X]  **A - Certification** (Check and complete if responding party has an appearance on file.)

| I certify that I mailed or delivered a copy of this request to: | Name<br>**Matthew J. Lodice** | Date mailed/delivered<br>**06/05/2023** |
|---|---|---|
| Address (Number, street, town or city, state and zip code) *<br>**23 Lyman st, #2, New Britain, Ct, 06053** | | |
| Signed, (Attorney or pro se party)<br>*Theodora Antar* | Type or print name of person signing<br>**Theodora Antar** | Date signed<br>**06/05/2023** |

*If necessary, attach additional sheet with name of each party served and the address at which service was made.

[ ]  **B - Instruction to proper officer** (Check and complete if responding party does not have an appearance on file.)

TO ANY PROPER OFFICER:

By the Authority of the State of Connecticut, you must serve a true and attested copy of the above Request on the below named person in one of the ways required by law and file proof of service with this court.

| Name of person to be served | Address |
|---|---|
| | |
| Signed (Assistant Clerk, Commissioner of the Superior Court) | Date signed |

### NOTICE OF RIGHT TO OBJECT AND APPEAR

If you do not file an objection to this Request for Leave within ten days of the date of service of this request, the request may be determined by the court with or without hearing.  To object, fill out Sections IV and V on page 2 of this form, provide a copy to any pro se party and/or attorney who has filed an appearance in this case, and return this form to the court clerk's office prior to expiration of the ten day period.  If you do not file an objection or an Appearance in this case, you may not receive notice of the scheduling of a hearing, if any, and the Request for Leave may be granted.

| Plaintiff's name *(Last, first, middle initial)* | Defendant's name *(Last, first, middle initial)* | Docket number |
|---|---|---|
| | | **NNH-FA-504-6828-S** |

## Section IV — Objection And Appearance By Responding Party

FOR COURT USE ONLY

☐ I hereby object to the filing of the attached motion for modification for the following reason(s):

‖‖‖‖‖‖‖‖‖‖‖‖
\* O B J E C T \*

☐ **Enter the appearance of:**

| Name of Attorney, law firm or pro se party | Juris number *(If attorney or law firm)* |
|---|---|
| Address of Attorney, law firm or pro se party | Telephone number *(Area code first)* |
| Signed *(Attorney or pro se party)* | Date signed |

## Section V — Certification By Responding Party

| I certify that I mailed or delivered a copy of this objection to: | Name | Date mailed/delivered |
|---|---|---|

Address *(Number, street, town or city, state and zip code)*

| Signed *(Attorney or pro se party)* | Type or print name of person signing | Date signed |
|---|---|---|

*If necessary, use the space below to list the name of each party served and the address at which service was made.*

## Section VI — Court Order

☐ The request for leave is **Granted.**

☐ The request for leave is **Denied.**

☐ It is hereby **Ordered that:**

| By the Court | Date of Order |
|---|---|

ORDER   435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

6/13/2023

ORDER

ORDER REGARDING:
06/07/2023 273.00 REQUEST FOR LEAVE TO FILE MOTION FOR MODIFICATION

The foregoing, having been considered by the Court, is hereby:

ORDER: REJECTED

The proposed motion to be filed must be attached to the Request for Leave to File.

Judicial Notice (JDNO) was sent regarding this order.

435701

Judge: JANE KUPSON GROSSMAN
Processed by: Nancy Sasser

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

**REQUEST FOR REMOTE TESTIMONY**

JD-FM-295   New 10-21

C.G.S. § 46b-15c; P.A. 21-78 §§ 2, 6, 7

| For information on ADA accommodations, contact a court clerk or go to: ***www.jud.ct.gov/ADA***. |
|---|

STATE OF CONNECTICUT

**SUPERIOR COURT**

*www.jud.ct.gov*

| COURT USE ONLY |
|---|
| REMTEST |

**Instructions to Applicant**

*1. If a restraining order, protective order, or standing criminal protective order has been issued on your behalf or on behalf of your child and you want to give testimony remotely in a family court proceeding, you must fill out and file this form with the court at least 2 days before your hearing date.*

*2. You must provide your contact information (phone number and/or e-mail address) in order for the court to set up your remote testimony.*

*3. If your contact information is protected by a court order or by operation of law, **do not** include your phone number or e-mail address below, but fill out the rest of the form. You must, however, contact the clerk's office when you file this form so the court can set up your remote testimony.*

**Instructions to Clerk**

*1. Upon receipt, arrange for the testimony in accordance with the request.*

*2. Inform the judicial authority who will be presiding over this family court proceeding that the party below will be appearing remotely.*

| Name of Plaintiff | Name of Defendant | Docket number |
|---|---|---|
| | | |

I, *(name)* _____ , have a restraining order, protective order, or standing criminal protective order issued on my behalf or on behalf of my child. The other party to this case is the subject of that/those order(s). A family court proceeding in this case is scheduled for *(date – must be at least 2 days from the file date of this request)* _____

and I would like to testify *(Select one)*

☐ At the courthouse, but outside the presence of the other party.

☐ Remotely (from home or another location).

| Signed  *(Signature of filer)*  ▶ *Theodora Antar* | Print name of person signing | Date signed |
|---|---|---|
| E-mail address | | Telephone number |

ORDER    435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
    V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
    AT NEW HAVEN

6/9/2023

ORDER

ORDER REGARDING:
06/08/2023 274.00 REQUEST FOR REMOTE TESTIMONY(FORM JD-FM-295)

The foregoing, having been considered by the Court, is hereby:

ORDER: DENIED

The scheduled event is not a restraining order. It is the continuation of a hearing on financial matters and possibly parental access. All prior court dates were conducted in person.

Witnesses are under subpoena to appear in person.

Accordingly, the request is denied.

Judicial Notice (JDNO) was sent regarding this order.

435701
_____

Judge: JANE KUPSON GROSSMAN

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

ORDER   435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

6/8/2023

## ORDER

The following order is entered in the above matter:

ORDER:

1) The Court shall issue a subpoena for Ms. LaRae Plummer of the Milford Department of Children and Families Office, 38 Wellington Road, Milford, CT 06461, to appear for the hearing on 6/15/23 at 2:00 PM.

2) Ms. Plummer shall produce for the court all DCF records, from March 2023 to present, regarding the parties' minor child, Angelina Lodice (DOB: 5/21/2019) and be prepared to aid the court through testimony.

3) The Court shall issue a subpoena for Detective Lisa Steeves, Badge Number #462 of the New Britain Police Department, 10 Chestnut Street, New Britain, CT 06051, to appear for the hearing on 6/15/23 at 2:00 PM.

4) Detective Steeves shall be prepared to aid the court through testimony.

5) All fees related to the subpoenas are to be paid by the State of Connecticut.

Judicial Notice (JDNO) was sent regarding this order.

435701

Judge: JANE KUPSON GROSSMAN
Processed by: Erin Krygier

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

**APPLICATION**
**FOR ISSUANCE OF SUBPOENA**
JD-CL-136   Rev. 1-17
P.B. § 7-19; C.G.S. § 52-161b

STATE OF CONNECTICUT
**SUPERIOR COURT**
**JUDICIAL BRANCH**
*www.jud.ct.gov*

**Note to Applicant:**
If you submit this application and it is denied in whole or in part, you may submit a *Request for Hearing on Denied Application for Issuance of Subpoena* (form JD-CL-137).

**Instructions to Clerk:**
*If a self-represented applicant in any Civil, Family, Family Support Magistrate or Housing case has been convicted of a family violence crime or of any of the other statutes listed in the Application section and is seeking to subpoena the victim of such crime, schedule a hearing and give the applicant notice of the date, time and location of the hearing. Do not schedule such hearings for Criminal matters.*

| COURT USE ONLY |
|---|
| AISBPPP |

|||
|---|---|
| ☐ Judicial District | ☐ Housing Session | ☐ Geographical Area | At |

| Docket Number | Name of Case |
|---|---|
| | |

**Type of Court Case**
☐ Civil   ☐ Housing   ☐ Family   ☐ Family Support Magistrate   ☐ Criminal/Motor Vehicle

## Application

I am a self-represented party in the case named above and I want to require the person or people listed below to testify in this case. I think that the testimony is necessary and ask that the judge or family support magistrate in this case review this application without notice to the other parties in this case. If this case has not been assigned to a specific judge or family support magistrate, I ask that the administrative judge or any judge or family support magistrate designated by the administrative judge review my application without notice to the other parties in this case. If the judge or family support magistrate decides that the subpoena(s) should be issued, I ask the judge or family support magistrate to have the clerk of the court issue the subpoena(s).

I understand that I have to give any subpoena(s) issued to a state marshal (an individual authorized to serve the person(s) being subpoenaed) or other authorized person and I must pay the state marshal or other authorized person a fee for serving the subpoena(s) unless the court determines that I am financially unable to pay for such expenses.

***To Applicant: (Answer the questions below unless the case that you want to subpoena a witness for is a criminal case in which you are the defendant. If you are the defendant in a criminal case, skip to the next section.)***

*State whether you have been convicted of a family violence crime (C.G.S. § 46b-38a), risk of injury to children (C.G.S. § 53-21), sexual assault (C.G.S. §§ 53a-70, 53a-70a, 53a-70b, 53a-71, 53a-72a, 53a-72b or 53a-73a), or stalking (C.G.S. §§ 53a-181c, 53a-181d or 53a-181e.)*   ☐ Yes   ☐ No

*If yes, are you asking to subpoena the victim of your crime?*   ☐ Yes   ☐ No

## Name(s) and Address(es) of Person or People I am Asking to Subpoena

**1.**

Name of person | Address *(Number, street, and town)*

I believe testimony from this person is necessary because: *(Fill in this box)*

I believe that the person will testify that (state what you believe the person will say in court):

I want this person ordered to bring the following item(s) to Court:

**2.**

Name of person | Address *(Number, street, and town)*

I believe testimony from this person is necessary because *(Fill in this box)*

I believe that the person will testify that (state what you believe the person will say in court):

I want this person ordered to bring the following item(s) to Court

*(Continued on next page)*

**Type of Proceeding(s) I am Requesting Subpoena(s) For**  *("X" appropriate box)*

| | | |
|---|---|---|
| ☐ | Trial/hearing scheduled for *(Date)* | Before Judge *(If known)* |
| ☐ | Pre-judgment remedy hearing scheduled for *(Date)* | |
| ☐ | Short Calendar matter scheduled for *(Date)* | Before Judge/Magistrate/Hearing Officer *(If known)* |
| ☐ | Family Support Magistrate hearing scheduled for *(Date)* | |
| ☐ | Other  *(Specify)* | |

| Signed *(Self-represented Applicant)*<br>▶ *Theodora Antar* | Print name | Telephone Number *(Area code first)* | Date signed |
|---|---|---|---|

## Order

Having conducted a review of this application pursuant to Practice Book Section 7-19, and having considered the nature of the scheduled proceeding and future opportunities for examination of witnesses, the application is:

☐ granted.

☐ denied.

Having granted the application, the clerk of this court is directed to issue the subpoena(s):

☐ As requested above.

☐ As requested above, except: _____

☐ As to the following individuals only: _____

| By the Court | Signed  *(Judge or Family Support Magistrate)* | Date of Order |
|---|---|---|

JD-CL-136   Rev. 1-17

**ADA NOTICE**

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

ORDER   435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

6/11/2023

## ORDER

ORDER REGARDING:
06/09/2023 276.00 APPLICATION FOR ISSUANCE OF SUBPOENA BY SELF-REP PARTY - PB
SEC 7-19

The foregoing, having been considered by the Court, is hereby:

ORDER: DENIED

The Department of Children and Families has been issued a subpoena by the court for the June 15, 2023
hearing.

Judicial Notice (JDNO) was sent regarding this order.

435701

Judge: JANE KUPSON GROSSMAN

This document may be signed or verified electronically and has the same validity and status as a document with a physical
(pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services
Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the
Connecticut General Statutes and Connecticut Practice Book Section 4-4.

**APPLICATION
FOR ISSUANCE OF SUBPOENA**
JD-CL-136   Rev. 1-17
P.B. § 7-19; C.G.S. § 52-161b

**STATE OF CONNECTICUT
SUPERIOR COURT
JUDICIAL BRANCH**
*www.jud.ct.gov*

**Note to Applicant:**
If you submit this application and it is denied in whole or in part, you may submit a *Request for Hearing
on Denied Application for Issuance of Subpoena* (form JD-CL-137).

**Instructions to Clerk:**
*If a self-represented applicant in any Civil, Family, Family Support Magistrate or Housing case has
been convicted of a family violence crime or of any of the other statutes listed in the Application section
and is seeking to subpoena the victim of such crime, schedule a hearing and give the applicant notice
of the date, time and location of the hearing. Do not schedule such hearings for Criminal matters.*

| COURT USE ONLY |
| --- |
| AISBPPP |

| ☐ Judicial District | ☐ Housing Session | ☐ Geographical Area | At |
| --- | --- | --- | --- |
| Docket Number | | Name of Case | |

Type of Court Case
☐ Civil    ☐ Housing    ☐ Family    ☐ Family Support Magistrate    ☐ Criminal/Motor Vehicle

## Application

I am a self-represented party in the case named above and I want to require the person or people listed below to testify in this case. I think that the testimony is necessary and ask that the judge or family support magistrate in this case review this application without notice to the other parties in this case. If this case has not been assigned to a specific judge or family support magistrate, I ask that the administrative judge or any judge or family support magistrate designated by the administrative judge review my application without notice to the other parties in this case. If the judge or family support magistrate decides that the subpoena(s) should be issued, I ask the judge or family support magistrate to have the clerk of the court issue the subpoena(s).

I understand that I have to give any subpoena(s) issued to a state marshal (an individual authorized to serve the person(s) being subpoenaed) or other authorized person and I must pay the state marshal or other authorized person a fee for serving the subpoena(s) unless the court determines that I am financially unable to pay for such expenses.

***To Applicant:* (Answer the questions below unless the case that you want to subpoena a witness for is a criminal case in which you are the defendant. If you are the defendant in a criminal case, skip to the next section.)**

*State whether you have been convicted of a family violence crime (C.G.S. § 46b-38a), risk of injury to children (C.G.S. § 53-21),
sexual assault (C.G.S. §§ 53a-70, 53a-70a, 53a-70b, 53a-71, 53a-72a, 53a-72b or 53a-73a), or stalking (C.G.S. §§ 53a-181c, 53a-181d
or 53a-181e.)*    ☐ Yes    ☐ No

*If yes, are you asking to subpoena the victim of your crime?*    ☐ Yes    ☐ No

## Name(s) and Address(es) of Person or People I am Asking to Subpoena

| **1.** | Name of person | Address *(Number, street, and town)* |
| --- | --- | --- |

I believe testimony from this person is necessary because: *(Fill in this box)*

I believe that the person will testify that (state what you believe the person will say in court):

I want this person ordered to bring the following item(s) to Court:

| **2.** | Name of person | Address *(Number, street, and town)* |
| --- | --- | --- |

I believe testimony from this person is necessary because *(Fill in this box)*

I believe that the person will testify that (state what you believe the person will say in court):

I want this person ordered to bring the following item(s) to Court

**Type of Proceeding(s) I am Requesting Subpoena(s) For** *("X" appropriate box)*

| | |
|---|---|
| ☐ | Trial/hearing scheduled for *(Date)* / Before Judge *(If known)* |
| ☐ | Pre-judgment remedy hearing scheduled for *(Date)* |
| ☐ | Short Calendar matter scheduled for *(Date)* / Before Judge/Magistrate/Hearing Officer *(If known)* |
| ☐ | Family Support Magistrate hearing scheduled for *(Date)* |
| ☐ | Other *(Specify)* |

| Signed *(Self-represented Applicant)* | Print name | Telephone Number *(Area code first)* | Date signed |
|---|---|---|---|
| ▶ *Theodora Antar* | | | |

## Order

Having conducted a review of this application pursuant to Practice Book Section 7-19, and having considered the nature of the scheduled proceeding and future opportunities for examination of witnesses, the application is:

☐ granted.

☐ denied.

Having granted the application, the clerk of this court is directed to issue the subpoena(s):

☐ As requested above.

☐ As requested above, except: _____

☐ As to the following individuals only: _____

| By the Court | Signed *(Judge or Family Support Magistrate)* | Date of Order |
|---|---|---|
| | | |

JD-CL-136   Rev. 1-17

**ADA NOTICE**

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

ORDER   435701

DOCKET NO: NNHFA195046828S

SUPERIOR COURT

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

6/11/2023

<u>ORDER</u>

ORDER REGARDING:
06/09/2023 277.00 APPLICATION FOR ISSUANCE OF SUBPOENA BY SELF-REP PARTY - PB
SEC 7-19

The foregoing, having been considered by the Court, is hereby:

ORDER: DENIED

Judicial Notice (JDNO) was sent regarding this order.

435701

Judge: JANE KUPSON GROSSMAN

This document may be signed or verified electronically and has the same validity and status as a document with a physical
(pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services
Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the
Connecticut General Statutes and Connecticut Practice Book Section 4-4.

**SUBPOENA - CIVIL/HOUSING/SMALL CLAIMS/FAMILY/
FAMILY SUPPORT MAGISTRATE/CRIMINAL/MOTOR VEHICLE**
JD-CL-43   Rev. 10-19
C.G.S. §§ 52-143, 52-144; P.B. §§ 7-19, 24-22

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov



**For information on ADA accommodations,**
contact a court clerk or go to: *www.jud.ct.gov/ADA.*

| COURT USE ONLY |
| --- |
| SUBISSU |

**Instructions:**
1. *Do not use this subpoena if the witness is being summoned by the state, or the following people, acting in their official capacity: Attorney General, Assistant Attorney General, Public Defender, or Assistant Public Defender.*
2. *The person being subpoenaed and the items that person is required to bring must be identical to the name and item(s) ordered on the Application for Issuance of Subpoena, form JD-CL-136 (if applicable).*

| Name of Case *(Full name of Plaintiff v. Full name of Defendant)* | Docket Number |
| --- | --- |
| Theodora F. Antar v. Matthew J. Lodice | NNH FA 19 504 68 28 |

| | Address of Court *(Number, street, town and zip code)* |
| --- | --- |
| [X] Judicial District  [ ] Housing Session  [ ] Geographical Area | 235 Church Street, New Haven, CT 06510 |

To: *(Name and address)*
**LaRae Plummer - Milford Department of Children and Families Office
38 Wellington Road
Milford, CT 06461**

| Date and time you must come to court | | | Report to |
| --- | --- | --- | --- |
| 6/15/2023 | Time 2:00 | P. m. | [ ] Clerk's office [X] Courtroom number 3E [ ] Person requesting subpoena |

**To any proper officer or indifferent person to serve and return:**

**By Authority of the State of Connecticut,** you are required to come to the court at the Address of Court above on the Date and Time indicated above, or on a later date (within 60 days of the Date indicated above) when the case will be tried. You must testify about what you know of the case.

**You are further required to bring with you and produce:**

**All DCF records, from March, 2023 to present, regarding the parties' minor child, Angelina Lodice, (DOB 5/21/2019) and be prepared to aid the court through testimony.**

| **The court can impose penalties for not complying with this subpoena** | Name of person requesting subpoena **By the Court** | | Phone number *(with area code)* 203 503-6800 |
| --- | --- | --- | --- |
| Signed *(Clerk, Commissioner of Superior Court)* | Print or type name **Gina Kilian, Assistant Clerk** | Date 6/8/2023 | At **New Haven, CT** |

### Notice to the Person Summoned

If you do not come to court on the date and time stated, or on the date and time which your appearance may have been postponed or continued to by order of the court, the court may order your arrest. Also, if one day's witness fees have been paid to you and you do not come to court and testify, without reasonable excuse, you will be fined up to $25.00 and required to pay all damages to the aggrieved party. **The party requesting the subpoena is responsible for paying the witness fees.**

Questions about this subpoena must be directed to the person who requested it.

## Return of Service

I served this subpoena eighteen hours or more before the time designated for the person summoned to appear. I read this subpoena to the summoned person and left a true and attested copy of it in the hands/at the last usual place of abode of the summoned person as follows:

| Date |
| --- |
| |

| Fees | Copy | Endorsement | Service | Travel | Total |
| --- | --- | --- | --- | --- | --- |
| | | | | | |

| Attest *(Signature of proper officer or indifferent person)* | Title *(If applicable)* |
| --- | --- |
| | |

**Distribution:**   Original - Return to clerk after making service   Copy 1 - Witness   Copy 2 - Court file

[ Print Form ]      [ Reset Form ]

6/8/23 1 PM - given to Marshal Brian Mezick

### RETURN OF SERVICE

STATE OF CONNECTICUT

                                        SS: Milford

COUNTY OF NEW HAVEN

Re: **Theodora F. Antar v. Matthew J. Lodice**

June 8, 2023

     Then and there, and by virtue hereof, I made due service of the within and foregoing original *Subpoena-Civil/Housing/Small Claims/Family/Family Support Magistrate/Criminal/Motor Vehicle and Order*, not less than eighteen hours prior to the time designated for the person to appear, by leaving a True and Attest Copy with and in the hands of Christina Moore, person authorized to accept and who accepted service for **LaRae Plummer-Milford Department of Children and Families Office**, 38 Wellington Road, Milford, CT 06461.

     The within and foregoing is the original Subpoena-Civil/Housing/Small Claims/Family/Family Support Magistrate/Criminal/Motor Vehicle and Order, with my doings hereon endorsed.

Attest_____
            Brian Mezick
            Connecticut State Marshal
            County of New Haven

| | | |
|---|---|---|
| Service | $ | 50.00 |
| Travel | $ | 18.14 |
| Pages | $ | 2.00 |
| Endorsements | $ | 1.50 |
| | $ | 71.64 |

Judicial District of New Haven
SUPERIOR COURT
FILED

JUN 13 2023

CHIEF CLERK'S OFFICE

**SUBPOENA - CIVIL/HOUSING/SMALL CLAIMS/FAMILY/**
**FAMILY SUPPORT MAGISTRATE/CRIMINAL/MOTOR VEHICLE**
JD-CL-43   Rev. 10-19
C.G.S. §§ 52-143, 52-144; P.B. §§ 7-19, 24-22

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**For information on ADA accommodations,**
**contact a court clerk or go to:** *www.jud.ct.gov/ADA.*

| COURT USE ONLY |
|---|
| SUBISSU |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖ |

**Instructions:**
*1. Do not use this subpoena if the witness is being summoned by the state, or the following people, acting in their*
   *official capacity: Attorney General, Assistant Attorney General, Public Defender, or Assistant Public Defender.*
*2. The person being subpoenaed and the items that person is required to bring must be identical to the name and*
   *item(s) ordered on the Application for Issuance of Subpoena, form JD-CL-136 (if applicable).*

| Name of Case *(Full name of Plaintiff v. Full name of Defendant)* | Docket Number |
|---|---|
| **Theodora F. Antar v. Matthew J. Lodice** | **NNH FA 19 504 68 28** |

| [X] Judicial District | ☐ Housing Session | ☐ Geographical Area ____ | Address of Court *(Number, street, town and zip code)* **235 Church Street, New Haven, CT 06510** |
|---|---|---|---|

To: *(Name and address)*
**LaRae Plummer - Milford Department of Children and Families Office**
**38 Wellington Road**
**Milford, CT 06461**

| Date and time you must come to court | | Report to | |
|---|---|---|---|
| **6/15/2023** | Time **2:00   P.m.** | Report to | ☐ Clerk's office [X] Courtroom number **3E** ☐ Person requesting subpoena |

**To any proper officer or indifferent person to serve and return:**

**By Authority of the State of Connecticut,** you are required to come to the court at the Address of Court above on the Date and Time indicated above, or on a later date (within 60 days of the Date indicated above) when the case will be tried. You must testify about what you know of the case.

**You are further required to bring with you and produce:**

**All DCF records, from March, 2023 to present, regarding the parties' minor child, Angelina Lodice, (DOB 5/21/2019) and be prepared to aid the court through testimony.**

| **The court can impose penalties for not complying with this subpoena** | Name of person requesting subpoena **By the Court** | | Phone number *(with area code)* **203 503-6800** |
|---|---|---|---|
| Signed *(Clerk, Commissioner of Superior Court)* | Print or type name **Gina Kilian, Assistant Clerk** | Date **6/8/2023** | At **New Haven, CT** |

### Notice to the Person Summoned

If you do not come to court on the date and time stated, or on the date and time which your appearance may have been postponed or continued to by order of the court, the court may order your arrest. Also, if one day's witness fees have been paid to you and you do not come to court and testify, without reasonable excuse, you will be fined up to $25.00 and required to pay all damages to the aggrieved party. **The party requesting the subpoena is responsible for paying the witness fees.**

Questions about this subpoena must be directed to the person who requested it.

| **Return of Service** | |
|---|---|
| I served this subpoena eighteen hours or more before the time designated for the person summoned to appear. I read this subpoena to the summoned person and left a true and attested copy of it in the hands/at the last usual place of abode of the summoned person as follows: | Date |

| **Fees** | Copy | Endorsement | Service | Travel | **Total** |
|---|---|---|---|---|---|
| | | | | | |

| Attest *(Signature of proper officer or indifferent person)* | Title *(If applicable)* |
|---|---|

**Distribution:**   Original - Return to clerk after making service        Copy 1 - Witness        Copy 2 - Court file

| Print Form | Reset Form |
|---|---|

ORDER   435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
     V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
    AT NEW HAVEN

6/8/2023

<u>ORDER</u>

The following order is entered in the above matter:

ORDER:

1) The Court shall issue a subpoena for Ms. LaRae Plummer of the Milford Department of Children and Families Office, 38 Wellington Road, Milford, CT 06461, to appear for the hearing on 6/15/23 at 2:00 PM.

2) Ms. Plummer shall produce for the court all DCF records, from March 2023 to present, regarding the parties' minor child, Angelina Lodice (DOB: 5/21/2019) and be prepared to aid the court through testimony.

3) The Court shall issue a subpoena for Detective Lisa Steeves, Badge Number #462 of the New Britain Police Department, 10 Chestnut Street, New Britain, CT 06051, to appear for the hearing on 6/15/23 at 2:00 PM.

4) Detective Steeves shall be prepared to aid the court through testimony.

5) All fees related to the subpoenas are to be paid by the State of Connecticut.

Judicial Notice (JDNO) was sent regarding this order.

435701
_____

Judge: JANE KUPSON GROSSMAN
Processed by: Erin Krygier

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

NNHFA195046828S   6/8/2023

Page 1 of 1

**SUBPOENA - CIVIL/HOUSING/SMALL CLAIMS/FAMILY/
FAMILY SUPPORT MAGISTRATE/CRIMINAL/MOTOR VEHICLE**
JD-CL-43   Rev. 10-19
C.G.S. §§ 52-143, 52-144; P.B. §§ 7-19, 24-22

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



For information on ADA accommodations,
contact a court clerk or go to: *www.jud.ct.gov/ADA.*

**Instructions:**
*1. Do not use this subpoena if the witness is being summoned by the state, or the following people, acting in their
official capacity: Attorney General, Assistant Attorney General, Public Defender, or Assistant Public Defender.*
*2. The person being subpoenaed and the items that person is required to bring must be identical to the name and
item(s) ordered on the Application for Issuance of Subpoena, form JD-CL-136 (if applicable).*

| COURT USE ONLY |
| --- |
| SUBISSU |

Name of Case *(Full name of Plaintiff v. Full name of Defendant)*
**Theodora F. Antar v. Matthew J. Lodice**

Docket Number
**NNH FA 19 504 68 28**

[X] Judicial District   [ ] Housing Session   [ ] Geographical Area

Address of Court *(Number, street, town and zip code)*
**235 Church Street, New Haven, CT 06510**

To: *(Name and address)*
**Detective Lisa Steeves, Badge Number 462, New Britain Police Department
10 Chestnut Street
New Britain, CT 06051**

| Date and time you must come to court | | Report to |
| --- | --- | --- |
| **6/15/2023**   Time   **2:00   P. m.** | | [ ] Clerk's office |
| | | [X] Courtroom number   **3E** |
| | | [ ] Person requesting subpoena |

**To any proper officer or indifferent person to serve and return:**

**By Authority of the State of Connecticut,** you are required to come to the court at the Address of Court above on the Date
and Time indicated above, or on a later date (within 60 days of the Date indicated above) when the case will be tried. You
must testify about what you know of the case.

**You are further required to bring with you and produce:**
Detective Steeves shall be prepared to aid the court through testimony.

| The court can impose penalties for not complying with this subpoena | Name of person requesting subpoena **By the Court** | | Phone number *(with area code)* **203 503-6800** |
| --- | --- | --- | --- |
| Signed *(Clerk/Commissioner of Superior Court)* | Print or type name **Gina Kilian, Assistant Clerk** | Date **6/8/2023** | At **New Haven, CT** |

**Notice to the Person Summoned**

If you do not come to court on the date and time stated, or on the date and time which your appearance may have been
postponed or continued to by order of the court, the court may order your arrest. Also, if one day's witness fees have been
paid to you and you do not come to court and testify, without reasonable excuse, you will be fined up to $25.00 and required
to pay all damages to the aggrieved party. **The party requesting the subpoena is responsible for paying the witness
fees.**

Questions about this subpoena must be directed to the person who requested it.

## Return of Service

I served this subpoena eighteen hours or more before the time designated for the person
summoned to appear. I read this subpoena to the summoned person and left a true and attested
copy of it in the hands/at the last usual place of abode of the summoned person as follows:

Date

| Fees | Copy | Endorsement | Service | Travel | Total |
| --- | --- | --- | --- | --- | --- |
| | | | | | |

Attest *(Signature of proper officer or indifferent person)*

Title *(If applicable)*

**Distribution:**   Original - Return to clerk after making service   Copy 1 - Witness   Copy 2 - Court file

[ Print Form ]   [ Reset Form ]

6/8/23  1pm - given to Marshal Brian Mezick

**CASEFLOW REQUEST**
JD-FM-292   Rev. 7-22

For information on ADA accommodations,
contact a court clerk or go to: *www.jud.ct.gov/ADA*.

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions**
*Select the appropriate type of request being made, provide the additional information requested, and the reason for your request.*
*If you need to request a continuance of a scheduled court date, do not use this form. Please use form JD-CV-21, Motion for*
*Continuance, for all continuance requests.*

**Note:**
*If your request is granted, the court will schedule the event for the requested date, if that date is available.*
*If that date is not available, the court will schedule the event for the next available date.*

COURT USE ONLY
FACFREQ



Name of case *(Plaintiff v. Defendant)*
**Theodora F. Antar v. Matthew J. Lodice**

| Judicial District of | Date of scheduled event *(if applicable)* | Name of Judge who scheduled the event *(if applicable)* | Docket number |
|---|---|---|---|
| **New Haven** | **06/15/2023** | **Jane Grossman** | **NNH FA 195046828** - S |

**I am requesting:** *(Select box(es) that apply and give reason(s) for request below)*

☐ A Status Conference on or about: *(date)* _____

☐ Pretrial on or about: *(date)* _____

☐ That the following pendente lite motion(s), in which I am the moving party or the attorney for the moving party, be
scheduled on the earliest available Motion Docket:

1. Motion # _____ entitled _____
2. Motion # _____ entitled _____
3. Motion # _____ entitled _____
4. Motion # _____ entitled _____
5. Motion # _____ entitled _____

☒ Other: **requesting that I and my witnesses be permitted remote testimony pursuant to my rights under 46b-15c**

This case is already scheduled for the following court event(s) on the date(s) shown:

| Case Date(s): | Trial or specially assigned hearing date(s): | Other: *(specify event and date)* |
|---|---|---|
| | **06/15/2023** | |

**Reason(s) for request** *(must be completed for all requests of any type)*:

*See attached law under Public act no. 21-78. Judge must comply w/ laws.*

On 6/8/22 at 4:39PM, the Clerk's Office confirmed that, per 46b-15c, I have the right to testify remotely. "If a restraining order has
been issued on your behalf ... you may elect to give testimony or appear in a family court proceeding remotely, pursuant to
section 46b-15c. Please notify the court in writing at least two days in advance of a proceeding if you choose to give testimony
or appear remotely, and your physical presence in the courthouse will not be required in order to participate in the court
proceeding.". I notified court more than 2 days in advance. It is my legal right to give remote testimony along with my
witnesses. I am requesting the judge comply with the law under the Code of Judicial Conduct. Furthermore, 2 TROs are
scheduled for this date, and this request was granted for the 3/27/23 date. Her comments about it not being a TRO and about all
other hearings being in person are lies. Hearing can be in person and just I and my witnesses can appear remotely per the law.

*Furthermore, all financial issues must be in magistrate since it is a IV-D case.*

I agree to notify my client and all counsel of record and self-represented parties whether the requested action is granted or
denied, and if granted, the specific ruling of the court. I have told all counsel and self-represented parties of record that I
would be asking for the requested action. **All Counsel and Self-represented Parties:**

☐ Consent     ☒ Do not consent to the action requested above

| Signed *(Person making request)* | Name of attorney and juris number or self-represented party *(Print or type)* |
|---|---|
| *Theodora Antar* | **Theodora Antar** |

The person requesting the action is the:

☒ Plaintiff     ☐ Defendant     ☐ Attorney for Plaintiff     ☐ Attorney for Defendant

| Firm name *(If applicable)* | Address | Telephone number *(with area code)* |
|---|---|---|
| | **856 Shagbark Drive, Orange, CT, 06477** | **203-273-8419** |

I certify that a copy of the above was mailed or delivered on the date shown below to all counsel and self-represented parties of record. A
sheet is attached listing the name and address of each party the copy was mailed or delivered to.

| Signed *(Individual attorney or self-represented party)* | Date |
|---|---|
| *Theodora Antar* | **06/09/2023** |

| Name of case *(Plaintiff v. Defendant)* | Docket number |
|---|---|
| Theodora F. Antar v. Matthew J. Lodice | NNH FA 195046828    - S |

## Order

Request is

☐ Granted          ☐ Denied

The court further orders:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| Signed *(Judge)* | Date |
|---|---|
| | |

JD-FM-292   Rev. 7-22



*Substitute Senate Bill No. 1091*

## *Public Act No. 21-78*

*AN ACT CONCERNING THE DEFINITION OF DOMESTIC VIOLENCE, REVISING STATUTES CONCERNING DOMESTIC VIOLENCE, CHILD CUSTODY, FAMILY RELATIONS MATTER FILINGS AND BIGOTRY OR BIAS CRIMES AND CREATING A PROGRAM TO PROVIDE LEGAL COUNSEL TO INDIGENTS IN RESTRAINING ORDER CASES.*

Be it enacted by the Senate and House of Representatives in General Assembly convened:

Section 1. Section 46b-1 of the general statutes is repealed and the following is substituted in lieu thereof (*Effective from passage*):

(a) Matters within the jurisdiction of the Superior Court deemed to be family relations matters shall be matters affecting or involving: (1) Dissolution of marriage, contested and uncontested, except dissolution upon conviction of crime as provided in section [46b-47] 46b-48; (2) legal separation; (3) annulment of marriage; (4) alimony, support, custody and change of name incident to dissolution of marriage, legal separation and annulment; (5) actions brought under section 46b-15, as amended by this act; (6) complaints for change of name; (7) civil support obligations; (8) habeas corpus and other proceedings to determine the custody and visitation of children; (9) habeas corpus brought by or on behalf of any mentally ill person except a person charged with a criminal offense; (10) appointment of a commission to inquire whether a person is wrongfully confined as provided by section 17a-523; (11) juvenile

*Substitute Senate Bill No. 1091*

matters as provided in section 46b-121; (12) all rights and remedies provided for in chapter 815j; (13) the establishing of paternity; (14) appeals from probate concerning: (A) Adoption or termination of parental rights; (B) appointment and removal of guardians; (C) custody of a minor child; (D) appointment and removal of conservators; (E) orders for custody of any child; and (F) orders of commitment of persons to public and private institutions and to other appropriate facilities as provided by statute; (15) actions related to prenuptial and separation agreements and to matrimonial and civil union decrees of a foreign jurisdiction; (16) dissolution, legal separation or annulment of a civil union performed in a foreign jurisdiction; (17) custody proceedings brought under the provisions of chapter 815p; and (18) all such other matters within the jurisdiction of the Superior Court concerning children or family relations as may be determined by the judges of said court.

(b) As used in this title, "domestic violence" means: (1) A continuous threat of present physical pain or physical injury against a family or household member, as defined in section 46b-38a, as amended by this act; (2) stalking, including but not limited to, stalking as described in section 53a-181d, of such family or household member; (3) a pattern of threatening, including but not limited to, a pattern of threatening as described in section 53a-62, of such family or household member or a third party that intimidates such family or household member; or (4) coercive control of such family or household member, which is a pattern of behavior that in purpose or effect unreasonably interferes with a person's free will and personal liberty. "Coercive control" includes, but is not limited to, unreasonably engaging in any of the following:

(A) Isolating the family or household member from friends, relatives or other sources of support;

(B) Depriving the family or household member of basic necessities;

*Substitute Senate Bill No. 1091*

(C) Controlling, regulating or monitoring the family or household member's movements, communications, daily behavior, finances, economic resources or access to services;

(D) Compelling the family or household member by force, threat or intimidation, including, but not limited to, threats based on actual or suspected immigration status, to (i) engage in conduct from which such family or household member has a right to abstain, or (ii) abstain from conduct that such family or household member has a right to pursue;

(E) Committing or threatening to commit cruelty to animals that intimidates the family or household member; or

(F) Forced sex acts, or threats of a sexual nature, including, but not limited to, threatened acts of sexual conduct, threats based on a person's sexuality or threats to release sexual images.

Sec. 2. Section 46b-15 of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2021*):

(a) Any family or household member, as defined in section 46b-38a, as amended by this act, who [has been subjected to a continuous threat of present physical pain or physical injury, stalking or a pattern of threatening, including, but not limited to, a pattern of threatening, as described in section 53a-62, by another family or household member] is the victim of domestic violence, as defined in section 46b-1, as amended by this act, by another family or household member may make an application to the Superior Court for relief under this section. The court shall provide any person who applies for relief under this section with the information set forth in section 46b-15b.

(b) The application form shall allow the applicant, at the applicant's option, to indicate whether the respondent holds a permit to carry a pistol or revolver, an eligibility certificate for a pistol or revolver, a long gun eligibility certificate or an ammunition certificate or possesses one

*Substitute Senate Bill No. 1091*

or more firearms or ammunition. The application shall be accompanied by an affidavit made under oath which includes a brief statement of the conditions from which relief is sought. Upon receipt of the application the court shall order that a hearing on the application be held not later than fourteen days from the date of the order except that, if the application indicates that the respondent holds a permit to carry a pistol or revolver, an eligibility certificate for a pistol or revolver, a long gun eligibility certificate or an ammunition certificate or possesses one or more firearms or ammunition, and the court orders an ex parte order, the court shall order that a hearing be held on the application not later than seven days from the date on which the ex parte order is issued. The court, in its discretion, may make such orders as it deems appropriate for the protection of the applicant and such dependent children or other persons as the court sees fit. In making such orders ex parte, the court, in its discretion, may consider relevant court records if the records are available to the public from a clerk of the Superior Court or on the Judicial Branch's Internet web site. In addition, at the time of the hearing, the court, in its discretion, may also consider a report prepared by the family services unit of the Judicial Branch that may include, as available: Any existing or prior orders of protection obtained from the protection order registry; information on any pending criminal case or past criminal case in which the respondent was convicted of a violent crime; any outstanding arrest warrant for the respondent; and the respondent's level of risk based on a risk assessment tool utilized by the Court Support Services Division. The report may also include information pertaining to any pending or disposed family matters case involving the applicant and respondent. Any report provided by the Court Support Services Division to the court shall also be provided to the applicant and respondent. Such orders may include temporary child custody or visitation rights, and such relief may include, but is not limited to, an order enjoining the respondent from (1) imposing any restraint upon the person or liberty of the applicant; (2) threatening, harassing, assaulting, molesting, sexually assaulting or attacking the

*Substitute Senate Bill No. 1091*

applicant; or (3) entering the family dwelling or the dwelling of the applicant. Such order may include provisions necessary to protect any animal owned or kept by the applicant including, but not limited to, an order enjoining the respondent from injuring or threatening to injure such animal. If an applicant alleges an immediate and present physical danger to the applicant, the court may issue an ex parte order granting such relief as it deems appropriate. If a postponement of a hearing on the application is requested by either party and granted, the ex parte order shall not be continued except upon agreement of the parties or by order of the court for good cause shown. If a hearing on the application is scheduled or an ex parte order is granted and the court is closed on the scheduled hearing date, the hearing shall be held on the next day the court is open and any such ex parte order shall remain in effect until the date of such hearing. If the applicant is under eighteen years of age, a parent, guardian or responsible adult who brings the application as next friend of the applicant may not speak on the applicant's behalf at such hearing unless there is good cause shown as to why the applicant is unable to speak on his or her own behalf, except that nothing in this subsection shall preclude such parent, guardian or responsible adult from testifying as a witness at such hearing. As used in this subsection, "violent crime" includes: (A) An incident resulting in physical harm, bodily injury or assault; (B) an act of threatened violence that constitutes fear of imminent physical harm, bodily injury or assault, including, but not limited to, stalking or a pattern of threatening; (C) verbal abuse or argument if there is a present danger and likelihood that physical violence will occur; and (D) cruelty to animals as set forth in section 53-247.

(c) If the court issues an ex parte order pursuant to subsection (b) of this section and service has not been made on the respondent in conformance with subsection (h) of this section, upon request of the applicant, the court shall, based on the information contained in the original application, extend any ex parte order for an additional period

*Substitute Senate Bill No. 1091*

not to exceed fourteen days from the originally scheduled hearing date. The clerk shall prepare a new order of hearing and notice containing the new hearing date, which shall be served upon the respondent in accordance with the provisions of subsection (h) of this section.

(d) Any ex parte restraining order entered under subsection (b) of this section in which the applicant and respondent are spouses, or persons who have a dependent child or children in common and who live together, may include, if no order exists, and if necessary to maintain the safety and basic needs of the applicant or the dependent child or children in common of the applicant and respondent, in addition to any orders authorized under subsection (b) of this section, any of the following: (1) An order prohibiting the respondent from (A) taking any action that could result in the termination of any necessary utility services or necessary services related to the family dwelling or the dwelling of the applicant, (B) taking any action that could result in the cancellation, change of coverage or change of beneficiary of any health, automobile or homeowners insurance policy to the detriment of the applicant or the dependent child or children in common of the applicant and respondent, or (C) transferring, encumbering, concealing or disposing of specified property owned or leased by the applicant; or (2) an order providing the applicant with temporary possession of an automobile, checkbook, documentation of health, automobile or homeowners insurance, a document needed for purposes of proving identity, a key or other necessary specified personal effects.

(e) At the hearing on any application under this section, if the court grants relief pursuant to subsection (b) of this section and the applicant and respondent are spouses, or persons who have a dependent child or children in common and who live together, and if necessary to maintain the safety and basic needs of the applicant or the dependent child or children in common of the applicant and respondent, any orders entered by the court may include, in addition to the orders authorized

*Substitute Senate Bill No. 1091*

under subsection (b) of this section, any of the following: (1) An order prohibiting the respondent from (A) taking any action that could result in the termination of any necessary utility services or services related to the family dwelling or the dwelling of the applicant, (B) taking any action that could result in the cancellation, change of coverage or change of beneficiary of any health, automobile or homeowners insurance policy to the detriment of the applicant or the dependent child or children in common of the applicant and respondent, or (C) transferring, encumbering, concealing or disposing of specified property owned or leased by the applicant; (2) an order providing the applicant with temporary possession of an automobile, checkbook, documentation of health, automobile or homeowners insurance, a document needed for purposes of proving identity, a key or other necessary specified personal effects; or (3) an order that the respondent: (A) Make rent or mortgage payments on the family dwelling or the dwelling of the applicant and the dependent child or children in common of the applicant and respondent, (B) maintain utility services or other necessary services related to the family dwelling or the dwelling of the applicant and the dependent child or children in common of the applicant and respondent, (C) maintain all existing health, automobile or homeowners insurance coverage without change in coverage or beneficiary designation, or (D) provide financial support for the benefit of any dependent child or children in common of the applicant and the respondent, provided the respondent has a legal duty to support such child or children and the ability to pay. The court shall not enter any order of financial support without sufficient evidence as to the ability to pay, including, but not limited to, financial affidavits. If at the hearing no order is entered under this subsection or subsection (d) of this section, no such order may be entered thereafter pursuant to this section. Any order entered pursuant to this subsection shall not be subject to modification and shall expire one hundred twenty days after the date of issuance or upon issuance of a superseding order, whichever occurs first. Any amounts not paid or collected under this subsection or

*Substitute Senate Bill No. 1091*

subsection (d) of this section may be preserved and collectible in an action for dissolution of marriage, custody, paternity or support.

(f) (1) Every order of the court made in accordance with this section shall contain the following language: [(1)] (A) "This order may be extended by the court beyond one year. In accordance with section 53a-107 of the Connecticut general statutes, entering or remaining in a building or any other premises in violation of this order constitutes criminal trespass in the first degree. This is a criminal offense punishable by a term of imprisonment of not more than one year, a fine of not more than two thousand dollars or both."; and [(2)] (B) "In accordance with section 53a-223b of the Connecticut general statutes, any violation of subparagraph (A) or (B) of subdivision (2) of subsection (a) of section 53a-223b constitutes criminal violation of a restraining order which is punishable by a term of imprisonment of not more than five years, a fine of not more than five thousand dollars, or both. Additionally, any violation of subparagraph (C) or (D) of subdivision (2) of subsection (a) of section 53a-223b constitutes criminal violation of a restraining order which is punishable by a term of imprisonment of not more than ten years, a fine of not more than ten thousand dollars, or both.".

(2) Each applicant who receives an order of the court in accordance with this section shall be given a notice that contains the following language: "If a restraining order has been issued on your behalf or on behalf of your child, you may elect to give testimony or appear in a family court proceeding remotely, pursuant to section 46b-15c. Please notify the court in writing at least two days in advance of a proceeding if you choose to give testimony or appear remotely, and your physical presence in the courthouse will not be required in order to participate in the court proceeding.".

(g) No order of the court shall exceed one year, except that an order may be extended by the court upon motion of the applicant for such additional time as the court deems necessary. If the respondent has not

appeared upon the initial application, service of a motion to extend an order may be made by first-class mail directed to the respondent at the respondent's last-known address.

(h) (1) The applicant shall cause notice of the hearing pursuant to subsection (b) of this section and a copy of the application and the applicant's affidavit and of any ex parte order issued pursuant to subsection (b) of this section to be served on the respondent not less than three days before the hearing. <u>A proper officer responsible for executing such service shall accept all documents in an electronic format, if presented to such officer in such format.</u> The cost of such service shall be paid for by the Judicial Branch.

(2) When (A) an application indicates that a respondent holds a permit to carry a pistol or revolver, an eligibility certificate for a pistol or revolver, a long gun eligibility certificate or an ammunition certificate or possesses one or more firearms or ammunition, and (B) the court has issued an ex parte order pursuant to this section, the proper officer responsible for executing service shall, whenever possible, provide in-hand service and, prior to serving such order, shall (i) provide notice to the law enforcement agency for the town in which the respondent will be served concerning when and where the service will take place, and (ii) send, or cause to be sent by facsimile or other means, a copy of the application, the applicant's affidavit, the ex parte order and the notice of hearing to such law enforcement agency, and (iii) request that a police officer from the law enforcement agency for the town in which the respondent will be served be present when service is executed by the proper officer. Upon receiving a request from a proper officer under the provisions of this subdivision, the law enforcement agency for the town in which the respondent will be served may designate a police officer to be present when service is executed by the proper officer.

(3) Upon the granting of an ex parte order, the clerk of the court shall provide two copies of the order to the applicant. Upon the granting of

*Substitute Senate Bill No. 1091*

an order after notice and hearing, the clerk of the court shall provide two copies of the order to the applicant and a copy to the respondent. Every order of the court made in accordance with this section after notice and hearing shall be accompanied by a notification that is consistent with the full faith and credit provisions set forth in 18 USC 2265(a), as amended from time to time. Immediately after making service on the respondent, the proper officer shall (A) send or cause to be sent, by facsimile or other means, a copy of the application, or the information contained in such application, stating the date and time the respondent was served, to the law enforcement agency or agencies for the town in which the applicant resides, the town in which the applicant is employed and the town in which the respondent resides, and (B) as soon as possible, but not later than two hours after the time that service is executed, input into the Judicial Branch's Internet-based service tracking system the date, time and method of service. If, prior to the date of the scheduled hearing, service has not been executed, the proper officer shall input into such service tracking system that service was unsuccessful. The clerk of the court shall send, by facsimile or other means, a copy of any ex parte order and of any order after notice and hearing, or the information contained in any such order, to the law enforcement agency or agencies for the town in which the applicant resides, the town in which the applicant is employed and the town in which the respondent resides, within forty-eight hours of the issuance of such order. If the victim, or victim's minor child protected by such order, is enrolled in a public or private elementary or secondary school, including a technical education and career school, or an institution of higher education, as defined in section 10a-55, the clerk of the court shall, upon the request of the victim, send, by facsimile or other means, a copy of such ex parte order or of any order after notice and hearing, or the information contained in any such order, to such school or institution of higher education, the president of any institution of higher education at which the victim, or victim's minor child protected by such order, is enrolled and the special police force established pursuant to

*Substitute Senate Bill No. 1091*

section 10a-156b, if any, at the institution of higher education at which the victim, or victim's minor child protected by such order, is enrolled, if the victim provides the clerk with the name and address of such school or institution of higher education.

(i) A caretaker who is providing shelter in his or her residence to a person sixty years or older shall not be enjoined from the full use and enjoyment of his or her home and property. The Superior Court may make any other appropriate order under the provisions of this section.

(j) When a motion for contempt is filed for violation of a restraining order, there shall be an expedited hearing. Such hearing shall be held within five court days of service of the motion on the respondent, provided service on the respondent is made not less than twenty-four hours before the hearing. If the court finds the respondent in contempt for violation of an order, the court may impose such sanctions as the court deems appropriate.

(k) An action under this section shall not preclude the applicant from seeking any other civil or criminal relief.

(l) For purposes of this section, "police officer" means a state police officer or a sworn member of a municipal police department and "law enforcement agency" means the Division of State Police within the Department of Emergency Services and Public Protection or any municipal police department.

Sec. 3. Section 46b-15c of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2021*):

(a) In any court proceeding in a family relations matter, as defined in section 46b-1, as amended by this act, the court [may, within available resources] shall, upon [motion] the written request of a party or the attorney for any party made not less than two days prior to such proceeding, order that the testimony of a party or a child who is a subject

*Substitute Senate Bill No. 1091*

of the proceeding be taken outside the physical presence of any other party if a protective order, restraining order or standing criminal protective order has been issued on behalf of the party or child, and the other party is subject to the protective order, restraining order or standing criminal protective order. Such order may provide for the use of alternative means to obtain the testimony of any party or child, including, but not limited to, the use of a secure video connection for the purpose of conducting hearings by videoconference. Such testimony may be taken in a room other than the courtroom or at another location outside the courthouse or outside the state. The court shall provide for the administration of an oath to such party or child prior to the taking of such testimony in accordance with the rules of the Superior Court.

(b) Nothing in this section shall be construed to limit any party's right to cross-examine a witness whose testimony is taken in a room other than the courtroom pursuant to an order under this section.

(c) An order under this section may remain in effect during the pendency of the proceedings in the family relations matter.

(d) A notice describing the provisions of subsection (a) of this section shall be (1) posted on the Internet web site of the Judicial Branch, (2) included in any written or electronic form that describes the automatic orders in cases involving a dissolution of marriage or legal separation under section 46b-40, and (3) included in any written or electronic form provided to a person who receives a protective order under section 46b-38c, as amended by this act, a standing criminal protective order under section 54a-40e, as amended by this act, or a restraining order, under section 46b-15, as amended by this act.

Sec. 4. Subdivision (3) of section 46b-38a of the general statutes is repealed and the following is substituted in lieu thereof (*Effective July 1, 2021*):

*Substitute Senate Bill No. 1091*

(3) "Family violence crime" means a crime as defined in section 53a-24, other than a delinquent act, as defined in section 46b-120, which, in addition to its other elements, contains as an element thereof an act of family violence to a family or household member. "Family violence crime" includes any violation of section 53a-222, 53a-222a, 53a-223, 53a-223a or 53a-223b when the condition of release or court order is issued for an act of family violence or a family violence crime. "Family violence crime" does not include acts by parents or guardians disciplining minor children unless such acts constitute abuse.

Sec. 5. Subdivision (5) of subsection (g) of section 46b-38b of the general statutes is repealed and the following is substituted in lieu thereof (*Effective July 1, 2021*):

(5) (A) On and after July 1, [2010] 2021, each law enforcement agency shall designate at least one officer with supervisory duties to expeditiously process, upon request of a victim of family violence or other crime who is applying for U Nonimmigrant Status [(A)] (i) a certification of helpfulness on Form I-918, Supplement B, or any subsequent corresponding form designated by the United States Department of Homeland Security, confirming that the victim of family violence or other crime has been helpful, is being helpful [,] or is likely to be helpful in the investigation or prosecution of the criminal activity, and [(B)] (ii) any subsequent certification required by the victim. As used in this subparagraph, "expeditiously" means not later than sixty days after the date of receipt of the request for certification of helpfulness, or not later than fourteen days after the date of receipt of such request if (I) the victim is in federal immigration removal proceedings or detained, or (II) the victim's child, parents or siblings would become ineligible for an immigration benefit by virtue of the victim or the sibling of such victim attaining the age of eighteen years, or the victim's child attaining the age of twenty-one years.

(B) By signing a certification of helpfulness, the officer or agency is

**Substitute Senate Bill No. 1091**

not making a determination of eligibility for U Nonimmigrant Status. The officer or agency is solely providing information required by the United States Department of Homeland Security on such form as is required by said department and certifying that: (i) The requesting individual or his or her family member is a victim of one of the enumerated crimes eligible for U Nonimmigrant Status, (ii) the victim possesses or possessed information regarding that crime, (iii) the victim has been, is being or is likely to be helpful in an investigation of that crime, and (iv) the victim has not failed or refused to provide reasonably requested information or assistance. A current or ongoing investigation, filing of criminal charges, prosecution or conviction is not required for a victim to request and obtain certification under this subdivision.

Sec. 6. Subsection (e) of section 46b-38c of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2021*):

(e) (1) A protective order issued under this section may include provisions necessary to protect the victim from threats, harassment, injury or intimidation by the defendant, including, but not limited to, an order enjoining the defendant from [(1)] (A) imposing any restraint upon the person or liberty of the victim, [(2)] (B) threatening, harassing, assaulting, molesting or sexually assaulting the victim, or [(3)] (C) entering the family dwelling or the dwelling of the victim. A protective order issued under this section may include provisions necessary to protect any animal owned or kept by the victim including, but not limited to, an order enjoining the defendant from injuring or threatening to injure such animal. Such order shall be made a condition of the bail or release of the defendant and shall contain the following notification: "In accordance with section 53a-223 of the Connecticut general statutes, any violation of this order constitutes criminal violation of a protective order which is punishable by a term of imprisonment of not more than ten years, a fine of not more than ten thousand dollars, or both.

*Public Act No. 21-78*                                             *14 of 41*

*Substitute Senate Bill No. 1091*

Additionally, in accordance with section 53a-107 of the Connecticut general statutes, entering or remaining in a building or any other premises in violation of this order constitutes criminal trespass in the first degree which is punishable by a term of imprisonment of not more than one year, a fine of not more than two thousand dollars, or both. Violation of this order also violates a condition of your bail or release, and may result in raising the amount of bail or revoking release." Every order of the court made in accordance with this section after notice and hearing shall be accompanied by a notification that is consistent with the full faith and credit provisions set forth in 18 USC 2265(a), as amended from time to time. The information contained in and concerning the issuance of any protective order issued under this section shall be entered in the registry of protective orders pursuant to section 51-5c.

(2) Each person who receives an order of the court in accordance with this subsection shall be given a notice that contains the following language: "If a protective order has been issued on your behalf or on behalf of your child, you may elect to give testimony or appear in a family court proceeding remotely, pursuant to section 46b-15c. Please notify the court in writing at least two days in advance of a proceeding if you choose to give testimony or appear remotely, and your physical presence in the courthouse will not be required in order to participate in the court proceeding.".

Sec. 7. Section 53a-40e of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2021*):

(a) If any person is convicted of (1) a violation of section 53a-70b of the general statutes, revision of 1958, revised to January 1, 2019, or subdivision (1) or (2) of subsection (a) of section 53-21, section 53a-59, 53a-59a, 53a-60, 53a-60a, 53a-60b, 53a-60c, 53a-70, 53a-70a, 53a-70c, 53a-71, 53a-72a, 53a-72b, 53a-73a, 53a-181c, 53a-181d, 53a-181e, 53a-182b or 53a-183, subdivision (2) of subsection (a) of section 53a-192a, section 53a-

*Substitute Senate Bill No. 1091*

223, 53a-223a or 53a-223b or attempt or conspiracy to violate any of said sections or section 53a-54a, or (2) any crime that the court determines constitutes a family violence crime, as defined in section 46b-38a, as amended by this act, or attempt or conspiracy to commit any such crime, the court may, in addition to imposing the sentence authorized for the crime under section 53a-35a or 53a-36, if the court is of the opinion that the history and character and the nature and circumstances of the criminal conduct of such offender indicate that a standing criminal protective order will best serve the interest of the victim and the public, issue a standing criminal protective order which shall remain in effect for a duration specified by the court until modified or revoked by the court for good cause shown. If any person is convicted of any crime not specified in subdivision (1) or (2) of this subsection, the court may, for good cause shown, issue a standing criminal protective order pursuant to this subsection.

(b) Such standing criminal protective order may include, but need not be limited to, provisions enjoining the offender from (1) imposing any restraint upon the person or liberty of the victim; (2) threatening, harassing, assaulting, molesting, sexually assaulting or attacking the victim; or (3) entering the family dwelling or the dwelling of the victim. If the victim is enrolled in a public or private elementary or secondary school, including a technical high school, or an institution of higher education, as defined in section 10a-55, the clerk of the court shall, upon the request of the victim, send, by facsimile or other means, a copy of such standing criminal protective order, or the information contained in any such order, to such school or institution of higher education, the president of any institution of higher education at which the victim is enrolled and the special police force established pursuant to section 10a-142, if any, at the institution of higher education at which the victim is enrolled, if the victim provides the clerk with the name and address of such school or institution of higher education.

*Substitute Senate Bill No. 1091*

(c) (1) Such standing criminal protective order shall include the following notice: "In accordance with section 53a-223a of the Connecticut general statutes, violation of this order shall be punishable by a term of imprisonment of not less than one year nor more than ten years, a fine of not more than ten thousand dollars, or both.".

(2) Upon issuance of a standing criminal protective order under subsection (a) of this section, each victim protected by such order shall be given a notice that contains the following language: "If a standing criminal protective order has been issued on your behalf or on behalf of your child, you may elect to give testimony or appear in a family court proceeding remotely, pursuant to section 46b-15c. Please notify the court in writing at least two days in advance of a proceeding if you choose to give testimony or appear remotely, and your physical presence in the courthouse will not be required in order to participate in the court proceeding.".

(d) For the purposes of this section and any other provision of the general statutes, "standing criminal protective order" means (1) a standing criminal restraining order issued prior to October 1, 2010, or (2) a standing criminal protective order issued on or after October 1, 2010.

Sec. 8. Subsection (f) of section 46b-54 of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2021*):

(f) When recommending the entry of any order as provided in subsections (a) and (b) of section 46b-56, as amended by this act, counsel or a guardian ad litem for the minor child shall consider the best interests of the child, and in doing so shall consider, but not be limited to, one or more of the following factors: (1) The physical and emotional safety of the child; (2) the temperament and developmental needs of the child; [(2)] (3) the capacity and the disposition of the parents to

*Substitute Senate Bill No. 1091*

understand and meet the needs of the child; [(3)] (4) any relevant and material information obtained from the child, including the informed preferences of the child; [(4)] (5) the wishes of the child's parents as to custody; [(5)] (6) the past and current interaction and relationship of the child with each parent, the child's siblings and any other person who may significantly affect the best interests of the child; [(6)] (7) the willingness and ability of each parent to facilitate and encourage such continuing parent-child relationship between the child and the other parent as is appropriate, including compliance with any court orders; [(7)] (8) any manipulation by or coercive behavior of the parents in an effort to involve the child in the parents' dispute; [(8)] (9) the ability of each parent to be actively involved in the life of the child; [(9)] (10) the child's adjustment to his or her home, school and community environments; [(10)] (11) the length of time that the child has lived in a stable and satisfactory environment and the desirability of maintaining continuity in such environment, provided counsel or a guardian ad litem for the minor child may consider favorably a parent who voluntarily leaves the child's family home pendente lite in order to alleviate stress in the household; [(11)] (12) the stability of the child's existing or proposed residences, or both; [(12)] (13) the mental and physical health of all individuals involved, except that a disability of a proposed custodial parent or other party, in and of itself, shall not be determinative of custody unless the proposed custodial arrangement is not in the best interests of the child; [(13)] (14) the child's cultural background; [(14)] (15) the effect on the child of the actions of an abuser, if any domestic violence, as defined in section 46b-1, as amended by this act, has occurred between the parents or between a parent and another individual or the child; [(15)] (16) whether the child or a sibling of the child has been abused or neglected, as defined respectively in section 46b-120; and [(16)] (17) whether a party satisfactorily completed participation in a parenting education program established pursuant to section 46b-69b. Counsel or a guardian ad litem for the minor child shall not be required to assign any weight to any of the factors considered.

*Substitute Senate Bill No. 1091*

Sec. 9. Section 46b-56 of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2021*):

(a) In any controversy before the Superior Court as to the custody or care of minor children, and at any time after the return day of any complaint under section 46b-45, the court may make or modify any proper order regarding the custody, care, education, visitation and support of the children if it has jurisdiction under the provisions of chapter 815p. Subject to the provisions of section 46b-56a, the court may assign parental responsibility for raising the child to the parents jointly, or may award custody to either parent or to a third party, according to its best judgment upon the facts of the case and subject to such conditions and limitations as it deems equitable. The court may also make any order granting the right of visitation of any child to a third party to the action, including, but not limited to, grandparents.

(b) In making or modifying any order as provided in subsection (a) of this section, the rights and responsibilities of both parents shall be considered and the court shall enter orders accordingly that serve the best interests of the child and provide the child with the active and consistent involvement of both parents commensurate with their abilities and interests. Such orders may include, but shall not be limited to: (1) Approval of a parental responsibility plan agreed to by the parents pursuant to section 46b-56a; (2) the award of joint parental responsibility of a minor child to both parents, which shall include (A) provisions for residential arrangements with each parent in accordance with the needs of the child and the parents, and (B) provisions for consultation between the parents and for the making of major decisions regarding the child's health, education and religious upbringing; (3) the award of sole custody to one parent with appropriate parenting time for the noncustodial parent where sole custody is in the best interests of the child; or (4) any other custody arrangements as the court may determine to be in the best interests of the child.

*Substitute Senate Bill No. 1091*

(c) In making or modifying any order as provided in subsections (a) and (b) of this section, the court shall consider the best interests of the child, and in doing so, may consider, but shall not be limited to, one or more of the following factors: (1) The <u>physical and emotional safety of the child; (2) the</u> temperament and developmental needs of the child; [(2)] <u>(3)</u> the capacity and the disposition of the parents to understand and meet the needs of the child; [(3)] <u>(4)</u> any relevant and material information obtained from the child, including the informed preferences of the child; [(4)] <u>(5)</u> the wishes of the child's parents as to custody; [(5)] <u>(6)</u> the past and current interaction and relationship of the child with each parent, the child's siblings and any other person who may significantly affect the best interests of the child; [(6)] <u>(7)</u> the willingness and ability of each parent to facilitate and encourage such continuing parent-child relationship between the child and the other parent as is appropriate, including compliance with any court orders; [(7)] <u>(8)</u> any manipulation by or coercive behavior of the parents in an effort to involve the child in the parents' dispute; [(8)] <u>(9)</u> the ability of each parent to be actively involved in the life of the child; [(9)] <u>(10)</u> the child's adjustment to his or her home, school and community environments; [(10)] <u>(11)</u> the length of time that the child has lived in a stable and satisfactory environment and the desirability of maintaining continuity in such environment, provided the court may consider favorably a parent who voluntarily leaves the child's family home pendente lite in order to alleviate stress in the household; [(11)] <u>(12)</u> the stability of the child's existing or proposed residences, or both; [(12)] <u>(13)</u> the mental and physical health of all individuals involved, except that a disability of a proposed custodial parent or other party, in and of itself, shall not be determinative of custody unless the proposed custodial arrangement is not in the best interests of the child; [(13)] <u>(14)</u> the child's cultural background; [(14)] <u>(15)</u> the effect on the child of the actions of an abuser, if any domestic violence<u>, as defined in section 46b-1, as amended by this act,</u> has occurred between the parents or between a parent and another individual or the child; [(15)] <u>(16)</u> whether the child

**Public Act No. 21-78**                                              *20 of 41*

*Substitute Senate Bill No. 1091*

or a sibling of the child has been abused or neglected, as defined respectively in section 46b-120; and [(16)] (17) whether the party satisfactorily completed participation in a parenting education program established pursuant to section 46b-69b. The court is not required to assign any weight to any of the factors that it considers, but shall articulate the basis for its decision.

(d) Upon the issuance of any order assigning custody of the child to the Commissioner of Children and Families, or not later than sixty days after the issuance of such order, the court shall make a determination whether the Department of Children and Families made reasonable efforts to keep the child with his or her parents prior to the issuance of such order and, if such efforts were not made, whether such reasonable efforts were not possible, taking into consideration the best interests of the child, including the child's health and safety.

(e) In determining whether a child is in need of support and, if in need, the respective abilities of the parents to provide support, the court shall take into consideration all the factors enumerated in section 46b-84.

(f) When the court is not sitting, any judge of the court may make any order in the cause which the court might make under this section, including orders of injunction, prior to any action in the cause by the court.

(g) A parent not granted custody of a minor child shall not be denied the right of access to the academic, medical, hospital or other health records of such minor child, unless otherwise ordered by the court for good cause shown.

(h) Notwithstanding the provisions of subsections (b) and (c) of this section, when a motion for modification of custody or visitation is pending before the court or has been decided by the court and the

**Public Act No. 21-78**                                   *21 of 41*

*Substitute Senate Bill No. 1091*

investigation ordered by the court pursuant to section 46b-6 recommends psychiatric or psychological therapy for a child, and such therapy would, in the court's opinion, be in the best interests of the child and aid the child's response to a modification, the court may order such therapy and reserve judgment on the motion for modification.

(i) As part of a decision concerning custody or visitation, the court may order either parent or both of the parents and any child of such parents to participate in counseling and drug or alcohol screening, provided such participation is in the best interests of the child.

Sec. 10. (NEW) (*Effective October 1, 2021*) In any family relations matter described in section 46b-1 of the general statutes, as amended by this act, if the court finds that a pattern of frivolous and intentionally fabricated pleadings or motions are filed by one party, the court shall sanction such party in an appropriate manner so as to allow such matter to proceed without undue delay or obstruction by the party filing such pleadings or motions.

Sec. 11. Section 51-27h of the general statutes is repealed and the following is substituted in lieu thereof (*Effective July 1, 2021*):

The Chief Court Administrator shall provide in each court where family matters or family violence matters are heard or where a domestic violence docket, as defined in section 51-181e, is located a secure room for victims of family violence crimes and advocates for victims of family violence crimes which is separate from any public or private area of the court intended to accommodate the respondent or defendant or the respondent's or defendant's family, friends, attorneys or witnesses and separate from the office of the state's attorney, provided <u>that in courthouses constructed prior to July 1, 2021,</u> such a room is available and the use of such room is practical.

Sec. 12. Section 51-27i of the general statutes is repealed and the

*Substitute Senate Bill No. 1091*

following is substituted in lieu thereof (*Effective July 1, 2021*):

(a) As used in this section:

(1) "Domestic violence agency" means any office, shelter, host home or agency offering assistance to victims of domestic violence through crisis intervention, emergency shelter referral and medical and legal advocacy, and which meets the Department of Social Services' criteria of service provision for such agencies.

(2) "Family violence victim advocate" means a person (A) who is employed by and under the control of a direct service supervisor of a domestic violence agency, (B) who has undergone a minimum of twenty hours of training which shall include, but not be limited to, the dynamics of domestic violence, crisis intervention, communication skills, working with diverse populations, an overview of the state criminal justice and civil family court systems and information about state and community resources for victims of domestic violence, (C) who is certified as a counselor by the domestic violence agency that provided such training, and (D) whose primary purpose is the rendering of advice, counsel and assistance to, and the advocacy of the cause of, victims of domestic violence.

(b) The Chief Court Administrator shall permit one or more family violence victim advocates to provide services to victims of domestic violence in (1) the Family Division of the Superior Court in [one or more judicial districts] each judicial district, and (2) each geographical area court in the state.

(c) Notwithstanding any provision of the general statutes restricting the disclosure of documents, upon request, a family violence victim advocate providing services in the Family Division of the Superior Court or a geographical area court shall be provided with a copy of any police report in the possession of the state's attorney, the Division of

*Substitute Senate Bill No. 1091*

State Police within the Department of Emergency Services and Public Protection, any municipal police department or any other law enforcement agency that the family violence victim advocate requires to perform the responsibilities and duties set forth in subsection (b) of this section.

Sec. 13. Subsection (a) of section 17b-112g of the general statutes is repealed and the following is substituted in lieu thereof (*Effective July 1, 2021*):

(a) The Commissioner of Social Services shall offer immediate diversion assistance designed to prevent certain families who are applying for monthly temporary family assistance from needing such assistance. Diversion assistance shall be offered to families that (1) upon initial assessment are determined eligible for temporary family assistance, (2) demonstrate a short-term need that cannot be met with current or anticipated family resources, and (3) with the provision of a service or short-term benefit, would be prevented from needing monthly temporary family assistance. Within resources available to the Department of Social Services, a person who requests diversion assistance on the basis of being a victim of domestic violence, as defined in section 17b-112a, shall be deemed to satisfy subdivision (2) of this subsection and shall not be subject to the requirements of subdivision (3) of this subsection. In determining whether the family of such a victim of domestic violence satisfies the requirements of subdivision (1) of this subsection and the appropriate amount of diversion assistance to provide, the commissioner shall not include as a member of the family the spouse, domestic partner or other household member credibly accused of domestic violence by such victim, nor shall the commissioner count the income or assets of such a spouse, domestic partner or other household member. For purposes of this subsection, allegations of domestic violence may be substantiated by the commissioner pursuant to the provisions of subsection (b) of section 17b-112a.

*Substitute Senate Bill No. 1091*

Sec. 14. Section 17b-191 of the general statutes is repealed and the following is substituted in lieu thereof (*Effective July 1, 2021*):

(a) Notwithstanding the provisions of sections 17b-190, 17b-195 and 17b-196, the Commissioner of Social Services shall operate a state-administered general assistance program in accordance with this section and sections 17b-131, 17b-193, 17b-194, 17b-197 and 17b-198. Notwithstanding any provision of the general statutes, on and after October 1, 2003, no town shall be reimbursed by the state for any general assistance medical benefits incurred after September 30, 2003, and on and after March 1, 2004, no town shall be reimbursed by the state for any general assistance cash benefits or general assistance program administrative costs incurred after February 29, 2004.

(b) The state-administered general assistance program shall provide cash assistance of (1) two hundred dollars per month for an unemployable person upon determination of such person's unemployability; (2) two hundred dollars per month for a transitional person who is required to pay for shelter; and (3) fifty dollars per month for a transitional person who is not required to pay for shelter. The standard of assistance paid for individuals residing in rated boarding facilities shall remain at the level in effect on August 31, 2003. No person shall be eligible for cash assistance under the program if eligible for cash assistance under any other state or federal cash assistance program. The standards of assistance set forth in this subsection shall be subject to annual increases, as described in subsection (b) of section 17b-104.

(c) To be eligible for cash assistance under the program, a person shall (1) be (A) eighteen years of age or older; (B) a minor found by a court to be emancipated pursuant to section 46b-150; or (C) under eighteen years of age and the commissioner determines good cause for such person's eligibility, and (2) not have assets exceeding two hundred fifty dollars or, if such person is married, such person and his or her spouse shall not have assets exceeding five hundred dollars. In determining eligibility,

the commissioner shall not consider as income Aid and Attendance pension benefits granted to a veteran, as defined in section 27-103, or the surviving spouse of such veteran. No person who is a substance abuser and refuses or fails to enter available, appropriate treatment shall be eligible for cash assistance under the program until such person enters treatment. No person whose benefits from the temporary family assistance program have terminated as a result of time-limited benefits or for failure to comply with a program requirement shall be eligible for cash assistance under the program.

(d) Prior to or upon discontinuance of assistance, a person previously determined to be a transitional person may petition the commissioner to review the determination of his or her status. In such review, the commissioner shall consider factors, including, but not limited to: (1) Age; (2) education; (3) vocational training; (4) mental and physical health; and (5) employment history and shall make a determination of such person's ability to obtain gainful employment.

(e) Notwithstanding any other provision of this section or section 17b-194, a victim of domestic violence, as defined in section 17b-112a, who is not eligible for diversion assistance under the provisions of section 17b-112g, as amended by this act, shall be eligible for a one-time assistance payment under the state-administered general assistance program within resources available to the Department of Social Services. Such payment shall be equivalent to that which such victim would be entitled to receive as diversion assistance if such victim and his or her family, if any, were eligible for diversion assistance. In determining whether and in what amount a victim of domestic violence and his or her family are eligible for a one-time assistance payment pursuant to this subsection, the commissioner shall not include as a member of such victim's family the spouse, domestic partner or other household member credibly accused of domestic violence by such victim, nor shall the commissioner count the income or assets of such a

spouse, domestic partner or other household member. For purposes of this subsection, allegations of domestic violence may be substantiated by the commissioner pursuant to the provisions of subsection (b) of section 17b-112a, and "family" has the same meaning as used in section 17b-112, except as otherwise provided in this subsection.

Sec. 15. (NEW) (*Effective from passage*) (a) There is established a grant program to provide individuals who are indigent with access to legal assistance at no cost when making an application for a restraining order under section 46b-15 of the general statutes, as amended by this act. The grant program shall be administered by the organization that administers the program for the use of interest earned on lawyers' clients' funds accounts pursuant to section 51-81c of the general statutes. Funds appropriated to the Judicial Branch for the purpose of the grant program shall be transferred to the organization administering the program.

(b) Not later than three months after receiving funding in any year from the state, the organization administering the program shall issue a request for proposals from nonprofit entities whose principal purpose is providing legal services at no cost to individuals who are indigent, for the purpose of awarding grants to provide counsel to indigent individuals who express an interest in applying for a restraining order pursuant to section 46b-15 of the general statutes, as amended by this act, and, to the extent practicable within the funding awarded, representing such individuals throughout the process of applying for such restraining order, including at prehearing conferences and at the hearing on an application. A nonprofit entity responding to the request for proposals may partner with law schools or other non-profit entities or publicly funded organizations that are not governmental entities, for the provision of services pursuant to a grant. Each response to the request for proposals shall specify the judicial district courthouse, or courthouses, for which services will be provided.

*Substitute Senate Bill No. 1091*

(c) The organization administering the program may only award a grant (1) to provide services in the judicial districts of Fairfield, Hartford, New Haven, Stamford-Norwalk or Waterbury, and (2) in an amount not to exceed two hundred thousand dollars, except that a grant to provide services in the judicial district with the highest average number of applications for restraining orders under section 46b-15 of the general statutes, as amended by this act, over the previous three fiscal years may receive a grant of not more than four hundred thousand dollars. Grants may not be used to provide services to individuals who are not indigent.

(d) The organization administering the program may only award a grant to a nonprofit entity whose principal purpose is providing legal services to individuals who are indigent, if such nonprofit entity demonstrates the ability to:

(1) Verify at the time of meeting with an individual that such potential client is indigent and meets applicable household income eligibility requirements set by the entity;

(2) Arrange for at least one individual who has the relevant training or experience and is authorized to provide legal counsel to eligible indigent individuals who express an interest in applying for a restraining order, to be present in the courthouse or courthouses identified in response to the request for proposals or be available to meet remotely during all business hours;

(3) To the greatest extent practicable within the funding awarded, provide continued representation to eligible indigent individuals throughout the restraining order process, including in court for the hearing on the restraining order, when such individuals request such continued representation after receiving assistance with a restraining order application;

*Substitute Senate Bill No. 1091*

(4) Provide any individual in the courthouse who expresses an interest in applying for a restraining order with all applicable forms that may be necessary to apply for a restraining order; and

(5) Track and report to the organization administering the program on the services provided pursuant to the program, including (A) the procedural outcomes of restraining order applications filed, (B) the number of instances where legal counsel was provided prior to the filing of an application but not during the remainder of the restraining order process, and the reasons limiting the duration of such representation, and (C) information on any other legal representation provided to individuals pursuant to the program on matters that were ancillary to the circumstances that supported the application for a restraining order.

(e) In awarding grants, the organization administering the program shall give preference to nonprofit entities (1) that demonstrate the ability to provide legal representation to clients regarding matters ancillary to the circumstances that supported the application for a restraining order; (2) with experience offering legal representation to individuals during the restraining order process; or (3) that can provide quality remote services should courthouses be closed to the public.

(f) The Chief Court Administrator shall:

(1) Provide each grant recipient with office space, if available, in the judicial district courthouse or courthouses served by such recipient under the grant program to conduct intake interviews and assist clients with applications for restraining orders;

(2) Require court clerks at such courthouses, prior to accepting an application for a restraining order pursuant to section 46b-15 of the general statutes, as amended by this act, to (A) inform each individual filing such application, or inquiring about filing such an application, that pro bono legal services are available from the grant recipient for

income-eligible individuals and, if office space has been provided to the grant recipient, where the grant recipient is located in the courthouse, and (B) if cards or pamphlets containing information about pro bono legal services have been provided to the courthouse by the grant recipient, provide such a card or pamphlet to the individual; and

(3) If a poster of reasonable size containing information about pro bono legal services has been provided to a courthouse served by a grant recipient, require the display of such poster in a manner that is visible to the public at or near the location where applications for a restraining order are filed in such courthouse.

(g) The Chief Court Administrator shall post on the Internet web site of the Judicial Branch where instructions for filing a restraining order pursuant to section 46b-15 of the general statutes, as amended by this act, are provided, information on the pro bono legal services available from grant recipients for income-eligible individuals at the applicable courthouses.

(h) For each year that funding is provided for the program under this section, the organization administering the program shall either conduct, or partner with an academic institution or other qualified entity for the purpose of conducting, an analysis of the impact of the program, including, but not limited to, (1) the procedural outcomes for applications filed in association with services provided by grant recipients under the program, (2) the types and extent of legal services provided to individuals served pursuant to the program, including on matters ancillary to the restraining order application, and (3) the number of cases where legal services were provided before an application was filed but legal representation did not continue during the restraining order process and the reasons for such limited representations. Not later than July first of the year following any year in which the program received funding, the organization administering the program shall submit a report on the results of such analysis in

*Substitute Senate Bill No. 1091*

accordance with the provisions of section 11-4a of the general statutes, to the joint standing committee of the General Assembly having cognizance of matters relating to the judiciary.

(i) Up to five per cent of the total amount received by the organization administering the grant program may be used for the reasonable costs of administering the program, including the completion of the analysis and report required by subsection (h) of this section.

Sec. 16. Subsections (a) and (b) of section 54-64a of the general statutes are repealed and the following is substituted in lieu thereof (*Effective October 1, 2021*):

(a) (1) Except as provided in subdivision (2) of this subsection and subsection (b) of this section, when any arrested person is presented before the Superior Court, said court shall, in bailable offenses, promptly order the release of such person upon the first of the following conditions of release found sufficient to reasonably ensure the appearance of the arrested person in court: (A) Upon execution of a written promise to appear without special conditions, (B) upon execution of a written promise to appear with nonfinancial conditions, (C) upon execution of a bond without surety in no greater amount than necessary, (D) upon execution of a bond with surety in no greater amount than necessary, but in no event shall a judge prohibit a bond from being posted by surety. In addition to or in conjunction with any of the conditions enumerated in subparagraphs (A) to (D), inclusive, of this subdivision the court may, when it has reason to believe that the person is drug-dependent and where necessary, reasonable and appropriate, order the person to submit to a urinalysis drug test and to participate in a program of periodic drug testing and treatment. The results of any such drug test shall not be admissible in any criminal proceeding concerning such person.

(2) If the arrested person is charged with no offense other than a

**Public Act No. 21-78**                                                     *31 of 41*

*Substitute Senate Bill No. 1091*

misdemeanor, the court shall not impose financial conditions of release on the person unless (A) the person is charged with a family violence crime, as defined in section 46b-38a, as amended by this act, or (B) the person requests such financial conditions, or (C) the court makes a finding on the record that there is a likely risk that (i) the arrested person will fail to appear in court, as required, or (ii) the arrested person will obstruct or attempt to obstruct justice, or threaten, injure or intimidate or attempt to threaten, injure or intimidate a prospective witness or juror, or (iii) the arrested person will engage in conduct that threatens the safety of himself or herself or another person. In making a finding described in this subsection, the court may consider past criminal history, including any prior record of failing to appear as required in court that resulted in any conviction for a violation of section 53a-172 or any conviction during the previous ten years for a violation of section 53a-173 and any other pending criminal cases of the person charged with a misdemeanor.

(3) The court may, in determining what conditions of release will reasonably ensure the appearance of the arrested person in court, consider the following factors: (A) The nature and circumstances of the offense, (B) such person's record of previous convictions, (C) such person's past record of appearance in court, (D) such person's family ties, (E) such person's employment record, (F) such person's financial resources, character and mental condition, [and] (G) such person's community ties, and (H) in the case of a violation of 53a-222a when the condition of release was issued for a family violence crime, as defined in section 46b-38a, as amended by this act, the heightened risk posed to victims of family violence by violations of conditions of release.

(b) (1) When any arrested person charged with the commission of a class A felony, a class B felony, except a violation of section 53a-86 or 53a-122, a class C felony, except a violation of section 53a-87, 53a-152 or 53a-153, or a class D felony under sections 53a-60 to 53a-60c, inclusive,

*Substitute Senate Bill No. 1091*

section 53a-72a, 53a-95, 53a-103, 53a-103a, 53a-114, 53a-136 or 53a-216, or a family violence crime, as defined in section 46b-38a, <u>as amended by this act,</u> is presented before the Superior Court, said court shall, in bailable offenses, promptly order the release of such person upon the first of the following conditions of release found sufficient to reasonably ensure the appearance of the arrested person in court and that the safety of any other person will not be endangered: (A) Upon such person's execution of a written promise to appear without special conditions, (B) upon such person's execution of a written promise to appear with nonfinancial conditions, (C) upon such person's execution of a bond without surety in no greater amount than necessary, (D) upon such person's execution of a bond with surety in no greater amount than necessary, but in no event shall a judge prohibit a bond from being posted by surety. In addition to or in conjunction with any of the conditions enumerated in subparagraphs (A) to (D), inclusive, of this subdivision, the court may, when it has reason to believe that the person is drug-dependent and where necessary, reasonable and appropriate, order the person to submit to a urinalysis drug test and to participate in a program of periodic drug testing and treatment. The results of any such drug test shall not be admissible in any criminal proceeding concerning such person.

(2) The court may, in determining what conditions of release will reasonably ensure the appearance of the arrested person in court and that the safety of any other person will not be endangered, consider the following factors: (A) The nature and circumstances of the offense, (B) such person's record of previous convictions, (C) such person's past record of appearance in court after being admitted to bail, (D) such person's family ties, (E) such person's employment record, (F) such person's financial resources, character and mental condition, (G) such person's community ties, (H) the number and seriousness of charges pending against the arrested person, (I) the weight of the evidence against the arrested person, (J) the arrested person's history of violence,

*Substitute Senate Bill No. 1091*

(K) whether the arrested person has previously been convicted of similar offenses while released on bond, [and] (L) the likelihood based upon the expressed intention of the arrested person that such person will commit another crime while released, and (M) the heightened risk posed to victims of family violence by violations of conditions of release and court orders of protection.

(3) When imposing conditions of release under this subsection, the court shall state for the record any factors under subdivision (2) of this subsection that it considered and the findings that it made as to the danger, if any, that the arrested person might pose to the safety of any other person upon the arrested person's release that caused the court to impose the specific conditions of release that it imposed.

Sec. 17. Subsection (a) of section 53a-181j of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2021*):

(a) A person is guilty of intimidation based on bigotry or bias in the first degree when such person maliciously, and with specific intent to intimidate or harass another person [because of] motivated in whole or in substantial part by the actual or perceived race, religion, ethnicity, disability, sex, sexual orientation or gender identity or expression of such other person, causes physical injury to such other person or to a third person.

Sec. 18. Subsection (a) of section 53a-181k of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2021*):

(a) A person is guilty of intimidation based on bigotry or bias in the second degree when such person maliciously, and with specific intent to intimidate or harass another person or group of persons [because of] motivated in whole or in substantial part by the actual or perceived race,

religion, ethnicity, disability, sex, sexual orientation or gender identity or expression of such other person or group of persons, does any of the following: (1) Causes physical contact with such other person or group of persons, (2) damages, destroys or defaces any real or personal property of such other person or group of persons, or (3) threatens, by word or act, to do an act described in subdivision (1) or (2) of this subsection, if there is reasonable cause to believe that an act described in subdivision (1) or (2) of this subsection will occur.

Sec. 19. Subsection (a) of section 53a-181*l* of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2021*):

(a) A person is guilty of intimidation based on bigotry or bias in the third degree when such person, with specific intent to intimidate or harass another person or group of persons [because of] motivated in whole or in substantial part by the actual or perceived race, religion, ethnicity, disability, sex, sexual orientation or gender identity or expression of such other person or persons: (1) Damages, destroys or defaces any real or personal property, or (2) threatens, by word or act, to do an act described in subdivision (1) of this subsection or advocates or urges another person to do an act described in subdivision (1) of this subsection, if there is reasonable cause to believe that an act described in said subdivision will occur.

Sec. 20. (NEW) (*Effective October 1, 2021*) (a) Upon the request of a tenant, a landlord shall change the locks or permit the tenant to change the locks to a tenant's dwelling unit when: (1) The tenant is named as a protected person in (A) a protective or restraining order issued by a court of this state, including, but not limited to, an order issued pursuant to sections 46b-15, 46b-16a, 46b-38c, 53a-40e and 54-1k of the general statutes, as amended by this act, that is in effect at the time the tenant makes such request of the landlord, or (B) a foreign order of protection that has been registered in this state pursuant to section 46b-15a of the

*Substitute Senate Bill No. 1091*

general statutes, as amended by this act, that is in effect at the time the tenant makes such request of the landlord; (2) the protective order, restraining order or foreign order of protection requires the respondent or defendant to (A) stay away from the home of the tenant, or (B) stay a minimum distance away from the tenant; and (3) the tenant provides a copy of such protective order, restraining order or foreign order of protection to the landlord. A landlord who is required to change a tenant's locks or permit the tenant to change a tenant's locks under this subsection shall, not later than six hours after receipt of the request, inform the tenant whether the landlord will change the locks or permit the tenant to change the locks. If the landlord agrees to change the locks, the landlord shall do so not later than forty-eight hours after the date that the tenant makes such request.

(b) If a landlord has informed the tenant that the tenant is responsible for changing the locks, fails to change the locks, or fails to permit a tenant to change the locks within the timeframe prescribed under subsection (a) of this section, the tenant may proceed to change the locks. If a tenant changes the locks, the tenant shall ensure that the locks are changed in a workmanlike manner, utilizing locks of similar or improved quality as compared to the original locks. The landlord may replace a lock installed by or at the behest of a tenant if the locks installed were not of similar or improved quality or were not installed properly. If a tenant changes the locks to his or her dwelling unit under this subsection, the tenant shall provide a key to the new locks to the landlord not later than two business days after the date on which the locks were changed, except when good cause prevents the tenant from providing a key to the landlord within the prescribed time period.

(c) When a landlord changes the locks to a dwelling unit under subsection (a) or (b) of this section, the landlord (1) shall, if using a professional contractor or locksmith, be responsible for payment to such contractor or locksmith, (2) shall, at or prior to the time of changing such

locks, provide a key to the new locks to the tenant, and (3) may charge a fee to the tenant not exceeding the actual reasonable cost of changing the locks. If the tenant fails to pay the fee, such cost may be recouped by suit against the tenant or as a deduction from the security deposit when the tenant vacates the dwelling unit, but shall not be the basis for a summary process action under chapter 832 of the general statutes. For purposes of this subsection, "actual reasonable cost" means the cost of the lock mechanism, as well as the fee paid by the landlord for professional contractor or locksmith services.

(d) A landlord may reprogram a digital or electronic lock with a new entry code to comply with the provisions of this section.

(e) If a tenant residing in the dwelling unit is named as the respondent or defendant in an order described in subsection (a) of this section and under such order is required to stay away from the dwelling unit, the landlord shall not provide a key to such tenant for the new locks. Absent a court order permitting a tenant who is the respondent or defendant in such order to return to the dwelling unit to retrieve his or her possessions and personal effects, the landlord has no duty under the rental agreement or by law to allow such tenant access to the dwelling unit once the landlord has been provided with a court order requiring such tenant to stay away from the dwelling unit, and the landlord shall not permit such tenant to access the dwelling unit. Any tenant excluded from the dwelling unit under this section remains liable under the rental agreement with any other tenant of the dwelling unit for rent or damages to the dwelling unit.

(f) A landlord may not require a tenant who is named as a protected person under an order described in subsection (a) of this section to pay additional rent or an additional deposit or fee because of the exclusion of the tenant who is named as the respondent or defendant in such order.

*Substitute Senate Bill No. 1091*

(g) Any landlord or agent of such landlord who denies a tenant named as a respondent or defendant in an order described in subsection (a) of this section access to the dwelling unit pursuant to this section shall be immune from any civil liability arising from such denial, provided the landlord or agent complies with the provisions of this section and any applicable court order.

Sec. 21. Section 47a-1 of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2021*):

As used in this chapter and sections 47a-21, as amended by this act, 47a-23 to 47a-23c, inclusive, 47a-26a to 47a-26g, inclusive, 47a-35 to 47a-35b, inclusive, 47a-41a, 47a-43 and 47a-46 and section 20 of this act:

(a) "Action" includes recoupment, counterclaim, set-off, cause of action and any other proceeding in which rights are determined, including an action for possession.

(b) "Building and housing codes" include any law, ordinance or governmental regulation concerning fitness for habitation or the construction, maintenance, operation, occupancy, use or appearance of any premises or dwelling unit.

(c) "Dwelling unit" means any house or building, or portion thereof, which is occupied, is designed to be occupied, or is rented, leased or hired out to be occupied, as a home or residence of one or more persons.

(d) "Landlord" means the owner, lessor or sublessor of the dwelling unit, the building of which it is a part or the premises.

(e) "Owner" means one or more persons, jointly or severally, in whom is vested (1) all or part of the legal title to property, or (2) all or part of the beneficial ownership and a right to present use and enjoyment of the premises and includes a mortgagee in possession.

*Substitute Senate Bill No. 1091*

(f) "Person" means an individual, corporation, limited liability company, the state or any political subdivision thereof, or agency, business trust, estate, trust, partnership or association, two or more persons having a joint or common interest, and any other legal or commercial entity.

(g) "Premises" means a dwelling unit and the structure of which it is a part and facilities and appurtenances therein and grounds, areas and facilities held out for the use of tenants generally or whose use is promised to the tenant.

(h) "Rent" means all periodic payments to be made to the landlord under the rental agreement.

(i) "Rental agreement" means all agreements, written or oral, and valid rules and regulations adopted under section 47a-9 or subsection (d) of section 21-70 embodying the terms and conditions concerning the use and occupancy of a dwelling unit or premises.

(j) "Roomer" means a person occupying a dwelling unit, which unit does not include a refrigerator, stove, kitchen sink, toilet and shower or bathtub and one or more of these facilities are used in common by other occupants in the structure.

(k) "Single-family residence" means a structure maintained and used as a single dwelling unit. Notwithstanding that a dwelling unit shares one or more walls with another dwelling unit or has a common parking facility, it is a single-family residence if it has direct access to a street or thoroughfare and does not share heating facilities, hot water equipment or any other essential facility or service with any other dwelling unit.

(l) "Tenant" means the lessee, sublessee or person entitled under a rental agreement to occupy a dwelling unit or premises to the exclusion of others or as is otherwise defined by law.

*Public Act No. 21-78*

*Substitute Senate Bill No. 1091*

(m) "Tenement house" means any house or building, or portion thereof, which is rented, leased or hired out to be occupied, or is arranged or designed to be occupied, or is occupied, as the home or residence of three or more families, living independently of each other, and doing their cooking upon the premises, and having a common right in the halls, stairways or yards.

Sec. 22. Subsection (a) of section 47a-21 of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2021*):

As used in this chapter:

(1) "Accrued interest" means the interest due on a security deposit as provided in subsection (i) of this section, compounded annually to the extent applicable.

(2) "Commissioner" means the Banking Commissioner.

(3) "Escrow account" means any account at a financial institution which is not subject to execution by the creditors of the escrow agent and includes a clients' funds account.

(4) "Escrow agent" means the person in whose name an escrow account is maintained.

(5) "Financial institution" means any state bank and trust company, national bank, savings bank, federal savings bank, savings and loan association, and federal savings and loan association that is located in this state.

(6) "Forwarding address" means the address to which a security deposit may be mailed for delivery to a former tenant.

(7) "Landlord" means any landlord of residential real property, and includes (A) any receiver; (B) any successor; and (C) any tenant who

*Substitute Senate Bill No. 1091*

sublets his premises.

(8) "Receiver" means any person who is appointed or authorized by any state, federal or probate court to receive rents from tenants, and includes trustees, executors, administrators, guardians, conservators, receivers, and receivers of rent.

(9) "Rent receiver" means a receiver who lacks court authorization to return security deposits and to inspect the premises of tenants and former tenants.

(10) "Residential real property" means real property containing one or more residential units, including residential units not owned by the landlord, and containing one or more tenants who paid a security deposit.

(11) "Security deposit" means any advance rental payment, or any installment payment collected pursuant to section 47a-22a, except an advance payment for the first month's rent or a deposit for a key or any special equipment.

(12) "Successor" means any person who succeeds to a landlord's interest whether by purchase, foreclosure or otherwise and includes a receiver.

(13) "Tenant" means a tenant, as defined in section 47a-1, <u>as amended by this act,</u> or a resident, as defined in section 21-64.

(14) "Tenant's obligations" means (A) the amount of any rental or utility payment due the landlord from a tenant; [and] (B) a tenant's obligations under the provisions of section 47a-11<u>; and (C) the actual reasonable cost of changing the locks of the dwelling unit pursuant to section 20 of this act, if the tenant has not paid such cost</u>.

Approved June 28, 2021

**Public Act No. 21-78**                                          **41** *of 41*

ORDER   435701

DOCKET NO: NNHFA195046828S

SUPERIOR COURT

ANTAR, THEODORA, F
   V.
LODICE, MATTHEW, J

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

6/11/2023

<u>ORDER</u>

ORDER REGARDING:
06/09/2023 280.00 CASEFLOW REQUEST - FAMILY MATTERS (FORM JD-FM-292)

The foregoing, having been considered by the Court, is hereby:

ORDER: DENIED

See prior orders on prior identical request.

Judicial Notice (JDNO) was sent regarding this order.

435701
_____

Judge: JANE KUPSON GROSSMAN

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

**REQUEST FOR REMOTE TESTIMONY**
JD-FM-295   New 10-21
C.G.S. § 46b-15c; P.A. 21-78 §§ 2, 6, 7

For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*.

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

| COURT USE ONLY |
| --- |
| REMTEST |

**Instructions to Applicant**

*1. If a restraining order, protective order, or standing criminal protective order has been issued on your behalf or on behalf of your child and you want to give testimony remotely in a family court proceeding, you must fill out and file this form with the court at least 2 days before your hearing date.*

*2. You must provide your contact information (phone number and/or e-mail address) in order for the court to set up your remote testimony.*

*3. If your contact information is protected by a court order or by operation of law, **do not** include your phone number or e-mail address below, but fill out the rest of the form. You must, however, contact the clerk's office when you file this form so the court can set up your remote testimony.*

**Instructions to Clerk**

*1. Upon receipt, arrange for the testimony in accordance with the request.*

*2. Inform the judicial authority who will be presiding over this family court proceeding that the party below will be appearing remotely.*

| Name of Plaintiff | Name of Defendant | Docket number |
| --- | --- | --- |
|  |  |  |

I, *(name)* _____ , have a restraining order, protective order, or standing criminal protective order issued on my behalf or on behalf of my child. The other party to this case is the subject of that/those order(s). A family court proceeding in this case is scheduled for *(date – must be at least 2 days from the file date of this request)* _____

and I would like to testify *(Select one)*

☐ At the courthouse, but outside the presence of the other party.

☐ Remotely (from home or another location).

| Signed  *(Signature of filer)*<br>▶  *Theodora Antar* | Print name of person signing | Date signed |
| --- | --- | --- |
| E-mail address | | Telephone number |

Page 1 of 1

ORDER    435701

DOCKET NO: NNHFA195046828S

ANTAR, THEODORA, F
    V.
LODICE, MATTHEW, J

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

6/11/2023

ORDER

ORDER REGARDING:
06/09/2023 281.00 REQUEST FOR REMOTE TESTIMONY(FORM JD-FM-295)

The foregoing, having been considered by the Court, is hereby:

ORDER: DENIED

See order on prior identical request.

Judicial Notice (JDNO) was sent regarding this order.

435701

Judge: JANE KUPSON GROSSMAN

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.